

1   Bingham McCutchen LLP
    TRENTON H. NORRIS (SBN 164781)
2   THOMAS S. HIXSON (SBN 193033)
    MAZEN M. BASRAWI (SBN 235475)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  415.393.2000
    Facsimile:  415.393.2286
5   Email:  trent.norris@bingham.com
            thomas.hixson@bingham.com
6           mazen.basrawi@bingham.com

7   Doll Amir & Eley LLP
    GREGORY L. DOLL (SBN 193205)
8   HUNTER R. ELEY (SBN 224321)
    1888 Century Park East, Suite 1106
9   Los Angeles, CA 90067
    Telephone: 310.557.9100
10  Facsimile: 310.557.9101
    Email:  gdoll@dollamir.com
11          heley@dollamir.com

12  Attorneys for Plaintiff
    JONATHAN BROWNING, INC.

13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  JONATHAN BROWNING, INC., a California       No.
    corporation,
18                                              **COMPLAINT**
                    Plaintiff,
19       v.                                     **DEMAND FOR JURY TRIAL**

20  VENETIAN CASINO RESORT, LLC., a Nevada
    limited liability company; LAS VEGAS SANDS,
21  LLC., a Nevada limited liability company; LAS
    VEGAS SANDS, CORP., a Nevada corporation;
22  and DOES 1 through 100, inclusive,

23                  Defendants.

24

25

26

27

28

A/72130128.2/G006638-0000326553

COMPLAINT

1              Plaintiff Jonathan Browning, Inc. ("Jonathan Browning" or "Plaintiff") alleges

2    against Defendants Venetian Casino Resort, LLC; Las Vegas Sands, LLC; and Las Vegas Sands

3    Corp. (collectively, "the Venetian" or "Defendants") as follows:

4                                **INTRODUCTION**

5           1.     Jonathan Browning is a prominent designer and supplier of high-end

6    decorative interior lighting fixtures, including sconces.  In April 2006, the Venetian asked

7    Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the

8    Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at

9    the Venetian Casino Resort in Las Vegas, Nevada.  Ostensibly as part of its evaluation process,

10   the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock up so the

11   casino could decide whether to accept Jonathan Browning's bid.

12          2.     Jonathan Browning submitted a bid to the Venetian, offering to provide

13   11,368 sconces at a discounted price.  The Venetian declined the bid, stating that the price was

14   too high.  The Venetian showed no interest in negotiating.

15          3.     In fact, the Venetian then proceeded to copy, or had others copy, the

16   design on the sample Jonathan Browning sconces.  The Venetian has made and installed in its

17   guest rooms and corridors literally thousands of illegal copies of Jonathan Browning's sconces,

18   and it threatens to make and install thousands more in its ongoing renovation.  The Venetian paid

19   Jonathan Browning nothing for the designs it copied.  Rather, the Venetian simply ripped off

20   Jonathan Browning's designs from the samples provided, in violation of the Copyright Act and

21   common law and state statutory obligations.

22          4.     Jonathan Browning discovered this copying in May 2007 and now brings

23   suit for damages and equitable relief.

24                            **THE PARTIES**

25          5.     Plaintiff Jonathan Browning, Inc. is a California corporation with its

26   principal place of business located at 379 Collingwood, San Francisco, CA 94114.  Jonathan

27   Browning sells its products, including its Trianon and Ledoux Sconces, through ten exclusive

28

A/72130128.2/3006638-0000326553

---

COMPLAINT

1    showrooms throughout the United States, including the David Sutherland Showroom in Los

2    Angeles.

3          6.     Defendant Venetian Casino Resort, LLC, is a Nevada limited-liability

4    company with its principal place of business located at 3355 Las Vegas Boulevard South, Las

5    Vegas, NV 89109.

6          7.     Defendant Las Vegas Sands, LLC, is also a Nevada limited-liability

7    company with its principal place of business located at 3355 Las Vegas Boulevard South, Las

8    Vegas, NV 89109.  It is the Managing Member of Defendant Venetian Casino Resort, LLC, and

9    it is wholly-owned by Defendant Las Vegas Sands Corp.

10          8.     Defendant Las Vegas Sands Corp. is a Nevada corporation with its

11    principal place of business located at 3355 Las Vegas Boulevard South, Las Vegas, NV 89109.

12          9.     At all times mentioned herein, each of the Defendants (including Doe

13    Defendants) was and is the agent, alter-ego, co-conspirator, servant, and employee of each other,

14    and all of the things alleged to have been done by one of the Defendants were done in the

15    capacity of and as the agent, alter-ego, co-conspirator, servant, and employee of all other

16    Defendants, and each of them.

17                            **JURISDICTION AND VENUE**

18          10.     This is a civil action seeking damages and injunctive relief for copyright

19    infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and for state law claims.

20          11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C.

