Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:   mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN
CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
and LAS VEGAS SANDS CORP.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation, | Case No.: C 07-3983 JSW |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | **Date:** November 2, 2007 **Time:** 9:00 am |
| Defendant. | **Complaint Filed:** August 2, 2007 **Judge:** Jeffrey S. White **Courtroom:** 2, 17th floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Venetian Casino Resort LLC, Las Vegas Sands LLC, and Las Vegas Sands Corp.

(collectively "Defendants"), by and through its counsel, and pursuant to Local Rule 7-2, file this

Memorandum of Points and Authorities in support of their Motion to Dismiss.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND.................................................................................................1

ARGUMENT.........................................................................................................................2

I.      Plaintiff's Copyright Infringement Claims Should be Dismissed Under FRCP
        R.12(b)(1) Because Plaintiff Failed to Comply with the Jurisdictional Prerequisite of
        Obtaining a Copyright Registration ........................................................................2

II.     Plaintiff's Complaint Should be Dismissed in its Entirety Under FRCP R.12(b)(2)
        Because this Court Does Not Have Personal Jurisdiction Over Defendants ....................3

        A.      Legal Standards.................................................................................... 3

        B.      This Court Does Not Have Personal Jurisdiction Over Defendant Venetian
                Casino Resort LLC. ............................................................................. 4

                1.      General jurisdiction does not exist over Venetian Casino Resort LLC...... 4

                2.      Specific jurisdiction cannot be established over Venetian Casino Resort
                        LLC his forum................................................................................. 5

        C.      This Court Does Not Have Personal Jurisdiction Over Defendant Las Vegas
                Sands LLC. ......................................................................................... 7

        D.      This Court Does Not Have Personal Jurisdiction Over Defendant Las Vegas
                Sands Corp. ........................................................................................ 8

III.    Plaintiff's Complaint Should be Dismissed in its Entirety Under FRCP R.12(b)(3) and
        28 U.S.C. § 1406(a) Because Venue is Improper. ..............................................8

        A.      Venue Is Improper Under 28 U.S.C. § 1400(a) Because There is No Personal
                Jurisdiction Over Defendants in the Northern District of California.................... 8

        B.      Venue Is Improper Under 28 U.S.C. § 1391(b). ..................................... 9

IV.     In the Alternative, this Court Should Transfer Venue to the District of Nevada Under
        28 U.S.C. § 1404(a) for the Convenience of the Parties and Witnesses and in the
        Interest of Justice. ..............................................................................................10

        A.      The District of Nevada is a Court in Which this Action Might Have Been
                Brought. ............................................................................................ 10

        B.      The Convenience of the Parties and Witnesses and the Interest of Justice
                Favor Transfer to the District of Nevada. ............................................. 11

V.      Plaintiff's Unjust Enrichment and Implied Contract Claims Should be Dismissed
        Under FRCP R.12(b)(6) as Failing to State a Cognizable Legal Theory ......................12

VI.    Plaintiff's Complaint Should be Dismissed in its Entirety Under FRCP R.12(b)(6) for Failing to State a Claim Against Las Vegas Sands LLC and Las Vegas Sands Corp. .......13

VII.   Plaintiff's State Law Claims Should be Dismissed Under FRCP R.12(b)(6) Because Such Claims are Preempted by the Copyright Act ...........................................................13

       A.    Plaintiff's Unfair Competition Claims are Preempted by the Copyright Act....... 15

       B.    Plaintiff's Implied Contract, Implied-In-Law Contact and Unjust Enrichment Claims are Preempted by the Copyright Act. ....................................................... 15

CONCLUSION...................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Asahi Metal Ind. v. Superior Court*
   480 U.S. 102, 114 (1987) ........................................................................................................6

*Burger King Corp. v. Rudaewicz*
   471 U.S. 462, 476-78 (1985) ...................................................................................................4

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*
   106 F.3d 284, 288 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia*
   *Pictures Television,* 523 U.S. 340 (1998) ................................................................................8

*Cubbage v. Merchant*
   744 F.2d 665, 667 (9th Cir. 1984) ......................................................................................4, 7

*Data Disc, Inc. v. Systems Technology Associates, Inc.*
   557 F.2d 1280, 1287 (9th Cir. 1977) .......................................................................................4

*Del Madera Properties v. Rhodes & Gardner, Inc.*
   820 F.2d 973, 976 (9th Cir. 1987) ....................................................................................14, 15

*G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Service, Inc.*
   958 F.2d 896, 904 (9th Cir. 1992) .........................................................................................14

*Hatch v. Reliance Ins. Co.*
   758 F.2d 409, 414 (9th Cir. 1985) .........................................................................................10

*Jacobsen v. Katzer*
   2007 U.S. Dist. LEXIS 63568 ...............................................................................................14

