# **EXHIBIT A**

SF/21705150.1

1  Alan M. Fisch
2  Jason F. Hoffman
   HOWREY SIMON ARNOLD & WHITE, LLP
3  1299 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004
4  (202) 783-0800

5  Evangelina Almirantearena (CA Bar No. 138765)
   HOWREY SIMON ARNOLD & WHITE, LLP
6  301 Ravenswood Avenue
7  Menlo Park, CA 94025
   (650) 463-8100
8

ORIGINAL FILED

MAR 26 '03

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| VENETIAN CASINO RESORT, LLC<br>d/b/a Venetian Resort Hotel Casino<br><br>Plaintiff,<br><br>v.<br><br>NAKED BELLY PRODUCTIONS<br>and<br>W. GREGORY CATALANO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. C03-01307 JL<br>) JURY DEMAND<br>)<br>)<br>)<br>)<br>)<br>) |

### VENETIAN CASINO RESORT, LLC'S COMPLAINT

### NATURE OF THE CASE

1. This is a civil action seeking declaratory, injunctive, and monetary relief for cybersquatting, trademark infringement, dilution, false advertising, and unfair competition, under the laws of the United States and the State of California as a result of Defendants' registration, ownership, and current operation of Internet casino venetian-resort.com, using the trademarks of

HOWREY SIMON ARNOLD & WHITE, LLP

Venetian Casino Resort, LLC d/b/a Venetian Resort Hotel Casino (hereinafter "Venetian Resort").

## PARTIES

2. Plaintiff, Venetian Resort, is a corporation with its primary place of business in Las Vegas, Nevada and formed under the laws of the state of Nevada.

3. Defendants, Naked Belly Productions and W. Gregory Catalano (hereinafter individually and collectively referred to as Defendants), on information and belief, both have the mailing address P.O. Box LD, Pacific Grove, California 93950.

## JURISDICTION AND VENUE

4. This is a civil action seeking declaratory, injunctive, and monetary relief for cybersquatting, trademark infringement, dilution, and unfair competition, under the laws of the United States (15 U.S.C. §§ 1114(1) and 1125 *et seq.*). This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (Federal Question) and 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (Trademark Disputes).

5. This civil action also seeks relief under California state law. This Court has supplemental jurisdiction over this relief pursuant to 28 U.S.C. § 1367, as the state law claim is so related to other issues in the action that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

6. Personal jurisdiction is proper in the San Jose Division of Northern District of California because Defendants are residents of Pacific Grove (Monterey County), California.

7. Venue is proper in the San Jose Division of the Northern District of California pursuant to 28 U.S.C. § 1391(b) and Civil L.R. 3-2. Venue is proper in the Northern District of California because Defendants are residents of Pacific Grove (Monterey County), California.

**FACTS RELEVANT TO ALL CLAIMS**

**Venetian Resort's Use and Registration of its "Venetian," "The Venetian" and "The Venetian Resort Hotel Casino" Marks and Name**

8.  Venetian Resort owns and operates The Venetian Resort Hotel Casino, located in Las Vegas, Nevada, which houses the largest and most complete resort, trade convention and corporate-meeting facility in the world. The Sands Hotel, on the famous Las Vegas Strip, was imploded on November 26, 1996 to make way for The Venetian Resort Hotel Casino. Ground breaking ceremonies for the $1.5 billion Venetian Resort complex were held on April 14, 1997. On August 24, 1998, the Venetian Resort began accepting room reservations online and by phone. On May 3, 1999, the Venetian Resort opened.

9.  Venetian Resort has spent considerable resources to ensure that consumers everywhere associate the names "Venetian," "The Venetian" and "The Venetian Resort Hotel Casino" with the premiere resort and casino in Las Vegas. Located on the renowned Las Vegas Strip, Venetian Resort houses the largest and most complete resort, trade convention and corporate-meeting facility in the world. The resort features many of the famous landmarks found in Venice, Italy, including life-size replications of the Rialto Bridge, Doge's Palace, St. Mark's Square and even the 315-foot Campanile Bell Tower. As in Venice, gondoliers entertain and transport guests along a 1200-foot canal that traverses the facility. Guests may entertain themselves at the Venetian Resort's elaborate wax show, on one of its high-tech motion adventure rides or at one of the live performances offered at the Venetian's 60,000 square-foot venue. Guests can also dine at any one of the several upscale restaurants located within the Venetian Resort.

