1  BINGHAM MCCUTCHEN LLP
   TRENTON H. NORRIS (SBN 164781)
2  THOMAS S. HIXSON (SBN 193033)
   MAZEN M. BASRAWI (SBN 235475)
3  ERICA BRAND PORTNOY (SBN 244923)
   Three Embarcadero Center
4  San Francisco, CA  94111-4067
   Telephone:  415.393.2000
5  Facsimile:  415.393.2286
   Email:  trent.norris@bingham.com
6          thomas.hixson@bingham.com
           mazen.basrawi@bingham.com
7          erica.brand@bingham.com

8  DOLL AMIR & ELEY LLP
   GREGORY L. DOLL (SBN 193205)
9  HUNTER R. ELEY (SBN 224321)
   1888 Century Park East, Suite 1106
10 Los Angeles, CA 90067
   Telephone:  310.557.9100
11 Facsimile:  310.557.9101
   Email:  gdoll@dollamir.com
12         heley@dollamir.com

13 Attorneys for Plaintiff
   JONATHAN BROWNING, INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                        SAN FRANCISCO DIVISION

18

| 19 | JONATHAN BROWNING, INC., a California corporation, | No. C 07-3983 JSW |
|---|---|---|
| 20 | Plaintiff, | **PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF FRANKLIN H. LEVY SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| 21 | v. | |
| 22 | VENETIAN CASINO RESORT, LLC., a Nevada limited liability company; LAS VEGAS SANDS, LLC., a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | |
| 23 | | Date:  November 9, 2007 |
| 24 | | Time:  9:00 a.m. |
| 25 | Defendants. | Place:  Courtroom 2, 17th Floor |
| | | Judge: Honorable Jeffrey S. White |

26

27

28

A/72234459.2/3006638-0000326553                                    Case No.:  C 07-3983 JSW

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF FRANKLIN H. LEVY SUBMITTED IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Jonathan Browning, Inc. objects to paragraphs 10-15 in the Declaration of Franklin H. Levy offered by Defendants Venetian Casino Resort LLC, Las Vegas Sands, LLC and Las Vegas Sands Corp. (collectively "the Venetian") in support of the Venetian's motion to dismiss.

## I.   OBJECTIONS TO THE DECLARATION OF FRANKLIN H. LEVY

A party may only present admissible evidence in support of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Naxo Resources (U.S.A.) Ltd. v. Southam Inc.*, No. CV 96-2314, 1996 U.S. Dist. LEXIS 21757, at *2-3 (C.D. Cal. Aug. 20, 1996) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 n.5 (9th Cir. 1977)). Jonathan Browning objects to the evidence submitted by the Venetian, as stated below, on a number of grounds, including that the declarant lacks personal knowledge of the asserted facts, and the assertions are speculative and state legal conclusions rather than facts.

**Paragraph 10** of the Declaration of Franklin H. Levy states:

> It is my understanding that the pertinent records of the Venetian Casino Resort LLC's human resources department indicate that the Venetian Casino Resort LLC does not employ anyone by the name of Aileen Pauco. Declaration of Franklin H. Levy (Docket No. 14-3) ("Levy Decl.") ¶ 10.

**Objection to Paragraph 10:** Plaintiff objects to this paragraph on grounds of hearsay and lack of personal knowledge (Fed. R. Evid. 602, 802) because the declaration sets forth no facts to show that the business records rule in Fed. R. Evid. 803(7) applies. Mr. Levy's "understanding" is irrelevant, as his state of mind is irrelevant to the case. His "understanding" is also wrong, as shown by Plaintiff's evidence that in fact Aileen Pauco was employed by the Venetian at the relevant time. *See* Declaration of Marco Heithaus ("Heithaus Decl."), Ex. A.

**Paragraph 11** of the Declaration of Franklin H. Levy states:

> The Venetian Casino Resort LLC cannot find any record of requesting a bid from Jonathan Browning, Inc. for wall sconces. Levy Decl. ¶ 11.

**Objection to Paragraph 11:** Plaintiff objects to this paragraph on grounds of hearsay and lack of personal knowledge (Fed. R. Evid. 602, 802) because the declaration sets forth no facts to show that the business records rule in Fed. R. Evid. 803(7) applies. Moreover,

1  Plaintiff has submitted evidence that the Venetian did request a bid from Jonathan Browning for

2  wall sconces.  *See* Heithaus Decl., Ex. A.

3        **Paragraph 13** of the Declaration of Franklin H. Levy states:

4/5        Based on the allegations and facts in the Complaint, I believe that a large number of potential witnesses on behalf of the Venetian Casino Resort LLC would be located in the State of Nevada.  Levy Decl. ¶ 13.

6        **Objection to Paragraph 13:**  Plaintiff objects to this paragraph on grounds of

7  speculation and lack of personal knowledge.  *See* Fed. R. Evid. 602.  The declaration does not set

8  forth any facts to show why Mr. Levy "believe[s]" that a "large" number of them would be

9  somewhere in the State of Nevada.  Indeed, Mr. Levy does not identify a single witness.

10        **Paragraph 14** of the Declaration of Franklin H. Levy states:

11/12        The evidence supporting the Venetian Casino Resort LLC's defenses, including its records and employees, is predominately located in Nevada.  Levy Decl. ¶ 14.

13        **Objection to Paragraph 14:**  Plaintiff objects to this paragraph because it is

14  speculative and because it states a legal conclusion instead of facts.  Mr. Levy identifies no

15  factual basis for his assertion that "the evidence supporting [Defendants'] defenses . . . is

16  predominately located in Nevada."  Levy Decl. ¶ 14.  To the extent this paragraph refers to

17  evidence supporting defenses, Plaintiff objects to this paragraph as stating a legal conclusion

18  rather than facts.  Mr. Levy does not identify what evidence he purports to rely on in making this

19  statement.

20        **Paragraph 15** of the Declaration of Franklin H. Levy states:

21/22        The burden on the Venetian Casino Resort LLC to transport Nevada-based witnesses and documentary evidence to the Northern District of California would be substantial, as well as expensive.  Levy Decl. ¶ 15.

23        **Objection to Paragraph 15:**  Plaintiff objects to this paragraph because it is

24  speculative and because it states a legal conclusion instead of facts.  Mr. Levy identifies no

25  factual basis for his assertion that the "burden on [Defendants] . . . would be substantial, as well

26  as expensive."  Levy Decl. ¶ 15.  To the extent this paragraph refers to a "substantial" "burden",

27  Plaintiff objects to this paragraph as stating a legal conclusion rather than fact.  Mr. Levy does

28  not identify what facts he relies on in making this statement that would allow this Court to

1  determine the Defendants' burden. Again, Mr. Levy does not identify a single witness or

2  describe what constitutes documentary evidence.

3

4  DATED: October 3, 2007

5
                                    BINGHAM MCCUTCHEN LLP
6

7

8                                   By:      /s/ Thomas S. Hixson
                                              Thomas S. Hixson
9                                             Attorneys for Plaintiff
                                           JONATHAN BROWNING, INC.
10
    DATED: October 3, 2007
11

12                                  DOLL AMIR & ELEY LLP

13

14

15                                  By:      /s/ Gregory L. Doll
                                              Gregory L. Doll
16                                            Attorneys for Plaintiff
                                           JONATHAN BROWNING, INC.
17

18

19

20

21

22

23

24

25

26

27

28

A/72234459.2/3006638-0000326553         3                    Case No.: C 07-3983 JSW

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF FRANKLIN H. LEVY SUBMITTED IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS