1  BINGHAM MCCUTCHEN LLP
   TRENTON H. NORRIS (SBN 164781)
2  THOMAS S. HIXSON (SBN 193033)
   MAZEN M. BASRAWI (SBN 235475)
3  ERICA BRAND PORTNOY (SBN 244923)
   Three Embarcadero Center
4  San Francisco, CA 94111-4067
   Telephone: 415.393.2000
5  Facsimile: 415.393.2286
   Email: trent.norris@bingham.com
6         thomas.hixson@bingham.com
          mazen.basrawi@bingham.com
7         erica.brand@bingham.com

8  DOLL AMIR & ELEY LLP
   GREGORY L. DOLL (SBN 193205)
9  HUNTER R. ELEY (SBN 224321)
   1888 Century Park East, Suite 1106
10 Los Angeles, CA 90067
   Telephone: 310.557.9100
11 Facsimile: 310.557.9101
   Email: gdoll@dollamir.com
12        heley@dollamir.com

13 Attorneys for Plaintiff
   JONATHAN BROWNING, INC.

14

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18

| | |
|---|---|
| 19  JONATHAN BROWNING, INC., a California corporation, | No. C 07-3983 JSW |
| 20                   Plaintiff, | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| 21        v. | |
| 22  VENETIAN CASINO RESORT, LLC., a Nevada limited liability company; LAS VEGAS SANDS, LLC., a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | Date: November 9, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Honorable Jeffrey S. White |
| 25                   Defendants. | |

26

27

28

A/72235219.2/3006638-0000326553                                    Case No.: C 07-3983 JSW

1   The motion of Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp. (collectively "Defendants") to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) having come before this Court, and good cause appearing in support thereof,

IT IS HEREBY ORDERED that Defendants' motion is DENIED.

1.   The Court has subject matter jurisdiction over Plaintiff Jonathan Browning, Inc.'s claims for relief for copyright infringement, *see* Compl. ¶¶ 38-73, because Jonathan Browning applied for copyright registration for the sconces at issue in this case, and the registration was refused, prior to filing this action. *See* 17 U.S.C. § 411(a); Compl. ¶ 11; Declaration of Marco Heithaus ("Heithaus Decl.") ¶¶ 2, 3; Declaration of Thomas S. Hixson ("Hixson Decl.") ¶ 3.

2.   The Court has personal jurisdiction over the Defendants.

A.   The Court has general jurisdiction over the Venetian because of the Venetian's substantial, systematic and continuous contacts with California. The Venetian's complaint filed in Civil Action No. C 03-01307 JL in this Court states that the Venetian targets Northern California in particular for its advertising and marketing, including the Internet, magazines and other media. Plaintiff has also submitted evidence showing that a substantial fraction of the Venetian's customers are from California, exceeding the percentage from any other state. Hixson Decl., Ex. A. Accordingly, general jurisdiction exists here. *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1017-19 (N.D. Cal. 2005).

B.   The Court also has specific jurisdiction over the Venetian. The Venetian sent its agent to Los Angeles to purchase the sconces it allegedly copied, it transmitted to Plaintiff's San Francisco office the request for a bid, it rejected the bid in a communication to San Francisco, and the injury allegedly caused by the Venetian's forum-related activities will be felt in California. The Venetian has purposefully directed its activities giving rise to Plaintiff's claims at California, and accordingly specific jurisdiction exists. *Menken v. Emm*, __ F.3d __, No. 05-16467, 2007 U.S. App. LEXIS 22327, at *12-13 (9th Cir. Sept. 19, 2007). Nor has the Venetian made a "compelling case" that the exercise of jurisdiction would be unreasonable here.

1   *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998).

2              C.   The Court also has personal jurisdiction over Las Vegas Sands LLC and Las Vegas Sands Corp. Plaintiff has alleged that these holding companies are alter egos of the Venetian. Compl. ¶ 9. Defendants have submitted no evidence to the contrary.

       3.   Venue is appropriate in this District.

              A.   Venue is proper here under 28 U.S.C. § 1400(a) because personal jurisdiction over Defendants exists in this District, as set forth above. *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003).

              B.   Venue is proper under 28 U.S.C. § 1391(b)(2) because this District is a place where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated." 28 U.S.C. § 1391(b)(2). Plaintiff alleges that: (1) the Venetian solicited the bid from Jonathan Browning by sending its request for a bid to Plaintiff in this District; (2) the bid was sent from this District; (3) the sconce designs at issue in this case were created in this District; (4) the terms of the bid provided for the Venetian to take title to the sconces in this District; and (5) the financial injury resulting from the Venetian's conduct will be felt in this District where Plaintiff is incorporated and its two owners reside. Compl. ¶¶ 13, 19, 21. *Sebastian Int'l, Inc. v. Russolillo*, No. 00-03476, 2000 U.S. Dist. LEXIS 21510 at *19 (C.D. Cal. Aug. 25, 2000) (a "defendant's intentional acts directed towards [the Northern District], where the harm was principally suffered, mean[s] a substantial part of the events giving rise to the litigation occurred [there]"); *Panavision Int'l, L.P. v. Toeppen*, 945 F. Supp. 1296, 1296, 1301 (C.D. Cal. 1996) (upholding venue where the defendant's actions "were expressly aimed at [plaintiff in] California and which caused harm"), *aff'd* 141 F.3d 1316 (9th Cir. 1998).

       4.   Transfer to Las Vegas under 28 U.S.C. § 1404(a) is not appropriate. Plaintiff and its witnesses are located in this District. Other witnesses are located in Los Angeles and China. The Venetian asserts that witnesses may exist in Las Vegas, but it has not identified any, nor what the subject of their testimony, if any, would be. Nor has the Venetian carried its burden to show that litigating in this District is unduly expensive or inconvenient. *Cochran v.*

1  *NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).

2        5.   Plaintiff's implied contract and unjust enrichment claims, *see* Compl.
3  ¶¶ 87-88, 91, 94, state a claim under California law.  *Desny v. Wilder,* 46 Cal. 2d 715, 734-39
4  (1956).

5        6.   Plaintiff's claims for unfair competition, implied contract and unjust
6  enrichment are not preempted by the Copyright Act because they contain elements not shared by
7  the Copyright Act.  *See Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1127-28
8  (N.D. Cal. 2001).

9        7.   Plaintiff's objections to the Declaration of Michelle A. Hon and the
10 Declaration of Franklin H. Levy are SUSTAINED.

11       8.   Plaintiff's request for judicial notice is GRANTED.

12       THEREFORE, IT IS SO ORDERED THAT Defendants' Motion to Dismiss or
13 Transfer is DENIED.

---

Hon. Jeffrey S. White
United States District Court Judge