Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone:  415.957.3000
Facsimile:  415.957-3001
E-Mail:  rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:     mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN
CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
and LAS VEGAS SANDS CORP.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation,<br><br>                         Plaintiff,<br><br>         v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>                         Defendant. | Case No.: C 07-3983 JSW<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br><br>**Date:** November 9, 2007<br>**Time:**  9:00 am<br><br>**Complaint Filed:**  August 2, 2007<br>**Judge:**  Jeffrey S. White<br>**Courtroom:**  2, 17th floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Venetian Casino Resort LLC, Las Vegas Sands LLC, and Las Vegas Sands Corp.

(collectively "Defendants"), by and through its counsel, file this Reply in support of their Motion to

Dismiss.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

ARGUMENT .........................................................................................................................2

I.      Plaintiff Failed To Provide Any Evidence That The Jurisdictional Prerequisite Of 17 U.S.C.
        § 411(a) Has Been Met. ...............................................................................................3

II.     This Court Does Not Have Personal Jurisdiction Over Defendant Venetian Casino Resort
        LLC. ..............................................................................................................................4

        A.      General Jurisdiction Cannot Be Established Over Venetian Casino Resort LLC. ........4

        B.      Specific Jurisdiction Cannot Be Established Over Venetian Casino Resort LLC. .........6

                1.      Plaintiff Failed To Show Venetian Casino Resort LLC "Purposefully Availed"
                        Itself Of The Privilege Of Conducting Business Activities In California. ........6

                2.      Plaintiff Failed To Show That Venetian Casino Resort LLC "Purposefully
                        Directed" Its Activities Into The Forum Under The "Effects" Test. ...............7

                3.      Plaintiff Has Not Met The Burden Of Showing That The Claims Arise Out
                        Of Forum Related Activities. .............................................................................8

                4.      Jurisdiction Over Venetian Casino Resort LLC Is Unreasonable. ...................8

        C.      This Court Also Does Not Have Personal Jurisdiction Over Defendant Las Vegas
                Sands LLC Or Las Vegas Sands Corp. ..........................................................................10

III.    Venue Is Improper Under FRCP R. 12(b)(3) And 28 U.S.C. § 1406(a). ...............................11

IV.     In The Alternative, This Court Should Transfer Venue To The District Of Nevada Under 28
        U.S.C. § 1404(a) For The Convenience Of The Parties And Witnesses And In The Interest Of
        Justice.........................................................................................................................12

V.      Plaintiff's Unjust Enrichment And Implied Contract Claims Should be Dismissed Under
        FRCP R. 12(b)(6) As Failing To State A Cognizable Legal Theory.......................................13

VI.     Plaintiff Failed to State a Claim Against Las Vegas Sands LLC and Las Vegas Sands Corp.13

VII.    Plaintiff's State Law Claims Are Preempted By The Copyright Act ....................................14

        A.      Plaintiff's Unfair Competition Claims Are Preempted By The Copyright Act...........14

        B.      Plaintiff's Implied Contract, Implied-In-Law Contact And Unjust Enrichment
                Claims Are Preempted By The Copyright Act. ...........................................................15

CONCLUSION.....................................................................................................................15

REPLY IN SUPPORT OF MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2

**Federal Cases**

3    *Archer Daniels Midland Co. v. Aon Risk Services,*
         187 FRD 578 (D.C. Minn. 1999) ........................................................................................10
4
     *AT&T v. Compagnie Bruxelles Lambert,*
5        94 F.3d 586 (9th Cir. 1996) ...............................................................................................11

6    *Bancroft & Masters,*
         223 F.3d 1082 (9th Cir. 2000).............................................................................................5
7
     *Brennan v. Concord EFS, Inc.,*
8        369 F.Supp. 2d 1127 (N.D. Cal. 2005)) ...........................................................................11

9    *Coremetrics, Inc. v. AtomicPark.com,*
         370 F.Supp. 2d 1013 (9th Cir. 2005) ..................................................................................5
10
     *Cubbage v. Merchent,*
11       744 F.2d 665 (9th Cir. 1984), *cert. denied*, 470 U.S. 1005 (1985).................................. 4-5

12   *Del Madera Properties v. Rhodes & Gardner, Inc.,*
         820 F.2d 973 (9th Cir. 1987) .............................................................................................15
13
     *Diaz v Mandeville,*
14       46 USPQ2d 1862 (E.D. Mich. 1997) ..................................................................................3

15   *E. & J. Gallo Winery v. F. & P. S.p.A.,*
         899 F.Supp. 465 (E.D. Cal. 1994).....................................................................................12
16
     *Firoozye v. Earthlink Network,*
17       153 F.Supp. 2d 1115 (N.D. Cal. 2001) .............................................................................15

18   *Helicopteros Nacionales de Comlombia v. Hall,*
         466 U.S. 408 (1983)............................................................................................................4
19
     *Keeton v. Hustler Magazine, Inc.*
20       465 U.S. 770 (1984)............................................................................................................7

