```
 1  Ray L. Wong (SBN 84193)
    DUANE MORRIS LLP
 2  One Market, Spear Tower, Suite 2000
    San Francisco, CA 94105-1104
 3  Telephone: 415.957.3000
    Facsimile: 415.957-3001
 4  E-Mail: rlwong@duanemorris.com

 5  Michelle Hon (SBN 234492)
    DUANE MORRIS LLP
 6  101 West Broadway, Suite 900
    San Diego, CA 92101
 7  Telephone: 619.744.2200
    Facsimile: 619.744.2201
 8  E-Mail:   mhon@duanemorris.com

 9  Specially Appearing for Defendants VENETIAN
    CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
10  and LAS VEGAS SANDS CORP.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No.: C 07-3983 JSW<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE THE DECLARATION OF MARCO HEITHAUS AND THOMAS S. HIXSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** November 9, 2007<br>**Time:** 9:00 am<br><br>**Complaint Filed:** August 2, 2007<br>**Judge:** Jeffrey S. White<br>**Courtroom:** 2, 17th floor |

26  / / /

27  / / /

28  / / /

Defendants Venetian Casino Resort LLC, Las Vegas Sands LLC, and Las Vegas Sands Corp. (collectively "Defendants"), by and through its counsel, hereby submit the following Evidentiary Objections and Motion to Strike the Declarations of Marco Heithaus and Thomas S. Hixson submitted by Plaintiff in support of its Opposition to Defendants' Motion to Dismiss.

## I. INTRODUCTION

Evidentiary objections must be raised, either orally or in writing, at or before a hearing on a motion. *See generally Allen v. Scribner*, 812 F.2d 426, 435, n. 18 (9th Cir. 1987). Declarations that would not be admissible are subject to objection and may be stricken. *See generally Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001). To preserve its objections to Plaintiff's evidence in support of its Opposition, Defendants are required to put the court "on notice of its objection," by either moving to strike the evidence or by lodging an appropriate objection with the court. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002). Defendants do so by submitting the following Objections and Motion to Strike.

The facts on which the party propounding the evidence relies must be admissible at trial, and must be admissible under rules governing admission of evidence generally. *See generally, Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Inadmissible hearsay, for example, must not be considered. *See generally, Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990). Further, conclusory, non-specific statements in affidavits are generally not sufficient, and a court must not presume missing facts. *See generally, National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997). Additionally, an assertion in a declaration that it is not premised on personal knowledge is insufficient. Rather, the declaration must set forth specific facts showing that the declarant has personal knowledge of the matters stated therein. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-1413 (9th Cir. 1995).

The statements in the declarations of Marco Heithaus and Thomas S. Hixson are irrelevant, are based on speculation, are not within the witnesses' personal knowledge, are hearsay, and violate the best evidence rule. Additionally, the exhibits attached to the declarations are not authenticated and are hearsay without any exceptions. Accordingly, Defendants object to the inadmissible evidence presented by Plaintiff in support of its Opposition to Defendants' Motion to Dismiss.

Specifically, Defendants hereby object and move to strike the following evidence:

**A.    Declaration of Marco Heithaus ("Heithaus Decl.") and Exhibit A.**

1.    Heithaus Decl. page 1, ¶ 2, lines 5 – 7.

> "On or about July 10, 2007, Jonathan Browning delivered to the Copyright Office the deposit, application, and fee required for registration of the Trianon and Ledoux sconces designed by Jonathan Browning for Jonathan Browning, Inc."

This evidence is objected to on the ground that it is based on speculation and is not within the personal knowledge of the witness. (FRE 602.) Mr. Heithaus fails to provide sufficient facts to demonstrate how he has personal knowledge that the deposit, application, and fee were delivered to the Copyright Office.

This evidence is further objected to because it is irrelevant. (FRE 402.) Mr. Heithaus states that the deposit, application, and fee were delivered to the Copyright office; however, such statement is irrelevant because Mr. Heithaus has failed to state facts sufficient to show that the deposit, application and fee were delivered in proper form. A refusal of the registration based on improper form would negate Plaintiff's assertion that is has complied with the jurisdictional prerequisite.

This evidence is further objected to on the ground that it is hearsay subject to no exceptions because Mr. Heithaus' statement is an out-of-court statement offered to prove the truth of the mater asserted i.e., that the deposit, application and fee were delivered to the Copyright Office and the declaration does not set forth any facts to show an exception to the hearsay rule applies. (FRE 801.)

