Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS VEGAS SANDS CORP.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>    Defendant. | Case No.: C 07-3983 JSW<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Date:** November 9, 2007<br>**Time:** 9:00 am<br><br>**Complaint Filed:** August 2, 2007<br>**Judge:** Jeffrey S. White<br>**Courtroom:** 2, 17th floor |

Defendants Venetian Casino Resort LLC, Las Vegas Sands LLC, and Las Vegas Sands Corp. (collectively "Defendants"), by and through its counsel, respectfully submit the following objection to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

## I. INTRODUCTION

In opposition to Defendants' Motion to Dismiss, Plaintiff submitted a request for judicial notice asking this Court to take judicial notice of the facts set forth in a civil complaint filed by the Venetian Casino Resort, LLC against Naked Belly Productions and W. Gregory Catalano on March 26, 2003 in the Northern District of California, Case No. C 03-0130 JL ("The Naked Belly Complaint"). Judicial notice of the facts in the Naked Belly Complaint is improper because judicial notice is limited to adjudicative facts and judicial notice is limited only as to the existence of the Naked Belly Complaint, not as to the truth of any of the allegations contained therein. As such, Plaintiff's request should be denied.

## II. ARGUMENT

The scope of Federal Rule of Evidence, Rule 201 is limited to adjudicative facts. *In re Immune Response Securities Litigation*, 375 F.Supp.2d 983, 996 (S.D. Cal. 2005) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute.") A party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice. *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bkrtcy. E.D. Cal. 1992). This is a burden Plaintiff has not met.

A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filing. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003). Here, Plaintiff requests that the Court take judicial notice of the truth of the facts contained in the Naked Belly Complaint. Plaintiff's request is not the proper subject for judicial notice. The Court may take judicial notice only as to the existence of the Naked Belly Complaint, not as to the truth of any of the allegations contained therein. *See generally Wyatt v. Terhune*, *supra,* at 1114. Furthermore, the fact that Defendants' filed a complaint in an unrelated action against different entities more than four years ago is not relevant to Plaintiff's Opposition to Defendants' Motion to Dismiss.

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

Dated: October 10, 2007  **DUANE MORRIS LLP**

By: /s/ Michelle A. Hon
Ray L. Wong
Michelle Hon
Specially Appearing for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.