Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS VEGAS SANDS CORP.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: C 07-3983 JSW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF MICHELLE A. HON AND FRANKLIN H. LEVY SUBMITTED IN SUPPORT DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** November 9, 2007<br>**Time:** 9:00 am<br><br>**Complaint Filed:** August 2, 2007<br>**Judge:** Jeffrey S. White<br>**Courtroom:** 2, 17th floor |

/ / /

/ / /

/ / /

Defendants Venetian Casino Resort LLC, Las Vegas Sands LLC, and Las Vegas Sands Corp. (collectively "Defendants"), by and through its counsel, hereby respond to Plaintiff Jonathan Browning, Inc.'s objections to the declaration of Michelle A. Hon and Franklin H. Levy submitted in support of Defendants' Motion to Dismiss.

## I. RESPONSE

### A. Declaration of Michelle A. Hon.

Plaintiff objects to the Declaration of Ms. Hon on the ground that the statements in the declaration are irrelevant. FRE 402. Plaintiff's objection is without merit. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401.

The statements contained in Ms. Hon's declaration are clearly relevant. Ms. Hon's statements that she performed an electronic search of the Online Catalog maintained by the U.S. Copyright Office and such search revealed no copyright registrations or assignments were issued or recorded for Plaintiff Jonathan Browning for any sconces is directly relevant to the issue of whether Plaintiff has met the jurisdictional prerequisite of 17 U.S.C. § 411(a).

### B. Declaration of Franklin H. Levy.

| Paragraph | Objection | Response |
|---|---|---|
| ¶ 10 "It is my understanding that the pertinent records of the Venetian Casino Resort LLC's human resources department indicated that the Venetian Casino Resort LLC does not employ anyone by the name of Aileen Pauco." | Hearsay (FRE 802) and lack of personal knowledge (FRE 602). | As Special Counsel to the Venetian Casino Resort, LLC, Mr. Levy has personal knowledge of the records for the Venetian Casino Resort, LLC.<br><br>The statement is not hearsay because it falls within the |

| Paragraph | Objection | Response |
|---|---|---|
| | | exception of FRE 803 (6)-(7) which recognizes a hearsay exception for absence of a business record. |
| ¶ 11 "The Venetian Casino Resort LLC cannot find any record of requesting a bid from Jonathan Browning, Inc. for wall sconces." | Hearsay (FRE 802) and lack of personal knowledge (FRE 602). | As Special Counsel to the Venetian Casino Resort, LLC, Mr. Levy has personal knowledge of the records for the Venetian Casino Resort, LLC. <br><br> The statement is not hearsay because it falls within the exception of FRE 803 (6)-(7) which recognizes a hearsay exception for absence of a business record. |
| **Paragraph** | **Objection** | **Response** |
| ¶ 13 "Based on the allegations and facts in the Complaint, I believe that a large number of potential witnesses on behalf of the Venetian Casino Resort, LLC would be located in the | Speculation and lack of personal knowledge. (FRE 602) | The statement is not speculative as it is based on Mr. Levy's personal knowledge. Evidence proving personal knowledge may consist of the witness' own |

| Paragraph | Objection | Response |
|---|---|---|
| State of Nevada." | | testimony and that knowledge includes inferences, opinions, so long as they are grounded in personal observation and experience. Given Mr. Levy's position as Special Counsel to the Venetian Casino Resort, LLC, he obviously has personal knowledge and experience concerning potential witnesses on behalf of the Venetian Casino Resort, LLC and their location.<br><br>Furthermore, Mr. Levy's own rational observation regarding potential witnesses on behalf of the Venetian Casino Resort, LLC and their location is not a legal conclusion. |
| **Paragraph** | **Objection** | **Response** |
| ¶ 14 "The evidence supporting the Venetian Casino Resort LLC's defenses, including its records and employees, is predominately located in Nevada." | Speculative and legal conclusion. | The statement is not speculative as it is based on Mr. Levy's personal knowledge. Evidence proving personal knowledge may consist of the witness' own |

| Paragraph | Objection | Response |
|---|---|---|
| | | testimony and that knowledge includes inferences, opinions, so long as they are grounded in personal observation and experience. Given Mr. Levy's position as Special Counsel to the Venetian Casino Resort, LLC, he obviously has personal knowledge and experience concerning the location of the Venetian Casino Resort, LLC's records and witnesses that would be relevant to defending this action.<br><br>Furthermore, Mr. Levy's own rational observation regarding documents and witnesses is not a legal conclusion. |
| ¶ 15 "The burden on the Venetian Casino Resort LLC to transport Nevada-based witnesses and documentary evidence to the Northern District of California would be | Speculation and legal conclusion. | The statement is not speculative as it is based on Mr. Levy's own personal knowledge. Evidence proving personal knowledge may consist of the witness' own |

| | | |
|---|---|---|
| substantial, as well as expensive." | | testimony and that knowledge includes inferences, opinions, so long as they are grounded in personal observation and experience. Given Mr. Levy's position as Special Counsel to the Venetian Casino Resort, LLC, he obviously has personal knowledge and experience concerning the substantial burden and expense of defending this action in North District of California. Mr. Levy specifically states that the substantial burden and expense would be due to the fact that Venetian Casino Resort LLC would have to transport Nevada-based witnesses and documentary evidence to the Northern District of California.<br><br>Mr. Levy's own rational observation regarding the substantial burden and |

| | | expense of this action in North District of California is not a legal conclusion. |
|---|---|---|

## II. CONCLUSION

For all the foregoing reasons, Plaintiff's objections should be overruled.

Dated: October 10, 2007          **DUANE MORRIS LLP**

By: /s/ Michelle A. Hon
Ray L. Wong
Michelle Hon
Specially Appearing for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.