| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|   | TRENTON H. NORRIS (SBN 164781) |
| 2 | THOMAS S. HIXSON (SBN 193033) |
|   | MAZEN M. BASRAWI (SBN 235475) |
| 3 | ERICA BRAND PORTNOY (SBN 244923) |
|   | Three Embarcadero Center |
| 4 | San Francisco, CA  94111-4067 |
|   | Telephone:  415.393.2000 |
| 5 | Facsimile:  415.393.2286 |
|   | Email:  trent.norris@bingham.com |
| 6 | thomas.hixson@bingham.com |
|   | mazen.basrawi@bingham.com |
| 7 | erica.brand@bingham.com |
| 8 | DOLL AMIR & ELEY LLP |
|   | GREGORY L. DOLL (SBN 193205) |
| 9 | HUNTER R. ELEY (SBN 224321) |
|   | 1888 Century Park East, Suite 1106 |
| 10 | Los Angeles, CA 90067 |
|   | Telephone:  310.557.9100 |
| 11 | Facsimile:  310.557.9101 |
|   | Email:  gdoll@dollamir.com |
| 12 | heley@dollamir.com |
| 13 | Attorneys for Plaintiff |
|   | JONATHAN BROWNING, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation, | No. C 07-3983 JSW |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE THE DECLARATIONS OF MARCO HEITHAUS AND THOMAS S. HIXSON** |
| v. | |
| VENETIAN CASINO RESORT, LLC., a Nevada limited liability company; LAS VEGAS SANDS, LLC., a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | Date:  November 9, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 2, 17th Floor<br>Judge: Honorable Jeffrey S. White |

A/72248290.3/3006638-0000326553

Case No.:  C 07-3983 JSW

PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE
THE DECLARATIONS OF MARCO HEITHAUS AND THOMAS S. HIXSON

Plaintiff Jonathan Browning, Inc. hereby responds to and opposes Defendants' Evidentiary Objections and Motion to Strike the Declarations of Marco Heithaus and Thomas S. Hixson offered by Defendants Venetian Casino Resort LLC, Las Vegas Sands, LLC and Las Vegas Sands Corp. (collectively "the Venetian") in support of the Venetian's motion to dismiss.

## I.   INTRODUCTION

The Venetian's objections to the Declarations of Marco Heithaus and Thomas S. Hixson are without merit. As one of the co-owners of Jonathan Browning, Mr. Heithaus is competent to testify as to what acts he undertook as part of his job. His declaration provides sufficient foundation for Mr. Heithaus' personal knowledge, and his statements are not inadmissible hearsay or barred by the best evidence rule. Likewise, Mr. Hixson is competent to testify as to the documents he found on the Internet and printed. Similarly, his declaration provides sufficient foundation for his personal knowledge, and his statements are not inadmissible hearsay or barred by the best evidence rule. The Venetian's motion to strike should be denied and its objections overruled.

## II.   RESPONSE TO THE VENETIAN'S OBJECTIONS

### A.   Declaration of Marco Heithaus and Exhibit A

The Venetian objects to the following paragraphs of the Declaration of Marco Heithaus ("Heithaus Decl.") (Docket No. 20):

**Paragraph 2** of the Heithaus Decl. states:

> On or about July 10, 2007, Jonathan Browning delivered to the Copyright Office the deposit, application, and fee required for registration of the Trianon and Ledoux sconces designed by Jonathan Browning for Jonathan Browning, Inc.

**Response to Defendants' Objection:** The Venetian objects to this paragraph on the ground that it is supposedly irrelevant. That is mistaken. Whether Mr. Heithaus delivered to the Copyright Office the deposit, application, and fee required for registration is relevant to whether Jonathan Browning complied with the Copyright Act, 17 U.S.C. § 411(a). The statute provides that "where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is

A/72248290.3/3006638-0000326553         1         Case No.: C 07-3983 JSW

PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE
THE DECLARATIONS OF MARCO HEITHAUS AND THOMAS S. HIXSON

1  served on the Register of Copyrights." 17 U.S.C. § 411(a).

