Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN
CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
and LAS VEGAS SANDS CORP.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation, | Case No.: C 07-3983 JSW |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE THE CASE MANAGEMENT CONFERENCE (CIVIL LOCAL RULE 7-11)** |
| v. | |
| VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | **Complaint Filed:** August 2, 2007 **Judge:** **Hon.** Jeffrey S. White **Courtroom:** 2, 17th Floor |
| Defendant. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**1

   **NOTICE IS HEREBY GIVEN** that defendants Venetian Casino Resort LLC, Las Vegas

Sands LLC, and Las Vegas Sands Corp. (collectively "Defendants"), by and through its counsel,

specially appear to make this Motion for Administrative Relief pursuant to Civil Local Rule 7-11 to

continue the Case Management Conference currently scheduled for November 16, 2007 to the next

1  available court date, December 7, 2007.  This motion is based on a showing that there is good cause

2  to continue the Case Management Conference because Defendants' lead counsel, Ray Wong, is not

3  available to attend the Case Management Conference on November 16, 2007 because he has an

4  unavoidable calendar conflict as he is required to be in Los Angeles to take a deposition in another

5  case, currently pending in Los Angeles Superior Court, on that date.

6          This Motion for Administrative Relief is based on the Memorandum of Points and

7  Authorities attached hereto, the Declaration of Ray L. Wong, the records and papers on file with this

8  action.

9  Dated: November 8, 2007                    **DUANE MORRIS LLP**

10                                  By:  _____/s/ Ray L. Wong_____
                                         Ray L. Wong
11                                       Michelle Hon
                                         Specially Appearing for Defendants VENETIAN
12                                       CASINO RESORT LLC; LAS VEGAS SANDS LLC,
                                         and LAS VEGAS SANDS CORP.
13

14

15              **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.      INTRODUCTION**

17          The Initial Case Management Conference in this case is currently set for November 16, 2007.

18  Without waiving their objections to personal jurisdiction or any other grounds set forth in the

19  pending motion to dismiss, Defendants specially appear for the limited purpose of requesting a short

20  continuance of the Case Management Conference until the next available court date, which does not

21  conflict with Plaintiff's counsel's schedule, December 7, 2007.  There is good cause for a

22  continuance because Defendants' lead counsel, Ray Wong, has an unavoidable calendar conflict in

23  that he is scheduled to be in Los Angeles for a deposition in another matter.  That other case involves

24  multiple parties and the conflicting deposition took a significant amount of time to schedule and

25  cannot be rescheduled without substantial prejudice to all parties in that action.

26          For these reasons, set forth in more detail below, Defendants respectfully request that the

27  Court continue the Case Management Conference until December 7, 2007 or as soon thereafter as

28  this conference can be held.

                                         2

## II.    BACKGROUND

This action was filed on August 2, 2007 and Defendants were served on or about August 7, 2007.  On September 17, 2007, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, failure to state of claim and preemption. This Motion has been fully briefed by both sides and had been scheduled for hearing on November 9, 2007.  On November 6, 2007, the Court issued an Order vacating the hearing on the Motion to Dismiss and ordering that the matter is deemed submitted.  The Motion to Dismiss is currently pending.

On August 10, 2007, the Court issued an Order Setting Initial Case Management Conference, which set the initial Case Management Conference for November 16, 2007.  The November 16, 2007 Case Management Conference date presents a calendar conflict for Defendants' lead counsel, Ray Wong, because he is scheduled to be at an important deposition in another case currently pending in Los Angeles Superior Court on that date.  (Declaration of Ray L. Wong ("Wong Decl.") ¶3.)  That other case involves multiple parties and the conflicting deposition is of an attorney witness (whose deposition has begun but not yet completed)  and took a significant amount of time to be scheduled and cannot be rescheduled without substantial prejudice to all parties in that action. (Wong Decl. ¶3.)  In addition, when the deposition is over, Mr. Wong is scheduled and registered to attend the National Asian Pacific American Bar Association Conference for the remainder of that day and during the weekend.  (Wong. Decl. ¶4.)

 Mr. Wong notified Plaintiff's counsel of this calendar conflict and counsel engaged in a meet and confer regarding an alternative date. (Wong Decl. ¶ 5.)  The parties contacted the court clerk and were informed that because of the Thanksgiving Holiday, the next available court date was November 30, 3007. (Wong. Decl. ¶5.)  Plaintiff's counsel indicated that November 30, 2007 did not work for his schedule.  Thus, the parties determined that the next available court date that would work with both parties' schedules was December 7, 2007. (Wong. Decl. ¶5.)   On November 6, 2007, Plaintiff's counsel sent an e-mail indicating that they would not agree to continue the Case Management Conference until December 7, 2007 because they "are concerned about the delay the

///

1   continuance would cause." (Wong. Decl. ¶6.) Plaintiff's counsel did not articulate any reasons why
2   this short continuance would not be appropriate.

3   **III.   ARGUMENT**

4          The Northern District of California Civil Local Rule 16-10 provides that "lead trial counsel
5   for each party must attend the initial Case Management Conference." Defendants respectfully
6   request a short continuance of the Case Management Conference because their lead counsel, Ray
7   Wong, has an unavoidable calendar conflict and is not available on November 16, 2007.

8          This Court's Civil Standing Rule 3 and Local Rule 7-11 contemplate that calendar changes
9   can be made pursuant to a Motion for Administrative Relief on a showing of good cause. There is
10  good cause for this requested calendar change because Defendants have a substantial interest in
11  having their lead counsel at the Case Management Conference so that he can represent Defendants'
12  interests regarding substantive matters, discovery issues, and case scheduling. Mr. Wong, however,
13  cannot be at the November 16, 2007 Case Management Conference because he has a calendar
14  conflict that he did not cause and could not avoid. As described above, he is scheduled to be in Los
15  Angeles in a very significant continuing deposition in a multi-party action. The deposition took a
16  significant amount of time to schedule and cannot be rescheduled without causing substantial
17  prejudice to multiple parties in the action. (Wong Decl. ¶3)

18         Conversely, Plaintiff will not be prejudiced by this short continuance. The Case
19  Management Conference will still take place well within the time period prescribed by Federal Rule
20  of Civil Procedure 16(b). In addition, Plaintiff will not suffer any prejudice because the Case
21  Management Conference is premature given the Motion to Dismiss currently pending before this
22  Court. Defendants have specially appeared to contest personal jurisdiction and to contend that the
23  action should be dismissed on different grounds. If this Court does not have personal jurisdiction
24  over Defendants or the action is otherwise dismissed, there is no obligation to participate in
25  discovery. Therefore, Defendants anticipate that they will request to stay discovery on these
26  grounds. For this reason, Plaintiff will not suffer prejudice by a short continuance to accommodate
27  defense counsel's schedule.

28  ///

                                                    4

**IV.    CONCLUSION**

Without waiving its objections to personal jurisdiction or any other grounds set forth in the pending motion to dismiss, Defendants, by and though their counsel, specially appear to request a short continuance of the Case Management Conference to the first available Court date that does not conflict with Plaintiff's counsel's schedule, December 7, 2007.

Dated: November 8, 2007                    **DUANE MORRIS LLP**

                                    By: _____/s/ Ray L. Wong_____
                                         Ray L. Wong
                                         Michelle Hon
                                         Specially Appearing for Defendants VENETIAN
                                         CASINO RESORT LLC; LAS VEGAS SANDS LLC,
                                         and LAS VEGAS SANDS CORP.