BINGHAM MCCUTCHEN LLP
TRENTON H. NORRIS (SBN 164781)
THOMAS S. HIXSON (SBN 193033)
MAZEN M. BASRAWI (SBN 235475)
ERICA BRAND PORTNOY (SBN 244923)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
Email: trent.norris@bingham.com
       thomas.hixson@bingham.com
       mazen.basrawi@bingham.com
       erica.brand@bingham.com

DOLL AMIR & ELEY LLP
GREGORY L. DOLL (SBN 193205)
HUNTER R. ELEY (SBN 224321)
1888 Century Park East, Suite 1106
Los Angeles, CA 90067
Telephone: 310.557.9100
Facsimile: 310.557.9101
Email: gdoll@dollamir.com
       heley@dollamir.com

Attorneys for Plaintiff
JONATHAN BROWNING, INC.

Ray L. Wong (SBN 84193)                    Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**                       **DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000        101 West Broadway, Suite 900
San Francisco, CA 94105-1104               San Diego, CA 92101
Telephone: 415.957.3000                    Telephone: 619.744.2200
Facsimile: 415.957-3001                    Facsimile: 619.744.2201
E-Mail: rlwong@duanemorris.com             E-Mail:  mhon@duanemorris.com

Specially Appearing for Defendants VENETIAN
CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
and LAS VEGAS SANDS CORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN BROWNING, INC., | Case No.: C 07-3983 JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| VENETIAN CASINO RESORT, LLC, et al., | Date: November 16, 2007<br>Time: 1:30 p.m.<br>Place: Courtroom 2 |
| Defendant. | Judge: Hon. Jeffrey S. White |

DM1\1218474.2

A/72306945.1

Case No.: C 07-3983 JSW

JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Order Setting Initial Case Management Conference of August 10, 2007, Plaintiff Jonathan Browning, Inc. ("Jonathan Browning") and Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp., specially appearing (collectively "Defendants"), have conferred with respect to the subjects detailed in Federal Rules of Civil Procedure Rules 16(b) and 26(f), and the agenda items listed in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Cases Management Statements*. Accordingly, the parties submit this Joint Case Management Statement.

**Scheduling of the CMC and Obligation to Make Initial Disclosures**

**A.    Plaintiff's Position**

Three months ago the Court scheduled the case management conference in this action for November 16, 2007. The Venetian's counsel have recently indicated they have a scheduling conflict with the November 16 date. Jonathan Browning is amenable to a slight modification of the date for the CMC to accommodate the Venetian's schedule. Jonathan Browning is available on November 14 or 19 for a CMC. However, Jonathan Browning opposes the Venetian's request to postpone the CMC longer than that. By November 16, the Court is likely to have ruled on the Venetian's pending motion to dismiss (which had been set for hearing on November 9, but which has since been deemed submitted on the papers), so the Court and the parties should be in a position to discuss the scheduling of dates for the remainder of the case.

Jonathan Browning also opposes the Venetian's request to be exempted from making initial disclosures. Federal Rule of Civil Procedure 26(a) does not allow a party to decline to make initial disclosures simply because it has a pending motion to dismiss. Indeed, the early deadlines set forth in Rule 26(a) for making initial disclosures contemplate that pleadings motions will often take place at the same time or even after initial disclosures are made. That is part of the reason why initial disclosures are narrower in scope than full-fledged discovery.

Moreover, in this case, most of the Venetian's arguments in its motion to dismiss relate to the Venetian's contention that this case should have been brought in a different federal district -- the District of Nevada rather than the Northern District of California. But since Rule 26(a) applies in all federal districts, there is no connection between the Venetian's motion to dismiss and its request to

be exempted from initial disclosures.

### B. Defendants' Position

Defendants will file a motion requesting a short continuance of the currently scheduled case management conference. Due to a scheduling conflict, Defendants will respectfully request that the case management conference be moved to December 7, 2007 or as soon thereafter as the conference can be held.

Defendants also assert that the case management conference is premature given the Motion to Dismiss currently pending before this Court. Defendants have specially appeared to contest personal jurisdiction and to contend that the action should be dismissed on different grounds. If this Court does not have personal jurisdiction over Defendants or the action is otherwise dismissed, there is no obligation to participate in discovery. Therefore, Defendants request that all discovery be temporarily stayed until these issues are resolved.

Federal Rule of Civil Procedure 26(a) provides that initial disclosures need not be made if a party objects during the Rule 26(f) conference that the initial disclosures are not appropriate under the circumstances in the action and states such objection in the Rule 26(f) discovery plan. Defendants object under Rule 26(a) for the reasons discussed herein.

