1    BINGHAM MCCUTCHEN LLP
     TRENTON H. NORRIS (SBN 164781)
2    THOMAS S. HIXSON (SBN 193033)
     MAZEN M. BASRAWI (SBN 235475)
3    Three Embarcadero Center
     San Francisco, CA  94111-4067
4    Telephone:  415.393.2000
     Facsimile:  415.393.2286
5    Email:  trent.norris@bingham.com
             thomas.hixson@bingham.com
6            mazen.basrawi@bingham.com

7    DOLL AMIR & ELEY LLP
     GREGORY L. DOLL (SBN 193205)
8    HUNTER R. ELEY (SBN 224321)
     1888 Century Park East, Suite 1106
9    Los Angeles, CA 90067
     Telephone:  310.557.9100
10   Facsimile:  310.557.9101
     Email:  gdoll@dollamir.com
11           heley@dollamir.com

12   Attorneys for Plaintiff
     JONATHAN BROWNING, INC.
13

14                         UNITED STATES DISTRICT COURT

15                        NORTHERN DISTRICT OF CALIFORNIA

16                           SAN FRANCISCO DIVISION

17

18   JONATHAN BROWNING, INC., a California          No. C 07-3983 JSW
     corporation,
19                                                  MEMORANDUM OF POINTS AND
                    Plaintiff,                      AUTHORITIES IN OPPOSITION TO
20          v.                                      DEFENDANTS' MOTION FOR
                                                    ADMINISTRATIVE RELIEF TO
21   VENETIAN CASINO RESORT, LLC., a Nevada         CONTINUE THE CASE
     limited liability company; LAS VEGAS SANDS,    MANAGEMENT CONFERENCE
22   LLC., a Nevada limited liability company; LAS
     VEGAS SANDS CORP., a Nevada corporation;       Complaint filed:  August 2, 2007
23   and DOES 1 through 100, inclusive ,            Courtroom:  2, 17th Floor
                                                    Judge: Honorable Jeffrey S. White
24                  Defendants.

25

26

27

28
     A/72311578.1/3006638-0000326553
                                                              Case No.:  C 07-3983 JSW

1    Pursuant to Northern District Civil Local Rule 7-11(b), Plaintiff Jonathan

2    Browning, Inc. submits this opposition to the motion to continue the case management

3    conference ("CMC") filed by Defendants Venetian Casino Resort, LLC , et al. (the "Venetian").

4    The Venetian has not demonstrated good cause for continuing the CMC, and a continuance

5    would prejudice Jonathan Browning.

6    The Court scheduled the November 16, 2007 CMC three months ago. *See* Order

7    Setting Case Management Conference and Requiring Joint Case Management Conference

8    Statement (Aug. 10, 2007). The Court's August 10 order stated that "[a]ny request to reschedule

9    the date of the conference shall be made in writing . . . at least ten (10) calendar days before the

10    date of the conference and must be based upon good cause." *Id*. In addition, the Court's Civil

11    Standing Order No. 3 states that "[c]ontinuances will be granted only upon a showing of good

12    cause particularly focusing on evidence of diligence by the party seeking delay."

13    The Venetian's request to continue the CMC is untimely and in any event does

14    not set forth facts showing diligence. In particular, the Venetian does not state when its counsel

15    realized he was likely to have a scheduling conflict with the November 16 CMC. If this fact was

16    apparent even a couple of weeks ago, Jonathan Browning would have been willing to reschedule

17    the CMC to an earlier date. But since the Venetian has waited as long as it did to seek this

18    continuance, rescheduling the CMC at this point means delaying it.

19    Delaying the CMC would prejudice Jonathan Browning. The Venetian has taken

20    the position that it does not have to make the initial disclosures required by Federal Rule of Civil

21    Procedure 26(a), participate in any discovery, or meet and confer about scheduling literally

22    anything in this case. *See* Joint Case Management Statement (filed November 8, 2007) at 3, 7-8,

23    10 (Venetian asserts it is "premature" to set a trial date "or any other pretrial deadlines," or

24    participate in any discovery or make any initial disclosures). The Venetian's stated reason is that

25    it has a pending motion to dismiss, which it hopes may result in the dismissal or some or all of

26    Jonathan Browning's claims. *See id.* However, it is commonplace at an early stage in the case

27    for one or more parties to have filed a pleadings motion. That does not normally prevent them

28    from meeting and conferring on the subjects listed in Civil Local Rule 16-10. Moreover, the

A/72311578.1/3006638-0000326553                                    Case No.: C 07-3983 JSW

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO CONTINUE THE CASE MANAGEMENT CONFERENCE

1  Court has ordered the parties to meet and confer on these issues.  *See* Order Setting Case

2  Management Conference and Requiring Joint Case Management Conference Statement (Aug.

3  10, 2007).  Because the Venetian is not making a meaningful attempt to meet and confer, as it is

4  required to, it appears likely that no progress will be made until a CMC occurs and the Court

5  orders initial disclosures and sets other pretrial deadlines.

6           That said, Jonathan Browning is willing to reschedule the CMC to a date close in

7  time to November 16 to accommodate the Venetian's counsel's schedule conflict.  Jonathan

8  Browning is available November 14 and 19 for a CMC, if those dates are convenient for the

9  Court.  In addition, Northern District Civil Local Rule 16-10(a) provides that lead trial counsel

10  need not attend the CMC if "excused by the Judge."  The Court could excuse Mr. Wong's

11  appearance at the CMC and allow his colleague, whom the Venetian has also listed as counsel of

12  record on every pleading it has filed, to appear instead.

13           For these reasons, Jonathan Browning opposes the Venetian's motion to continue

14  the CMC.

15
16  DATED:  November 9, 2007

17                                    BINGHAM McCUTCHEN LLP

18

19

20                                    By:_____/s/ Thomas S. Hixson_____
                                              Thomas S. Hixson
21                                         Attorneys for Plaintiff
                                       JONATHAN BROWNING, INC.
22  DATED:  November 9, 2007

23                                    DOLL AMIR & ELEY LLP

24

25

26                                    By:_____/s/ Gregory L. Doll_____
                                              Gregory L. Doll
27                                         Attorneys for Plaintiff
                                       JONATHAN BROWNING, INC.

28

A/72311578.1/3006638-0000326553                2                    Case No.:  C 07-3983 JSW