Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone:  415.957.3000
Facsimile:  415.957-3001
E-Mail:  rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO
RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
VEGAS SANDS CORP.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN BROWNING, INC.,** | **CASE NO.: C 07-3983 JSW** |
| **Plaintiff,** | **ANSWER OF DEFENDANTS VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP.** |
| **v.** | |
| **VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive,** | |
| **Defendants.** | |

## ANSWER

Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands

Corp. (collectively "Defendants") hereby submit the following Answer to Jonathan Browning, Inc.'s

("Plaintiff") Complaint for Copyright Infringement and Unfair Competition.

**INTRODUCTION**

1.      Defendants lack sufficient information to respond to the allegations in paragraph 1 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

2.      Defendants lack sufficient information to respond to the allegations in paragraph 2 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

3.      Defendants deny each and every allegation in paragraph 3 of the Complaint.

4.      Defendants lack sufficient information to respond to the allegations in paragraph 4 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

**THE PARTIES**

5.      Defendants lack sufficient information to respond to the allegations in paragraph 5 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Defendants deny each and every allegation in paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10.      Defendants lack sufficient information to respond to the allegations in paragraph 10 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

11.      Defendants deny each and every allegation in paragraph 11 of the Complaint.

12.      Defendants deny each and every allegation in paragraph 12 of the Complaint.

13.     Defendants deny that venue is proper. Defendants also lack sufficient information to respond to the remaining allegations in paragraph 13 of the Complaint, and, therefore, deny both generally and specifically each and every remaining allegation therein.

14.     Defendants admit that KNA Interior Designs was retained to design the Venetian Tower renovation. Defendants lacks sufficient information to respond all remaining allegations in paragraph 14 of Complaint, and, therefore, denies both generally and specifically all remaining allegations.

## GENERAL ALLEGATIONS

15.     Defendants lack sufficient information to respond to the allegations in paragraph 15 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

16.     Defendants lack sufficient information to respond to the allegations in paragraph 16 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

17.     Defendants admit that it issued a press release on or about April 26, 2007, which now speaks for itself.

18.     Defendants lack sufficient information to respond to the allegations in paragraph 18 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

19.     Defendants lack sufficient information to respond to the allegations in paragraph 19 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

20.     Defendants lack sufficient information to respond to the allegations in paragraph 20 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

21.     Defendants lack sufficient information to respond to the allegations in paragraph 21 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

22.     Defendants lack sufficient information to respond to the allegations in paragraph 22 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

23.     Defendants lack sufficient information to respond to the allegations in paragraph 23 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

24.     Defendants lack sufficient information to respond to the allegations in paragraph 24 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

25.     Defendants lack sufficient information to respond to the allegations in paragraph 25 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

26.     Defendants lack sufficient information to respond to the allegations in paragraph 26 of the Complaint, and, therefore, deny both generally and specifically each and every allegation contained therein.

27.     Defendants deny each and every allegation in paragraph 27 of the Complaint.

28.     Defendants deny each and every allegation in paragraph 28 of the Complaint.

29.     Defendants deny each and every allegation in paragraph 29 of the Complaint.

30.     Defendants deny the allegation that Plaintiff's lighting fixtures are original, creative or protected under the Copyright Act.  Defendants lack sufficient information to respond to the remaining allegations in paragraph 30 of the Complaint, and, therefore, deny both generally and specifically each and every remaining allegation.

31.     Defendants deny each and every allegation in paragraph 31 of the Complaint

32.     Defendants deny each and every allegation in paragraph 32 of the Complaint.

33.     Defendants deny each and every allegation in paragraph 33 of the Complaint.

34.     Defendants deny each and every allegation in paragraph 34 of the Complaint.

35.     Defendants deny each and every allegation in paragraph 35 of the Complaint.

36.     Defendants deny each and every allegation in paragraph 36 of the Complaint.

37. Defendants admit ownership of properties around the world including the Sands Macao, the Venetian Macao, the Sands Expo, and the Palazzo, which contains over 3,000 suites. Except as so admitted, Defendants deny all other allegations in paragraph 37 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement - Reproduction

38. Defendants deny each and every allegation in paragraph 38 of the Complaint.

39. Defendants deny each and every allegation in paragraph 39 of the Complaint.

40. Defendants deny each and every allegation in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation in paragraph 41 of the Complaint.

