Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:  mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS VEGAS SANDS CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive,<br><br>Defendant.<br><hr>VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation,<br><br>Third-Party Defendant. | CASE NO.: C 07-3983 JSW<br><br><br><br>DEFENDANTS' THIRD PARTY COMPLAINT FOR INDEMNIFICATION AND DECLARATORY RELIEF |

DEFENDANTS' THIRD-PARTY COMPLAINT
1

C 07-3983 JSW

DM1\1271636.1

Defendants and Third-Party Plaintiffs, Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp. ("Venetian *et al.*" or "Third-Party Plaintiffs"), hereby submit the following Third-Party Complaint against Kirk Nix Associates, Inc. ("KNA") and hereby states as follows:

**THE PARTIES**

1. Third-Party Plaintiff, Venetian Casino Resort, LLC is a Nevada Limited Liability Company, with a principal place of business in Las Vegas Nevada.

2. Third-Party Plaintiff, Las Vegas Sands, LLC, is a Nevada Limited Liability Company, with a principal place of business in Las Vegas Nevada.

3. Third-Party Plaintiff, Las Vegas Sands Corp., is a Nevada Corporation, with a principal place of business in Las Vegas Nevada.

4. Venetian *et al.* are informed and believes KNA is necessary for proper adjudication of this matter.

5. Venetian *et al.* are informed and believe that KNA is a California corporation with a principal place of business at 8255 Beverly Boulevard, Suite 225, Los Angeles, CA 90048.

6. Venetian *et al.* are informed and believe, and based thereon allege KNA is responsible in some manner for the events alleged in the underlying Complaint for copyright infringement, filed by Jonathan Browning, Inc. ("Plaintiff") if, in fact, those allegations are proven true and/or are contractually obligated to indemnify Venetian *et al.* if, in fact, those allegations are proven true.

**JURISDICTION**

7. Venetian *et al.*'s Third-Party Complaint arises out of and relates to damages alleged by Plaintiff's pursuant to Federal Copyright Act of 1976 as amended, 17 U.S.C. § 101 *et seq*, and for which KNA may be liable.

8. Jurisdiction and venue have been found by this Court to be proper in this judicial district in its Order dated December 19, 2007.

## JOINDER OF PARTIES

9. Joinder of parties, not previously parties to this action, is proper pursuant to Federal Rules of Civil Procedure, Rule 14.

10. KNA is subject to service of process, does not destroy the Court's subject matter jurisdiction, and is a necessary and proper party to the claim for relief.

## FIRST CAUSE OF ACTION

### Indemnification

11. On February 1, 2006, Venetian *et al.* contracted with KNA to provide consulting services in connection with the Venetian Casino Resort upgrades and remodel ("Contract").

12. The Contract is valid, enforceable and in effect at all relevant times.

13. As part of the Contract, KNA agreed to indemnify Venetian Casino Resort LLC, its parents, and its affiliates from and against all damages, loss, expenses, liabilities, or costs, including reasonable attorneys' fees and defense costs ("Damages") to the extent such Damages are a proximate result of any act or omission of KNA under the agreement or caused by KNA's negligent or intentionally wrongful performance of services under the Agreement.

14. Plaintiff has brought the above captioned action against Venetian *et al.* alleging Copyright infringement and unfair competition associated with alleged use of Plaintiff's lighting fixtures in connection with the Venetian Casino Resort upgrades and remodel.

15. Venetian *et al.* denies all claims made by Plaintiff.

16. However, to the extent that it is determined that Plaintiff prevails in any of its claims against Venetian *et al.*, KNA is obligated to indemnify Venetian *et al.* for all Damages incurred by Venetian *et al.*

17. All conditions precedent to Venetian *et al.*'s entitlement to relief under the indemnity provision have been met or waived by KNA.

## SECOND CAUSE OF ACTION

### Declaratory Relief

18. Venetian *et al.* hereby repeats and realleges previous paragraphs hereof and incorporates those paragraphs by reference as though set forth fully herein.

19. On November 26, 2007, Venetian *et al.* notified KNA, through its counsel, of its demand for indemnification under the Contract.

20. KNA did not respond to the demand.

21. On December 21, 2007, Venetian *et al.* renewed its demand for indemnification under the Contract, but has still not received a response to the demand.

22. Neither KNA or its counsel has acknowledged KNA's obligation to indemnify Venetian *et al.* or agreed to honor such obligations under the Contract.

23. There exists a clear controversy between the parties and declaratory judgment is necessary to determine KNA's indemnification obligations under the Contract.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Third-Party Plaintiffs, Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp., respectfully requests that this Court:

1. Enter a declaratory judgment as to Venetians right to indemnification by the Third-Party Defendants;

2. To the extent that Plaintiff prevails in any of its claims against Venetian, order Third-Party Defendants to indemnify Venetian for all damages awarded to Plaintiff, including any attorney's fees, costs and interest, and all attorney fees and cost incurred by Venetian in defense of Plaintiff's claims;

3. Award Venetian such other and further relief as this Court deems just and proper.

Dated: January 30, 2008        **DUANE MORRIS LLP**

By: /s/ Michelle A. Hon
Ray L. Wong
Michelle Hon
Attorneys for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.