BINGHAM MCCUTCHEN LLP
TRENTON H. NORRIS (SBN 164781)
THOMAS S. HIXSON (SBN 193033)
MAZEN M. BASRAWI (SBN 235475)
ERICA BRAND PORTNOY (SBN 244923)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
Email: trent.norris@bingham.com
thomas.hixson@bingham.com
mazen.basrawi@bingham.com
erica.brand@bingham.com

DOLL AMIR & ELEY LLP
GREGORY L. DOLL (SBN 193205)
HUNTER R. ELEY (SBN 224321)
1888 Century Park East, Suite 1106
Los Angeles, CA 90067
Telephone: 310.557.9100
Facsimile: 310.557.9101
Email: gdoll@dollamir.com
heley@dollamir.com

Attorneys for Plaintiff
JONATHAN BROWNING, INC.

Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS VEGAS SANDS CORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JONATHAN BROWNING, INC.,

Plaintiff,

v.

VENETIAN CASINO RESORT, LLC, et al.,

Defendants.

Case No.: C 07-3983 JSW

**AMENDED JOINT CASE MANAGEMENT STATEMENT**

Date: February 8, 2007
Time: 1:30 p.m.
Place: Courtroom 2
Judge: Hon. Jeffrey S. White

VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP.,

Third-Party Plaintiffs,

KIRK NIX ASSOCIATES INC., D/B/A/ KNA INTERIOR DESIGNS, a California corporation,

Third-Party Defendant.

Pursuant to the Order Setting Initial Case Management Conference of August 10, 2007 and Order of December 12, 2007 rescheduling the Case Management Conference Plaintiff Jonathan Browning, Inc. ("Jonathan Browning") and Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp. (collectively "Defendants"), have conferred with respect to the subjects detailed in Federal Rules of Civil Procedure Rules 16(b) and 26(f), and the agenda items listed in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Cases Management Statements*. Accordingly, the parties submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

Jonathan Browning alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and 17 U.S.C. § 411(a). Defendants respectfully disagree; however, the Court's December 19, 2007 Order ruled that it has personal and subject matter jurisdiction and that venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b).

Defendants filed a Third-Party Complaint on January 30, 2008 against Kirk Nix Associates, Inc. seeking indemnification and declaratory relief. Defendants allege that if this Court has subject matter jurisdiction over this action, then it also has subject matter jurisdiction over the Third-Party Complaint pursuant to 28 U.S.C. §§ 1331. Kirk Nix Associates, Inc. has not yet appeared in this case.

All parties have been served.

**2. Facts**

**A. Plaintiff's Statement of the Facts**

Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures. In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada. Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept Jonathan Browning's bid.

Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price. The Venetian declined the bid, stating that the price was too high. The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces. The Venetian has installed in its guest rooms and corridors thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing. Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

**B. Defendant's Statement of the Facts**

Defendants' investigation is ongoing. Defendants reserve all rights to contest the facts set forth in the Complaint and restated herein.

Plaintiff apparently has filed two applications for copyright registration for the two lighting fixtures at issue in this case. Plaintiff's copyright applications were both denied by the U.S. Copyright Office. Therefore, there is a presumption that the Plaintiff's light fixtures are not entitled to copyright protection and cannot be infringed. Defendants' position is that, consistent with the decision of the U.S. Copyright Office, lighting fixtures are not entitled to copyright protection.

**3. Legal Issues**

**A Plaintiff's Statement of Issues:**

The primary legal issues in the case are: (a) the copyrightability of the sconce designs at issue in this case, (b) whether the Venetian unlawfully copied those designs, and (c) whether the Venetian's alleged conduct in the bid process gives rise to an unfair business practice claim.

Jonathan Browning does not intend this as a complete list of issues in the case, but rather as a summary of the primary issues for the Court's benefit in scheduling events for the case.

**B. Defendants' Statement of Issues:**

Given the early states of this litigation, Defendants cannot identify all of the issues presented by this case. Based upon the complaint, however, the following legal issues are currently at issue:

A. Whether or not the Plaintiff's light fixtures are entitled to protection under the Copyright Act.

B. Whether or not Venetian violated Plaintiff's alleged copyright by creating unauthorized copies of its lighting fixtures.

C. Whether or not Venetian violated Plaintiff's alleged copyright by publicly displaying any unauthorized copies of Plaintiff's lighting fixtures.

D. Whether or not Venetian violated Plaintiff's alleged copyright by inducing the infringement of a third party manufacturer in China.

