**Johnathan E. Mansfield (SBN 214848)**
Schwabe, Williamson & Wyatt
Pacwest Center
1211 SW 5th Avenue, Suite 1900
Portland, Oregon  97204
Telephone:     (503) 222-9981
Facsimile:     (503) 796-2900
Email: jmansfield@schwabe.com

Attorneys for Third-Party Defendant
KIRK NIX ASSOCIATES INC. D/B/A
KNA INTERIOR DESIGNS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | CASE NO.     C 07-3983 JSW |
| Plaintiff, | Hearing Set: June 13, 2008 at 9:00 a.m._____ |
| v. | |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive, | THIRD PARTY DEFENDANT KNA INTERIOR DESIGNS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION |
| Defendants. | |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., | |
| Third-Party Plaintiffs, | |
| v. | |
| KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation, | |
| Third-Party Defendant. | |

## I.    HEARING

This motion is scheduled to be heard before the Hon. Jeffrey S. White on June 13, 2008, at 9:00

a.m.

**II.     MOTION**

Third party defendant Kirk Nix Associates Inc. d/b/a KNA Interior Designs ("KNA") respectfully moves this Court under Fed. R. Civ. Proc. 12(b)(1) and (6) for an order to stay or dismiss and compel arbitration of third party plaintiffs' claims against KNA because this Court lacks subject matter jurisdiction over the asserted claims. The parties have conferred in good faith on the substance of this motion but were unable to resolve the issues. KNA relies on the following Points and Authorities and the Declaration of Johnathan E. Mansfield, and its attached exhibits, in support of this Motion.

**III.     POINTS AND AUTHORITIES**

**A.     Factual Background**

**1.     The Parties**

KNA is a corporation based in Los Angeles, California that offers interior design consulting services. Venetian Casino Resort, LLC ("Venetian") is a limited liability company based in Las Vegas, Nevada that operates the Venetian Resort Hotel Casino ("Hotel"). On information and belief, Las Vegas Sands, LLC is the managing member of Venetian Casino Resort, LLC, and is wholly owned by Las Vegas Sands Corporation, both of which have their principal place of business in Las Vegas, Nevada.

**2.     The Allegations**

In a third party complaint filed on or about January 30, 2008, Venetian and Las Vegas Sands, LLC and Las Vegas Sands Corporation ("third party plaintiffs") allege that they contracted with KNA for interior design consulting services in connection with a planned upgrade and remodel of the Hotel (the "Contract"), and that KNA agreed to indemnify them for any damages suffered caused by KNA's performance of its services. According to the third party plaintiffs, KNA must indemnify them for any damages incurred in the underlying lawsuit between plaintiff, Jonathan Browning Inc. and the third party Plaintiffs for infringement of Jonathan Browning Inc.'s rights under the Copyright Act and state law claims (collectively "Underlying Claims"). The Underlying Claims arise out of the third party Plaintiffs' alleged copying and/or inducement to copy and display Jonathan Browning Inc.'s allegedly copyrighted lighting fixture designs.

1       Third party plaintiffs also allege that they sent KNA a letter demanding indemnification to

2   which KNA did not respond.  Accordingly, third party plaintiffs assert a claim for declaratory

3   relief in which this Court will determine "KNA's indemnification obligations."

4          **3.      Third party Plaintiffs and KNA Agreed to Arbitrate This Dispute.**

5       The Contract containing the indemnity provision also contains the parties' agreement to

6   arbitrate ("Arbitration Provision") any and all claims.  Specifically the Contract states:

7              * * *[Venetian] and [KNA] agree that legal proceedings arising out
    of **any claims made pursuant to this Agreement** will be arbitrated

8              in Las Vegas, Nevada in accordance with the arbitration terms and
    conditions set forth in subsection (d) below.

9
               (d) Any controversy or claim **arising out of or relating to this
10  Agreement** or the breach of this Agreement shall be settled by
    arbitration administered by the American Arbitration Association

11             under its Dispute Resolution Rules applicable to the subject of this
    Agreement and judgment on the award rendered by the arbitrators

12             may be entered in any court of competent jurisdiction.

13  Declaration of Johnathan E. Mansfield ("Mansfield Decl.") at Exhibit A, p. 15 (emphasis added).

14  The Arbitration Provision also provides that the arbitration is the parties' exclusive remedy and

15  the parties "expressly waive[] the right to pursue redress in any other forum."  *Id*.

16      **B.    The Court Should Stay or Dismiss This Lawsuit Pursuant to the Parties'
    Agreement to Arbitrate.**

17
           **1.      The Court Must Enforce Arbitration Agreements Pursuant to Their
18  Terms.**

19      Congress enacted the Federal Arbitration Act ("FAA") to reverse the long-standing judicial

20  hostility to arbitration agreements "and to place arbitration agreements upon the same footing as

21  other contracts."[1]  Thus, the FAA promotes a "liberal federal policy favoring arbitration

22  agreements," and "questions of arbitrability must be addressed with a healthy regard for the

23  federal policy favoring arbitration."[2]

24      Under the FAA, arbitration agreements are presumed to be valid and enforceable.[3]  The

25  Supreme Court has held that the FAA "leaves no place for the exercise of discretion by a district

26

27      [1] Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991).

