1  Ray L. Wong (SBN 84193)
   **DUANE MORRIS LLP**
2  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
3  Telephone:  415.957.3000
   Facsimile:  415.957-3001
4  E-Mail:  rlwong@duanemorris.com

5  Michelle Hon (SBN 234492)
   **DUANE MORRIS LLP**
6  101 West Broadway, Suite 900
   San Diego, CA 92101
7  Telephone: 619.744.2200
   Facsimile: 619.744.2201
8  E-Mail:   mhon@duanemorris.com

9  Attorneys for Defendants VENETIAN CASINO
   RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
10 VEGAS SANDS CORP.

11

12              **IN THE UNITED STATES DISTRICT COURT**

13           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14
   **JONATHAN BROWNING, INC.,**          | **CASE NO.: C 07-3983 JSW**
15
                **Plaintiff,**
16
           v.
17
   **VENETIAN CASINO RESORT, LLC, LAS**
18 **VEGAS SANDS, LLC, LAS VEGAS SANDS**   | **DEFENDANTS' AMENDED THIRD**
   **CORP., and DOES 1 through 100, inclusive,** | **PARTY COMPLAINT FOR**
19                                          | **INDEMNIFICATION, BREACH OF**
                **Defendant.**             | **CONTRACT, AND DECLARATORY**
20                                          | **RELIEF**
   **VENETIAN CASINO RESORT, LLC, LAS**
21 **VEGAS SANDS, LLC, LAS VEGAS SANDS**
   **CORP.,**
22
                **Third-Party Plaintiffs,**
23
           v.
24
   **KIRK NIX ASSOCIATES INC. D/B/A KNA**
25 **INTERIOR DESIGNS, a California**
   **corporation,**
26
                **Third-Party Defendant.**
27

28
                                                              C 07-3983 JSW
   DM1\1320314.2

Defendants and Third-Party Plaintiffs, Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp. ("Venetian *et al.*" or "Third-Party Plaintiffs"), hereby submit the following Amended Third-Party Complaint against Kirk Nix Associates, Inc. ("KNA") and hereby states as follows:

## THE PARTIES

1.      Third-Party Plaintiff, Venetian Casino Resort, LLC is a Nevada Limited Liability Company, with a principal place of business in Las Vegas Nevada.

2.      Third-Party Plaintiff, Las Vegas Sands, LLC, is a Nevada Limited Liability Company, with a principal place of business in Las Vegas Nevada.

3.      Third-Party Plaintiff, Las Vegas Sands Corp., is a Nevada Corporation, with a principal place of business in Las Vegas Nevada.

4.      Venetian *et al.* are informed and believes KNA is necessary for proper adjudication of this matter.

5.      Venetian *et al.* are informed and believe that KNA is a California corporation with a principal place of business at 8255 Beverly Boulevard, Suite 225, Los Angeles, CA 90048.

6.      Venetian *et al.* are informed and believe, and based thereon allege KNA is responsible in some manner for the events alleged in the underlying Complaint for copyright infringement, filed by Jonathan Browning, Inc. ("Plaintiff") if, in fact, those allegations are proven true and/or are contractually obligated to indemnify Venetian *et al.* if, in fact, those allegations are proven true.

## JURISDICTION

7.      Venetian *et al.*'s Third-Party Complaint arises out of and relates to damages alleged by Plaintiff pursuant to Federal Copyright Act of 1976 as amended, 17 U.S.C. § 101 *et seq*, and for which KNA may be liable.

8.      Jurisdiction and venue have been found by this Court to be proper in this judicial district in its Order dated December 19, 2007.

**JOINDER OF PARTIES**

9.    Joinder of parties, not previously parties to this action, is proper pursuant to Federal Rules of Civil Procedure, Rule 14.

10.    KNA is subject to service of process, does not destroy the Court's subject matter jurisdiction, and is a necessary and proper party to the claim for relief.

**FIRST CAUSE OF ACTION**

**Contractual Indemnification**

11.    Venetian *et al.* hereby repeats and realleges previous paragraphs hereof and incorporates those paragraphs by reference as though set forth fully herein.

12.    On or about February 1, 2006, Venetian *et al.* contracted with KNA to provide consulting services in connection with the Venetian Casino Resort upgrades and remodel ("Contract").

