**Johnathan E. Mansfield (SBN 214848)**
Schwabe, Williamson & Wyatt
Pacwest Center
1211 SW 5th Avenue, Suite 1900
Portland, Oregon  97204
Telephone:   (503) 222-9981
Facsimile:   (503) 796-2900
Email: jmansfield@schwabe.com

Attorneys for Third-Party Defendant
KIRK NIX ASSOCIATES INC. D/B/A
KNA INTERIOR DESIGNS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | CASE NO.   C 07-3983 JSW |
| Plaintiff, | Hearing Set: June 13, 2008 at 9:00 a.m. |
| v. | |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive, | THIRD PARTY DEFENDANT KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION |
| Defendants. | |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., | |
| Third-Party Plaintiffs, | |
| v. | |
| KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation, | |
| Third-Party Defendant. | |

KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2553655.1

I.    **HEARING**

This motion is scheduled to be heard before the Hon. Jeffrey S. White on June 13, 2008, at 9:00 a.m.

II.    **MOTION**

Third-Party Defendant Kirk Nix Associates Inc. d/b/a KNA Interior Designs ("KNA") respectfully moves this Court under Fed. R. Civ. Proc. 12(b)(1) and (6) for an order to stay or dismiss and compel arbitration of third party plaintiffs' claims against KNA because this Court lacks subject matter jurisdiction over the asserted claims. The parties have conferred in good faith on the substance of this motion but were unable to resolve the issues. KNA relies on the following Points and Authorities and the Declaration of Johnathan E. Mansfield, and its attached exhibits, in support of this Motion.

III.    **POINTS AND AUTHORITIES**

A.    <u>**Factual Background**</u>

1.    **The Parties**

KNA is a corporation based in Los Angeles, California that offers interior design consulting services. Venetian Casino Resort, LLC ("Venetian") is a limited liability company based in Las Vegas, Nevada that operates the Venetian Resort Hotel Casino ("Hotel"). On information and belief, Las Vegas Sands, LLC is the managing member of Venetian Casino Resort, LLC, and is wholly owned by Las Vegas Sands Corporation, both of which have their principal place of business in Las Vegas, Nevada. Plaintiff in the underlying action, Jonathan Browning, is a designer and seller of products that allegedly include wall-mounted lighting sconces.

2.    **The Allegations**

In their Amended Third Party Complaint filed in April 2008, Venetian and Las Vegas Sands, LLC and Las Vegas Sands Corporation ("Third-Party Plaintiffs") allege they contracted with KNA for interior design consulting services in connection with a planned upgrade and remodel of the Hotel (the "Contract"), and that KNA agreed to indemnify Third-Party Plaintiffs for any damages caused by "any act or omission of [KNA] under this

1  [Contract]" or "the negligent or intentionally wrongful performance" of its professional

2  services under the Contract.  According to the Third-Party Plaintiffs, KNA must indemnify

3  them for any damages allegedly incurred by plaintiff Jonathan Browning, Inc in the

4  underlying lawsuit against Third-Party Plaintiffs for alleged infringement of Jonathan

5  Browning Inc.'s rights under the Copyright Act, and various state law torts (collectively

6  "Underlying Claims"). The Underlying Claims arise out of Third-Party Plaintiffs' alleged

7  copying and/or inducement to copy and display Jonathan Browning Inc.'s lighting fixture

8  designs, which Jonathan Browning claims are protected by copyright and other law.

9        Third-Party Plaintiffs' Amended Complaint asserts causes of action against KNA

10  for contractual indemnity, equitable indemnity and breach of contract.  Third-Party

11  Plaintiffs also allege their demands to KNA for indemnification have been ignored by

12  KNA.  Accordingly, Third-Party Plaintiffs have made a claim for declaratory relief, asking

13  this Court to determine "KNA's indemnification obligations."

14                    **3.    Third Party Plaintiffs and KNA Agreed to Arbitrate This Dispute.**

15

16        The Contract containing the indemnity provision upon which Third-Party Plaintiff's

17  First Cause of Action for Contractual Indemnification is based, also contains the parties'

18  agreement to arbitrate ("Arbitration Provision") any and all claims made pursuant to or

19  arising out of or relating to the Contract.  Specifically the Contract states:

20              * * *[Venetian] and [KNA] agree that legal proceedings arising out of **any claims made pursuant to this Agreement** will be arbitrated in Las Vegas, Nevada in accordance with the arbitration terms and conditions set forth in subsection (d) below.

