Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:   mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO
RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
VEGAS SANDS CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., <br><br>    Plaintiff, <br><br> v. <br><br> VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive, <br><br>    Defendant. | CASE NO.: C 07-3983 JSW <br><br><br> **THIRD-PARTY PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION** |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., <br><br>    Third-Party Plaintiffs, <br><br> v. <br><br> KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation, <br><br>    Third-Party Defendant. | Date: June 13, 2008 <br> Time: 9:00 am <br><br> Complaint Filed: August 2, 2007 <br> Judge: Jeffrey S. White <br> Courtroom: 2, 17th floor |

C 07-3983 JSW

OPPOSITION TO MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
1

DM1\1336114.1

## I. INTRODUCTION

The Motion to Dismiss or Stay filed by third-party defendant, Kirk Nix Associates, Inc. d/b/a KNA Interior Design ("KNA"), over simplifies the claims in the Amended Third-Party Complaint and completely ignores the absence of an agreement to arbitrate for the majority of the claims raised in the Amended Third-Party Complaint. The agreement to arbitrate is limited to claims between KNA and the Venetian Casino Resort, LLC ("the Venetian") relating to the Venetian Tower guest room remodel. There is no arbitration agreement between KNA and Las Vegas Sands LLC or Las Vegas Sands Corp. There also is no arbitration agreement relating to the Palazzo Tower new construction project. Moreover, the equitable indemnity claims, by legal definition, such claims can only cover KNA's acts and omissions that fall outside the scope of the Venetian Tower agreement. Furthermore, KNA's material breach of the agreement with the Venetian precludes KNA from enforcing the arbitration agreement against the Venetian. Thus, KNA's Motion to Dismiss or Stay must be dismissed in its entirety.

## II. BACKGROUND

The facts are undisputed. On or about February 1, 2006, KNA and the Venetian executed an agreement relating to the remodeling of guest rooms in the Venetian Tower of the Venetian Casino Resort ("Agreement"). *See* Declaration of Johnathan E. Mansfield, Ex. A. In connection with its consulting services under the Agreement, KNA designed and oversaw the manufacturing of the sconce style light fixtures that are at issue in this case ("Light Fixtures").

As part of the Agreement, KNA agreed to indemnify the Venetian, its parents, and its affiliates from and against all damages, loss, expenses, liabilities, or costs, including reasonable attorneys' fees and defense costs ("Damages") to the extent such Damages are a proximate result of any act or omission of KNA under the Agreement or caused by KNA's negligent or intentionally wrongful performance of services under the Agreement.[1] The Agreement specifically provides:

///

///

---

[1] The Venetian denies any liability to Plaintiff's claims in its Complaint. Nothing in this Opposition should be construed as an admission of any of Plaintiff's claims, which are specifically denied.

C 07-3983 JSW
OPPOSITION TO MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
2

DM1\1336114.1

> The Consultant [KNA] agrees, to the fullest extent permitted by law, to indemnify, defend and hold harmless the Owner, its parents and its affiliates and their respective officers, directors and employees (collectively, "Owner Indemnitee") from and against all damages, loss, expenses, liabilities, or costs, including reasonable attorneys' fees and defense costs, (collectively "Damages"), to the extent such Damages are a proximate result of any act or omission of Consultant under this Agreement or are caused by the Consultant's negligent or intentionally wrongful performance of processional Services under their Agreement or that of its subconsultants or anyone for whom the Consultant is legally or contractually liable.

*Id.* Ex. A page 11. Thus, to the extent that the Venetian suffers any Damages as a result of KNA's acts or omissions arising out of the Agreement, KNA is contractually required to indemnify the Venetian.

In addition to its services on the Venetian Tower remodel project, KNA was also the interior designer for the second Palazzo Tower project. Declaration of Franklin Levy ¶ 4. The Palazzo is a new resort and casino adjacent to the Venetian. *Id.* ¶ 3. KNA designed the Light Fixtures installed therein. *Id.* ¶ 4. KNA's services in connection with the Palazzo Tower are governed by an agreement between KNA and architect HKS, Inc., not the Venetian. *Id.* As such, there is no arbitration agreement between KNA and Defendants for KNA's acts and omissions relating to the second Palazzo Tower project. *Id.* ¶ 5.