21    §§ 1331 and 1338(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Plaintiff has

22    satisfied the statutory preconditions to sue under 17 U.S.C. § 411(a).  This Court also has

23    original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship

24    and the amount in controversy exceeds $75,000.

25          12.     This Court has personal jurisdiction over the Defendants.  The Venetian

26    solicited Jonathan Browning's bid by directly contacting Plaintiff at its office in San Francisco.

27    The Venetian also retained a Los Angeles-based interior designer to identify Jonathan

28    Browning's work for use in its renovation project.  Additionally, the Venetian purchased ten of

1  Jonathan Browning's sconces through a showroom in Los Angeles. Thus the Venetian has

2  availed itself of the protection of California law and cannot be surprised to learn that the harm

3  that resulted from its conduct occurred in California.

4      13.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and

5  1400(a). A substantial part of the events giving rise to this claim occurred in this District, and a

6  substantial part of the property that is the subject of the action is situated here. Jonathan

7  Browning and all of its employees are located in San Francisco. The Venetian solicited Jonathan

8  Browning's bid for the remodel project by faxing a request for a bid to Jonathan Browning's

9  office in San Francisco. The bid was "FOB San Francisco," meaning that the point of departure

10  of the sconces under the bid was to be San Francisco, with the Venetian assuming legal and

11  insurance risk once the sconces were placed on board there. The copyrighted designs for the

12  sconces were created in San Francisco. Jonathan Browning, a San Francisco business, owns the

13  infringed copyrights. The damage caused by the Venetian's conduct occurs and is felt in this

14  District.

15      14.    In addition, the Venetian retained the Los Angeles-based firm Kirk Nix &

16  Associates ("KNA Interior Design") to design its Venetian Tower Renovation Project. KNA

17  Interior Design first contacted Jonathan Browning through Plaintiff's Los Angeles showroom,

18  David Sutherland Inc. Many of the relevant communications and transactions regarding the

19  Venetian's purchase of Jonathan Browning's works and regarding Plaintiff's bid were channeled

20  through the David Sutherland Showroom. The Venetian purchased the sample sconces whose

21  design it copied at the David Sutherland Showroom in Los Angeles.

22                          **GENERAL ALLEGATIONS**

23      15.    Jonathan Browning, Inc. is a prominent designer and supplier of high-end

24  decorative interior lighting fixtures. Plaintiff's creative artist is also its namesake: Jonathan

25  Browning ("Mr. Browning"). Mr. Browning's work has been profiled in numerous design,

26  fashion, and style magazines and newspapers including *California Style*, *Interior Design*,

27  *Western Interiors*, *House and Garden*, *Forbes FYI*, *Architectural Record*, *Shelter Magazine*,

28  *Premier Essentials*, *Robb Report*, *Elle Décor*, and the *San Francisco Chronicle*. As one

A/72130128.2/3006638-0000326553                3

COMPLAINT

1    magazine reports, "San Francisco lighting designer Jonathan Browning is obsessed with sconces

2    and chandeliers – and super-hot interior designers . . . are thrilled with his compulsions.

3    Browning's cast-bronze lighting is among the most exquisitely detailed on the market."

4    *Jonathan Browning,* Paper City, August 2006, at 10.  Browning has been called the "brightest

5    light" for interior designers, and his work has been commissioned by Tiffany & Co. and other

6    famous institutions.  *Id.*

7          16.    Mr. Browning describes his motivations and creative process this way:

8    "'On one hand, you have the cold, high-tech cabled lighting created by the Italians in the 1980s

9    and 1990s [and] on the other are reproductions of 18th- and 19th-century standards, like an urn

10    lamp.  Then there is antique lighting.  And that's pretty much all, unless you are going to design

11    it yourself.'"  William Kessel, *Meet the Designer: Jonathan Browning,* American Way, Oct. 15

12    2005, at 24.  "Which is exactly what Browning, the former senior vice president of design for

13    Starwood Hotels and Resorts, recently did when he launched his own signature lighting

14    collection."  *Id.*  "I love fine craftsmanship and wanted to design luxurious, handcrafted lighting

15    that has presence, that feels like jewelry in a room," Mr. Browning said.  Paper City at 10.

16    Following his departure from Starwood, "Browning sat down and spent six months designing an

17    alternative [to the antique reproductions or ultramodern designs from Japan or Italy]."  Laura

18    Thomas, *Artisan Goes Modern with Classical Touch,* S.F. Chron.  "In a process akin to jewelry-

19    making, each [Jonathan Browning] piece is cast in bronze, triple-plated in nickel or silver and

20    hand-polished."  *Light-Minded,* Forbes FYI, Oct. 2005, at 22.  "When glass is used . . . it is hand

21    blown, using an 18th-century method that makes each piece unique.  Equal care extends to the

22    shades, such as those on the Versailles-worthy Trianon and torch-like Garonne sconces:  They

23    are hand-turned from bronze stock on a lathe.  Even the links of chain holding up the chandeliers