*Jones v. GNC Franchising, Inc.*
   211 F.3d 495, 499 (9th Cir. 2000) .........................................................................................11

*Kodadek v. MTV Networks*
   152 F.3d 1209, 1211 (9th Cir. 1998) ...............................................................................3, 14

*Paccar International v. Commercial Bank of Kuwait, S.A.K.*
   757 F.2d 1058, 1065 (9th Cir. 1985) .......................................................................................6

*Perkins v. Benguet Consol. Mining Co.*
   342 U.S. 437 (1952) .................................................................................................................5

*Robertson v. Dean Witter Reynolds, Inc.*
   749 F.2d 530, 534 (9th Cir. 1984) ...................................................................................12, 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Roth v. Garcia Marquez*
    942 F.2d 617, 623 (9th Cir. 1991) ........................................................6

*Sher v. Johnson*
    911 F.2d 1357, 1361 (9th Cir. 1990) ....................................................4

*Stock West, Inc. v. Confederated Tribes of Colville Reservation*
    873 F.2d 1221, 1225 (9th Cir. 1989) ....................................................3

*Van Dusen v. Barrack*
    376 U.S. 612, 617 (1964) ......................................................................10


**CALIFORNIA CASES**

*County of Santa Clara v. Robbiano*
    180 Cal.App.2d 845 (Cal. Ct. App. 1960) ..........................................13

*Ghiselin v. John Hancock Mutual Life Ins. Co.*
    79 Cal.App.2d 438, 442 (Cal. Ct. App. 1947) ....................................13

*Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Ltd.*
    46 Cal.App.2d 787, 797 (Cal. Ct. App. 1941) ................................5, 13


**FEDERAL STATUTES**

17 U.S.C. §§ 102 and 103 ........................................................................14

17 U.S.C. § 301(a) ..................................................................................14

17 U.S.C. § 411 ..................................................................................3, 15

17 U.S.C. § 411(a) ..............................................................................3, 4

28 U.S.C. § 1338(a) ................................................................................3

28 U.S.C. § 1391 ..........................................................................8, 9 16

28 U.S.C. § 1391(b) ................................................................................9

28 U.S.C. § 1391(b)(1) ........................................................................8, 9

28 U.S.C. § 1391(b)(2) ....................................................................8, 9, 10

28 U.S.C. § 1391(b)(3) ........................................................................8, 9

28 U.S.C. § 1400 ..................................................................................16

28 U.S.C. § 1400(a) ............................................................................................8, 9, 10

28 U.S.C. § 1404(a) ...........................................................................................2, 8, 10, 11

28 U.S.C. § 1406(a) ...........................................................................................2, 8


**CALIFORNIA STATUES**

Cal. Code Civ. Proc. § 410.10 .................................................................................4


**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 12(b)(1) ...................................................1, 2, 15

Federal Rules of Civil Procedure Rule 12(b)(2) .......................................................1, 3

Federal Rules of Civil Procedure Rule 12(b)(3) .......................................................1, 8

Federal Rules of Civil Procedure Rule 12(b)(6) ...................................................1, 12, 14

Federal Rules of Civil Procedure Rule 45(b)(2) .........................................................12

Federal Rules of Civil Procedure Rule 45(e)(3)(A)(ii) ................................................7

**INTRODUCTION**

Plaintiff Jonathan Browning, Inc. ("Plaintiff") filed a Complaint in the U.S. District Court, Northern District of California alleging various counts of copyright infringement, unfair competition, and breach of implied contract. This Court should dismiss this Complaint for several reasons.

Plaintiff's copyright claims cannot be maintained because Plaintiff apparently failed to obtain a registration prior to initiating this action. The Complaint also fails to allege sufficient minimum contacts necessary to exercise personal jurisdiction over defendant Venetian Casino Resort LLC and is <u>completely void of any allegation</u> that this Court has jurisdiction over Las Vegas Sands LLC or Las Vegas Sands Corp. In addition, Plaintiff's allegation that venue is proper is unsupportable in light of the fact that there is no personal jurisdiction in this district, and a substantial part of the acts and omissions alleged in the Complaint occurred outside this district. Plaintiff's quasi and implied contract claims are meritless and contrary to law. Moreover, Plaintiff's state law claims are preempted by federal law because the claims seek the same relief as its copyright claims. Further, the Complaint fails to state any factual or legal theories of liability for defendants Las Vegas Sands LLC and Las Vegas Sands Corp., and thus does not state a claim as to them.

Defendants accordingly move this Court for an Order dismissing Plaintiff's Complaint in its entirety, for lack of subject matter jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(1), lack of personal jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(2), improper venue under Federal Rules of Civil Procedure Rule 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, transferring Plaintiff's Complaint to the U.S. District Court, District of Nevada under 28 U.S.C. § 1404(a), and failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6).[1]

**FACTUAL BACKGROUND**

The following is a summary of the allegations in the Complaint. While not the subject matter of the present motion, Defendants expressly do not admit that Plaintiff's light fixtures are entitled to

---

[1] Citation to the Federal Rules of Civil Procedure shall be referred to as "FRCP."