10. Today, the Venetian Resort is the world's largest hotel and convention complex which currently includes 3,036 hotel suites (each standard suite measures approximately 700 square feet); approximately 120,000 square feet of gaming floor, which includes 118 game tables and 2500 slot machines; approximately 500,000 square feet of retail space at The Grand Canal Shoppes; the luxurious 65,000 square-foot Canyon Ranch Spa Club; approximately 500,000

square feet of meeting space at The Venetian Congress Center, which will increase to over 650,000 square feet by June of 2003; and a direct link to the approximately 1.2 million square foot Sands Expo and Convention Center.

11. The Venetian Resort will ultimately occupy 63 acres on the Las Vegas Strip and offer 6000 luxurious suites and a 12 million square-foot resort, casino and convention complex. As part of the $2.5 billion plan to complete Phase II of the resort, the Venetian will add a second 116,000 square-foot casino, which will include 100 game tables and another 2500 slot machines.

12. Venetian Resort is widely acknowledged as one of the world's leading resort, hotel and casino properties. Since its opening, the Venetian Resort has received a non-stop stream of accolades from all over the world and its trademark is widely known and identifiable. In 2001 and 2002, The Venetian Resort has been named to the prestigious *"Conde' Nast Traveler's* Gold List of the World's Best Places to Stay."

13. Venetian Resort's investment in the "Venetian," "Venetian Resort" and "Venetian Resort Hotel Casino" trademarks is backed by substantial capital investments.

14. Venetian Resort's rapid growth and success are due in part to an aggressive marketing approach founded on the consistent use of the "Venetian" name and theme.

15. Venetian Resort has registered the following trademarks with the United States Patent and Trademark Office:

| Mark | Reg. No. | File Date | Reg. Date | Services/Goods |
|---|---|---|---|---|
| Venetian | 2,326,994 | Feb. 28, 1996 | Mar. 7, 2000 | Hotel and Retail Gift Store |
| The Venetian | 2,295,362 | May 4, 1998 | Nov. 30, 1999 | Hotel Reservations |
| The Venetian Resort Hotel Casino | 2,350,633 | Jan. 20, 1998 | May 16, 2000 | Casino and Gaming Services; Gaming Facilities; Entertainment, Namely, Live Musical Performances, Theatrical Productions and Comedy; Sporting Events; Health Clubs; Amusement Centers and Arcades; Providing Casino and Gaming Services by Means of Web Sites and a Global Computer Network |

HOWREY SIMON ARNOLD & WHITE, LLP

- 4 -

| | | | | |
|---|---|---|---|---|
| The Venetian Resort Hotel Casino | 2,411,455 | Jan. 20, 1998 | Dec. 5, 2000 | Hotels, Restaurants, Hotel Concierge Services, Bar Services, Security Guard Services, Beauty Salons, Health Spas, Massage, Catering Services; Providing Facilities for Conventions, Banquets, Social Functions, Fund Raising, and Special Events |

Copies of these registrations are appended as Exhibit A to this Complaint. In addition to its many registered trademarks, Venetian Resort has also established common law trademark rights in the "Venetian Resort" mark due to adoption and longstanding use of said mark in trade. These rights at a minimum protect use related to the resort, hotel, and gaming business.

16. Venetian Resort invests in the "Venetian," "The Venetian," and "Venetian Resort Hotel Casino" marks with extensive image advertising in all forms, including Internet, television, newspaper, magazine, direct mail, and billboards. The result has made the Venetian Resort one of the most recognized casino brands in the United States and the world.