21   *Kodadek v. MTV Networks,*
         152 F.3d 1209 (9th Cir. 1998) ..........................................................................................14
22
     *La Resolana Architects v. Clay Realtors Angel Fire,*
23       416 F.3d 1195 (10th Cir. 2005) ..........................................................................................3

24   *Neilson v. Union Bank of California, NA,*
         290 F.Supp. 2d 1101 (C.D. Cal 2003) ........................................................................11, 14
25
     *Panavision Int'l, L.P. v. Toeppen*,
26       945 F.Supp. 1296 (C.D. Cal 1996) ....................................................................................12

27   *Robertson v. Dean Witter Reynolds, Inc.,*
         749 F.2d 530 (9th Cir. 1984) .............................................................................................13

28

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................. 4, 6-8

*Sebastian Int'l, Inc. v. Russolillo*,
  2000 U.S. Dist. LEXIS 21510 ........................................................................11

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) .......................................................................6

*Shute v. Carnival Cruise Lines*,
  897 F.2d 377 (9th Cir. 1990) .....................................................................4-6

*Sinatra v. National Enquirer, Inc.*,
  854 F.2d 1191 (9th Cir. 1988) ......................................................................9

*Stock West, Inc. v. Confederated Tribes of Colville Reservation*,
  873 F.2d 1221 (9th Cir. 1989) ...................................................................3-4

**California Cases**

*Desny v. Wilder*,
  46 Cal.2d 715 (1956) ...................................................................................13

*Ghiselin v. John Hancock Mutual Life Ins. Co.*,
  79 Cal.App.2d 438 (Cal. Ct. App. 1947) ......................................................13

*Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Ltd.*,
  46 Cal.App.2d 787 (Cal. Ct. App. 1941) ........................................................7

**Federal Statutes**

17 U.S.C. § 411 ................................................................................................3

17 U.S.C. § 411(a) .......................................................................................1-3

28 U.S.C. § 1391(b) .......................................................................................12

28 U.S.C. § 1400(a) ...................................................................................11-12

28 U.S.C. § 1404(a) ................................................................................ 1, 12-13

28 U.S.C. § 1406(a) ...................................................................................1, 11

29 U.S.C. § 1391(b)(1) .............................................................................11-12

29 U.S.C. § 1391(b)(2) ..................................................................................12

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(1)................................................1

Federal Rules of Civil Procedure Rule 12(b)(2) ..............................................1

Federal Rules of Civil Procedure Rule 12(b)(3) .........................................1, 11

1

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................................1

2

Federal Rules of Civil Procedure Rule 30(b)(6) ..........................................................................10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

In its Motion to Dismiss Defendants, specially appearing, raised the following issues: lack of subject matter jurisdiction under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1); lack of personal jurisdiction under FRCP Rule 12(b)(2); improper venue under FRCP Rule 12(b)(3) and 28 U.S.C. § 1406(a) or, alternatively, venue should be transferred under 28 U.S.C. § 1404(a) to the District Court of Nevada for the convenience of parties and witnesses and in the interest of justice; and failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6). Plaintiff, Jonathan Browning, Inc.'s ("Plaintiff") Opposition does not overcome these grounds for dismissal.

Plaintiff has not established subject matter jurisdiction because it has failed to specifically plead compliance with the jurisdiction prerequisites of 17 U.S.C. § 411(a) and failed to provide any proper evidence that it has complied with these jurisdictional prerequisites. Plaintiff has not met its burden of establishing general personal jurisdiction over Venetian Casino Resort LLC because the alleged contacts do not constitute the high level of contacts necessary to be considered systematic and continuous such that the contacts approximate a physical presence. Additionally, Plaintiff has failed to meet its burden of establishing specific jurisdiction over Venetian Casino Resort LLC because a request for a bid and an alleged purchase of goods are not sufficient to establish the minimum contacts required for personal jurisdiction. Plaintiff failed to assert any facts to support jurisdiction over Las Vegas Sands LLC and Las Vegas Sands Corp. Plaintiff's conclusory, general alter ego reference is insufficient to establish jurisdiction based on a parent-subsidiary relationship. Plaintiff has failed to establish venue in this district because there is no personal jurisdiction over any Defendants, substantially all of the potential witnesses reside in Nevada, and substantially all of the alleged acts and omissions alleged occurred in Nevada. Transfer of Venue is proper because the majority, if not all, of Defendants witnesses and evidence reside in Nevada.

Plaintiff further failed to provide any proper legal support for its implied contract claims and did not refute the cases cited in the Motion to Dismiss, which establish that no contractual obligations arise from requesting a bid and no contract may be implied from custom and usage. Finally, Plaintiff has not provided proper support to refute a finding that the state law claims are preempted by the Copyright Act.