Finally, this evidence is objected to on the ground that it violates the best evidence rule. "To prove the content of writing, recording, or photograph, the original writing, recording or photograph is required . . ." (FRE 1102.) The best evidence rule operates to exclude secondary evidence offered to prove the contents of a writing. (FRE 1002.) Here, documents evidencing delivery of the deposit, application, and fee as well as the application itself are the best evidence and Plaintiff has failed to provide such evidence.

2    Heithaus Decl., page 1, ¶ 3, lines 8 - 10.
> "Registration of the designs of the Trianon and Ledoux sconces was refused in letters dated July 18 and August 1, 2007 from Examiner Cynthia Hutchins of the Copyright Office. I received the letters prior to the filing of the Complaint in this matter."

This evidence is objected to on the ground that it is irrelevant. (FRE 402.) Mr. Heithaus states that registration was refused but fails to provide any facts showing why registration was refused. A refusal based on improper form would negate Plaintiff's assertion that is has complied with the jurisdictional prerequisite.

This evidence is further objected to on the ground that it is hearsay subject to no exceptions because Mr. Heithaus statement is an out-of-court statement offered to prove the truth of the matter asserted, i.e. registration of the designs of the Trianon and Ledoux sconces was refused and the declaration does not set forth any facts to show an exception to the hearsay rule applies. (FRE 801.) Additionally, any statements in the letters from Examiner Cynthia Hutchins of the Copyright Office refusing the registration are hearsay because they are out-of-court statement offered to prove the truth of the matter asserted. (FRE 801).

This evidence is further objected to on the ground that it violates the best evidence rule. "To prove the content of writing, recording, or photograph, the original writing, recording or photograph is required . . ." (FRE 1102.) The best evidence rule operates to exclude secondary evidence offered to prove the contents of a writing. Mr. Heithaus' statement is offered to prove the contents of the letters. Accordingly, the letters are the best evidence.

**B.    Declaration of Thomas S. Hixson ("Hixson Decl.").**

1.    <u>Hixson Decl., page 1, ¶ 2, lines 7-10 and Exhibit A.</u>

> "A true and correct copy of excerpts from the Las Vegas Visitor Profile, Annual Report, Calendar Year 2006, available on the Las Vegas Convention and Visitors Authority's website at http://www.lvcva.com/press/statistics-fact/index.jsp, is attached hereto as Exhibit A."

This evidence is objected to on the ground that Plaintiff has failed to submit any evidence of authentication, or the testimony of any witness with first hand factual knowledge to authenticate this document. Federal Rule of Evidence 901(a) provides that a document is not authentic unless a "foundation [is] laid 'by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Beyene v. Coleman Security Services, Inc., supra,* 854 F.2d at 1182. Proper foundation for a document is established by testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate its

delivery. *Id.* (citing *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).) Mr. Hixson lacks any personal knowledge about the truth of this document's contents, and cannot attest to the same.

This evidence is further objected to because it is not relevant. (FRE 402.) Mr. Hixson states that the Las Vegas Visitor Profile, Annual Report, Calendar Year 2006 is available on Visitors Authority's website at http://www.lvcva.com/press/statistics-fact/index.jsp. Mr. Hixson does not state how the report is relevant to show how people may or may not use Venetian Casino Resort, LLC's website.

Finally, this evidence is objected to on the ground that it is hearsay without any exceptions because the document contains out-of-court statements which are offered by Plaintiff to prove the truth of the matter asserted and the declaration does not set forth any facts to show an exception to the hearsay rule applies. (FRE 801); *Orr v. Bank of America*, supra, 285 F.3d at 778-779.

2. <u>Hixson Decl., page 1, ¶ 3, lines 11-12</u>.

> "Pursuant to 17 U.S.C. § 411(a), I served on the Registrar of Copyrights a copy of Jonathan Browning's Complaint filed in this action."

This evidence is objected to on the ground that it violates the best evidence rule. "To prove the content of writing, recording, or photograph, the original writing, recording or photograph is required . . ." (FRE 1102). The best evidence rule operates to exclude secondary evidence offered to prove the contents of a writing. Mr. Heithaus' statement is offered to prove that the Complaint was properly served on the Registrar of Copyrights. Thus, the best evidence is a proof of service.

## II. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Evidentiary Objects and Motion to Strike the Declarations of Mr. Heithaus and Mr. Hixson submitted by Plaintiff in support of its Opposition to Defendants' Motion to Dismiss.

Dated: October 10, 2007    **DUANE MORRIS LLP**

By: /s/ Michelle A. Hon
Ray L. Wong
Michelle Hon
Specially Appearing for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.