2  The Venetian states that Mr. Heithaus' statement is irrelevant because "Mr. Heithaus has failed to state facts sufficient to show that the deposit, application and fee were delivered *in proper form*." Motion to Strike 3:12-13. (emphasis added). That is wrong. The "proper form" requirement in section 411(a) means only that Jonathan Browning submitted the application, deposit and fee required by 17 U.S.C. §§ 708, 709 and 408. *See, e.g.,* James E. Hawes & Bernard C. Dietz, *Copyright Registration Practice* § 23:7 (2006) ("The plaintiff may proceed with the suit under §411(a) by simply pleading that the application was filed and registration was denied."). Mr. Heithaus' declaration states those facts explicitly. Heithaus Decl. ¶ 2.

Next, the Venetian objects to this paragraph in the declaration on the ground that it is supposedly based on speculation and is not within the personal knowledge of the witness. That is wrong too. Mr. Heithaus is one of Jonathan Browning's co-owners, and so stated in his declaration. *See* Heithaus Decl. ¶ 1. As co-owner, Mr. Heithaus paid the required fee and had the deposit, application and fee delivered. Mr. Heithaus can attest to acts he undertook and oversaw as part of his job responsibilities.

Mr. Heithaus' position as co-owner of Jonathan Browning provides sufficient foundation for his personal knowledge of the delivery of the deposit, application, and fee. *See Self-Ins. Inst. of Am., Inc. v. Software & Info. Indus. Assoc.*, 208 F. Supp. 2d 1058, 1062 (C.D. Cal. 2000) (declarant's position as president of company provided sufficient foundation for declarant's personal knowledge of the activities and decisions of the company); *Am. & Asia Trading Co. v. Star Trans Container Line, Ltd.*, No. 01-3344, 2003 U.S. Dist. LEXIS 18440, at *8 (N.D. Cal. Mar. 27, 2003) (as president, declarant was competent to testify on shipping company's procedures relating to shipping).

The Venetian also asserts that Mr. Heithaus' statement is "hearsay subject to no exceptions because Mr. Heithaus' statement is an out-of-court statement offered to prove the truth of the mater [sic] asserted…" Motion to Strike at 3:15-17. Defendants misinterpret the hearsay rule. A statement is not hearsay if offered for some purpose other than to prove the truth

of the matter asserted, such as to show only that an act was done. *See* Fed. R. Evid. 801(c). Mr. Heithaus' statement was not offered to prove the truth of statements made in the copyright applications, but rather to prove that the deposit, application and fee were sent to the Copyright Office.

The hearsay rule is not implicated where the issue is whether certain things were said or done, and not whether those things were true or false. Robert E. Jones, *et al.*, *Rutter Group Practice Guide: Federal Civil Trials and Evidence* § 8:1843 (2007). In such cases, the out-of-court statement or conduct has independent legal significance; i.e., it is legally significant regardless of whether the statement is true and regardless of the declarant's credibility. *Id.* Such statements are admissible nonhearsay to prove the words were spoken or the act was done. *See* Fed R. Evid. 801(c), Adv. Comm. Notes; *United States v. Montana*, 199 F.3d 947, 950 (7th Cir. 1999).

Finally, the Venetian objects on the ground that the declaration violates the best evidence rule. Motion to Strike at 3:19. That is also mistaken. The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing. *See* Fed. R. Evid. 1001, Adv. Comm. Notes; *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994); *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997). However, the "best evidence rule" applies only where secondary evidence (either oral or written) is offered to prove the content of a writing. Fed. R. Evid. 1002. Again, Mr. Heithaus' statement is not offered to prove the content of a writing, but rather that the application, deposit and fee were delivered.

**Paragraph 3** of the Heithaus Decl. states:

> Registration of the designs of the Trianon and Ledoux sconces was refused in letters dated July 18 and August 1, 2007 from Examiner Cynthia Hutchins of the Copyright Office. I received these letters prior to the filing of the Complaint in this matter.