Without waiving these objections or its objections to personal jurisdiction, Defendants have agreed to comply with the Court's Order Setting Case Management Conference.

### 1. Jurisdiction and Service

Jonathan Browning alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), supplemental jurisdiction pursuant to 17 U.S.C. § 411(a) and diversity jurisdiction under 28 U.S.C. § 1332. Jonathan Browning alleges that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a). Defendants have specially appeared to challenge personal jurisdiction, subject matter jurisdiction, and venue. Defendants' Motion to Dismiss is under submission. All parties have been served.

///

///

///

**2.   Facts**

   **A.   Plaintiff's Statement of the Facts**

   Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures.  In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada.  Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept Jonathan Browning's bid.

   Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price.  The Venetian declined the bid, stating that the price was too high.  The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces.  The Venetian has installed in its guest rooms and corridors thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing.  Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

   **B.   Defendant's Statement of the Facts**

   Defendants investigation is ongoing.  Defendants reserve all rights to contest the facts set forth in the Complaint and restated herein when and if Defendants are required to file an Answer.

   Plaintiff apparently has filed two applications for copyright registration for the two lighting fixtures at issue in this case.  Plaintiff's copyright applications were both denied by the U.S. Copyright Office.  Therefore, there is a presumption that the Plaintiff's light fixtures are not entitled to copyright protection and cannot be infringed.  Defendants' position is that, consistent with the decision of the U.S. Copyright Office, lighting fixtures are not entitled to copyright protection.

**3.   Legal Issues**

   **A   Plaintiff's Statement of Issues:**

   The Venetian has filed a motion to dismiss that asserts a variety of legal challenges to the causes of action alleged in the Complaint, including subject matter jurisdiction, personal jurisdiction, venue, preemption and whether the Complaint states a claim.  Those legal issues have been briefed

by the parties, and the motion has been deemed submitted by the Court.

The primary legal issues that will remain in the case, assuming the Complaint is not dismissed, are likely to be: (a) the copyrightability of the sconce designs at issue in this case, (b) whether the Venetian unlawfully copied those designs, and (c) whether the Venetian's alleged conduct in the bid process gives rise to implied contract or unfair business practice claims. Jonathan Browning does not intend this as a complete list of issues in the case, but rather as a summary of the primary issues for the Court's benefit in scheduling events for the case.

**B.     Defendants' Statement of Issues:**

Given the early states of this litigation, Defendants cannot identify all of the issues presented by this case. Based upon the complaint, however, the following legal issues are currently at issue:

A. Whether this Court has subject matter jurisdiction over Plaintiff's copyright claim.

B. Whether this Court has personal jurisdiction over defendant, Las Vegas Sands Corp.

C. Whether this Court has personal jurisdiction over defendant Las Vegas Sands LLC.

D. Whether this Court has personal jurisdiction over defendant Venetian Casino Resort LLC.

E. Whether the Northern California District Court is the proper venue.

F. Whether venue should be transferred to the Nevada District Court for the convenience of the witnesses and parties and to further the interests of justice.

G. Whether Plaintiff has failed to state a claim against defendants, Las Vegas Sands Corp. or Las Vegas Sands LLC.

H. Whether Plaintiff has failed to state a claim for breach of quasi-contract.

I. Whether Plaintiff has failed to state a claim for breach of implied-in-fact contract.

J. Whether Plaintiff has failed to state a claim for breach of implied-in-law contract.

K. Whether Plaintiffs state law claims are preempted by the Copyright Act.

L. Whether or not the Plaintiff's light fixtures are entitled to protection under the Copyright Act.

M. Whether or not Venetian violated Plaintiff's alleged copyright by creating unauthorized copies of its lighting fixtures.

N. Whether or not Venetian violated Plaintiff's alleged copyright by publicly displaying any unauthorized copies of Plaintiff's lighting fixtures.

O. Whether or not Venetian violated Plaintiff's alleged copyright by inducing the infringement of a third party manufacturer in China.

P. Whether or not Venetian violated Plaintiff's alleged copyright by contributing to the infringement of a third party manufacturer in China.

Q. Whether or not Venetian is vicariously liable for copyright infringement for alleged copying by a manufacturer in China.