42. Defendants deny each and every allegation in paragraph 42 of the Complaint.

43. Defendants deny each and every allegation in paragraph 43 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Direct Copyright Infringement – Public Display

44. Defendants deny each and every allegation in paragraph 44 of the Complaint.

45. Defendants deny each and every allegation in paragraph 45 of the Complaint.

46. Defendants deny each and every allegation in paragraph 46 of the Complaint.

47. Defendants deny each and every allegation in paragraph 47 of the Complaint.

48. Defendants deny each and every allegation in paragraph 48 of the Complaint.

49. Defendants deny each and every allegation in paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Inducement Copyright Infringement

50. Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation in paragraph 51 of the Complaint.

52. Defendants deny each and every allegation in paragraph 52 of the Complaint.

53. Defendants deny each and every allegation in paragraph 53 of the Complaint.

54. Defendants deny each and every allegation in paragraph 54 of the Complaint.

55. Defendants deny each and every allegation in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation in paragraph 56 of the Complaint.

57.    Defendants deny each and every allegation in paragraph 57 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Contributory Copyright Infringement

58.    Defendants deny each and every allegation in paragraph 58 of the Complaint.

59.    Defendants deny each and every allegation in paragraph 59 of the Complaint.

60.    Defendants deny each and every allegation in paragraph 60 of the Complaint.

61.    Defendants deny each and every allegation in paragraph 61 of the Complaint.

62.    Defendants deny each and every allegation in paragraph 62 of the Complaint.

63.    Defendants deny each and every allegation in paragraph 63 of the Complaint.

64.    Defendants deny each and every allegation in paragraph 64 of the Complaint.

65.    Defendants deny each and every allegation in paragraph 65 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Vicarious Copyright Infringement

66.    Defendants deny each and every allegation in paragraph 66 of the Complaint.

67.    Defendants deny each and every allegation in paragraph 67 of the Complaint.

68.    Defendants deny each and every allegation in paragraph 68 of the Complaint.

69.    Defendants deny each and every allegation in paragraph 69 of the Complaint.

70.    Defendants deny each and every allegation in paragraph 70 of the Complaint.

71.    Defendants deny each and every allegation in paragraph 71 of the Complaint.

72.    Defendants deny each and every allegation in paragraph 72 of the Complaint.

73.    Defendants deny each and every allegation in paragraph 73 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Statutory Unfair Competition

74.    Defendants deny each and every allegation in paragraph 74 of the Complaint.

75.    Defendants deny each and every allegation in paragraph 75 of the Complaint.

76.    Defendants deny each and every allegation in paragraph 76 of the Complaint.

77.    Defendants deny each and every allegation in paragraph 77 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### Statutory Fraudulent Competition

78. Defendants deny each and every allegation in paragraph 78 of the Complaint.

79. Defendants deny each and every allegation in paragraph 79 of the Complaint.

80. Defendants deny each and every allegation in paragraph 80 of the Complaint.

81. Defendants deny each and every allegation in paragraph 81 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

### Common Law Unfair Competition

82. Defendants deny each and every allegation in paragraph 82 of the Complaint.

83. Defendants deny each and every allegation in paragraph 83 of the Complaint.

84. Defendants deny each and every allegation in paragraph 84 of the Complaint.

85. Defendants deny each and every allegation in paragraph 85 of the Complaint.

## NINTH, TENTH AND ELEVENTH CLAIMS FOR RELIEF

86. Ninth, Tenth and Eleventh Claims for Relief were dismissed in the Order dated December 19, 2007. Therefore, no response is necessary. Notwithstanding, Defendants deny each and every allegation in paragraphs 86-95 of the Complaint

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint and the purported causes of action alleged therein, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

As and for a First Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint and each and every claim for relief therein fails to state a claim upon which relief can be granted as against Defendants.