E. Whether or not Venetian violated Plaintiff's alleged copyright by contributing to the infringement of a third party manufacturer in China.

F. Whether or not Venetian is vicariously liable for copyright infringement for alleged copying by a manufacturer in China.

G. Whether or not Venetian's alleged infringement was intentional and willful.

H. Whether or not Venetian violated common law unfair competition.

I. Whether or not Venetian violated California Business & Professions Code §§ 17200, *et seq*.

J. Whether and to what extent Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504.

K. Whether and to what extent Plaintiff is entitled to restitution and disgorgement damages.

L. Whether and to what extent Plaintiff is entitled to compensatory damages.

M. Whether and to what extent Plaintiff is entitled to punitive damages.

N. Whether and to what extent Plaintiff is entitled to pre- and post-judgment interest.

O. Whether and to what extent Plaintiff is entitled to injunctive relief.

P. Whether and to what extent Plaintiff is entitled to impounding and destruction of alleged copies pursuant to 17 U.S.C. § 503.

Q. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands Corp.[1]

R. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands LLC.

S. Whether or not this Court has personal jurisdiction over defendant Venetian Casino Resort LLC.

T. Whether the Northern California District Court is the proper venue.

U. Whether Plaintiff has stated a claim against Las Vegas Sands Corp. or Las Vegas Sands LLC.

V. Whether Plaintiff's state law claims for unfair competition are preempted by the Copyright Act.

W. Whether and to what extent Third-Party Defendant Kirk Nix Associates, Inc. is required to indemnify Defendants in the event that Plaintiff succeeds on any of its claims.

**4. Motions**

Both Plaintiff and Defendants presently anticipate filing a motion for summary judgment. The parties also expect that there will be motions in *limine* with regard to the exclusion of evidence at trial.

**5. Amendment of Pleadings**

Both Plaintiff and Defendants do not expect that claims or defenses will be added or dismissed.

**6. Evidence Preservation**

**A. Plaintiff's Statement**

Jonathan Browning has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed. Jonathan Browning served Venetian with a letter

---

[1] Defendants recognize that the Court has made a ruling regarding this issue in connection with a Motion to Dismiss. However, as this action continues, Defendants believe that issues regarding jurisdiction and venue remain either before this Court or a court of appeals.

regarding hard copy and electronic document retention on August 2, 2007.

**B. Defendants' Statement**

Defendants have taken reasonable steps to ensure that evidence reasonably relevant to this action is preserved.

**7. Disclosures**

The parties will timely make their initial disclosures in advance of the case management conference.

**8. Discovery**

The parties agree that the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. Proc. 30(a)(2)(A)) shall apply, unless good cause later comes to exist for the Court to modify those limits. The parties agree that electronic documents will be exchanged in a reasonably useable format. The parties propose that the electronic documents be exchanged primarily in PDF or TIFF format. The parties agree to meet and confer to determine whether search terms will be used for electronic discovery.

Jonathan Browning has served requests for the production of documents on Defendants and has served a subpoena for the production of documents on Defendant's former employee, Aileen Pauco. Defendants' responses to the requests for production are due in March.

**9. Class Action**

This case is not a class action.

**10. Related Cases**

The parties know of no related proceedings.

**11. Relief**

Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the impounding and destruction or other reasonable disposition of all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual damages pursuant to 17 U.S.C. § 504, including lost profits, plus Defendants' profits from infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive

damages; pre- and post-judgment interest according to law; and such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

The parties agree to private mediation before JAMS or another private mediation service agreeable to the parties. The parties are currently in discussions regarding the timing of such mediation.

Jonathan Browning recommends that the Court refer the parties to mediation now. The Court's December 19, 2007 order rejected Defendants' legal challenges to jurisdiction and venue, making clear that this case will proceed here. Discovery has commenced. Now is an appropriate time for the parties to see if settlement is possible.

**13. Consent to Magistrate Judge for All Purposes**

The parties have declined to proceed before a Magistrate Judge for all purposes.

**14. Other References**

The parties do not presently believe that the case is suitable for binding arbitration or special master.

**15. Narrowing of Issues**

The parties are unable to narrow any issues by agreement at this time. The parties anticipate that the issues may be narrowed through Motions for Summary Judgment.

**16. Expedited Schedule**

The parties agree that this case does not require an expedited schedule.