        [2] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
28
        [3] *Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors*

KNA INTERIOR DESIGNS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION

PDX/116887/156176/CCD/2322544.1

court, but instead mandates that district courts shall direct the parties to proceed to arbitration."[4]
Accordingly, arbitration agreements falling within the scope of the FAA "must be 'rigorously
enforce[d].'"[5]  The FAA preempts any state law "to the extent that it stands as an obstacle to the
accomplishment and execution of the full purposes and objectives of Congress."[6]

Under the FAA, a district court must stay or dismiss and compel arbitration where: (1) a
valid agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that
agreement.[7]  In this case, there is a clear agreement to arbitrate that covers the claims at issue in
this case, and therefore the Court should order the parties to arbitration.

### 2.    The Court Determines Only the Existence and Applicability of the Parties' Arbitration Agreement.

The parties' Contract provides that Nevada law applies to the parties' dispute.[8]  Under
Nevada law, the court only decides "whether an agreement to arbitrate exists or a controversy is
subject to an agreement to arbitrate."[9]  Thus, this Court has subject matter jurisdiction over these
third party claims only to the extent that any party challenges the *existence* of the arbitration
agreement or whether the pending claims are *subject to* it.  Furthermore, unless the Court orders
otherwise, an arbitration may proceed while final resolution of these issues is pending.[10]

It is the arbitrator who decides "whether a condition precedent to arbitrability has been
fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable."[11]
Therefore, the Court lacks subject matter jurisdiction to decide any challenge to the *enforceability*
of the parties' contractual arbitration agreement.  Once the Court has determined an arbitration
agreement exists and that the parties' controversy is subject to the agreement, it should dismiss the

---

*Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-27 (1985).

[4] *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis added).

[5] *Perry v. Thomas*, 482 U.S. 483, 490-91 (1987) (citations omitted).

[6] *Volt Info. Scis., Inc. v. Board of Trustees*, 489 U.S. 468, 477 (1989).

[7] *See, e.g.*, *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[8] Mansfield Decl. at Ex. A, p. 15.

[9] Nev. Rev. Stat. Ann. § 38.219(2).

[10] Nev. Rev. Stat. Ann. § 38.219(4).

[11] Nev. Rev. Stat. Ann. § 38.219(3).

1   claims pending before it in favor of arbitration.  Consequently, a stay of this third party action

2   pending this Court's determination of the existence and/or applicability of the arbitration

3   agreement to the third party Claims is appropriate.

4                 **3.**       **An Agreement to Arbitrate Clearly Exists.**

5       There is no question that these parties have agreed to arbitrate any disputes "arising out of

6   or relating to" their Contract.  (Mansfield Decl. at Ex. A, p. 15, ¶11(d)(i)).  The Contract is

7   currently being performed by both parties.  Thus, third party plaintiffs have no basis for denying

8   the existence of the arbitration agreement.

9                 **4.**       **The Arbitration Agreement Encompasses the Third Party Claims**

10       The party resisting arbitration bears the burden of showing that the arbitration provision

11   does not encompass the claims at issue.[12]  "[A]ny doubts concerning the scope of arbitrable issues

12   should be resolved in favor of arbitration."[13]

13       The Arbitration Provision at issue here is extremely broad.  It provides that all claims

14   *arising out of or relating to* the Contract must be arbitrated and provides that arbitration is the

15   parties' exclusive remedy.  (Mansfield Decl. at Ex. A, p.15, ¶11(d)(i)(emphasis added).  The

16   parties also expressly waived any right to pursue remedies in a non-arbitral forum.  *Id.* at

17   ¶11(d)(iii)  Indeed it was third party plaintiff, Venetian, who drafted the Arbitration Provision, and

18   it was Venetian who drafted the statement that "[KNA] understands and agrees that it is waiving

19   its right to a jury trial, ***or a trial before a judge in public court***."  *Id.* at ¶11(d)(vi)(emphasis

20   added).  Having drafted that acknowledgement, third party plaintiffs cannot deny that they also

21   understood and agreed that these rights were voluntarily waived.

22

23

24

25

---

26       [12] *Green Tree Fin. Corporation - Alabama v. Randolph*, 531 U.S. 79, 92 (2000).

27       [13] *Moses H. Cone*, 460 U.S. at 24-25.  "In reviewing arbitration agreements, the issue of '[w]hether a dispute is arbitrable is essentially a question of construction of a contract.'" *Kindred v. Second Judicial District Court*, 996 P.2d 903, 907 (Nev. 2000) (quoting *Clark Co. Public*

28   *Employees v. Pearson*, 798 P.2d 136, 137 (Nev. 1990))

KNA INTERIOR DESIGNS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2322544.1

**5.    If this Court Does Not Immediately Dismiss In Favor Of Arbitration, A Stay of These Proceedings Pending Resolution of the Question of Arbitrability is Appropriate.**

Unless the Court orders otherwise, an arbitration may proceed while final resolution of these issues is pending.[14]  If the Court does not immediately resolve arbitrability questions and dismiss this third party action, an order staying any further proceedings on these third party claims, including any discovery, is appropriate.[15]

Dated this 7th day of April, 2008.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By:  /s/ Johnathan E. Mansfield
    Johnathan E. Mansfield
    Attorneys for Third-Party Defendant, KIRK NIX ASSOCIATES INC., D/B/A KNA INTERIOR DESIGNS

---

[14] Nev. Rev. Stat. Ann. § 38.219(4).

[15] *See*, *e.g.*, *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Case No. C 07-3983 JSW
KNA INTERIOR DESIGNS' MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2322544.1