13.    The Contract is valid, enforceable and in effect at all relevant times.

14.    As part of the Contract, KNA agreed to indemnify Venetian Casino Resort LLC, its parents, and its affiliates from and against all damages, loss, expenses, liabilities, or costs, including reasonable attorneys' fees and defense costs ("Damages") to the extent such Damages are a proximate result of any act or omission of KNA under the Contract or caused by KNA's negligent or intentionally wrongful performance of services under the Contract.

15.    On or about August 2, 2007, Plaintiff filed a Complaint ("Complaint") against Venetian *et al.* seeking damages for copyright infringement and unfair competition alleging copyright infringement based on the unauthorized manufacturing and/or public display of light fixtures in connection with the Venetian Casino Resort upgrades and remodel.

16.    Venetian *et al.* denies all claims made by Plaintiff.

17.    However, to the extent that it is determined that Plaintiff prevails in any of its claims against Venetian *et al.*, KNA is obligated to indemnify Venetian *et al.* for all Damages incurred by Venetian *et al.*

18.    All conditions precedent to Venetian *et al.*'s entitlement to relief under the indemnity provision have been met or waived by KNA.

DEFENDANTS' AMENDED THIRD-PARTY COMPLAINT

3

C 07-3983 JSW

## SECOND CAUSE OF ACTION

### Equitable Indemnification

19.     Venetian *et al*. hereby repeats and realleges previous paragraphs hereof and incorporates those paragraphs by reference as though set forth fully herein.

20.     If Plaintiff sustained damages as alleged in the Complaint, these damages were caused, entirely or in part, by KNA as set forth herein.

21.     Venetian *et al*. are informed and believe that, KNA, though its employees and/or agents Kirk Nix and Densil Martin, designed and/or oversaw the production of the light fixtures that were installed at the Venetian.

22.     Venetian *et al*. are informed and believe that, KNA, through its employees and/or agents Kirk Nix and Densil Martin, was in direct contact with the manufacturer in China, Diamond Life and supervised the design and manufacturing of the light fixtures at issue.

23.     Venetian *et al*. are informed and believe that Densil Martin created shop drawings for the light fixtures at issue; provided shop drawings directly with Diamond life, traveled to China to meet with Diamond Life, toured the Diamond Life factory and approved the final shop drawings used to produced the light fixtures installed at the Venetian.

24.     Venetian *et al*. are informed and believe that KNA and its employees and agents have extensive experience in the interior design and lighting design industry and possess knowledge regarding any copyrights that allegedly may or may not exist in light fixtures.

25.     If any actions taken by Venetian *et al*. with respect to any alleged copyrights owned by Plaintiff constituted copyright infringement, (which Third-Party Plaintiffs deny), the actions were not willful.  Further, KNA, with knowledge of the alleged infringing acts, induced, caused or materially contributed to such allegedly infringing acts.

26.     As a proximate result of KNA's wrongful actions and/or omissions in causing Diamond Life to manufacture and Venetian to publicly display the light fixtures at issue, Venetian *et al*. have suffered Damages for which they are entitled to be equitably indemnified by KNA.

27.     As a proximate result of KNA's wrongful actions and/or omissions Venetian *et al*. suffered and continues to suffer general and special Damages, in the form of necessary and

reasonable attorneys' fees and legal costs in prosecuting this Amended Third-Party Complaint against KNA and defending itself against the claims of Plaintiff, for which it is entitled to be equitably indemnified by KNA.

28.    In the event that Venetian *et al.* are found in some manner responsible to Plaintiff as a result of the occurrences described herein and in the Complaint, equity, justice and good conscience demand that Venetian *et al.* be entitled to complete or partial indemnity from KNA.

29.    If Venetian *et al.* is held liable to, or must pay any judgment rendered in favor of, Plaintiff, and to the extent that Venetian *et al.* has incurred or continues to incur any expenses in its defense of the Complaint or enter into a settlement with any party to this action, then it is equitably entitled to be totally or partially indemnified by KNA for any and all amounts expended by reason of such judgment, expense of suit, or settlement.

### THIRD CAUSE OF ACTION

### Breach of Contract

30.    Venetian *et al.* hereby repeats and realleges previous paragraphs hereof and incorporates those paragraphs by reference as though set forth fully herein.

31.    KNA has materially breached its obligation under the Contract by, inter alia, (a) failing to obtain an umbrella insurance policy; (2) failing to list Venetian *et al.* as additional insureds on its insurance policies; and (c) failing to agree to defend and indemnify Venetain *et al.* against claims in the Complaint.