21

22

23              (d) Any controversy or claim **arising out of or relating to this Agreement** or the breach of this Agreement shall be settled by arbitration administered by the American Arbitration Association under its Dispute Resolution Rules applicable to the subject of this Agreement and judgment on the award rendered by the arbitrators may be entered in any court of competent jurisdiction.

24

25

26

27  Declaration of Johnathan E. Mansfield ("Mansfield Decl.") at Exhibit A, p. 15 (emphasis

28  added).  The term "Agreement" used in this provision is synonymous with "Contract" as

-3-

1  that term is defined both in this Motion and in Third Party Plaintiff's Amended Third Party

2  Complaint.[1]

3       The Arbitration Provision also provides that arbitration is the parties' exclusive

4  remedy.  Furthermore, the parties "expressly waive[] the right to pursue redress in any

5  other forum." *Id.*

6  **B.  The Court Should Dismiss the Amended Third Party Complaint**
   **Pursuant to the Parties' Agreement to Arbitrate.**

7      **1.  The Court Must Enforce Arbitration Agreements Pursuant to**
   **Their Terms.**

8

9       Congress enacted the Federal Arbitration Act ("FAA") to reverse the long-standing

10 judicial hostility to arbitration agreements "and to place arbitration agreements upon the

11 same footing as other contracts."[2]  Thus, the FAA promotes a "liberal federal policy

12 favoring arbitration agreements," and "questions of arbitrability must be addressed with a

13 healthy regard for the federal policy favoring arbitration."[3]

14      Under the FAA, arbitration agreements are presumed to be valid and enforceable.[4]

15 The Supreme Court has held that the FAA "leaves no place for the exercise of discretion

16 by a district court, but instead mandates that district courts shall direct the parties to

17 proceed to arbitration."[5]  Accordingly, arbitration agreements falling within the scope of

18 the FAA "must be 'rigorously enforce[d].'"[6]  The FAA preempts any state law "to the

19 extent that it stands as an obstacle to the accomplishment and execution of the full

20 purposes and objectives of Congress."[7]

21

22

---

23     [1] The Agreement attached as Exhibit A to the Mansfield Decl.

24     [2] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

25     [3] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

    [4] *Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors*
26 *Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-27 (1985).

27     [5] *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis added).

    [6] *Perry v. Thomas*, 482 U.S. 483, 490-91 (1987) (citations omitted).

28     [7] *Volt Info. Scis., Inc. v. Board of Trustees*, 489 U.S. 468, 477 (1989).

KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2553655.1

Under the FAA, a district court must stay or dismiss and compel arbitration where: (1) a valid agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that agreement.[8]  In this case, there is a clear agreement to arbitrate that covers the claims at issue in this case, and therefore the Court should order the parties to arbitration.

**2.      The Court Determines Only the Existence and Applicability of the Parties' Arbitration Agreement.**

The parties' Contract provides that Nevada law applies to the parties' dispute.[9] Under Nevada law, courts decide only "whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."[10]  Thus, this Court has subject matter jurisdiction over these third party claims only to the extent that any party challenges the *existence* of the arbitration agreement or whether the pending claims are *subject to* it. Furthermore, unless the Court orders otherwise, an arbitration may proceed while final resolution of existence and applicability issues is pending.[11]

Under Nevada law, the arbitrator decides "whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable."[12]  Thus, this Court lacks subject matter jurisdiction to decide any challenge to the *enforceability* of the parties' contractual arbitration agreement.  Once this Court has determined that an arbitration agreement *exists* and that the parties' controversy is *subject to it*, the Court should dismiss the third party claims in favor of arbitration. Consequently, it is appropriate for this Court to stay any action on these third party claims pending the Court's determination of the existence and/or applicability of the arbitration agreement.

---

[8] *See*, *e.g.*, *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[9] Mansfield Decl. at Ex. A, p. 15.