On August 2, 2007, plaintiff Jonathan Browning, Inc. ("Plaintiff") filed a Complaint ("Complaint") against the Venetian, Las Vegas Sands LLC and Las Vegas Sands Corp. (collectively "Defendants") seeking damages for copyright infringement and unfair competition based on the production and public display of the Light Fixtures KNA designed and helped produce. While not explicitly addressed in the Complaint, Plaintiff has also asserted that its damages include the Light Fixtures that were installed in the newly constructed Palazzo Tower.[2] Declaration of Michelle A. Hon ¶ 3.

On January 30, 2008, Defendants filed a Third-Party Complaint seeking contractual indemnity and declaratory relief. Thereafter, Defendants discovered that KNA had materially breached the agreement by, among other things, refusing to indemnify Defendants and by failing to

---

[2] It is not clear whether the Light Fixtures installed at the Palazzo Tower fall within the scope of the Complaint and nothing in this Opposition should be deemed an admission to that effect. However, to the extent that these claims are included in the Complaint, Defendants seek equitable indemnity from KNA on those claims.

list Defendants as additional insureds on its insurance policies as required by the agreement. On April 17, 2008, Defendants filed an Amended Third-Party Complaint seeking contractual indemnity, declaratory relief, equitable indemnity and breach of contract damages.

KNA seeks to enforce the arbitration provision in the Agreement. However, Las Vegas Sands LLC and Las Vegas Sands Corp. are not parties to the Agreement and thus have not agreed to arbitrate any of their claims. Nor is there an arbitration agreement for the work done in connection with the Palazzo Tower project. Further, Defendants' equitable indemnity claims are not covered by any arbitration provision. Regardless, KNA is in material breach of the Agreement and, therefore, cannot seek to enforce the Agreement against the Venetian. Thus, the Motion to Dismiss or Stay and Compel Arbitration should be denied.

### III.    ARGUMENT

"[T]he question of arbitrability...is undeniably an issue for judicial determination." *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649 (1986). Unless the parties clearly and unmistakably provide otherwise, the question of whether they agreed to arbitrate the dispute is to be decided by the court—not the arbitrator. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944-945 (1995). Although the Agreement provides that Las Vegas law will govern its construction, the scope of the arbitration clause is governed by federal law. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1463 (9th Cir. 1983). In determining whether to issue an order compelling arbitration, the Court considers (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *Jones v. St. Paul Travelers,* 2006 U.S. Dist. LEXIS 73656 at * 5 (N.D. Cal. Sept. 27, 2006) (citing *Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 477-478 (9th Cir. 1991), cert denied, 503 U.S. 919 (1992)).

The parties do not dispute that the agreement between KNA and the Venetian evidences interstate commerce as KNA is located in California and the Venetian is located in Nevada. Therefore, the Court need only consider whether there is a valid agreement to arbitrate and whether the disputes fall within the scope of the agreement to arbitrate. Because there is no agreement to

arbitrate relating to Las Vegas Sands LLC and Las Vegas Sands Corp. or any claims arising out of the Palazzo Tower project and the majority of claims fall outside the scope of the arbitration agreement, this Court should deny the Motion to Dismiss or Stay and Compel Arbitration.

### A. There is No Arbitration Agreement Between KNA and Las Vegas Sands LLC or Las Vegas Sands Corp.

"Arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed to submit." *AT&T Technologies*, 475 U.S. at 648. A court may only compel a party to arbitrate a dispute when the party has entered into a written agreement to arbitrate. *Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 376 (1974) ("The law compels a party to submit his grievance to arbitration only if he has contracted to do so.")

Las Vegas Sands LLC and Las Vegas Sands Corp. cannot be required to arbitrate their claims against KNA because there is no arbitration agreement between Las Vegas Sands LLC or Las Vegas Sands Corp. and KNA. The Agreement at issue was between KNA and the Venetian. Neither Las Vegas Sands LLC nor Las Vegas Sands Corp. were parties to the Agreement and did not agree to arbitrate any claims they have against KNA. Absent such an agreement, KNA has no standing to demand arbitration. Thus, KNA's Motion to Dismiss or Stay and Compel Arbitration must be denied as to all claims made by Las Vegas Sands LLC and Las Vegas Sands Corp.

### B. There is No Arbitration Agreement Relating to Work on the Palazzo Tower Project.

KNA was the designer for the Palazzo Tower, a new tower of room suites at the Venetian Casino Resort. Declaration of Franklin Levy ¶ 4. Once again, KNA was involved in the design of the Light Fixtures installed therein. *Id.* However, there is no agreement between KNA and Defendants in connection with this project. *Id.* ¶ 5. Because there is no agreement and no agreement to arbitrate, the Court cannot compel Defendants to arbitrate their claims relating to this dispute. *Gateway Coal*, 414 U.S. at 376. Therefore, the Motion must be denied as to any claims relating to the Light Fixtures manufactured for and/or installed in the Palazzo Tower.