24    are hand-cut and polished using methods similar to those employed in making jewelry."  Andrew

25    Myers, *Historical Highlight,* Robb Report - Luxury Home, Winter 2005, at 24.

26          17.    In May 2007, the Venetian, "one of the world's premier destination resort

27    casinos, announced that it is renovating more than 3,000 of its all-suite rooms."  Venetian Press

28    Release, April 26, 2007.  "The $100-million renovation began in early 2007 and is expected to

1   be completed by fall 2007." *Id.* "The Venetian's Resort-Hotel-Casino and its Venezia Tower

2   include more than 4,000 suites which are nearly twice the size of the average Las Vegas hotel

3   room with . . . grand amenities travelers have come to expect of The Venetian brand." *Id.*

4   "Designed by KNA Interior Design of Los Angeles, the renovation will update the 3,014 suites

5   in The Venetian, and will welcome guests to a distinctly modern European design with

6   contemporary touches throughout." *Id.* "'This renovation places us ahead of the curve in the

7   highly competitive tourist destination,' said Rob Goldstein, president and chief operating officer

8   of the Venetian." *Id.* "'These suites set the standard for luxury hotel accommodations not only

9   on the Las Vegas Strip but in the world.'" *Id.*

10          18.     On or about April 20, 2006, the Venetian's Los Angeles-based interior

11   designer, KNA Interior Design, contacted Jonathan Browning through Plaintiff's Los Angeles

12   showroom, David Sutherland, Inc.  The Venetian's Buyer, Aileen Pauco, purchased ten Jonathan

13   Browning sconces through the showroom and requested a bid from Jonathan Browning to

14   produce more than 11,000 sconces for the Defendant's Venetian Tower Remodel Project.

15          19.     Jonathan Browning's showroom sold the Venetian two Trianon Sconces

16   and eight Ledoux Sconces for between $2,790 and $3,490 each.  The total purchase order, with

17   handling charges, came to $30,200.  At the same time, the Venetian contacted Jonathan

18   Browning directly by fax to request a bid to provide 11,368 sconces to the Venetian for use in

19   the Venetian Tower Renovation Project.

20          20.     The timing was fortuitous.  Jonathan Browning sconces are intricately

21   designed, high-quality pieces of sculpture that are expensive to produce.  Prior to the Venetian's

22   request for a bid, Jonathan Browning's sconces were produced by one of the two best factories in

23   the United States, located in San Francisco, California.  However, following several months of

24   research, Jonathan Browning had identified Diamond Life Lighting Manufacturing (H.K.) Ltd.

25   ("Diamond Life") which operates a factory in Guangdong, China that could meet Plaintiff's

26   demanding quality standards while also meeting Plaintiff's price goals.  Jonathan Browning was

27   finally able to produce larger volumes of the sconces at a high quality and lower price, enabling

28   Plaintiff to fill large orders for potential customers such as the Venetian.

COMPLAINT

1       21.    On or about September 7, 2006, Jonathan Browning submitted a bid to the

2   Venetian, offering to provide the 11,368 sconces sought at a competitive price. This by far

3   would have represented the largest sale in Jonathan Browning's history.

4       22.    On or about September 8, 2006 the Venetian declined Jonathan

5   Browning's bid. The Venetian's Vice President of Purchasing told Jonathan Browning that its

6   bid was simply "out of the ballpark." The Venetian showed absolutely no interest in negotiating.

7   This surprised Jonathan Browning. Based on Mr. Browning's experience as Senior Vice

8   President for Design of Starwood Hotels and Resorts, he knew it was standard industry practice

9   to negotiate when price is truly the basis for rejecting an initial bid. He also knew his bid was

10  reasonable and fair.

11      23.    On or about September 8, 2006 Jonathan Browning asked both the

12  Venetian and KNA Interior Design for the courtesy of seeing what the Venetian had chosen over

13  Plaintiff's work. Those requests were denied, and ultimately the Venetian and KNA Interior

14  Design stopped returning Jonathan Browning's phone calls.

15      24.    On or about May 21, 2007 Mr. Browning received a phone call from a

16  designer at a San Francisco-based interior design firm, who at that time was a guest at the

17  Venetian Casino Resort in Las Vegas. He was familiar with Jonathan Browning's work and had

18  called to congratulate Mr. Browning on having his products installed at the Venetian property.

19  Mr. Browning was surprised and confused, and the caller explained that Jonathan Browning's

20  sconces were being used in the renovation of the Venetian.

21      25.    On or about May 30, 2007, Mr. Browning traveled to Las Vegas and

22  booked a room at the Venetian.

23      26.    Jonathan Browning was astonished to find nearly identical, unauthorized

24  copies of its copyrighted work on the walls of the Venetian's renovated rooms and corridors.

25      27.    Jonathan Browning's Ledoux Sconce and Trianon Sconce are highly

26  original and creative sculptural works of art protected by the Copyright Act. Ex. A (Ledoux

27  sconce); Ex. B (Trianon sconce).