1    any copyright protection.  This summary does not constitute an admission by Defendants of any of

2    the allegations in the Complaint.

3        Plaintiff apparently designs decorative light fixtures, commonly referred to as "sconces."

4    While Plaintiff acknowledges that its sconces are useful articles, it asserts that the sconces are

5    nevertheless entitled to copyright protection under the Copyright Act.  Complaint p. 7, ¶¶ 29-30.  On

6    or about April 20, 2006, a design firm contracted by Venetian Casino Resort LLC purchased 10

7    sconces designed by Plaintiff from the David Southerland Showroom in Los Angeles, not Northern

8    California.  Complaint p. 5, ¶¶ 18-19.  Thereafter, Venetian Casino Resort LLC, allegedly contacted

9    Plaintiff to request a bid for 11,368 sconces to be used in its hotel in Nevada.  Complaint p. 5, ¶ 19.

10   Plaintiff submitted a bid to Venetian Casino Resort LLC.  Complaint p. 6, ¶ 21.  The bid was not

11   accepted.  Complaint p. 22, ¶ 22.  No negotiations ever took place in connection with the bid.

12   Complaint p. 6, ¶ 22.

13       Plaintiff alleges that Jonathan Browning traveled to Nevada, booked a room at the Venetian,

14   and claimed that Defendant Venetian Casino Resort LLC was supposedly displaying copies of

15   Plaintiff's sconces in its hotel rooms and corridors.  Complaint p. 6, ¶¶ 25-26.  Pictures taken by Mr.

16   Browning while in Nevada were attached to the Complaint as Exhibits C and D.  Complaint p. 7, ¶

17   28.  Plaintiff further alleges on information and belief, that Venetian Casino Resort LLC contacted

18   Plaintiff's manufacturer in China to make copies of Plaintiff's sconces without its knowledge or

19   permission.  Complaint p. 8, ¶ 32.

20       No conduct was alleged to have occurred in this district.  No allegations are made in the

21   Complaint as to Defendants Las Vegas Sands LLC and Las Vegas Sands Corp.

22   **ARGUMENT**

23   **I.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIMS SHOULD BE DISMISSED UNDER FRCP R.**

24   **12(b)(1) BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE JURISDICTIONAL PREREQUISITE OF OBTAINING A COPYRIGHT REGISTRATION**

25       Dismissal of Plaintiff's copyright infringement claims is appropriate because Plaintiff has

26   failed to satisfy the jurisdictional prerequisite necessary to initiate a copyright infringement action.

27   U.S. District Courts have original and exclusive jurisdiction over copyright infringement actions.  28

28

U.S.C. § 1338(a).[2]  No action, however, may be instituted until the jurisdictional prerequisite of obtaining a copyright registration has been met.  17 U.S.C. § 411;[3] *see also Kodadek v. MTV Networks*, 152 F.3d 1209, 1211 (9th Cir. 1998) ("Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright").  Plaintiff bears the burden of establishing subject matter jurisdiction.  This Court must presume lack of jurisdiction until Plaintiff proves otherwise.  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Plaintiff has not met its burden.  Plaintiff claims that its sconces are entitled to copyright protection under the Copyright Act.  Complaint p. 7, ¶¶ 29-30.  Although Plaintiff asserts in a conclusory manner that it has satisfied the statutory preconditions to initiate a copyright infringement action under 17 U.S.C. § 411(a), Plaintiff has not provided the copyright registration number for the sconces that Defendants allegedly infringed.  Complaint p. 2, ¶ 11.  Nor has Plaintiff stated <u>any facts</u> to show that it has obtained a copyright registration for its sconces.  Moreover, an electronic search of the records at the Copyright Office showed that no registrations are issued to Jonathon Browning or Jonathon Browning, Inc.  *See* Dec. of Michelle Hon, ¶¶ 3-4.  Absent evidence to the contrary, this Court must presume that there is no subject matter jurisdiction.  Plaintiff's conclusory statement that it has satisfied the statutory preconditions under 17 U.S.C. § 411(a) is insufficient.  Plaintiff has failed to establish that it has obtained copyright registrations for its sconces.  Therefore, this Court lacks subject matter jurisdiction and these claims must be dismissed.

## II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY UNDER FRCP R. 12(b)(2) BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS

### A.    Legal Standards

To maintain an action against Defendants, this Court must have personal jurisdiction over each defendant.  Plaintiff has the burden of establishing that jurisdiction exists over the defendants.

---

[2] 28 U.S.C. § 1338(a) states:  "District Courts shall original and exclusive jurisdiction over civil actions arising under any Act of Congress relating to copyrights."