17. Lastly, Venetian Resort makes extensive use of its "Venetian" mark on the Internet itself. Venetian Resort maintains an active Internet web site presence at <venetian.com> and <venetiancasino.org>. Reservations, corporate information, specials, contact information and directions, and reservations are all accessible through <venetian.com>. Casino gaming, which the United States Department of Justice currently views as a violation of the Wire Act, is not offered at the genuine Venetian Resort Internet web site.

18. Venetian Resort seeks to recover a domain name that appropriates the Venetian Resorts's registered marks: "The Venetian," "Venetian" and "Venetian Resort Hotel Casino." This domain name, <venetian-resort.com>, offers its own casino gaming operation, as well as links to other casino operations and pornographic content. *See* Exhibit B.

**Defendants Naked Belly Productions and W. Gregory Catalano
and their Wrongful Conduct**

19. Investigation of the <venetian-resort.com> registration revealed that Defendant registered the offending domain name on August 30, 2000. *See* Exhibit C.

20. Defendants' self-titled "Venetian-Resort Casino" Internet casino continues full-scale operation to this day. *See* Exhibit B.

21. Not only does the owner of <venetian-resort.com> use a confusingly similar name for the bad-faith purpose of profiting at the true Venetian Resort's expense; it also uses that domain name to run an operation that would tarnish and dilute the Venetian Resort's reputation. By creating the impression that the Venetian Resort itself either controls or otherwise endorses the on-line gaming found at <venetian-resort.com>, the domain name intimates that the Venetian Resort engages in a practice specifically defined by the United States Department of Justice as a violation of federal law. In the end, the Defendants' domain name and the web site associated with it threaten the true Venetian Resort's commercial viability.

**Defendants Naked Belly Productions and W. Gregory Catalano's
and Knowledge of Venetian Resort**

22. It strains credulity that Defendants registered <venetian-resort.com> without knowledge of the Venetian Resort's famous marks and substantial casino operations.

23. Venetian Resort is located in Las Vegas, Nevada a day's drive from Defendant Catalano's residence in the Northern California area. In fact, the Northern California area is one of the specific markets in which Venetian Resort advertises concurrently on television, in newspapers, and on billboards.

**Harm to Venetian Resort by Defendants Naked Belly Productions
and W. Gregory Catalano's Wrongful Conduct**

24. Venetian Resort has never given Defendants permission to use its trademarks. Further, it has never had a business relationship or association with Defendants.

25. Defendants' acts demonstrate that they registered and used the <venetian-resort.com> domain name in bad faith. Defendants' acts also demonstrate that they willfully infringed Venetian Resort's marks.

26. The specifics of Defendants' bad faith and willful conduct are even more pronounced when viewed in light of the state criminal penalties for operating an unlicensed gaming operation. *See* Cal. Penal Code § 330. Yet, Defendants still established their rogue

HOWREY SIMON ARNOLD & WHITE, LLP
- 6 -

Internet casino and it still operates today, thus demonstrating Defendants' unabashed bad faith intent and willful conduct.

27. Defendants' registration and use of the domain name <venetian-resort.com> is virtually identical or confusingly similar to the marks registered, owned and used by Venetian Resort. As a result, the domain name bears an identical or similar appearance, sound, connotation and commercial impression to the service names owned and used by Venetian Resort itself. Thus, Internet users and consumers who searched for the true Venetian Resort's web site by using this domain name would instead stumble upon a commercial-gaming web site operated by person(s) who have no authority or relationship with Venetian Resort itself.

28. Defendants' bad faith and willful use of the <venetian-resort.com> domain name and the "Venetian Resort" mark for their own Internet casino also creates an unfair risk of diluting and tarnishing the commercial reputation of Venetian Resort's marks. First, by naming the casino "Venetian Online Casino" and using the <venetian-resort.com> domain name to operate it, Defendants give consumers the false impression that the true Venetian Resort either operates this casino or otherwise permits or even endorses its operation. Moreover, it gives consumers the false impression that they can use this Internet casino with the same level of trust and confidence that they would place in Venetian Resort itself. But if consumers had an unsatisfying experience using this web site, they would form an unfavorable impression not only about the web site but also about the true Venetian Resort. Consequently, Venetian Resort's marks, its reputation and, ultimately, its commercial viability have and will continue to suffer as a result of Defendant's willful actions.