**FACTUAL BACKGROUND**

The factual allegations of the Complaint were previously summarized in Defendants' Motion and are hereby incorporated by reference.  Based upon its Opposition, Plaintiff does not dispute the following facts:

Venetian Casino Resort LLC is a Nevada limited liability company with its principal place of business in the State of Nevada.  Venetian Casino Resort LLC does not own any property in California, does not maintain any bank accounts in California, does not pay California taxes and does not have any employees, offices, or agents in California.  Venetian Casino Resort LLC also does not have a registered agent for service of process in California.  Furthermore, Defendants have conducted no business transactions relating to this action in the Northern District.  No copyright infringement allegedly occurred in the Northern District of California.  All allegedly infringing copies of Plaintiff's light fixtures are located in Nevada, not the Northern District.  Defendants' employees and business records reside in Nevada.  Moreover, Plaintiff made no allegation that Las Vegas Sands LLC and Las Vegas Sands Corp. have any contacts with California required to establish personal jurisdiction.  Finally, Plaintiff does not own a copyright registration for its lighting fixtures.

**ARGUMENT**

Upon further investigation, it has come to the attention of Venetian Casino Resort LLC, that it previously employed a person by the name of Aileen Pauco.  Supplemental Decl. of Franklin H. Levy ¶ 3.  The Declaration of Franklin H. Levy filed with Defendants' Motion to Dismiss was accurate in that it stated that Venetian Casino Resort LLC does not employ anyone by the name of Aileen Pauco.  This statement is true; Venetian Casino Resort LLC does not presently employ a person by that name.  *Id.*  Defendants file herewith a Supplemental Declaration of Franklin H. Levy reflecting newly discovered information.  This information does not change Defendants' analysis regarding jurisdiction or venue.  As stated in Defendants' Motion to Dismiss, the solicitation of a bid and an alleged purchase in California does not establish jurisdiction or venue in this forum.

## I. PLAINTIFF FAILED TO PROVIDE ANY EVIDENCE THAT THE JURISDICTIONAL PREREQUISITE OF 17 U.S.C. § 411(a) HAS BEEN MET.

Plaintiff has failed to meet its burden of demonstrating subject matter jurisdiction because it has failed to provide any evidence of compliance with the jurisdiction prerequisite of 17 U.S.C. § 411(a), which states in relevant part:

> Except for an action brought for a violation of the rights of the author under section 06A(a), and subject to the provisions of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

Thus, prior to initiating an action for infringement, Plaintiff must demonstrate either (a) it is the owner of a valid copyright registration or (b) it has delivered to the Copyright Office, in proper form, the deposit, application and fee required for registration and that the copyright Office has refused to register the deposited work. Plaintiff simply admits it does not have a copyright registration for its light fixtures. Relying on the second prong of this basis for jurisdiction, Plaintiff has not plead or proved that this requirement has been met.

Plaintiff's statement that "at the pleading stage, Jonathon Browning need only allege that it has satisfied the statutory preconditions to sue under 17 U.S.C. § 411" is unsupported and contrary to law. Plaintiff bears the burden of establishing subject matter jurisdiction and this Court must presume lack of jurisdiction until Plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff may attempt to establish jurisdiction under 17 U.S.C. § 411(a) by providing a certificate of registration or testimony or other evidence from the Copyright Office. *La Resolana Architects v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1208 (10th Cir. 2005); *Diaz v Mandeville,* 46 USPQ2d 1862 (E.D. Mich. 1997) (dismissing complaint where evidence of application to register copyright lacked proof of fee submission or receipt by copyright office).

Plaintiff has provided no proper evidence to demonstrate that the jurisdictional requirement of 17 U.S.C. § 411(a) has been met. The conclusory, hearsay statement in the Declaration of Marco Heithaus that an application, deposit and fee were submitted to the Copyright Office is

inadmissible.[1]    Further, Mr. Heithaus' hearsay statements do not make any allegation that the deposit, application and fee were delivered in proper form.    Nor does Mr. Heithaus' hearsay statements convey why registration was refused.    A refusal based on an improper form would negate Plaintiff's assertion that is has complied with the jurisdictional prerequisite.

Plaintiff has provided no proper evidence of what was submitted to the Copyright Office, no evidence that its alleged submission was in proper form, no evidence that the alleged submission was actually received by the Copyright Office, and no evidence that the Copyright Office refused registration of a submission in proper form.    Absent this evidence, this Court must presume that there is no subject matter jurisdiction and dismiss Plaintiff's copyright claims.    *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d at 1225.

## II.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT VENETIAN CASINO RESORT LLC.

### A.    General Jurisdiction Cannot Be Established Over Venetian Casino Resort LLC.

A finding of general jurisdiction is rare.    It is well established "that the level of contact with the forum state necessary to establish general jurisdiction is quite high."    *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) (no general jurisdiction where defendant advertised in local media, mailed brochures into forum, paid commission to travel agents in forum, conducted promotional seminars in forum, and made sales to residents of forum).[2]    A finding of general jurisdiction requires an "exacting standard" that a defendant's contacts are systematic and continuous such that the contacts 'approximate a physical presence.'    *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004) (*quoting Bancroft & Masters*, 223 F.3d 1082,

---

[1]  Detailed objections to the Declaration of Marco Heithaus are filed herewith and incorporated herein by reference.