**Response to Defendants' Objection:** The Venetian objects to this paragraph on the ground that it is irrelevant. However, as stated above, the Copyright Act requires Jonathan Browning to plead that the registration has been refused, making Mr. Heithaus' statement clearly relevant to this action. *See* 17 U.S.C. § 411(a).

1  The Venetian also asserts that Mr. Heithaus' statement is "hearsay subject to no
2  exceptions because Mr. Heithaus [sic] statement is an out-of-court statement offered to prove the
3  truth of the mater [sic] asserted . . ." Motion to Strike at 4:5-7.  Again, the Venetian
4  misinterprets the hearsay rule.  Mr. Heithaus does not offer this statement to prove the contents
5  of the letter from Examiner Cynthia Hutchins of the Copyright Office.  Instead, this statement is
6  offered to prove that the Copyright Office rejected the copyright applications prior to the filing
7  of the complaint in this action.  Mr. Heithaus' statement is admissible nonhearsay that shows that
8  an act occurred.  *See* Fed R. Evid. 801(c), Adv. Comm. Notes; *United States v. Montana*, 199
9  F.3d 947, 950 (7th Cir. 1999).

10 Additionally, the Venetian objects on the ground that the evidence "violates the
11 best evidence rule." Motion to Strike at 4:12.  As stated above, the "best evidence rule" applies
12 only where secondary evidence (either oral or written) is offered to prove the content of a
13 writing.  Fed. R. Evid. 1002.  Here, Mr. Heithaus' statement is not offered to prove the content of
14 a writing, but rather that the Copyright Office rejected the copyright applications and that the
15 date of receipt of those rejections was prior to the filing of this action.  Thus, the best evidence
16 rule does not apply.

17  **B.   Declaration of Thomas S. Hixson**
18 The Venetian objects to the following paragraphs of the Declaration of Thomas S.
19 Hixson ("Hixson Decl.") (Docket No. 19):

20  **Paragraph 2** of the Hixson Decl. states:

21  A true and correct copy of excerpts of the Las Vegas Visitor Profile, Annual
    Report, Calendar Year 2006, available on the Las Vegas Convention and Visitors
22  Authority's website at http://www.lvcva.com/press/statistics-facts/index.jsp, is
    attached hereto as **Exhibit A.**
23

24  **Response to Defendants' Objection:**  The Venetian objects to this paragraph on
25 the ground that the document is not authenticated.  Motion to Strike at 4:22-24.  However, the
26 Hixson Declaration authenticates the Las Vegas Visitor Profile, Annual Report, Calendar Year
27 2006, from the Las Vegas Convention and Visitors Authority's website, which Mr. Hixson
28 viewed on the Internet and printed from his computer.  Fed. R. Evid. 901.  Here, Mr. Hixson can

1  attest to the authenticity of the document on this basis.  The information Mr. Hixson attests to is
2  based on his personal knowledge, which was attained through the use of his sense of sight.
3  　　　　　The Venetian further objects to this evidence on the ground that it is not
4  relevant.  Motion to Strike at 5:3.  However, the amount of people visiting Las Vegas from the
5  state of California is directly relevant to the Venetian's motion to dismiss Jonathan Browning's
6  Complaint for lack of personal jurisdiction.  This evidence shows that a high percentage of all
7  visitors to Las Vegas are from California.  This evidence is directly relevant because it
8  contradicts the Venetian's statement that it has "little to no contacts with the Northern District of
9  California other than an alleged request for a bid."  Motion to Dismiss (Docket No. 14-2) at
10 11:20-21.
11 　　　　　Additionally, the Venetian objects to this evidence on the ground that it is hearsay
12 and no exceptions apply.  Motion to Strike at 5:8-11.  To the extent that Jonathan Browning
13 offers a statement contained in Exhibit A to the Hixson Declaration for its truth, such statement
14 is exempt from the hearsay rule as business records.  Fed. R. Evid. 803(6).  The business-records
15 hearsay exception extends to data compilations, in any form, and applies to information posted
16 on the Internet.  *See* Weinstein's Federal Evidence §900.07[5] (2007).  Under this exception, Mr.
17 Hixson is entirely competent to pull up a website and quote from the information appearing
18 there.  Mr. Hixson even cites to the precise part of the Las Vegas Convention and Visitors
19 Authority's website on which the quoted information appears.  Absent some claim that the
20 information Mr. Hixson cites to comes from an unreliable source or has been tampered with on
21 the website, the quoted information has been properly authenticated by Mr. Hixson pursuant to
22 Fed. R. Evid. 901 and is admissible for its truth.  *See* Weinstein's Federal Evidence §900.07[5]
23 (2007) ("[t]estimony by a witness that a printout of the information on the Internet website was
24 obtained from a particular URL (universe resource locator) address is usually sufficient to meet
25 this requirement"); Gregory P. Joseph, *Internet Evidence*, 23 National Law Journal No. 42 (June
26 11, 2001) (it "is reasonable to indulge a presumption that material on a website (other than chat
27 room conversations) was placed there by the owner of the site.").
28 　　　　　Additionally, to the extent that Jonathan Browning offers a statement contained in