R. Whether or not Venetian's alleged infringement was intentional and willful.

S. Whether or not Venetian violated common law unfair competition.

T. Whether or not Venetian violated California Business & Professions Code §§ 17200, *et seq*.

U. Whether or not Venetian breached a quasi-contract.

V. Whether or not Venetian breached an implied-in-fact contract.

W. Whether or not Venetian breached an implied-in-law contract.

X. Whether and to what extent Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504.

Y. Whether and to what extent Plaintiff is entitled to restitution and disgorgement damages.

Z. Whether and to what extent Plaintiff is entitled to compensatory damages.

AA. Whether and to what extent Plaintiff is entitled to punitive damages.

BB. Whether and to what extent Plaintiff is entitled to pre- and post-judgment interest.

CC. Whether and to what extent Plaintiff is entitled to injunctive relief.

DD. Whether and to what extent Plaintiff is entitled to impounding and destruction of alleged copies pursuant to 17 U.S.C. § 503.

**4.     Motions**

Defendants' motion to dismiss is currently pending before the Court. Both Plaintiff and Defendants presently anticipate filing a motion for summary judgment. The parties also expect that there will be motions in *limine* with regard to the exclusion of evidence at trial.

**5.     Amendment of Pleadings**

Defendants presently expect the Complaint to be dismissed in its entirety. Jonathan Browning opposes any dismissal and expects the Complaint to proceed, in whole or in part. To the extent that the Complaint is dismissed with leave to amend, the parties anticipate that an amended pleading will be timely filed according to the Federal Rules of Civil Procedure, or likewise, if the motion to dismiss is overruled, that Defendants will answer as provided for in the Rules.

**6.     Evidence Preservation**

   **A.     Plaintiff's Statement**

Jonathan Browning has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed. Jonathan Browning served Venetian with a letter regarding hard copy and electronic document retention on August 2, 2007.

   **B.     Defendants' Statement**

Defendants have taken reasonable steps to ensure that evidence reasonably relevant to this action is preserved.

**7.     Disclosures**

   **A.     Plaintiff's Disclosures**

Jonathan Browning will timely make its initial disclosures in advance of the case management conference. As noted above, Jonathan Browning maintains that the Venetian is also obligated to make its initial disclosures.

   **B.     Defendants' Disclosures**

Defendants have specially appeared to challenge personal jurisdiction in this action. Defendants also submit that Las Vegas Sands Corp. and Las Vegas Sand LLC have been improperly added to this action. Defendants should not be required to participate in discovery in an action, including any initial disclosure requirements, where there is no personal jurisdiction. According to Federal Rule of Procedure Rule 26(a), initial disclosures need not be made if a party objects during the Rule 26(f) conference that the initial disclosures are not appropriate under the circumstances in the action and states such objection in the Rule 26(f) discovery plan. Defendants objected to such initial disclosures on the basis that the Motion to Dismiss addressing, among other things, personal

jurisdiction, is currently pending before the Court. Defendants request the Court rule on its objection and stay the deadline to file initial disclosures until personal jurisdiction has been established over Defendants.

**8.     Discovery**

No formal discovery has taken place to date. The parties agree that the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. Proc. 30(a)(2)(A)) shall apply, unless good cause later comes to exist for the Court to modify those limits. The parties agree that electronic documents will be exchanged in a reasonably useable format. The parties propose that the electronic documents be exchanged primarily in PDF or TIFF format. The parties agree to meet and confer to determine whether search terms will be used for electronic discovery.

As noted above, the parties disagree on whether the Defendants are obligated to make initial disclosures at this time.

In Defendants' view, Defendants have specially appeared to contest personal jurisdiction and should not be required to participate in discovery in an action until jurisdiction has been established. Defendants' Motion to Dismiss is presently pending before this Court. Defendants anticipate a dismissal of the Complaint, in whole or in part, and request a stay on all discovery until such time as the Court has ruled on the Motion to Dismiss. Contrary to Plaintiff's assertion, Rule 26(a) expressly provides an exemption from Rule 26(a) when such disclosures are not appropriate under the circumstances. Defendants submit that initial disclosures are inappropriate under the circumstances because jurisdiction has not been established. Defendants further submit that initial disclosures are particularly inappropriate under the circumstances with regard to Las Vegas Sands Corp. and Las Vegas Sands LLC, whom Defendants believe have been improperly added.

In Plaintiff's view, Rule 26(a) does not provide for an exemption to initial disclosures simply because there is a pending motion to dismiss. In addition, the Venetian's arguments regarding personal jurisdiction and venue relate merely to which federal district is the proper forum, and all federal districts require initial disclosures.

**9.  Class Action**

This case is not a class action.

**10.  Related Cases**

The parties know of no related proceedings.