///

///

///

///

## SECOND AFFIRMATIVE DEFENSE

(Statute Of Limitations)

As and for a Second Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

As and for a Third Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff, by its actions and conduct, is barred from recovery against Defendants under the doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As and for a Fourth Affirmative Defense to the Complaint and each and every claim for relief therein, Defendants allege that Plaintiff is barred from any affirmative recovery by reason of its own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Uncertainty)

As and for a Fifth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint is vague, uncertain, ambiguous, and unintelligible.

## SIXTH AFFIRMATIVE DEFENSE

(Damages Not Ascertainable)

As and for a Sixth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred because the damages alleged, if any, are not ascertainable in their nature and origin.

///

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

(Copyright Misuse)

As and for a Seventh Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred by the doctrine of Copyright Misuse.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Copyright Protection)

As and for a Eighth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred because Plaintiff's light fixtures are not entitled to copyright protection.

**NINTH AFFIRMATIVE DEFENSE**

(No Copyright Infringement)

As and for a Ninth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred because there is no infringement of Plaintiff's light fixtures.

**TENTH AFFIRMATIVE DEFENSE**

(Damages Speculative)

As and for a Tenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred because the damages alleged, if any, are speculative in their nature and origin.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Preemption)

As and for a Eleventh Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred as being preempted by the Copyright Act.

///

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(No Recovery)

As and for a Twelfth Affirmative Defense to the Complaint and each and every claim for relief therein, Defendants allege that Plaintiff is not entitled to recover in the capacity sought.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

As and for a Thirteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants assert that Plaintiff are barred from any recovery against Defendants by reason of Plaintiff's failure to mitigate its damages.  Plaintiff has not been damaged.  However, to the extent Plaintiff proves otherwise, Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish his damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages, or damages should be dismissed based on Plaintiff's failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack Of Capacity To Sue)

As and for a Fourteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff lacks capacity to sue.  As such, Plaintiff is not entitled to bring this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Failure To Join Necessary And Indispensable Parties)

As and for a Fifteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that one or more of Plaintiff's claims for relief are barred by its failure to join one or more necessary and indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Lack Of Standing Or Status As Real Party In Interest)

As and for a Sixteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint, and each purported cause of action therein, is barred because Plaintiff is not the real party in interest and therefore lacks standing to sue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Necessary Parties Not Served)

As and for a Seventeenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that service of process has not been effected as to necessary parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Justification)

As and for a Eighteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that its conduct was fully justified and supported by good cause.

## NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

As and for a Nineteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claim for relief to recover for alleged fraud or any alleged intentional conduct is barred as to these Defendants insofar as the Defendants at all times acted in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

(Practice Not "Unfair")

As and for a Twentieth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claim for relief to recover under one or more causes of action is barred because Defendants' business practices were not "unfair."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Practice Not Likely To Mislead)

As and for a Twenty-First Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claim for relief to recover under one or more causes of action is barred because Defendants' business practices were not likely to mislead.

///

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Not Entitled To Punitive Damages)

As and for a Twenty-Second Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that each cause of action contained therein, fails to allege any facts or any legal theory sufficient to entitle Plaintiff to recover punitive damages in this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Personal Jurisdiction)

As and for a Twenty-Third Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claim for relief to recover under one or more causes of action is barred because there is no personal jurisdiction over Defendants.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Improper Venue)

As and for a Twenty-Fourth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claim for relief to recover under one or more causes of action is barred because venue is improper in this judicial district.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Constitutional Limitations)

As and for a Twenty-Fifth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent such damages violate the Constitution of the United States of America, the Constitution of the State of California and/or Defendants' due process rights.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Reservation Of Additional Affirmative Defenses)

As and for a Twenty-Sixth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Defendants' discovery and investigation in this matter is ongoing. Accordingly, Defendants expressly reserve the right to modify or supplement its

///

///

affirmative defenses as appropriate.  Defendants' assertion of any affirmative defense shall not be

construed as a concession as to whether or not it bears the burden of proof on any particular issue.

Dated: January 16, 2008                          **DUANE MORRIS LLP**

                                    By:   /s/ Michelle A. Hon
                                          Ray L. Wong
                                          Michelle Hon
                                          Attorneys for Defendants VENETIAN CASINO
                                          RESORT LLC; LAS VEGAS SANDS LLC, and LAS
                                          VEGAS SANDS CORP.