**17. Scheduling**

**A. Plaintiff's Proposal**

Plaintiff Jonathan Browning proposes the following schedule for future proceedings in the main action by Plaintiff against Defendants:

| | |
|---|---|
| Trial: | July 21, 2008 |
| Pre-Trial Conference: | July 7, 2008 |
| Last day for hearing dispositive motions: | June 12, 2008 |
| Completion of Expert Discovery: | June 5, 2008 |

| | |
|---|---|
| Rebuttal Expert Disclosure: | May 2, 2008 |
| Discovery Cutoff (non-expert): | April 18 , 2008 |
| Expert Witness Disclosure: | April 18, 2008 |

This case is relatively straightforward and is unlikely to involve large numbers of witnesses or documents. Accordingly, the schedule proposed above is appropriate to allow the necessary discovery to occur and then provide for the prompt adjudication of this case.

Defendants' proposed schedule is unduly lengthy. The parties do not need a year and a half to conduct fact discovery; there are simply not that many witnesses or documents involved. Nor will this case involve discovery in China, as Defendants incorrectly suggest. According to the United States Department of State, "[t]aking evidence in China for use in foreign courts is problematic. China does not recognize the right of persons to take depositions, and any effort to do so could result in the detention and/or arrest of U.S. citizen participants." *See* http://travel.state.gov/law/info/judicial/judicial_694.html?css=print. Jonathan Browning's proposed schedule is more appropriate than Defendants' for this relatively straightforward case. Jonathan Browning recommends that a separate schedule be established for the Defendants' third party complaint against KNA. The third party complaint is a contractual indemnity dispute that is unrelated to the primary action for copyright infringement and unfair competition.

**B. Defendants' Proposal**

Defendants propose the following schedule for future proceedings:

| | |
|---|---|
| Trial: | September 18, 2009 |
| Pre-Trial Conference: | September 4, 2009 |
| Last day for hearing dispositive motions: | August 14, 2009 |
| Completion of Expert Discovery: | July 31, 2009 |
| Rebuttal Expert Disclosure: | July 3, 2009 |
| Discovery Cutoff (non-expert): | June 19, 2009 |
| Expert Witness Disclosure: | June 19, 2009 |

Defendants believe the schedule proposed by plaintiff is overly ambitious and unrealistic. Defendants believe that extended discovery deadlines will be required based on the issues involved

with procuring evidence, Plaintiff's overly broad liability and damage theories, the addition of a Third-Party Defendant, and testimony of many witnesses apparently located in different places including apparently China.

While Plaintiff states that there will be no discovery in China, there is no stipulation or order in place to limit such discovery. Until such a stipulation or order is in place, Defendants must assume that this is still a possibility. Additionally, other than the owners of Jonathan Browning, Inc., Mr. Browning and Mr. Heithus, none of the witnesses reside in San Francisco. A majority of the witness reside in Nevada. Several witnesses reside in the Los Angeles area. Thus, counsel for both parties will be required to travel for almost every deposition in this case. The additional travel considerations add further obstacles to the already difficult task of coordinate schedules amongst the attorneys and the deponent.

Defendants believe that the Complaint and Third-Party Complaint should be tried at the same time. The Third-Party Defendant, Kirk Nix Associates, Inc. is a necessary party and its obligation to indemnify is directly related its actions and obligations relating to the Venetian remodeling project, which in turn, also appears to be basis for Plaintiff's complaint. Furthermore, Kirk Nix Associates, Inc. will likely wish to participate in discovery. Having separate discovery schedules, as plaintiff seems to suggest, would invite duplication and redundancy and is not an efficient use of judicial resources.

**18. Trial**

Jonathan Browning has demanded a jury trial. The parties currently anticipate the trial may last 5-7 days, although Defendants reserve the right to modify this estimate based upon the claims and plaintiff damage theories that are allowed to proceed, if any.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have filed disclosures according to Civil L.R. 3-16 (Docket Nos. 7 and 15).

Dated: February 1, 2008

**DUANE MORRIS LLP**

By: /s/ Michelle Hon
Ray L. Wong
Michelle Hon
Attorneys for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.

Dated: February 1, 2008

**BINGHAM MCCUTCHEN LLP**

By: /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiff Jonathan Browning, Inc.

Dated: February 1, 2008

**DOLL AMIR & ELEY LLP**

By: /s/ Gregory L. Doll
Gregory L. Doll
Hunter R. Eley
Attorneys for Plaintiff Jonathan Browning, Inc.