32.    In addition to the agreement to indemnify,  KNA agreed to obtain and maintain insurance coverage to cover the activities performed under the Agreement, including but not limited to (a) Commercial General Liability with a single limit of one million dollars per occurrence and an aggregate limit of two million dollars and (b) Umbrella Liability of two million dollars.

33.    On information and belief, KNA has not obtained an umbrella policy to cover the activities KNA was required to perform under the Contract.

34.    Thus, KNA has materially breached the Contract by failing to obtain an umbrella policy, and apparently by failing to name Venetian *et al.* as additional insureds on its insurance policies.

35.    On or about November 26, 2007, Venetian *et al.* notified KNA, through its counsel, of its demand for indemnification under the Contract.

36.    KNA did not respond to this demand.

37.    On or about December 21, 2007, Venetian *et al.* renewed its demand for indemnification under the Contract.

38.    On or about January 18, 2008, Venetian *et al.* wrote KNA again enclosing a draft Third-Party Complaint and requesting acknowledgement from KNA or its insurer that KNA and/or its insurer would defend and indemnify Venetian *et al.*

39.    Although not acknowledging its obligation to indemnify Venetian *et al.*, KNA submitted a claim to its insurer seeking coverage for claims against Venetian *et al.* as an additional insured.

40.    In a letter dated, March 11, 2008, KNA's insurer advised counsel for Venetian *et al.* that Venetian *et al.* was not named as an insured on the KNA policy.

41.    Thus, KNA materially breached the Contract by failing to ensure that Venetian *et al.* was named as an additional insured under the KNA insurance policies and failing to name Venetian *et al.* as additional insureds on its insurance policies.

42.    Neither KNA or its counsel has acknowledged KNA's obligation to indemnify Venetian *et al.* or agreed to honor such obligations under the Contract.

43.    Thus, KNA has materially breach the Contract by not agreeing to indemnity Venetian *et al.*

44.    As a proximate result of KNA's material breaches of the Contract Venetian *et al.* has suffered and continues to suffer general and special Damages, in the form of necessary and reasonable attorneys' fees and legal costs in prosecuting this current action against KNA and defending itself against the claims of Plaintiff.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

45.    Venetian *et al.* hereby repeats and realleges previous paragraphs hereof and incorporates those paragraphs by reference as though set forth fully herein.

46.     While the Venetian *et al.* maintain that Plaintiff's Complaint have no merit, they also assert that the claims in the Complaint arise out of KNA's negligent or willful acts or omissions in connection with the services performed under the Contract and has repeatedly demanded indemnification by KNA pursuant to the Contract.

47.     Neither KNA or its counsel has acknowledged KNA's obligation to indemnify Venetian *et al.* or agreed to honor such obligations under the Contract.

48.     There exists a clear controversy between the parties and declaratory judgment is necessary to determine KNA's indemnification obligations under the Contract.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Third-Party Plaintiffs, Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp., respectfully requests that this Court:

1.     Enter a declaratory judgment as to Venetian *et al.*'s right to indemnification by the Third-Party Defendants;

2.     To the extent that Plaintiff prevails in any of its claims against Venetian *et al.*, order Third-Party Defendants to indemnify Venetian *et al.* fully for all damages awarded to Plaintiff, including, without limitation, any attorney's fees, costs and interest, and all attorney fees and cost incurred by Venetian in defense of Plaintiff's claims;

3.     Order KNA to pay damages to Venetian *et al.* in amounts to be determined at trial, including but not limited to general and special Damages in the form of necessary and reasonable attorneys' fees and legal costs in prosecuting this Amended Third-Party Complaint against KNA and defending itself against the claims of Jonathan Browning, Inc.

4.     Award Venetian *et al.* such other and further relief as this Court deems just and proper.

Dated: April ___, 2008                    **DUANE MORRIS** LLP

                                   By:    / S /  *RAY  WONG*
                                          Ray L. Wong
                                          Michelle Hon
                                          Attorneys for Defendants VENETIAN CASINO
                                          RESORT LLC; LAS VEGAS SANDS LLC, and LAS
                                          VEGAS SANDS CORP.

DEFENDANTS' AMENDED THIRD-PARTY COMPLAINT

C 07-3983 JSW

DM1\1320314.2

7