[10] Nev. Rev. Stat. Ann. § 38.219(2).

[11] Nev. Rev. Stat. Ann. § 38.219(4).

[12] Nev. Rev. Stat. Ann. § 38.219(3).

KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2553655.1

### 3.      An Agreement to Arbitrate Clearly Exists.

There is no question that Third-Party Plaintiffs and KNA have agreed to arbitrate any disputes "pursuant to" or "arising out of or relating to" their Contract.  (Mansfield Decl. at Ex. A, p. 15, ¶11(d)(i)).  The writing (Ex. A) and the parties' current performance under the terms of the Contract demonstrates that an agreement to arbitrate exists.  Exhibit A to the Mansfield Decl.

### 4.      The Arbitration Agreement Encompasses all of Third Party Plaintiffs' Third Party Claims

The party resisting arbitration bears the burden of showing that the arbitration provision does not encompass the claims at issue.[13]  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."[14]

The Arbitration Provision at issue here is extremely broad.  It provides that all claims made "pursuant to" or "arising out of or relating to" the Contract must be arbitrated. (Mansfield Decl. at Ex. A, p.15, ¶11(c) and (d)(i)).  It provides that arbitration is the parties' exclusive remedy.  *Id* at ¶11(d)(i).  The parties expressly waived any right to pursue remedies in a non-arbitral forum.  *Id*. at ¶11(d)(iii).  It was Third-Party Plaintiff, Venetian, who drafted the Arbitration Provision at issue, and it was Venetian who drafted the statement that "[KNA] understands and agrees that it is waiving its right to a jury trial, ***or a trial before a judge in public court***."  *Id*. at ¶11(d)(vi)(emphasis added).  Having drafted the acknowledgement, Third Party Plaintiffs cannot now be heard to argue that they did not understand they too were voluntarily waiving these rights.  Third-Party Plaintiffs' claims are pursuant to, arise out of or relate to the Contract or a breach of the Contract.  Third-Party Plaintiffs' First Cause of Action is in fact for contractual indemnity, and based upon the indemnification provision in the Contract.  *Amended Third Party Complaint* at ¶¶11-18.

---

[13]  *Green Tree Fin. Corporation - Alabama v. Randolph*, 531 U.S. 79, 92 (2000).

[14]  *Moses H. Cone*, 460 U.S. at 24-25.  "In reviewing arbitration agreements, the issue of '[w]hether a dispute is arbitrable is essentially a question of construction of a contract.'" *Kindred v. Second Judicial District Court*, 996 P.2d 903, 907 (Nev. 2000) (quoting *Clark Co. Public Employees v. Pearson*, 798 P.2d 136, 137 (Nev. 1990))

Case No. C 07-3983 JSW
KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/CCD/2553655.1

Third-Party Plaintiffs' Second Cause of Action is styled "Equitable Indemnity." All of the allegations in this claim describe acts or omissions that were allegedly undertaken by KNA *pursuant to* or in *relation to* or that *arise out* of duties under the Contract: the alleged design and overseeing of production of light fixtures installed at the Venetian (*Amended Third Party Complaint* at ¶21), alleged supervision of the design and manufacture of the light fixtures (*Amended Third Party Complaint* at ¶22), the alleged approval of final drawings for the light fixtures and submission to the manufacturer (*Amended Third Party Complaint* at ¶23). Assuming for purposes of this motion that KNA did any of those things, KNA did so only pursuant to the Contract. It is the contractual language that will determine the resolution of any alleged equitable issues. This claim clearly "arises out of" and is "relating to" the Contract.

For their Third Cause of Action, Third-Party Plaintiffs allege KNA breached the Contract itself by allegedly failing to obtain or maintain required insurance coverage (as specified in the Contract), and failed to name Third-Party Plaintiffs as additional insureds. (*Amended Third Party Complaint* at ¶¶32-33). The Arbitration provision expressly covers any claim or controversy arising out of or relating to a "breach of this [Contract]." (Ex. A to *Mansfield Decl*. at ¶11(d)(i)).