### C.    Equitable Indemnity Claims Do Not Fall Within the Scope of the Agreement.

The scope of the arbitration provision at issue is limited to "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of this Agreement." Declaration of Johnathan E. Mansfield, Ex. A page 15. By legal definition, Defendants' equitable indemnity claims cannot arise out of or relate to the Agreement between KNA and the Venetian. Where parties have expressly contracted to indemnify, the extent of their duty to indemnify must be determined from the contract itself and not on the independent doctrine of equitable indemnity. *McCrary Construction Co. v. Metal Deck Specialists*, Inc., 35 Cal. Rptr. 3d 624, 630 (Cal. App. 1st 2005). Thus, any claims of indemnity relating to any acts or omissions of KNA relating to the Agreement are limited to contractual indemnity claims. The equitable indemnity claims cover the remaining claims that <u>do not</u> relate to KNA's acts or omissions under the Agreement, including but not limited to, Defendants' claims relating to work performed in connection with the Palazzo Tower project and claims brought by Las Vegas Sands LLC and Las Vegas Sands Corp., that are not parties to the Agreement. The equitable indemnity claims fall outside the scope of the arbitration agreement; therefore, the Court cannot compel arbitration for these claims.

### D.    A Party in Material Breach Cannot Seek to Enforce Terms of the Agreement.

KNA materially breached the Agreement and by doing so forfeited its right to enforce the arbitration provisions. *Bradley v. Nevada-California-Oregon Ry.*, 42 Nev. 411, 421 (1919) (it is well settled that a party who commits the first breach of contract cannot maintain an action against the other); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (holding the company's breach prevented it from enforcing the arbitration agreement); *see also Wiz Technology, Inc. v. Coopers & Lybrand,* 106 Cal. App. 4th 1, 12 (Cal.App.2d 2003) (Wiz failed to fulfill its contractual obligations and could not enforce the provisions of that same contract against the other party to it).

KNA materially breached the Agreement by failing to list the Defendants as additional insureds on their insurance policies; whereas the Venetian has complied with all of its obligations under the Agreement. As the breaching party, KNA cannot now seek to enforce the Agreement against Defendants. Therefore, the Motion to Dismiss or Stay and Compel Arbitration must be dismissed in its entirety.

### E. The Court Should Allow Nonarbitrable Claims to Proceed.

As discussed above, Defendants believe that a vast majority, if not all, of the claims at issue in this dispute are nonarbitrable. However, in the event that this Court finds any of Defendants' claims arbitrable, the Court should sever the arbitrable claims and permit the remaining causes of action to proceed to trial. Whether to allow nonarbitrable claims to proceed is within the Court's discretion. *See Moses H. Cone Mem. Hosp.*, 460 U.S. 1, 20 n.23. Courts may stay the underlying action where inconsistent ruling may arise from allowing nonarbitrable claims to continue. *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007). This is not the case here. At best, the arbitrable claims are limited to contractual indemnity claims between KNA and the Venetian. The remaining claims are unrelated to these claims, as they fall outside the Agreement. As explained in detail, *supra*, the Palazzo Tower is a separate project, for which there is no agreement between KNA and defendants. Additionally, Las Vegas Sands LLC and Las Vegas Sands Corp. have no agreement with KNA. Further, all equitable indemnity claims, must fall outside the scope of the Agreement. Furthermore, where a majority of the disputes are nonarbitrable, the presence of one arbitrable claim should not control the fate of the numerous remaining claims. *See Id.* at 971. Thus, the Court should exercise its discretion in favor of allowing nonarbitrable claims to proceed, "lest the tail wag the dog." *Id.*

### IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court deny KNA's Motion to Dismiss or Stay in its entirety. Alternatively, in the event the Court finds one or more claims to be arbitrable, Defendants request the Court sever any arbitrable claims and allow all the remaining claims to proceed to litigation.

Dated: May 16, 2008                     **DUANE MORRIS LLP**

By:   s/ Michelle A. Hon
Ray L. Wong
Michelle Hon
Attorneys for Third-Party Plaintiffs VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, and LAS VEGAS SANDS CORP.