28

A/72130128.2/3006638-0000326553

6

COMPLAINT

1    28.    Photographs show that the Venetian's unauthorized copies of the Jonathan

2    Browning sconces are nearly identical. Ex. C (copy of Ledoux sconce); Ex. D (copy of Trianon

3    sconce).

4    29.    Although the Ledoux and Trianon sconces are also useful articles,

5    copyright protection nevertheless extends to their pictorial, graphic, and sculptural features

6    which are both physically and conceptually separable from their utilitarian aspects.

7    30.    In addition to the Ledoux Sconce and Trianon Sconce, Jonathan Browning

8    has created at least 34 other highly original and creative sconces, each having unique sculptural

9    features. This body of work demonstrates that the form of Jonathan Browning sconces is in no

10   way dictated by their function. A sconce is "a decorative wall bracket for holding candles or

11   lights." Am. Heritage Dictionary of the English Language (4th ed. 2000). The decorative

12   aspects of the sconces are original, creative, and protected under the Copyright Act. Both the

13   Ledoux and Trianon Sconces, for example, contain a distinctive pendulum-like sculptural

14   flourish, the Ledoux carved with rings, and the Trianon striated with vertical scoring. Each has

15   been carved, molded, polished, etched, and finished with great care and intricate attention to

16   detail. Other Jonathan Browning sconces that are not the subject of this lawsuit achieve their

17   decorative character in entirely different ways, in one case by thrusting the light-bulb upward as

18   if it were balanced on a wave, and in another by suspending the bulb inside an orb of hand-blown

19   glass to give the appearance of a torch. Ex. E (Maritime sconce); Ex. F (Allee sconce). Still

20   another reminds the observer of a delicate spiraled Turitella sea shell from the warm waters of

21   the Pacific Ocean. Ex. G (Calais sconce).

22   31.    Jonathan Browning's high degree of creativity, originality, and attention to

23   detail has drawn the attention of the design world – and the Venetian. This is why the market

24   places such a high value on Jonathan Browning's sculptural designs. And it explains why the

25   Venetian went to great lengths to make nearly identical unauthorized copies of Jonathan

26   Browning's copyrighted works.

27   32.    Although the Venetian has provided no explanation for its conduct,

28   Jonathan Browning is informed and believes, and on that basis alleges, that the Venetian used

A/72130128.2/3006638-0000326553              7

1    deceptive and unfair means to learn the identity of Jonathan Browning's factory in China,

2    Diamond Life, and approached the factory directly to make more than 13,000 nearly identical

3    copies of the sconces without Jonathan Browning's knowledge or permission.

4           33.    In making its infringing copies, the Venetian made a few minor

5    alterations, presumably to save on costs, including the selection of cheaper materials for certain

6    parts of the sconces.  These serve merely to cheapen the quality of the infringing copies and do

7    not change their nature as obvious knock-offs of Jonathan Browning's copyrighted designs.

8           34.    The Venetian willfully, knowingly, maliciously, and unlawfully infringed

9    Jonathan Browning's exclusive rights under the Copyright Act.

10          35.    As a direct and proximate result of the Venetian's conduct, Jonathan

11    Browning has suffered damages including lost profits, harm to its reputation, harm to its

12    prospective economic advantage, and other harm to be proved at trial.

13          36.    The Venetian's unauthorized infringement of Jonathan Browning's

14    copyrighted works is ongoing to the extent that the Venetian is continuing to install Jonathan

15    Browning's works on its walls as part of its renovation project.  It is also ongoing to the extent

16    that the Venetian's unauthorized, infringing copies – if permitted to remain – will be on public

17    display for the indefinite future.

18          37.    Jonathan Browning is informed and believes, and on that basis alleges,

19    that the Defendants are owners of the following hospitality properties around the world, in

20    addition to the Venetian Casino Resort in Las Vegas:  the Sands Macao (Macao, China), the

21    Venetian Macao (Macao, China), the Sands Expo and Convention Center (Las Vegas, Nevada),

22    the Palazzo Hotel (Las Vegas, Nevada), and the Palazzo Casino Resort (Las Vegas, Nevada).

23    Several of these are under construction or renovation, including the Venetian Macao and the

24    Palazzo properties.  Jonathan Browning is further informed and believes, and on that basis

25    alleges, that the Defendants may be planning to reproduce and display additional infringing

26    copies of Jonathan Browning's works in those properties.  The Palazzo Hotel alone will have 50

27    floors containing at least 3,025 suites.  If the Defendants are permitted to infringe Jonathan

28

A/72130128.2/3006638-0000326553                           8

COMPLAINT

1    Browning's copyrighted works in connection with these properties, the harm to Jonathan

2    Browning will be immense.

3                          **FIRST CLAIM FOR RELIEF**

4                    **Direct Copyright Infringement - Reproduction**

5             38.    Jonathan Browning incorporates by reference each of the allegations in the

6    preceding paragraphs of this Complaint as though fully set forth here.