[3] 17 U.S.C. § 411 states in relevant part:  "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

*Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984). Jurisdiction can be established by showing this Court either has general or specific jurisdiction. General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

Determination of specific jurisdiction requires a two-part analysis. First, this Court must look to the California long-arm statute to determine when it is authorized to exercise jurisdiction over foreign defendants. If the state long-arm statute authorizes jurisdiction, this Court must then determine whether the exercise of jurisdiction would violate due process. The California long-arm statute states that a California court may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States. Cal. Code Civ. Proc. § 410.10. Because this Court may exercise personal jurisdiction to the full extent of the California and U.S. Constitution, the only question before this Court is whether the exercise of personal jurisdiction is consistent with due process.

California courts use a three part test to determine if the exercise of jurisdiction complies with due process: (1) some action must be taken whereby defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out of or result from defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff satisfies <u>both</u> of these prongs, the burden then shifts to the defendant to show that the exercise of jurisdiction is unreasonable. *Burger King Corp. v.* Rudzewicz, 471 U.S. 462, 476-78 (1985).

**B.     This Court Does Not Have Personal Jurisdiction Over Defendant Venetian Casino Resort LLC.**

1.     <u>General jurisdiction does not exist over Venetian Casino Resort LLC.</u>

Plaintiff has made no claim that there is general jurisdiction over Defendant Venetian Casino

Resort LLC. Therefore, Plaintiff has not sustained its burden. Moreover, Plaintiff cannot meet its burden because there is no general jurisdiction over Venetian Casino Resort LLC in California. Venetian Casino Resort LLC is a Nevada limited liability company with its principal place of business in Nevada. Dec. of Franklin H. Levy, ¶ 3. The Venetian Casino Resort LLC does not own any property, maintains no bank accounts, pays no taxes, has no offices, employees or agents and has no registered agent for service of process in California. Dec. of Franklin H. Levy, ¶¶ 4-9. Therefore, there is no general jurisdiction over this defendant. *See e.g. Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437 (1952) (finding general jurisdiction when the president of a foreign corporation maintained office, kept company files, held director meetings, distributed salaries, and conducted other company business in the forum state).

### 2. Specific jurisdiction cannot be established over Venetian Casino Resort LLC in this forum.

Plaintiff also has failed to meet its burden of establishing that Venetian Casino Resort LLC purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws or that its claim arose from such alleged activities.

Plaintiff alleges that Venetian Casino Resort LLC, through its agent, Aileen Pauco, engaged in the following activities: (a) solicited a bid from Plaintiff, which was never accepted or negotiated; and (b) purchased sconces through a third party in Los Angeles. Complaint pp. 2-3, ¶ 12l; p. 5, ¶ 18. Venetian Casino Resort LLC disputes both of these allegations as it does not employ anyone by the name of Aileen Pauco, and has no record requesting a bid from Plaintiff. Dec. of Franklin H. Levy, ¶¶ 10-11.

Even if Plaintiff's allegations are assumed *arguendo* to be true, Venetian Casino Resort LLC has not purposefully availed itself of the benefits of this forum. A solicitation of a bid is not a transaction; it is an invitation to submit an offer. *Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Ltd.,* 46 Cal.App.2d 787, 797 (Cal. Ct. App. 1941). Moreover, the alleged purchase of sconces was made through an independent, third party vendor, David Sutherland Showroom, which supposedly occurred in the Central District of California, not the Northern District of California. Complaint p. 3, ¶ 14. Thus, other than a single, isolated alleged purchase of Plaintiff's sconces from

1  a third party, Venetian Casino Resort LLC conducted no business transactions in California with

2  Plaintiff.  This does not constitute purposeful availment in this forum.  To hold otherwise would

3  subject every consumer who ever allegedly purchased any item from a California company to the

4  jurisdiction of this forum.

5       Even if this Court finds that Plaintiff has somehow met its burden, it would be unreasonable

6  for this Court to exercise jurisdiction over Venetian Casino Resort LLC.  Determination of

7  reasonableness requires consideration of several factors:  (1) the extent of purposeful interjection; (2)

8  the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the

9  sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient

10  forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's

11  interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Paccar*

12  *International v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1065 (9th Cir. 1985).  None of

13  these factors is dispositive, but instead must be balanced.  *Roth v. Garcia Marquez*, 942 F.2d 617,

14  623 (9th Cir. 1991).

15       The balancing of these factors leads to the conclusion that it would be unreasonable for this

16  Court to exercise specific jurisdiction over Venetian Casino Resort LLC.

17       Factor 1:  The extent of Venetian Casino Resort LLC's purposeful interjection is non-existent

18  or, at best, negligible.  Even assuming all of Plaintiff's allegations to be true, the only purposeful

19  interjection is an alleged request for a single bid and a single purchase of goods.