29. According to Marc Falcone, an analyst for Bear Stearns Companies Inc, and as reported in the New York Times and Las Vegas Sun, thirty-five percent of all Internet casinos either rig the games used by consumers or refuse to pay the money that consumers do win. Regardless of whether the Defendants run one of these dishonest Internet casinos, the consuming public will soon associate it with the web sites that do run these rogue operations. And, for its

HOWREY SIMON ARNOLD & WHITE, LLP

- 7 -

part, the true Venetian Resort will again suffer the consequences, even though it has nothing to do with Internet casinos in general or the Defendants' Internet casino in particular.

30. In the event that Defendants choose to operate in bad faith with their customers, it will be the true Venetian Resort that is the unwitting victim. In an attempt to assure the public that the rogue casino operates at the highest ethical level, it invokes the true Venetian Resort name.

31. The use of Venetian Resort's marks in conjunction with an Internet casino web site wrongfully suggests that Venetian Resort itself is violating the laws of the United States. The United States Department of Justice presently considers Internet casinos violative of the Interstate Wire Act, 18 U.S.C. § 1084, which generally prohibits gambling via the telephone. Thus, the collection of Venetian Resort's trademarks could become tarnished in the minds of consumers, potential investors and even prosecutors because of the erroneous (but understandable) assumption that it is operating an Internet casino and thereby committing a federal crime.

32. Defendant's unauthorized use of Venetian Resort's trademarks:

(a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' Internet casino and its other products and services, or as to some affiliation, connection or association of Defendants with Venetian Resort;

(b) falsely designates the origin of Defendants' Internet casino and their other products and services, and falsely and misleadingly describes and misrepresents facts with respect to Defendants, their Internet casino name and domain name and its other products and services;

(c) enables Defendants to trade on and receive the benefit of goodwill Venetian Resort built up at great labor and expense, and to gain acceptance for Defendants' Internet casino, and their other products and services not solely on its own merits, but on the reputation and goodwill of Venetian Resort, its trademarks, and its products and services;

1  (d)  causes dilution of the distinctive quality and/or the famous nature of the Venetian Resort's trademarks;

(e)  unjustly enriches Defendants; and

(f)  unlawfully removes from Venetian Resort the ability to control the nature and quality of products and services provided under its trademarks and places the goodwill and valuable reputation of the Venetian Resort in the hands of Defendants, over whom Venetian Resort has no control.

33.  Venetian Resort has been damaged and continues to be damaged by Defendants' unauthorized and willful use of Venetian Resort's trademarks in the manner described above.

34.  Unless the Defendants' acts are restrained by this Court, Defendants will cause, and consequently will continue to cause irreparable injury to Venetian Resort and to the public for which there is no adequate remedy at law.

**COUNT I: CYBERSQUATTING**
**<venetian-resort.com>**
**(The Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(a))**

35.  Venetian Resort repeats the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36.  Defendants registered, trafficked in and used the domain name <venetian-resort.com>, which incorporates a mark that was famous as well as a registered trademark, at the time of Defendants' registration of the domain name.

37.  The <venetian-resort.com> domain name registered by Defendants contains Venetian Resort's trademarks.

38.  Defendants' registration, trafficking and use of the domain name <venetian-resort.com> was in bad faith, in that the registration, trafficking and use occurred (a) with full knowledge and conscious disregard of Venetian Resort' rights its trademarks, (b) with an intent to trade on Venetian Resort's vast goodwill in its marks by creating a likelihood of confusion as to the source, sponsorship or affiliation or endorsement of Defendants' products and services,

HOWREY SIMON ARNOLD & WHITE, LLP

- 9 -

and (c) with an intent to financially gain from selling, leasing, or granting third parties a license to use the domain name in connection with the solicitation of Defendants' gaming services.