[2]  *See also Helicopteros Nacionales de Comlombia v. Hall*, 466 U.S. 408 (1983) (finding no general jurisdiction where defendant purchased 80% of its helicopter fleet, parts and accessories from forum state, sent prospective pilots for training, management and maintenance personnel to the forum state, and received over $5 million in payments from the forum state); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004) (finding no general jurisdiction where defendant had sales contracts with its automobile suppliers include a choice-of-law provision specifying California law, regularly retained the services of a California-based direct-mail marketing company, hired a sales training company, incorporated in California, for consulting services, and maintained an Internet website accessible by people living in California); *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984), *cert. denied*, 470 U.S. 1005 (1985) (no jurisdiction over doctors where more than 25% of patients were California residents, defendants received reimbursement from California state medical insurance system and advertised in the yellow pages in California).

1    1086 (9th Cir. 2000)) (emphasis added).

2        Plaintiff's reliance on *Coremetrics, Inc. v. AtomicPark.com*, 370 F.Supp. 2d 1013 (9th Cir.

3    2005) is misplaced.  This case is distinguishable from the instant matter in that the website in

4    *Coremetrics* was a highly interactive website through which the defendant sold its products to

5    California residents.  The products sold from the website were then shipped into California.  This

6    type of "highly interactive" website approximates a physical presence because California residents

7    can purchase goods from a defendant similar to the way they would purchase goods from a

8    traditional brick and mortar store located within the forum.  Moreover, the *Coremetrics* Court

9    recognized that having an interactive website by itself does not support a finding of general

10   jurisdiction.  The court relied on numerous other factors to establish continuous and systemic

11   contacts.

12       Conversely, the business contacts of Venetian Casino Resort LLC do not approximate a

13   physical presence.  The Venetian Casino Resort LLC does not operate a "highly interactive website."

14   The website is primarily "passive" and provides information regarding entertainment and services

15   offered by Venetian Casino Resort LLC in Nevada, such as entertainment, accommodations, dining,

16   gambling.  *See* Amended Decl. Franklin H. Levy ¶ 17.  The only interactive part of the website is the

17   ability to reserve a room at The Venetian Resort Hotel and Casino.  *Id.*  Unlike the defendant in

18   *Coremetrics*, Venetian Casino Resort LLC does not sell goods through its website; nor does it ship

19   goods into California.  *Id.*  Venetian Casino Resort LLC customers must travel to Nevada in order to

20   purchase the goods and services described on the Venetian Casino Resort LLC website.  Sales made

21   to California residents within Nevada cannot be used as a basis for general jurisdiction.  *See*

22   *Bancroft & Masters*, 223 F.3d at 1086 (distinguishing doing business *in* California versus doing

23   business *with* California, the latter of which cannot be used to support a finding of general

24   jurisdiction).  Additionally, advertising directed to a forum does not support a finding of general

25   jurisdiction.  *See Cubbage v. Merchent*, 744 F.2d 665 (9th Cir. 1984); *Shute v. Carnival Cruise Lines*,

26   897 F.2d 377.

27       Finally, it remains undisputed that Venetian Casino Resort LLC does not own any property,

28   maintains no bank accounts, pays no taxes, has no offices, employees or agents, and has no

1   registered agent for service of process in California.  Decl. of Franklin H. Levy, ¶¶ 4-9.  These

2   factors demonstrate that there is no basis for general jurisdiction.  *Shute v. Carnival Cruise Lines*,

3   897 F.2d at 381.

4           Plaintiff's conclusory statement that "the Venetian maintains a highly interactive website" is

5   simply not supported by any facts.  Additionally, Plaintiff's citation to a civil complaint filed by the

6   Venetian Casino Resort, LLC against Naked Belly Productions and W. Gregory Catalano on March

7   26, 2003 is improper and must be disregarded by the Court.[3]  Plaintiff's contentions regarding the

8   report allegedly prepared by the visitor's bureau has no evidentiary value as irrelevant, lacking

9   foundation and inadmissible hearsay.[4]  Plaintiff misleads the Court by suggesting that these figures

10  directly relate to Venetian Casino Resort LLC, its alleged advertisements and its website.

11          Taken together, Venetian Casino Resort LLC's alleged contacts within the forum do not meet

12  the high level of contacts required to make a finding of general jurisdiction.

13      **B.      Specific Jurisdiction Cannot Be Established Over Venetian Casino Resort LLC.**

14          The 9th Circuit established a three-part test to determine whether a defendant is subject to

15  specific jurisdiction:  (1) some action must be taken whereby defendant purposefully avails itself of

16  the privilege of conducting activities in the forum, thereby invoking the benefits and protections of

17  the forum's laws; (2) the claim must arise out of or result from defendant's forum-related activities;

18  and (3) exercise of jurisdiction must be reasonable.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.

19  1990).  "Purposeful availment" encompasses two distinct concepts:  (1) purposeful availment and (2)

20  purposeful direction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802.  Plaintiff has

21  failed to properly apply either standard and has failed to meet its burden of proving specific

22  jurisdiction.

23          1.      Plaintiff Failed To Show Venetian Casino Resort LLC "Purposefully Availed"
                    Itself Of The Privilege Of Conducting Business Activities In California.