1 | Exhibit A to the Thomas declaration for its truth, such statement is exempt from the hearsay rule
2 | under the "market reports, commercial publications" exception. *See* Fed. R. Evid. 803(17). Web
3 | site information "relied upon by the public or by persons in particular occupations" is exempt
4 | from the hearsay rule. *See id.* Exhibit A is a published compilation used and relied upon by the
5 | Las Vegas Convention and Visitor's Authority. The "Executive Summary" to Exhibit A
6 | provides "The Las Vegas Visitor Profile Study is conducted monthly and reported annually to
7 | provide an ongoing assessment of the Las Vegas visitor and trends in visitor behavior over time.
8 | . . . This report presents the results of calendar year 2006, as well as the previous years (2003,
9 | 2004, and 2005)." Exhibit A to the Hixson declaration was prepared for the Las Vegas
10 | Convention and Visitors Authority, an entity that was established by state law and is a political
11 | subdivision of the State of Nevada, and which acts as the official destination marketing
12 | organization of Las Vegas.

**Paragraph 3** of the Hixson Decl. states:

> Pursuant to 17 U.S.C. § 411(a), I served on the Register of Copyrights a copy of Jonathan Browning's Complaint filed in this action.

**Response to Defendants' Objection:** The Venetian objects to this evidence on the ground that the evidence violates the best evidence rule. Motion to Strike at 5:15. The Venetian's reliance on that rule is misguided. As stated above, the "best evidence rule" applies only where secondary evidence (either oral or written) is offered to prove the content of a writing. Fed. R. Evid. 1002. Mr. Hixson's statement is not offered to prove the content of a writing, but that a document was served. Mr. Hixson's declaration is akin to a "Proof of Service" of documents normally served on parties in litigation, which is in essence a declaration that service was made. Thus, the best evidence rule does not apply.

### III. CONCLUSION

Plaintiff Jonathan Browning, Inc. respectfully requests that the Court deny Defendants' Motion to Strike and overrule their evidentiary objections.

1
2
3
4  DATED: October 12, 2007

5                                        BINGHAM MCCUTCHEN LLP
6
7
8                                        By:      /s/ Thomas S. Hixson
                                                Thomas S. Hixson
                                                Attorneys for Plaintiff
9                                               JONATHAN BROWNING, INC.

10 DATED: October 12, 2007
11
12                                       DOLL AMIR & ELEY LLP
13
14                                       By:      /s/ Gregory L. Doll
                                                Gregory L. Doll
15                                              Attorneys for Plaintiff
                                                JONATHAN BROWNING, INC.
16
17
18
19
20
21
22
23
24
25
26
27
28

A/72248290.3/3006638-0000326553          7                    Case No.: C 07-3983 JSW

PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE
THE DECLARATIONS OF MARCO HEITHAUS AND THOMAS S. HIXSON