**11.  Relief**

Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the impounding and destruction or other reasonable disposition of all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual damages pursuant to 17 U.S.C. § 504, including lost profits, plus Defendants' profits from infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive damages; pre- and post-judgment interest according to law; and such other and further relief as the Court deems just and proper.

**12.  Settlement and ADR**

The parties agree to private mediation before JAMS or another private mediation service agreeable to the parties, although they believe that, given the early stage of this litigation, any such mediation should take place at the appropriate time.

**13.  Consent to Magistrate Judge for All Purposes**

The parties have declined to proceed before a Magistrate Judge for all purposes.

**14.  Other References**

The parties do not presently believe that the case is suitable for binding arbitration or special master.

**15.  Narrowing of Issues**

The parties are unable to narrow any issues by agreement at this time.  Defendants have filed a Motion to Dismiss to dismiss the action, in whole or in part.  The Motion is currently pending.  The parties anticipate that the issues may be further narrowed through Motions for Summary Judgment.

DM1\1218474.2    9    Case No.: C 07-3983 JSW
JOINT CASE MANAGEMENT STATEMENT
A/72306945.1

**9.  Class Action**

This case is not a class action.

**10.  Related Cases**

The parties know of no related proceedings.

**11.  Relief**

Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the impounding and destruction or other reasonable disposition of all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual damages pursuant to 17 U.S.C. § 504, including lost profits, plus Defendants' profits from infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive damages; pre- and post-judgment interest according to law; and such other and further relief as the Court deems just and proper.

**12.  Settlement and ADR**

The parties agree to private mediation before JAMS or another private mediation service agreeable to the parties, although they believe that, given the early stage of this litigation, any such mediation should take place at the appropriate time.

**13.  Consent to Magistrate Judge for All Purposes**

The parties have declined to proceed before a Magistrate Judge for all purposes.

**14.  Other References**

The parties do not presently believe that the case is suitable for binding arbitration or special master.

**15.  Narrowing of Issues**

The parties are unable to narrow any issues by agreement at this time.  Defendants have filed a Motion to Dismiss to dismiss the action, in whole or in part.  The Motion is currently pending.  The parties anticipate that the issues may be further narrowed through Motions for Summary Judgment.

**16.    Expedited Schedule**

The parties agree that this case does not require an expedited schedule.

**17.    Scheduling**

    **A.    Plaintiff's Proposal**

Plaintiff Jonathan Browning proposes the following schedule for future proceedings:

| | |
|---|---|
| Trial: | June 16, 2008 |
| Pre-Trial Conference: | June 2, 2008 |
| Last day for hearing dispositive motions: | May 8, 2008 |
| Completion of Expert Discovery: | May 1, 2008 |
| Rebuttal Expert Disclosure: | March 28, 2008 |
| Discovery Cutoff (non-expert): | March 14, 2008 |
| Expert Witness Disclosure: | March 14, 2008 |

This case is relatively straightforward and is unlikely to involve large numbers of witnesses or documents. Accordingly, the schedule proposed above is appropriate to allow the necessary discovery to occur and then provide for the prompt adjudication of this case.

    **B.    Defendants' Proposal**

Defendants believe that it is at best premature to schedule a trial date or any other pretrial deadlines at this time. Defendants anticipate that all or part of the Complaint will be dismissed, based the Motion to Dismiss currently pending before the Court. No answer has been filed; and the pleadings have not been finalized. Thus, Defendants believe that any attempt to set a litigation schedule would be premature at best. Additionally, the schedule proposed by plaintiff is overly ambitious and unrealistic. Defendants believe that extended discovery deadlines will be required based on the issues involved with procuring evidence, Plaintiff's overly broad liability and damage theories, and testimony of many witnesses apparently located in different places including apparently China.

**18.    Trial**

Jonathan Browning has demanded a jury trial. The parties currently anticipate the trial may last 5-7 days, although Defendants reserve the right to modify this estimate based upon the claims

and plaintiff damage theories that are allowed to proceed, if any..

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed disclosures according to Civil L.R. 3-16 (Docket Nos. 7 and 15).

Dated: November 8, 2007                **DUANE MORRIS LLP**

By:  /s/ Michelle Hon
Ray L. Wong
Michelle Hon
Specially Appearing for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.

Dated: November 8, 2007                **BINGHAM MCCUTCHEN LLP**

By:  /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiff Jonathan Browning, Inc.

Dated: November 8, 2007                **DOLL AMIR & ELEY LLP**

By:  /s/ Gregory L. Doll
Gregory L. Doll
Hunter R. Eley
Attorneys for Plaintiff Jonathan Browning, Inc.