Finally, Third-Party Plaintiffs seek a declaration that KNA has a duty to indemnify them pursuant to the terms of the *Contract*. The determination of duties under the terms of the Contract is necessarily a claim arising out of the Contract, and is thus subject to the Arbitration provision.

## 5.    Conclusion

There is no question that the parties' Contract contains an agreement to arbitrate. There is also no question that Third Party Plaintiffs' four claims all arise out of or relate to the Contract. That is the only conclusion that can be drawn from the facts alleged in the Amended Third Party Complaint. Since the parties agreed to arbitrate any and all such claims, this Court should dismiss the Amended Third Party Complaint in its entirety in favor of arbitration.

**C.**    **If This Court Does Not Immediately Dismiss the Third Party Claims, the Court Should Stay Any Further Action on these Third Party Claims Until It Resolves the Arbitrability Question.**

Unless the Court orders otherwise, an arbitration may proceed while final resolution of arbitrability questions or the existence of an agreement to arbitrate is pending.[15]  If the Court does not immediately resolve arbitrability questions and dismiss this third party action, it should issue an order staying any further proceedings on these Third Party Claims, including any discovery.[16]

Dated this 23rd day of April, 2008.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By: /s/ Johnathan E. Mansfield
   Johnathan E. Mansfield
   Attorneys for Third-Party Defendant, KIRK NIX ASSOCIATES INC., D/B/A KNA INTERIOR DESIGNS

---

[15] Nev. Rev. Stat. Ann. § 38.219(4).

[16] *See, e.g.*, *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

-8-

CERTIFICATE OF SERVICE

I am a resident of the State of Oregon, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 1211 SW Fifth Avenue, Suite 1900, Portland, Oregon 97204. On the date listed below, I served the following document titled: THIRD PARTY DEFENDANT KNA INTERIOR DESIGNS' REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION, in the manner indicated:

☑    via electronic means to the E-mails listed.

☑    by placing the document listed above in a sealed envelope to the person(s) at the address set forth below with first class postage thereon fully prepaid and deposited said envelope with the United States Postal Service on the same date set out below.

| | |
|---|---|
| Mazen Mohammed Basrawi, Esq.<br>Thomas Hixson, Esq.<br>Trenton Herbert Norris, Esq.<br>Erica Brand, Esq.<br>Bingham McCutchen, LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>(415) 393-2372<br>mazen.basrawi@bingham.com<br>erica.brand@bingham.com<br>trent.norris@bingham.com<br>thomas.hixson@bingham.com | Attorneys for Plaintiff<br><br>**VIA ELECTRONIC MEANS AND U.S.<br>MAIL** |
| Gregory Lawrence Doll, Esq.<br>Hunter Randolph Eley, Esq.<br>Doll & Amir LLP<br>1888 Century Park East<br>Suite 1106<br>Los Angeles, CA 90067-1715<br>gdoll@dollamir.com<br>heley@dollamir.com | Attorneys for Plaintiff<br><br>**VIA ELECTRONIC MEANS AND U.S.<br>MAIL** |

-1-
CERTIFICATE OF SERVICE

Case No. C 07-3983 JSW

| | |
|---|---|
| Ray L. Wong, Esq. | Attorneys for Defendants, |
| Duane Morris LLP | VENETIAN CASINO RESORT, LLC, |
| One Market, Spear Tower | LAS VEGAS SANDS, LLC, AND LAS |
| Suite 2000 | VEGAS SANDS CORP. |
| San Francisco, CA 94105-1104 | |
| rlwong@duanemorris.com | **VIA ELECTRONIC MEANS AND U.S. MAIL** |

| | |
|---|---|
| Michelle Hon, Esq. | Attorneys for Defendants, |
| Duane Morris LLP | VENETIAN CASINO RESORT, LLC, |
| 101 West Broadway, Suite 900 | LAS VEGAS SANDS, LLC, AND LAS |
| San Diego, CA 92101 | VEGAS SANDS CORP. |
| mhon@duanemorris.com | |
| | **VIA ELECTRONIC MEANS AND U.S. MAIL** |

I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

Executed April 23, 2008, at Portland, Oregon.


/s/ Anita Erickson
Anita Erickson

-2-

CERTIFICATE OF SERVICE

Case No. C 07-3983 JSW