7             39.    The Venetian, without Jonathan Browning's consent or permission, and

8    without authority, made, has caused to be made, and has purported to authorize the making of

9    unauthorized copies of Jonathan Browning's copyrighted works, and continues to do so.  The

10   Venetian's conduct constitutes direct infringement of Jonathan Browning's exclusive right under

11   17 U.S.C. § 106(1) to reproduce its copyrighted works.

12            40.    The Venetian's acts of infringement have been intentional, purposeful,

13   willful, and in disregard of Jonathan Browning's rights.

14            41.    As a direct and proximate result of the Venetian's infringement of

15   Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan

16   Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits,

17   plus the Venetian's profits from infringement, in an amount to be proven at trial.

18            42.    The Venetian's conduct is causing and, unless enjoined by this Court, will

19   continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

20   compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

21   law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

22   requiring the Venetian to employ reasonable methods to prevent or limit infringement of

23   Jonathan Browning's copyrights.

24            43.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

25   order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

26   rights, and of all plates, molds, masters, or other articles by means of which such copies may be

27   reproduced.

28

A/72130128.2/3006638-0000326553                        9

COMPLAINT

1      ## SECOND CLAIM FOR RELIEF

2      ### Direct Copyright Infringement - Public Display

3          44.    Jonathan Browning incorporates by reference each of the allegations in the

4   preceding paragraphs of this Complaint as though fully set forth here.

5          45.    The Venetian, without Jonathan Browning's consent or permission, and

6   without authority, has publicly displayed Jonathan Browning's copyrighted works, and continues

7   to do so. The Venetian's conduct constitutes direct infringement of Jonathan Browning's

8   exclusive rights under the Copyright Act to display its copyrighted sculptural works publicly.

9          46.    The Venetian's acts of infringement have been intentional, purposeful,

10  willful, and in disregard of Jonathan Browning's rights.

11         47.    As a direct and proximate result of the Venetian's infringement of

12  Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan

13  Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits,

14  plus the Venetian's profits from infringement, in an amount to be proven at trial.

15         48.    The Venetian's conduct is causing and, unless enjoined by this Court, will

16  continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

17  compensated or measured in monetary terms. Jonathan Browning has no adequate remedy at

18  law. Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

19  requiring the Venetian to employ reasonable methods to prevent or limit infringement of

20  Jonathan Browning's copyrights.

21         49.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

22  order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

23  rights, and of all plates, molds, masters, or other articles by means of which such copies may be

24  reproduced.

25      ## THIRD CLAIM FOR RELIEF

26      ### Inducement of Copyright Infringement

27         50.    Jonathan Browning incorporates by reference each of the allegations in the

28  preceding paragraphs of this Complaint as though fully set forth here.

A/72130128.2/3006638-0000326553                    10

1         51.    The Venetian's factory, Diamond Life, has infringed and is infringing

2  Jonathan Browning's right in its copyrighted works by making unauthorized copies of Jonathan

3  Browning's copyrighted works and delivering them to the Venetian in furtherance of the

4  Venetian's infringing purposes.  Diamond Life has thus directly infringed Jonathan Browning's

5  exclusive rights of reproduction under 17 U.S.C. § 106(1).

6         52.    The Venetian is liable under the Copyright Act for inducing the

7  infringement by the factory.  The Venetian purposefully sought out Diamond Life to unlawfully

8  foster copyright infringement by Diamond Life.

9         53.    The Venetian knew or should have known that Jonathan Browning's

10  works were protected by copyright, and the Venetian was fully aware that they were available for

11  purchase directly from Jonathan Browning or through its showroom.

12         54.    The Venetian's acts of infringement have been intentional, purposeful,

13  willful, and in disregard of Jonathan Browning's rights.

14         55.    As a direct and proximate result of Defendants' infringement of Jonathan

15  Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is

16  entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the

17  Venetian's profits from infringement, in an amount to be proven at trial.

18         56.    The Venetian's conduct is causing and, unless enjoined by this Court, will

19  continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

20  compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

21  law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

22  requiring the Venetian to employ reasonable methods to prevent or limit infringement of

23  Jonathan Browning's copyrights.

24         57.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

25  order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

26  rights, and of all plates, molds, masters, or other articles by means of which such copies may be

27  reproduced.

28

A/72130128.2/3006638-0000326553

11

COMPLAINT

1        **FOURTH CLAIM FOR RELIEF**

2        Contributory Copyright Infringement

3        58.    Jonathan Browning incorporates by reference each of the allegations in the

4    preceding paragraphs of this Complaint as though fully set forth here.