20       Factor 2:  The burden on Venetian Casino Resort LLC to defend this suit in California is

21  substantial.  Venetian Casino Resort LLC is incorporated in Nevada, with its principal place of

22  business in Nevada.  Dec. of Franklin H. Levy, ¶ 3.  A majority of potential witnesses are likely to

23  be employees of defendant and located in Nevada.  Dec. of Franklin H. Levy, ¶ 13.  Additionally, the

24  acts and omissions alleged in the Complaint primarily occurred in Nevada.  The burden on defendant

25  to transport the witnesses and evidence to the Northern District of California is substantial.  Dec. of

26  Franklin H. Levy, ¶ 15.  This burden should be given significant weight in balancing these factors.

27  *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 114 (1987).

28  ///

Factor 3:  There is a conflict between Nevada and California.  The State of Nevada has a strong interest in having this action adjudicated in Nevada because Venetian Casino Resort LLC is incorporated and domiciled in the state, the alleged infringement supposedly took place in Nevada, and a significant number of Venetian Casino Resort LLC employees are potential witnesses and are domiciled in Nevada.

Factor 4:  California has an interest in this case in that Plaintiff is incorporated in California.

Factor 5:  The most efficient forum is not California, but Nevada, where most the alleged acts of infringement would have occurred, where substantially all evidence of Venetian Casino Resort LLC's alleged acts is located including the allegedly infringing hotel rooms, where Venetian Casino Resort LLC's employees are domiciled, and where a majority of the witnesses are domiciled.  Dec. of Franklin H. Levy, ¶ 13-14.

Factor 6:  The Northern District of California is more convenient to Plaintiff in that it resides within that district.  However, the forum will prove to be a significant inconvenience to Plaintiff as most of the potential witnesses are residents of Nevada and will be deposed in the district where they reside.  FRCP R. 45(c)(3)(A)(ii).[4]  Plaintiff is able to obtain effective relief outside the Northern District of California as a majority of its claims are brought under federal law and its state claims are preempted.

Factor 7:  The U.S. District Court, District of Nevada, provides an alternative forum for Plaintiff to bring its action.

Thus, all but one factor weigh against this Court exerting jurisdiction over Venetian Casino Resort LLC.  Therefore, this action should be dismissed as to this defendant.

**C.    This Court Does Not Have Personal Jurisdiction Over Defendant Las Vegas Sands LLC**.

Plaintiff has the burden of establishing that jurisdiction exists over Las Vegas Sands LLC.  *Cubbage v. Merchant*, 744 F.2d at 667.  Plaintiff has failed to make <u>any</u> allegation that this Court has

---

[4] FRCP R. 45(c)(3)(A)(ii) states in relevant part:  "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides."

1  any kind of jurisdiction, general or specific, over Las Vegas Sands LLC.  Therefore, Plaintiff has

2  failed to meet its burden and cannot maintain its action against this defendant.

3      **D.    This Court Does Not Have Personal Jurisdiction Over Defendant Las Vegas
           Sands Corp.**

4

5      Plaintiff has the burden of establishing that jurisdiction exists over Las Vegas Sands Corp.

6  *Id.*  Plaintiff again has failed to make <u>any</u> allegation that this Court has any kind of jurisdiction,

7  general or specific, over Las Vegas Sands Corp.  Therefore, Plaintiff has failed to meet its burden

8  and cannot maintain its action against this defendant.

9  **III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY UNDER FRCP R.
          12(b)(3) AND 28 U.S.C. § 1406(a) BECAUSE VENUE IS IMPROPER.**

10

11      This Court also has the authority to dismiss a complaint when the venue is improper.  FRCP

12  R. 12(b)(3); 28 U.S.C. § 1406(a).  Venue for a copyright infringement action may be brought in the

13  district in which the defendant or his agent resides or may be found, 28 U.S.C. § 1400(a); a judicial

14  district where any defendant resides, if all defendants reside in the same state, 28 U.S.C.

15  § 1391(b)(1); a judicial district in which a substantial part of the events or omissions giving rise to

16  the claim occurred, 28 U.S.C. § 1391(b)(2); or a substantial part of property that is the subject of the

17  action is situated, or a judicial district in which any defendant may be found, if there is no district in

18  which the action may otherwise be brought, 28 U.S.C. § 1391(b)(3).  Venue in the Northern District

19  of California is not proper under any of these alternative grounds.

20      **A.    Venue is Improper Under 28 U.S.C. § 1400(a) Because There is No Personal
           Jurisdiction Over Defendants in the Northern District of California.**

21

22      A corporation, for the purposes of venue, is deemed to "reside" in any judicial district where

23  it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391.

24  Similarly, a corporation may "be found" in any district where it is subject to personal jurisdiction.

25  *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 288 (9th

26  Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures Television,* 523 U.S. 340

27  ///

28

1    (1998). Thus, this Court must determine whether Defendants are subject to personal jurisdiction in

2    the Northern District of California.