### COUNT II: FEDERAL TRADEMARK INFRINGEMENT
(Lanham Act § 32, 15 U.S.C. § 1114(1))

39. Venetian Resort repeats the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40. The acts of Defendants complained herein constitute infringement of Venetian Resort's federally registered trademarks for "Venetian," "The Venetian," and "The Venetian Resort Hotel Casino," in violation of 15 U.S.C. § 1114(1).

41. The acts of Defendants complained herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Venetian Resort's rights in its trademarks, and with an intent to trade on Venetian Resort's vast goodwill in trademarks. In view of the egregious nature of Defendants' infringement, this is an exceptional case with the meaning of 15 U.S.C. § 1117(a).

### COUNT III: FEDERAL DILUTION
(Federal Trademark Dilution Act, 15 U.S.C. § 1125(c))

42. Venetian Resort repeats the allegations of paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants' use in commerce of the Venetian Resort's trademarks causes dilution of the distinctive quality of those trademarks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

44. Defendants willfully intended to trade on Venetian Resort's reputation and to cause dilution of Venetian Resort's famous trademarks.

### COUNT IV: FEDERAL UNFAIR COMPETITION
(Lanham Act § 43(a), 15 U.S.C. § 1125(a))

45. Venetian Resort repeats the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' unfair competition has been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

**COUNT V: COMMON AND STATUTORY LAW TRADEMARK, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, AND CYBER PIRACY**
**(Cal Bus. & Prof. §§ 14330, 14402, 17200, 17500, 17525)**

48. Venetian Resort repeats the allegations of paragraphs 1 through 47 above as if fully set forth herein.

49. By their acts alleged herein, Defendants have engaged in trademark infringement, trade name infringement, dilution, unfair competition, false advertising, and cyber piracy under the common and statutory law of the State of California, California Business and Professions Code § 14330, *et seq.*, § 14402, *et seq.*, § 17200, *et seq.*, § 17500, *et seq.*, and § 17525 *et seq.*

50. Defendants have intentionally deceived the public by misrepresenting that their services are in some way sponsored or authorized by Venetian Resort.

51. Upon information and belief these acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

52. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Venetian Resort, with intent to injure Venetian Resort, thereby entitling Venetian Resort to damages against Defendants.

53. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Venetian Resort, for which Venetian Resort has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Venetian Resort prays that:

(a) Defendants, their agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants, be permanently enjoined and restrained from

1  using the Venetian Resort's trademarks and any other name or mark that is confusingly similar to
2  its trademarks, or any other mark or designation of Venetian Resort or its affiliates, or likely to
3  dilute their distinctive quality, including use of these marks, as part of Internet domain names or
4  e-mail addresses;

5     (b)   Defendants be ordered to file with this Court and to serve upon Venetian Resort,
6  within thirty (30) days after the entry and service on Defendants of an injunction, a report in
7  writing and under oath setting forth in detail the manner and form in which Defendants have
8  complied with the injunction;

9     (c)   Venetian Resort recover all damages it has sustained as a result of Defendants'
10  activities, in an as yet indeterminate amount to be established at trial, and that said damages be
11  trebled;

12     (d)   An accounting be directed to determine Defendants' profits resulting from their
13  activities and that such profits be paid over to Venetian Resort and increased as the Court finds
14  to be just under the circumstances of this case;

15     (e)   Pursuant to 15 U.S.C. § 1117(d), Defendant pay Venetian Resort statutory
16  damages of $100,000 for violating 15 U.S.C. § 1125(d)(1) with regard to <venetian-resort.com>.

17     (f)   Venetian Resort recover its reasonable attorney fees;

18     (g)   Venetian Resort recover its costs of this action; and

19     (h)   Venetian Resort recover such other relief as the Court may deem appropriate.

HOWREY SIMON ARNOLD & WHITE, LLP

- 12 -

Respectfully submitted,

*[signature]*

Alan M. Fisch
Jason F. Hoffman
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Evangelina Almirantearena (CA Bar No. 138765)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
(650) 463-8100

Attorneys for
VENETIAN CASINO RESORT, LLC

Dated: March 26, 2003