24          Plaintiff failed to allege any facts sufficient to show that Venetian Casino Resort LLC

25  conducted business activities in the forum.  Plaintiff does not provide any legal support for its

26

27  [3] Detailed objections to Plaintiff's Request for Judicial Notice are filed herewith and incorporated herein by
    reference.

28  [4] Detailed evidentiary objections are filed herewith and are hereby incorporated by reference.

contention that the actions of an interior design firm can be imputed to Venetian Casino Resort LLC. Nor does Plaintiff refute Venetian Casino Resort LLC's legal contentions that an alleged solicitation of a bid is not a transaction; it is an invitation to submit an offer. *Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Ltd.*, 46 Cal.App.2d 787, 797 (Cal. Ct. App. 1941). Because no legal obligations arise from a solicitation of a bid, Venetian Casino Resort LLC has not availed itself of the privilege of the laws of the state and no *quid pro quo* obligation to submit to the burdens of litigation in the state arises. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802. Thus, Plaintiff has failed to meet its burden of showing that Venetian Casino Resort LLC has "purposefully availed" itself of the privilege of conducting activities in California.

2.    Plaintiff Failed To Show That Venetian Casino Resort LLC "Purposefully Directed" Its Activities Into The Forum Under The "Effects" Test.

Plaintiff has also failed to allege sufficient facts to show that Venetian Casino Resort LLC "purposefully directed" conduct towards the forum state. Purposeful direction may be found where the defendant distributes goods into the forum state even though they originated outside the forum. *See e.g. Keeton v. Hustler Magazine, Inc.* 465 U.S. 770, 774-75 (1984) (finding purposeful direction where defendant published magazine in Ohio but distributed the magazine into the forum state). Courts analyze "purposeful direction" under a three-part "effects" test: (1) defendant committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 803.

Plaintiff's entire analysis appears as follows: "The Venetian solicited a bid from a California-based company through communication sent to California, both in person via its agents traveling to Los Angeles and by fax and telephone to Jonathan Browning's office in San Francisco." These allegations appear only to address the first part of the "effects" test. [5]  Plaintiff fails to demonstrate that Venetian Casino Resort LLC's actions were aimed at the forum state. In fact, nowhere in its Complaint or Opposition does Plaintiff state any facts that demonstrate that Venetian Casino Resort LLC directed its conduct towards California such as the defendant in *Keeton*.

---

[5] This factual allegation is not supported. The Complaint alleges that Venetian Casino Resort, LLC purchased light fixtures from a Los Angeles showroom, not that anyone traveled into Los Angeles.

Plaintiff has also failed to demonstrate that Venetian Casino Resort LLC had knowledge that its actions were likely to cause harm in the forum state. Thus, Plaintiff has failed to meet its burden of showing that Venetian Casino Resort LLC has "purposefully directed" itself towards California.

3.     <u>Plaintiff Has Not Met The Burden Of Showing That The Claims Arise Out Of Forum Related Activities.</u>

Plaintiff has failed to demonstrate that each claim arose from Venetian Casino Resort LLC's alleged conduct. Plaintiff makes one conclusory analysis using the "but for test." Plaintiff states, "Jonathan Browning would not have suffered an injury but for the Venetian's solicitation of a bid in this state, its purchase of the sconces at Jonathan Browning's showroom in Los Angeles, and its rejection of the bid communicated to Jonathan Browning in San Francisco." Plaintiff does not state what injury was suffered. Nor does Plaintiff establish that the unstated injuries arose from these three alleged contacts. Plaintiff has asserted numerous claims, including direct copyright infringement, inducement of copyright infringement, contributory copyright infringement; vicarious copyright infringement, statutory and common law unfair competition, and various forms of implied contract. Plaintiff must show that each of these claims arose from Venetian Casino Resort LLC's alleged contacts with the forum. It has not and cannot do so. Therefore, the second prong of the specific jurisdiction test has not been met.

4.     <u>Jurisdiction Over Venetian Casino Resort LLC Is Unreasonable</u>.

In determining reasonableness, the Court must carefully consider and balance each of the seven factors. Plaintiff's analysis of these factors is incorrect and does not demonstrate personal jurisdiction. Plaintiff argues that Venetian Casino Resort LLC made the following alleged purposeful interjections: (1) large-scale advertising in California; (2) customer base in California; (3) conducting business with an interior designer; and (4) soliciting a bid from Plaintiff who is based in California. Plaintiff's analysis under this factor is simply wrong.

The reasonableness analysis is part three of the three-part specific jurisdictional analysis, and must be limited to <u>claim related contacts</u>. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802. The alleged advertising and customer base cannot be included in this analysis as they do not relate to the claims alleged by Plaintiff. Additionally, Plaintiff has not explained how contracting

with an interior design firm in southern California relates to its claims or injuries.  Nor has Plaintiff established that its claims arose from any of the aforementioned facts, as these facts do not appear in Plaintiff's "but for" analysis.  Thus, the extent of Venetian Casino Resort LLC's purposeful interjection, as alleged by Plaintiff, is a request for a single bid.

The correct analysis of the "factor of purposeful interjection is analogous to the purposeful direction analysis."  *Sinatra v. National Enquirer, Inc*., 854 F.2d 1191, 1199 (9th Cir. 1988).  Because there is no purposeful direction, this factor must lead to a of finding of no jurisdiction.  *See* Section II(B)(2) *supra*.