5        59.    The Venetian's factory, Diamond Life, has infringed and is infringing

6    Jonathan Browning's right in its copyrighted works by making unauthorized copies of Jonathan

7    Browning's copyrighted works and delivering them to the Venetian in furtherance of the

8    Venetian's infringing purposes. Diamond Life has thus directly infringed Jonathan Browning's

9    exclusive rights of reproduction under 17 U.S.C. § 106(1).

10        60.    The Venetian is liable for contributory copyright infringement for the

11    infringing acts of Diamond Life. The Venetian facilitated, enabled, induced, and materially

12    contributed to each act of infringement by Diamond Life, and may be continuing to do so.

13        61.    The Venetian had and has actual and constructive knowledge that

14    Diamond Life was making unauthorized copies of Jonathan Browning's copyrighted works.

15    Acting with this actual and constructive knowledge, the Venetian facilitated, enabled, induced,

16    and materially contributed to Diamond Life's infringement of Jonathan Browning's copyrights,

17    which would not have occurred without the Venetian's enablement.

18        62.    The Venetian's acts of infringement have been intentional, purposeful,

19    willful, and in disregard of Jonathan Browning's rights.

20        63.    As a direct and proximate result of Defendants' infringement of Jonathan

21    Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is

22    entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the

23    Venetian's profits from infringement in an amount to be proven at trial.

24        64.    The Venetian's conduct is causing and, unless enjoined by this Court, will

25    continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

26    compensated or measured in monetary terms. Jonathan Browning has no adequate remedy at

27    law. Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

28

A/72130128.2/3006638-0000326553                    12

COMPLAINT

1    requiring the Venetian to employ reasonable methods to prevent or limit infringement of

2    Jonathan Browning's copyrights.

3         65.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

4    order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

5    rights, and of all plates, molds, masters, or other articles by means of which such copies may be

6    reproduced.

## FIFTH CLAIM FOR RELIEF

### Vicarious Copyright Infringement

9         66.    Jonathan Browning incorporates by reference each of the allegations in the

10    preceding paragraphs of this Complaint as though fully set forth here.

11         67.    The Venetian's factory, Diamond Life, has infringed and is infringing

12    Jonathan Browning's right in its copyrighted works by making unauthorized copies of Jonathan

13    Browning's copyrighted works and delivering them to the Venetian in furtherance of the

14    Venetian's infringing purposes. Diamond Life has thus directly infringed Jonathan Browning's

15    exclusive rights of reproduction under 17 U.S.C. § 106(1).

16         68.    The Venetian is vicariously liable for the infringing acts of Diamond Life.

17    The Venetian had both the ability and the right to supervise Diamond Life's infringing conduct,

18    and to prevent such conduct.

19         69.    The Venetian directly and significantly benefited – and continues to

20    benefit – from Diamond Life's infringement.

21         70.    The Venetian's acts of infringement have been intentional, purposeful,

22    willful, and in disregard of Jonathan Browning's rights.

23         71.    As a direct and proximate result of the Venetian's infringement of

24    Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan

25    Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits,

26    plus the Venetian's profits from infringement, in an amount to be proven at trial.

27         72.    The Venetian's conduct is causing and, unless enjoined by this Court, will

28    continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

A/72130128.2/3006638-0000326553              13

COMPLAINT

1   compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

2   law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

3   requiring Defendants to employ reasonable methods to prevent or limit infringement of Jonathan

4   Browning's copyrights.

5          73.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

6   order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

7   rights, and of all plates, molds, masters, or other articles by means of which such copies may be

8   reproduced.

9                         **SIXTH CLAIM FOR RELIEF**

10                        **Statutory Unfair Competition**

11                      **Cal. Bus. & Prof. Code §§ 17200 *et seq.***

12         74.    Jonathan Browning incorporates by reference each of the allegations in the

13  preceding paragraphs of this Complaint as though fully set forth here.

14         75.    California Business and Professions Code § 17200 prohibits, among other

15  things, unfair business acts or practices.  As described above, the Venetian has engaged in unfair

16  business acts and practices.

17         76.    As a direct and proximate result of the Venetian's unfair business acts and

18  practices, Jonathan Browning has suffered injury in fact and has lost money and property.

19  Moreover, the Venetian's conduct is causing and, unless enjoined by this Court, will continue to

20  cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or

21  measured in monetary terms.

22         77.    Accordingly, Jonathan Browning is entitled to recover restitution and

23  disgorgement, and is entitled to injunctive relief.

24                       **SEVENTH CLAIM FOR RELIEF**

25                      **Statutory Fraudulent Competition**

26                      **Cal. Bus. & Prof. Code §§ 17200 *et seq.***

27         78.    Jonathan Browning incorporates by reference each of the allegations in the

28  preceding paragraphs of this Complaint as though fully set forth here.

A/72130128.2/3006638-0000326553                    14

COMPLAINT

1    79.    California Business and Professions Code § 17200 prohibits, among other

2    things, fraudulent business acts or practices. As described above, the Venetian has engaged in

3    fraudulent business acts and practices.