3    As previously discussed, Defendants are not subject to personal jurisdiction anywhere in

4    California. Even if Defendants were subject to personal jurisdiction in this state, they would not be

5    subject to personal jurisdiction in this district. Plaintiff has no basis for personal jurisdiction over

6    Las Vegas Sands LLC or Las Vegas Sands Corp. Plaintiff's only basis for alleging jurisdiction in

7    this Court for Venetian Casino Resort LLC is its alleged request for a bid. No other basis has been

8    asserted. A request for a bid does not provide the minimum contacts needed to exercise jurisdiction

9    over Venetian Casino Resort LLC. See Section II(B)(2) *supra*. Therefore, venue is improper under

10   28 U.S.C. § 1400(a).

11   **B.    Venue Is Improper Under 28 U.S.C. § 1391(b).**

12   Venue is improper under all grounds set forth in the general venue statute, 28 U.S.C.

13   § 1391(b). A defendant corporation is deemed to "reside" in any judicial district where it is subject

14   to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391. Defendants were

15   not subject to personal jurisdiction in the Northern District of California at the time the action was

16   commenced, therefore, venue is improper under 28 U.S.C. § 1391(b)(1). Additionally, a substantial

17   part of the events or omissions giving rise to the claim, as alleged in the Complaint, occurred outside

18   of Northern District of California. Other than an alleged request for a bid, all acts or omissions

19   alleged in the Complaint occurred in Los Angeles, Nevada, or China. Thus, venue is improper under

20   28 U.S.C. § 1391(b)(2). Finally, 28 U.S.C. § 1391(b)(3) does not apply because this action may

21   otherwise have been brought in U.S. District Court, District of Nevada, where Defendants are all

22   subject to personal jurisdiction and where a substantial part of the alleged events or omissions

23   allegedly occurred.

24   Venue is improper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), therefore, this Court

25   cannot adjudicate the action.

26   ///

27   ///

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**IV.    IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE DISTRICT OF NEVADA UNDER 28 U.S.C. § 1404(a) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE.**

In the alternative, if this Court finds jurisdiction and proper venue over one or more parties, Defendants respectfully request this Court transfer venue to the District of Nevada under  28 U.S.C. § 1404(a).  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  The purpose of 28 U.S.C. § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  *Van Dusen v. Barrack*, 376 U.S. 612, 617 (1964).  In order for a district court to transfer an action under 28 U.S.C. § 1404(a), the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  Both conditions hold true in this case.

**A.    The District Of Nevada is a Court in Which this Action Might Have Been Brought.**

Venue is proper in U.S. District Court, District of Nevada.  Venue in this case is proper in the district in which Defendants are subject to personal jurisdiction or a district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1400(a); 28 U.S.C. § 1391(b)(2); *see also* Section III, *supra*.

Defendants are subject to personal jurisdiction in Nevada, where Defendants are incorporated and maintain principal places of business.  Additionally, a substantial part of the events or omissions alleged in the Complaint would have occurred in the District of Nevada, including the allegedly infringing hotel rooms and all acts of alleged direct infringement by Defendants and their employees.  In fact, Plaintiff claims to have traveled to Nevada to inspect the allegedly infringing goods.  Complaint p. 6, ¶¶ 25-26.  Thus, venue is proper in the District of Nevada.

///

///

**B.    The Convenience of the Parties and Witnesses and the Interest of Justice Favor Transfer to the District of Nevada.**

In determining whether to transfer venue under 28 U.S.C. § 1404(a) a court may consider multiple factors:  (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

The first factor is inapplicable to the facts of this case as there was no contract or contractual negotiations.  Complaint p. 6, ¶ 22.  The majority of the remaining factors support a transfer of venue to the District of Nevada.

Factor 2:  Both California and Nevada are familiar with the federal Copyright Act.  Plaintiff's state law claims are preempted by the Copyright Act and thus not relevant.

Factor 4:  Defendants' contacts with the District of Nevada are substantial as they are incorporated in the district and maintain principal places of business in that forum.  Dec. of Franklin H. Levy ¶ 3.

Factor 5:  Plaintiff traveled to the forum to obtain evidence on which this Complaint is based.  Complaint p. 6, ¶¶ 25, 28.  Conversely, Defendants have little to no contacts with the Northern District of California other than an alleged request for a bid.

Factor 6:  The cost of litigating this action in Nevada will be considerably less than the cost of litigating in the Northern District of California.  Defendants and their employees reside in Nevada.  Dec. of Franklin H. Levy ¶¶ 3, 13.  A large proportion of witness in this action will be employees of Defendants, who are domiciled in Nevada.  Dec. of Franklin H. Levy ¶ 3.  A substantial amount of evidence will be in Nevada, including Defendants' records and the allegedly infringing hotel rooms.  Dec. of Franklin H. Levy ¶ 14.  Additional witnesses and information may be found in Los Angeles.  While these witnesses will have to travel to Nevada, the distance from Los

1  Angeles to Nevada is at least equivalent if not shorter than the distance from Los Angeles to the
2  Northern District of California.  Conversely, the only witness in the Northern District is the Plaintiff
3  and Mr. Browning, which, in effect, is the same person.