With regard to the substantial burden and efficiency factors, Plaintiff essentially concedes that witnesses will be located in Las Vegas, but claims that each witness must be specifically named.  Plaintiff has provided no support for this contention.  At this early stage in the litigation, Defendants are unable to identify all of the potential witnesses by name.  However, based on the Plaintiff's allegations it is plain that most, if not all, of Defendants' witnesses will be employees of Defendants.  Venetian Casio Resort LLC has no employees or offices in California.  There are no potential employee witnesses in California.  For example, Plaintiff alleges that Venetian Casino Resort LLC purchased sconces from the David Sutherland showroom.  Compl. p. 5, ¶ 18.  Assuming, *arguendo,* that this allegation is true, the witnesses likely consist of Venetian Casino Resort LLC's employee(s) who participated in and/or approved the alleged purchase and the evidence of the purchase, including the evidence of payment and potentially the sconces themselves are likely to be in the custody of Venetian Casino Resort LLC in Nevada.  Plaintiff also alleges Venetian Casino Resort LLC submitted a request for a bid and then subsequently declined the bid.  Compl. at ¶¶ 21-22.  Assuming, *arguendo*, that this allegation is true, the witnesses will likely be the Venetian Casino Resort LLC employee(s) who requested the bid, reviewed the bid and declined the bid.  Plaintiff further alleges that Venetian Casino Resort LLC is publicly displaying unauthorized copies of its light fixtures in its hotel – **in Nevada**.  Compl. p. 6, ¶ 26.

To establish willful and direct copyright infringement Plaintiff must show that Venetian Casino Resort LLC, through its authorized representatives, knowingly violated Plaintiff's copyright.  Compl. p. 9, ¶¶ 39-40; p. 11-12, ¶¶ 56-46.  Evidence of Venetian Casino Resort LLC's alleged

1   actions and knowledge of its alleged infringement will come from Venetian Casino Resort LLC's

2   employees and corporate documents – all of which are located in Nevada.

3        The burden on defendant to transport the witnesses and evidence to the Northern District of

4   California is substantial.  Decl. of Franklin H. Levy ¶ 15.  The existence of discount airfares does not

5   negate this factor, as Plaintiff suggests.

6        Plaintiff further contends that the geographic limitations for depositions do not apply to

7   Defendants' employees as "party witnesses."   Again, Plaintiff provides no support for this

8   contention, which ignores the plain language of the statute.  FRCP R. 45(c)(3)(A)(ii) states in

9   relevant part:  "the court by which a subpoena was issued shall quash or modify the subpoena if

10  it . . . (ii) requires a person who is not a party or an officer of a party to travel to a place more than

11  100 miles from the place where that person resides."  *See also Archer Daniels Midland Co. v. Aon*

12  *Risk Services*, 187 FRD 578 (D.C. Minn. 1999) ("'Except where employee of corporate party has

13  been designated by corporation under FRCP 30(b)(6), or is officer, director or managing agent, an

14  employee is treated in same way as any other witness,' and 'his or her presence must be obtained by

15  subpoena rather than notice.'") (*quoting* Wright, Miller & Marcus, 8A *Federal Practice &*

16  *Procedure: Civil 2d § 2103*, pp. 36-37).  Under this geographical restriction, Venetian Casino Resort

17  LLC's employees will likely be deposed in Nevada.  Moreover, while Plaintiff may request the

18  District Court of Nevada issue a subpoena to depose Venetian Casino Resort LLC employees in

19  Nevada, Plaintiff has no process to compel the attendance of Venetian Casino Resort LLC

20  employees at trial in the Northern District of California.  FRCP R. 45(e).  Plaintiff concedes that the

21  U.S. District Court, District of Nevada, provides an alternative forum for Plaintiff to bring its action.

22       In balancing of these factors, a finding personal jurisdiction would be unreasonable.

23  Therefore, this action should be dismissed as to Venetian Casino Resort LLC.

24  **C.    This Court Also Does Not Have Personal Jurisdiction Over Defendant Las Vegas Sands LLC Or Las Vegas Sands Corp.**

25

26       Plaintiff claims that it has established a *prima facia* case of jurisdiction under the alter ego

27  doctrine.  Yet again, Plaintiff has provided no support for its legal contention.  The Complaint does

28  not support an alter ego claim.  The term "alter ego" does not appear anywhere in the Complaint

except paragraph 9, which states:

> At all times mentioned herein, each of the Defendants (including Doe Defendants) was and is the agent, alter-ego, co-conspirator, servant, and employee of each other, and all of the things alleged to have been done by one of the Defendants were done in the capacity of and as the agent, alter-ego, co-conspirator, servant, and employee of all other Defendants, and each of them.

This general, conclusory statement does not establish jurisdiction under the alter ego doctrine.