4    80.    As a direct and proximate result of the Venetian's fraudulent business acts

5    and practices, Jonathan Browning has suffered injury in fact and has lost money and property.

6    Moreover, the Venetian's conduct is causing and, unless enjoined by this Court, will continue to

7    cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or

8    measured in monetary terms.

9    81.    Accordingly, Jonathan Browning is entitled to recover restitution and

10    disgorgement, and is entitled to injunctive relief.

11    **EIGHTH CLAIM FOR RELIEF**

12    **Common Law Unfair Competition**

13    82.    Jonathan Browning incorporates by reference each of the allegations in the

14    preceding paragraphs of this Complaint as though fully set forth here.

15    83.    The common law imposes a duty on the Venetian not to engage in unfair

16    competition. The Venetian breached this duty by engaging in the unfair, fraudulent and illegal

17    acts and practices described above.

18    84.    As a direct and proximate result of the Venetian's unfair business acts and

19    practices, Jonathan Browning has suffered significant financial loss in the form of the revenue

20    and profit it is entitled to from the Venetian's use of Jonathan Browning's designs for its

21    sconces. The Venetian's conduct has also flooded the relevant market with cheap knock offs of

22    Jonathan Browning's Trianon and Ledoux sconces, which dilute the value of Jonathan

23    Browning's designs. The Venetian's acts have been intentional, purposeful, willful, and in

24    disregard of Jonathan Browning's rights. The Venetian's conduct is causing and, unless

25    enjoined by this Court, will continue to cause Jonathan Browning significant and irreparable

26    injury that cannot be fully compensated or measured in monetary terms.

27    85.    Accordingly, Jonathan Browning is entitled to recover compensatory and

28    punitive damages, restitution and disgorgement, and is entitled to injunctive relief.

A/72130128.2/3006638-0000326553    15

1      <u>**NINTH CLAIM FOR RELIEF**</u>

2      **Unjust Enrichment/Quasi-Contract**

3      86.     Jonathan Browning incorporates by reference each of the allegations in the

4      preceding paragraphs of this Complaint as though fully set forth here.

5      87.     The Venetian solicited a bid from Jonathan Browning for more than

6      11,000 copies of said sconces, as described above. The Venetian also purchased 10 samples of

7      the sconces from Jonathan Browning and staged a mock up with the sample sconces.

8      Throughout this process, there was a common understanding and agreement that if the Venetian

9      decided to use the designs for the Trianon and Ledoux sconces, it would accept a bid from

10     Jonathan Browning and pay Plaintiff for the copies. Alternatively, if the Venetian declined the

11     bid, it would not use Jonathan Browning's designs. This common understanding and agreement

12     is based on the standard practice in the industry regarding these types of bids, the inherent nature

13     of a bid for copies of a particular design from a particular seller, and the conduct and oral

14     statements of both parties here.

15     88.     The Venetian's conduct of declining the bid, paying Jonathan Browning

16     nothing, then going behind Jonathan Browning's back to have copies of the Trianon and Ledoux

17     sconces made by Diamond Life violates the above common understanding and agreement. The

18     Venetian has been unjustly enriched by this conduct. Under the doctrine of unjust enrichment

19     and other principles of quasi-contract, the Venetian owes Jonathan Browning the reasonable

20     value of the scones it copied or had copied.

21     89.     Accordingly, Jonathan Browning is entitled to recover damages,

22     restitution and disgorgement.

23     <u>**TENTH CLAIM FOR RELIEF**</u>

24     **Implied-in-Fact Contract**

25     90.     Jonathan Browning incorporates by reference each of the allegations in the

26     preceding paragraphs of this Complaint as though fully set forth here.

27     91.     The Venetian's conduct, described above, resulted in an implied-in-fact

28     contract to pay Jonathan Browning for the value of the copies of the sconces in the event that the

A/72130128.2/3006638-0000326553                          16

1    Venetian used the designs proposed in the bid. The Venetian breached this implied-in-fact

2    contract by using the designs but not paying Jonathan Browning.

3         92.    Accordingly, Jonathan Browning is entitled to recover damages,

4    restitution and disgorgement.

5                          **ELEVENTH CLAIM FOR RELIEF**

6                             **Implied-in-Law Contract**

7         93.    Jonathan Browning incorporates by reference each of the allegations in the

8    preceding paragraphs of this Complaint as though fully set forth here.

9         94.    The Venetian's conduct, described above, resulted in an implied-in-law

10   contract to pay Jonathan Browning for the value of the copies of the sconces in the event that the

11   Venetian used the designs proposed in the bid. The Venetian breached this implied-in-law

12   contract by using the designs but not paying Jonathan Browning.

13        95.    Accordingly, Jonathan Browning is entitled to recover damages,

14   restitution and disgorgement.