4        Factor 7:  Compulsory process of subpoena is available to compel attendance of unwilling
5  non-party witnesses.  A party may compel the attendance of an unwilling, non-resident, non-party
6  witness by having the U.S. District Court in the witness' district issue a subpoena.  FRCP R.
7  45(b)(2).

8        Factor 8:  The ease and access to proof is greater in Nevada than in the Northern District.
9  The majority of the infringement alleged in the Complaint happened in Nevada, including the
10 alleged infringing display of the sconces in the Venetian Casio Resort and the alleged acts and
11 omissions of Defendants and their employees.  The only proof in the Northern District of California
12 is the Plaintiff and its sconces, which can easily be transported to Nevada.

13       The pending action could have been filed in the District of Nevada and a majority of the
14 factors favor transfer to that district.  As such, this Court should transfer this action to the District of
15 Nevada under 28 U.S.C. § 1404(a).

16 **V.    Plaintiff's Unjust Enrichment and Implied Contract Claims Should be Dismissed
         Under FRCP R. 12(b)(6) as Failing to State a Cognizable Legal Theory**
17

18       Plaintiff's contention that a request for a bid creates contractual duties is without merit and
19 contrary to law.  As such, all quasi or implied contract claims must be dismissed.  A complaint may
20 be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2)
21 insufficient facts to support a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749
22 F.2d 530, 534 (9th Cir. 1984).  Plaintiff has failed to state a cognizable legal theory for breach of
23 quasi-contract, implied contract or implied-in-law contract.

24       Plaintiff states that Venetian Casino Resort LLC's alleged request for a bid created an
25 implied or quasi-contract.  Plaintiff further alleged that there was a common understanding and
26 agreement "based on the standard practice of the industry regarding these types of bids" that
27 defendant would not use Plaintiff's designs if it did not accept the bid.  Complaint p. 16, ¶ 87.  First,
28 Venetian Casino Resort LLC has no record of requesting a bid from Plaintiff.  Dec. of Franklin H.

Levy, ¶ 11.  Second, even assuming *arguendo* that this allegation was true, a request for a bid is merely an invitation to make an offer and gives rise to no obligations to accept the offer or enter into any further negotiations.  *Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Ltd.*, 46 Cal.App.2d at 797.  Moreover, "[u]sage and custom may be introduced as an instrument of interpretation, but may not be used to create a contract."  *Ghiselin v. John Hancock Mutual Life Ins. Co.*, 79 Cal.App.2d 438, 442 (Cal. Ct. App. 1947).

Additionally, Plaintiff's implied-in-law contract claim fails to state sufficient facts to support a claim for breach of an implied-in-law contract.  An implied-in-law contract arises when an obligation is imposed by law.  *County of Santa Clara v. Robbiano*, 180 Cal.App.2d 845 (Cal. Ct. App. 1960).  Plaintiff did not state what Defendants' obligation is under the law or a legal basis for imposing such obligation.

Plaintiff's claims do not comprise a cognizable legal theory or provide sufficient facts to support a cognizable legal theory and, therefore, must be dismissed.

## VI.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY UNDER FRCP R. 12(b)(6) FOR FAILING TO STATE A CLAIM AGAINST LAS VEGAS SANDS LLC AND LAS VEGAS SANDS CORP.

Plaintiff implicitly acknowledges that it has no claim against defendants Las Vegas Sands LLC and Las Vegas Sands Corp.  Not only did Plaintiff make no allegation of personal jurisdiction over these defendants, Plaintiff failed to make any factual allegations or present any legal theory as to how these defendants are liable.  A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d at 534.  Plaintiff has not stated a single fact to support a cognizable claim against Las Vegas Sands LLC or Las Vegas Sands Corp.  It is clear that Plaintiff has included these parties in its Complaint merely for the purpose of adding additional corporate defendants from which to recover.  It has no factual or legal basis for doing so, nor has it alleged any.  Therefore, all claims against these defendants must be dismissed.

///

///

**VII.    PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED UNDER FRCP R. 12(b)(6) BECAUSE SUCH CLAIMS ARE PREEMPTED BY THE COPYRIGHT ACT**

Plaintiff's state law claims are preempted by the Copyright Act and must be dismissed.[5] Copyright preemption of state claims is both "explicit and broad." *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir. 1992). A state law cause of action is preempted by the Copyright Act if two elements are present: (1) the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act; and (2) the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. 17 U.S.C. § 301(a); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987). Plaintiff states that its sconces are subject to copyright protection under the Copyright Act. Complaint p. 7, ¶ 29. Therefore, the only question before this Court is whether the rights asserted under state law are equivalent to those protected by the Copyright Act.