To find jurisdiction based on a claim of "alter ego" Plaintiff must present a *prima facia* showing (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). Plaintiff has failed to make such *prima facia* showing. "Conclusory allegations of alter ego status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, NA*, 290 F.Supp.2d 1101, 1116 (C.D. Cal 2003) (cited by *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127 (N.D. Cal. 2005)). Not only did Plaintiff fail to plead <u>any</u> facts to support a claim of alter ego, it also failed to state any element of alter ego liability. Thus, Plaintiff has not meet its burden and the Court should dismiss the Complaint in its entirety as to defendants Las Vegas Sands Corp. and Las Vegas Sand Inc.

### III. VENUE IS IMPROPER UNDER FRCP R. 12(b)(3) AND 28 U.S.C. § 1406(a).

Plaintiff has failed to meet its burden of establishing personal jurisdiction over Defendants. *See* Section II *supra*. Therefore, venue is improper under 28 U.S.C. § 1400(a) and 29 U.S.C. § 1391(b)(1).

Plaintiff's arguments regarding the former "where the claim arose" standard are irrelevant as Defendants' Memorandum applied the "substantial part of the errors or omissions" standard.

Plaintiff cites an unpublished district court opinion to support its contention that a substantial part of the acts or omissions occur in the district where the harm was principally suffered and where the defendant purposefully directed its intentional acts into the district. *Sebastian Int'l, Inc. v. Russolillo, 2000 U.S. Dist. LEXIS 21510 at * 19 (C.D. Cal. Aug. 25, 2000)*. First, Plaintiff has not shown that Defendant directed its alleged intentional acts into this judicial district. *See* Section

II(B)(4) *supra*.  Second, Defendants submit that this unpublished opinion mistakenly applies the personal jurisdiction "purposeful direction" standard, which may be appropriate under 29 U.S.C. § 1391(b)(1), but is not appropriate under the substantial events and omissions standard under 29 U.S.C. § 1391(b)(2).

Plaintiff's reliance on and *Panavision Int'l, L.P. v. Toeppen*, 945 F.Supp. 1296, 1301 (C.D. Cal 1996) is misplaced.  The court did not specifically address venue.  The *Panavision* court merely made the conclusion that venue was proper because a substantial part of the events and omissions occurred in its district.  *Panavision*, 945 F.Supp. at 1300.  No analysis was presented.  *Id.*  Rather, *Panavision* found personal jurisdiction based on the purposeful direction standard.  *Id.*  Venue is improper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), therefore, this Court cannot adjudicate the action.

## IV.   IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE DISTRICT OF NEVADA UNDER 28 U.S.C. § 1404(a) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE.

Plaintiff admits that the case might have been brought in Nevada.  Therefore, the only issue this Court must address is whether Nevada is the more convenient forum.  The Court has broad discretion in deciding to transfer venue for the convenience of the parties and witnesses and in the interest of justice. E. *& J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Plaintiff does not dispute that a majority, if not all, of the witnesses and evidence will be located in Nevada.  Rather, Plaintiff simply contends that Defendant must specifically name every key witness. Such specificity is unreasonable and unnecessary at this early stage in the litigation.  While Defendants cannot identify all of the potential witnesses by name, it is clear from Plaintiff's allegations that the majority of witnesses will be employees of Defendants and a majority of the evidence will be in Nevada.  *See* Section (2)(B)(4) *supra*.  As Plaintiff admits, Venetian Casino Resort LLC has no employees in California.  Moreover, it remains unrefuted that most of the factors weigh heavily in favor of transfer.

Plaintiff's claim that the relevant contract negotiations occurred in this district is untrue and conflicts with the facts set forth in the Complaint, where Plaintiff states that no negotiations occurred.  Compl. p. 6, ¶ 22 ("The Venetian showed absolutely no interest in negotiating.").

1    The pending action could have been filed in the District of Nevada and a majority of the

2  factors favor transfer to that district.  As such, this Court should transfer this action to the District of

3  Nevada under 28 U.S.C. § 1404(a).

4  **V.    PLAINTIFF'S UNJUST ENRICHMENT AND IMPLIED CONTRACT CLAIMS SHOULD BE
          DISMISSED UNDER FRCP R. 12(B)(6) AS FAILING TO STATE A COGNIZABLE LEGAL**
5  **THEORY**

6    Plaintiff's contention that a request for a bid creates contractual duties is without merit and

7  contrary to law.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)

8  (holding a request for a bid is merely an invitation to make an offer and gives rise to no obligations

9  to accept the offer); *Ghiselin v. John Hancock Mutual Life Ins. Co.*, 79 Cal.App.2d 438, 442 (Cal.

10  Ct. App. 1947) (holding usage and custom cannot be used to create a contract).  Plaintiff has not and

11  cannot provide any legal support for its contention that using the design offered is *de facto*

12  acceptance of its bid.  As such, all quasi or implied contract claims must be dismissed.