15                                **PRAYER**

16        WHEREFORE, Jonathan Browning prays for judgment against Defendants, and

17   each of them, as follows:

18        A.    For a declaration that the Venetian has willfully infringed Jonathan

19   Browning's copyrights both directly and indirectly;

20        B.    For a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502,

21   requiring that Defendants, their officers, agents, attorneys, servants, employees, partners, and

22   assigns, and those acting in active concert or participation with any of them, cease directly or

23   indirectly infringing, or causing, enabling, facilitating, promoting, encouraging and inducing, or

24   participating in the infringement of, any of Jonathan Browning's rights protected under the

25   Copyright Act, whether now in existence or hereafter created;

26        C.    For a Court order directing the impounding and destruction or other

27   reasonable disposition, pursuant to 17 U.S.C. § 503, of all copies made in violation of Jonathan

28   Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of

A/72130128.2/3006638-0000326553                    17

1   which such copies may be reproduced.

2          D.      For actual damages, pursuant to 17 U.S.C. § 504, including lost profits,

3   plus Defendants' profits from infringement, as will be proven at trial;

4          E.      For recovery of full costs pursuant to 17 U.S.C. § 505;

5          F.      For restitution and disgorgement;

6          G.      For compensatory and punitive damages;

7          H.      For pre- and post-judgment interest according to law; and

8          I.      For such other and further relief as the Court deems just and proper.

9                              **DEMAND FOR JURY TRIAL**

10          Jonathan Browning hereby demands a trial by jury of all issues so triable.

11

12   DATED:  August 2, 2007

13

14                                  Bingham McCutchen LLP

15

16                          By: _____

17                                  Trenton H. Norris
                                    Attorneys for Plaintiff
18                                  JONATHAN BROWNING, INC.

19

20                                  Doll Amir & Eley LLP

21

22

23                          By: _____

24                                  Gregory L. Doll
                                    Hunter R. Eley
25                                  Attorneys for Plaintiff
                                    JONATHAN BROWNING, INC.

26

27

28

A/72130128.2/3006638-0000326553                18

COMPLAINT

# EXHIBIT A



JONATHAN BROWNING     |     LEDOUX SCONCE

J | B



## LEDOUX SCONCE

DIMENSIONS    4 W x 17 H x 5.5 D

FINISHES    Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

ELECTRICAL    1 x 60w krypton-xenon bulb - max 60 watts
All lighting is made with UL listed parts

MODEL #    0301

Jonathan Browning, Inc.    t +1 415 401 9999
379 Collingwood Street    f +1 4 5 341 8836
San Francisco, CA 94 14    www.jonathanbrowning.com

# EXHIBIT B



JONATHAN BROWNING    TRIANON SCONCE

# J | B



## TRIANON SCONCE

DIMENSIONS    10 W x 15 H x h D

FINISHES    Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

ELECTRICAL    2 x 60w krypton-xenon bulbs - max 120 watts
All lighting is made with UL listed parts

MODEL #    0306

Jonathan Browning, Inc.    t +1 415 401 1999
379 Collingwood Street    f +1 415 441 9396
San Francisco, CA 94114    www.jonathanbrowning.com

# EXHIBIT C





# EXHIBIT D



**EXHIBIT E**



JONATHAN BROWNING | MARTIME SCONCE

J | B



MARTIME SCONCE

DIMENSIONS    4.25 W x 11 H x 6.5 D

FINISHES    Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

ELECTRICAL    1 x 60w krypton-xenon   max 100 watts
All lighting is made with UL listed parts.

MODEL #    7704

Jonathan Browning, Inc.    t  +1 415 41  6998
379 Collingwood Street    f  +1 4 5 361 8886
San Francisco, CA 941  4    www.jonathanbrowninginc.com

# EXHIBIT F



JONATHAN BROWNING     ALLÉE OUTDOOR SCONCE

J | B



ALLÉE OUTDOOR SCONCE

DIMENSIONS    4.5 W x 20 H x 6.5 D

FINISHES      Available in Polished Nickel / Patinated Bronze / Oil-Rubbed Bronze

ELECTRICAL    60w krypton-xenon bulb - max 60 watts
              All lighting is made with UL listed parts

MODEL #       0601

Jonathan Browning, Inc.          T  +1 415.601.9999
379 Collingwood Street           F  +1 415.341.8886
San Francisco, CA 94114          www.jonathanbrowninginc.com

# EXHIBIT G



JONATHAN BROWNING | CALAIS SCONCE

# J │ B



## CALAIS SCONCE

**DIMENSIONS**   4.5 W x 26 H x 2 D

**FINISHES**   Available in Polished Nickel / Satin Nickel / Polished Bronze / Oil-rubbed Bronze

**ELECTRICAL**   1 x 60w krypton-xenon bulb    max 60 watts
All lighting is made with UL listed parts

**MODEL #**   0608

Jonathan Browning, Inc.
379 Collingwood Street
San Francisco, CA 94114

t  +1 415 401 9999
f  +1 415 341 8886
www.jonathanbrowninginc.com