**A.    Plaintiff's Unfair Competition Claims are Preempted by the Copyright Act.**

The rights asserted under Plaintiff's unfair competition claims are equivalent to the rights provided by the copyright infringement claims. *See Kodadek v. MTV Networks*, 152 F.3d at 1213 (unfair competition claims predicated on copyright infringement is preempted by Copyright Act).

The plaintiff in *Kodadek* alleged that defendants published and sold products bearing his copyrighted images and thereby engaged in unfair trade practices and unfair competition. *Id.* at 1212-13. The plaintiff's unfair competition claim incorporated by reference paragraphs from his copyright infringement claim. *Id.* The court held that the plaintiff expressly based his unfair competition claim on rights granted by the Copyright Act and dismissed the claims as being preempted. *Id.* at 1213.

Similarly, Plaintiff has expressly based its unfair competition claims on rights granted by the Copyright Act. Plaintiff expressly incorporates by reference all of its copyright infringement allegations. Plaintiff does not provide a single additional allegation to support its unfair competition claims. It merely states: "[a]s described above, the Venetian has engaged in unfair business acts and

---

[5] Copyright preemption of unfair competition and unjust enrichment claims were previously considered by this Court in *Jacobsen v. Katzer*, 2007 U.S. Dist. LEXIS 63568 (Case No. C 06-01905 JSW).

practices," Complaint p. 14, ¶ 75; p. 15, ¶ 79; and "[t]he Venetian breached this duty by engaging in the unfair, fraudulent and illegal acts and practices described above," Complaint p. 15, ¶ 83. Thus, Plaintiff's unfair competition claims seek the same rights protects under the Copyright Act and must be dismissed without leave to amend as preempted.

### B.    Plaintiff's Implied Contract, Implied-In-Law Contact and Unjust Enrichment Claims are Preempted by the Copyright Act.

The foundation of Plaintiff's unjust enrichment and implied contract claims is Plaintiff's contention that Defendants violated an implied promise not to use Plaintiff's copyrighted designs unless it accepted Plaintiff's bid. However, an implied promise not to use or copy materials protected by copyright is equivalent to the protection provided by the Copyright Act. *Del Madera Properties v. Rhodes & Gardner, Inc*., 820 F.2d at 977.

The allegations made by Plaintiff are identical to those asserted in *Madera*. The plaintiff in *Madera* sued for copyright infringement, unfair competition, and unjust enrichment for unauthorized use of a copyrighted map prepared by plaintiff to develop land. The plaintiff specifically contended that the defendants violated an implied promise, based on the parties' relationship, not to use the tentative map and supporting documents. *Id.* The court held that an implied promise not to use a copyrighted materials was equivalent to the protection provided by Copyright Act and dismissed the plaintiffs unjust enrichment claims as preempted.[6] *Id.*

Thus, for the same reasons stated in *Madera*, Plaintiff's claims are preempted and must be dismissed without leave to amend.

### CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court grant its motion to dismiss the Complaint in its entirety and make the following findings: (1) this Court lacks subject matter jurisdiction under 12(b)(1) because the plaintiff failed to meet the jurisdictional prerequisite required to institute an infringement action under 17 U.S.C. § 411; (2) this Court lacks personal jurisdiction over defendant Venetian Casino Resort LLC; (3) this Court lacks personal jurisdiction

---

[6] The court also dismissed plaintiff's unfair competition claims as preempted. *Id.*

over defendant Las Vegas Sands LLC; (4) this Court lacks personal jurisdiction over defendant Las Vegas Sands Corp.; (5) venue in the Northern District of California is improper under 28 U.S.C. § 1400 and 28 U.S.C. § 1391 or, alternatively, that venue should be transferred to the U.S. District Court, District of Nevada for the convenience of the parties and witnesses and in the interest of justice; (6) the Complaint fails to state a claim against defendant Las Vegas Sands LLC; (7) the Complaint fails to state a claim against defendant Las Vegas Sands Corp.; (8) the Complaint fails to state a cognizable legal claim for breach of quasi-contract, implied-in-fact contract, or implied-in-law contract; and (9) Plaintiff's state law claims for unjust enrichment, breach of implied-in-fact contract, or breach of implied-in-law contract are preempted by the Copyright Act.

Dated: September 17, 2007                **DUANE MORRIS** LLP

                                         By:   /s/ Michelle A. Hon
                                               Ray L. Wong
                                               Michelle Hon
                                               Specially Appearing for Defendants VENETIAN
                                               CASINO RESORT LLC; LAS VEGAS SANDS LLC,
                                               and LAS VEGAS SANDS CORP.