13    Plaintiff's reliance on *Desny v. Wilder*, 46 Cal.2d 715 (1956) is misplaced.  Plaintiff has not

14  conveyed an idea to Venetian Casino Resort LLP.  It supposedly provided a bid for the purchase of

15  goods.   Moreover, according to the case cited by Plaintiff, even if an idea was conveyed,

16  consideration for such idea must be bargained for prior to the disclosure of the idea.  *Desny v.*

17  *Wilder*, 46 Cal.2d at 737-37.   Once the idea has been disclosed it may be used without any

18  obligation to pay.  *Id.*  Even if Plaintiff conveyed an idea, it did not bargain for any consideration

19  prior to the disclosure of the idea.  Therefore, Venetian Casino Resort LLP would be free to use any

20  such idea without obligation to pay.

21    Plaintiff has not stated a cognizable legal theory or provided sufficient facts to support a

22  cognizable legal theory.  Therefore, these claims must be dismissed.

23  **VI.   PLAINTIFF FAILED TO STATE A CLAIM AGAINST LAS VEGAS SANDS LLC AND LAS VEGAS
          SANDS CORP.**
24

25    Defendants Las Vegas Sands LLC and Las Vegas Sands Corp. maintain their position that

26  Plaintiff has not stated a single <u>fact</u> to support a cognizable claim against them.   Plaintiff's

27  Complaint contains only a conclusion of law that "[a]t all times mentioned herein, each of the

28  Defendants (including Doe Defendants) was and is the agent, alter-ego, co-conspirator, servant, and

employee of each other." Compl. p.2, ¶ 9. Yet again, Plaintiff provides no legal support for its legal contention that this conclusory statement is sufficient to state an alter ego claim.

Plaintiff's contention is contrary to law. "Conclusory allegations of alter ego status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v Union Bank of California, NA*, 290 F.Supp.2d at 1116. Plaintiff fail to plead <u>any</u> element of alter ego liability and failed to state <u>any</u> facts to support such claim. Plaintiff's Complaint failed to state a claim against Las Vegas Sands LLC and Las Vegas Sands Corp. based on the alter ego doctrine or otherwise and must be dismissed.

## VII. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE COPYRIGHT ACT

### A. Plaintiff's Unfair Competition Claims Are Preempted By The Copyright Act.

The rights asserted under Plaintiff's unfair competition claims are equivalent to the rights provided by the copyright infringement claims. *Kodadek v. MTV Networks,* 152 F.3d 1209 (9th Cir. 1998) is directly on point. Plaintiff has not distinguished its claims from those alleged in the *Kodadek* case.

In trying to justify its unfair competition claims, Plaintiff attempts to add additional causes of action to its complaint by means of its opposition, stating for the first time that Venetian Casino Resort LLC has interfered with Jonathan Browning's contractual relationship with its manufacturer. Plaintiff's citations to the Complaint do not assert any state rights for interference with contract, rather they discuss Plaintiff's discovery of the Diamond Life factory in China (Compl. p. 5, ¶ 20) and allegations of copyright infringement (Compl. p. 7-8, ¶ 32 "[defendant] approached the factory directly to make more than 13,000 nearly identical copies of the sconces without Jonathan Browning's knowledge or permission."). Similarly, the paragraphs cited by Plaintiff to support its new contention of a "sham bid solicitation" are merely allegations of copyright infringement (Compl. p. 1, ¶ 3 discussing violations of the Copyright Act; Compl. p. 5, ¶ 18-10 discussing the purchase of sconces and a request for a bid; Compl. p. 5-6, ¶¶ 22-26 discussing rejection of a bid and installation of allegedly infringing works).

Plaintiff's unfair competition claims seek the same rights protected under the Copyright Act and must be dismissed without leave to amend since such state claims are preempted.

**B.    Plaintiff's Implied Contract, Implied-In-Law Contact And Unjust Enrichment Claims Are Preempted By The Copyright Act.**

Citing *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115 (N.D. Cal. 2001), Plaintiff asserts that breach of implied contract claims are not preempted by the Copyright Act where there has been a promise to pay for the work.  While Plaintiff has cited this statement of law, it has not applied this law to the fact of this case.  In its omission, Plaintiff impliedly acknowledges that its facts are inapplicable to the *Firoozye* case.

While the *Firoozye* Court was able to make a qualified distinction based on the specific facts of the case, such distinction cannot be made here.  In *Firoozye*, the plaintiff delivered the copyrighted work, with a license agreement and price sheet to the defendant.  *Id.* at 1126-27.  Thereafter, the defendant stated that it accepted the price and <u>expressly</u> promised to pay for the work and sign the license agreement.  *Id.*  This is very different from the alleged facts of this case where Defendants expressly rejected the price in Plaintiff's bid, never agreed to enter into any agreement and never made a promise to pay.

Plaintiff essentially asks the Court to imply a promise not to use copyrighted goods without payment.  This exact claim was addressed in *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) and is preempted by the Copyright Act.

## CONCLUSION

For the reasons set forth above and in its Memorandum of Points and Authorities in Support of Motion to Dismiss, Defendants respectfully request this Court grant its motion to dismiss the Complaint in its entirety.

Dated: October 10, 2007          **DUANE MORRIS LLP**

By:   /s/ Michelle A. Hon
Michelle Hon
Specially Appearing for Defendants VENETIAN
CASINO RESORT LLC; LAS VEGAS SANDS LLC,
and LAS VEGAS SANDS CORP.