**Johnathan E. Mansfield (SBN 214848)**
Schwabe, Williamson & Wyatt
Pacwest Center
1211 SW 5th Avenue, Suite 1900
Portland, Oregon 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900
Email: jmansfield@schwabe.com

Attorneys for Third-Party Defendant
KIRK NIX ASSOCIATES INC. D/B/A
KNA INTERIOR DESIGNS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN BROWNING, INC.,

Plaintiff,

v.

VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive,

Defendants.

---

VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP.,

Third-Party Plaintiffs,

v.

KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation,

Third-Party Defendant.

CASE NO. C 07-3983 JSW

Hearing Set: June 13, 2008 at 9:00 a.m.

THIRD PARTY DEFENDANT KNA INTERIOR DESIGNS' REPLY TO REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION

-1- Case No. C 07-3983 JSW
KNA INTERIOR DESIGNS' REPLY TO REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION
PDX/116887/156176/JEM/2634139.1

## I. INTRODUCTION

Third Party Plaintiffs ("Venetian Defendants") want to have their cake and eat it too. They ask this Court to enforce their alleged right to indemnity which could only arise under a contract, while at the same time excusing them from the arbitration clause in the same contract. They hope to avoid this dilemma by arguing that a non-contractual theory of "equitable indemnity" permits them to enforce indemnity without the associated contractual arbitration provision.

The claim fails on many grounds. First, the only indemnity that is even arguably available to any of the Venetian Defendants arises out of the Contract between the parties, and thus is arbitrable. Second, Venetian Defendants' unsupported allegation that KNA has breached other provisions of the Contract does not nullify the arbitration agreement. It is the arbitrator, not Venetian Defendants, who are to determine whether a breach has occurred. Third, the fact that there may be damages alleged in the first party action arising out of a project on which there is no contractual privity and thus no arbitration clause between Venetian Defendants and KNA does not help them. If there is no contract and thus no arbitration clause, there is also no indemnity obligation between KNA and Venetian Defendants. Finally, the law of equitable estoppel does not permit the Venetian Defendants to claim benefits of a contract while simultaneously avoiding the contract's burdens.

None of Venetian Defendants' arguments excuses any of them from the contractual obligation to arbitrate all of the claims in their Amended Third Party Complaint. For the reasons stated in KNA's Revised Motion to Dismiss or Stay and Compel Arbitration and in this Reply, the Court should dismiss the Amended Third Party Complaint in favor of arbitration.

## II. ARGUMENT

### A. Any Indemnity Claims Even Arguably Available To Venetian Must Arise Out Of The Contract Between The Parties, Not Under "Equitable" Principles

Venetian Defendant's Amended Third Party Complaint, which was filed after and in response to KNA's original Motion to Dismiss, contained two new claims. One claim is styled "Equitable Indemnity;" the other is an ordinary breach of contract claim. The matter styled "equitable indemnity" is not a new claim. Rather, it is restatement of the contractual indemnity

claim. Even if this Court were to find the matter styled "equitable indemnity" to be a separate and distinct claim from the contractual indemnity claim, it would nonetheless fall under the scope of the Arbitration Provision. In other words, Venetian Defendants are obligated to arbitrate the "equitable indemnity" claim as they are the rest of their claims. Likewise, their breach of contract claim is *expressly* covered by the Contract's Arbitration Provision which encompasses every "controversy or claim arising out of or relating to…the ***breach of this Agreement***." Mansfield Decl., Exhibit A, p. 15 (emphasis added). The fact Venetian Defendants allege that KNA breached the contract does not change the fact they have also agree to arbitrate the claim.

Venetian Defendants make the circular argument that "by legal definition equitable indemnity cannot arise out of or relate to the Agreement…." Venetian Defendants' Opposition at p. 6. Venetian Defendants' argument necessarily supposes some duty distinct from the duties imposed in the Contract. But the allegations supporting Venetian Defendants' equitable indemnity claim show that this "claim" arises directly out of the duties under the Contract. Venetian Defendants allege that KNA "designed and/or oversaw the production of light fixtures that were installed at the Venetian" (Amended Third Party Complaint at ¶21); have allegedly "been in direct contact with the manufacturer in China Diamond Life and supervised the design and manufacturing of the light fixtures at issue" (*id.* at ¶22); have allegedly "created shop drawings for the light fixtures at issue; provided shop drawings directly with (sic) Diamond Life, traveled to China to meet with Diamond Life, toured the Diamond Life factory and approved the final shop drawings used to produced (sic) the light fixtures installed in the Venetian" (Amended Third Party Complaint at ¶23).

However, KNA would not have undertaken any of these alleged actions, but for some duty imposed on them by Contract. Conversely, if there were no such duty on KNA to undertake these activities, then Venetian Defendants would have no claims against KNA. Such duties do not arise out of thin air. "The only conceivable source" for such duty would be the Contract at issue. Pullen v. Victory Woodwork, Inc., 2007 U.S. Dist. LEXIS 46573 (E.D. Cal. June 27, 2007). For that reason, the matter styled "equitable indemnity" merely reiterate Venetian Defendants' contractual indemnity claim.

The Ninth Circuit recently rejected a similar argument that equitable claims are outside the scope of the Arbitration Provision. In Comedy Club v. Improv West Associates, 502 F.3d 1100 (9th Cir. 2007), the court was charged with determining the scope of an arbitration provision that stated in part:

> All disputes relating to or arising out under this Agreement * * * shall be resolved by arbitration * * * Notwithstanding this agreement to arbitrate, the parties, in addition to arbitration, shall be entitled to pursue equitable remedies and agree that the state and federal courts shall have exclusive jurisdiction for such purpose and for the purpose of compelling arbitration and/or enforcing any arbitration award.

502 F.3d at 1104. The dispute centered on whether the arbitrator had authority to arbitrate the parties' equitable claims. The court began its analysis by noting that "[i]t is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." Id. at 1106. (Internal quotations and citations omitted). Thus, it is Venetian Defendants' burden to establish that their claim is outside the scope of Arbitration Provision. Without support and contrary to their own allegations, Venetian Defendants simply announce that the acts or omissions giving rise to the equitable indemnity claim "do not relate to KNA's acts or omissions under the Agreement." Venetian Defendants' Opposition at p. 6:10-11. Venetian Defendants' equitable indemnity allegations, however, clearly establish they do.

Additionally, there is no language in the Arbitration Provision at issue here that would even permit an argument that equitable claims are outside its scope. Unlike in Comedy Club where the provision gave the parties an explicit right to pursue equitable remedies in state or federal court, no such language appears in Venetian Defendants' Arbitration Provision. Indeed the arbitration provision at issue in Comedy Club even went so far as to grant "exclusive jurisdiction" over equitable remedies to the courts. Notwithstanding this language, the Ninth Circuit agreed with the defendant that the provision did not actually "carve out" an exception from arbitrating equitable claims.

Plaintiff in Comedy Club argued the language meant that equitable remedies could *only* be pursued in court, whereas the defendant argued that this clause "only carved out equitable claims 'in aid of arbitration' to maintain the status quo between the parties pending arbitration and …did

not 'supplant the arbitrators authority to decide all disputes...." Comedy Club, 502 F.3d at 1107. The Court held that a natural reading of the provision "lends plausibility to [defendant's] theory". The Court also felt that if the parties intended to carve out an exception for equitable remedies, they could have done so explicitly by leaving out the language "in addition to arbitration." The Ninth Circuit concluded that the parties did not intend to carve out an exception for equitable remedies, and thus were within the arbitrator's authority to decide. Id. at 1108.

In the Arbitration Provision before this Court, there is no language that could even arguably "carve out" an equitable indemnity claim. The provision is clear on its face: "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of this Agreement shall be settled by arbitration...." Mansfield Decl., Exhibit A, p. 15. Thus, even if this Court finds the "equitable indemnity" allegations constituted a separate and distinct claim, the Court should nonetheless order this claim must be arbitrated.

**B. Venetian Defendants' Breach of Contract Claim Does Not Nullify the Arbitration Clause**

Venetian Defendants allege that KNA breached the Contract and thereby cannot compel arbitration. To begin with, Venetian Defendants' breach claim is merely an unproven allegation. They have provided no authority for the proposition that merely making a claim of breach nullifies the applicability of an arbitration clause.

More importantly, Venetian Defendants conflate the substance of their claims with the issue of who gets to decide them. The Arbitration Provision explicitly provides that a breach of contract claim is for the arbitrator to decide. "Any controversy or claim arising out of or relating to...a breach of this Agreement...." Mansfield Decl., Exhibit A, p. 15 (emphasis added). If this Court were to accept Venetian Defendants' argument, any litigant could simply avoid arbitration by alleging a material breach of the contract.

That is not the law. None of the cases cited by Venetian Defendants hold that a party who breaches a contract containing an arbitration provision is not entitled to arbitrate claims made under the contract. In the one case Venetian Defendants cite that actually discusses enforcement of an arbitration provision where one party has breached, the court merely held that a party who

breached the arbitration provision by refusing to arbitrate could not then compel arbitration when the plaintiff went to court to enforce her rights. Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005). The case involved an employer who refused to participate in arbitration proceedings initiated by an employee pursuant to her employment agreement. The employee subsequently filed suit in court and the employer then decided it wanted to arbitrate. The court denied the motion because the employer breached the arbitration provision by previously refusing to arbitrate. *Id.* at 1010. The court held that the breach excused the employee's performance under the arbitration agreement. In dicta, the court also stated that it would have no problem finding the employer waived its right to arbitrate, but did not base its holding on waiver. *Id.*

Here, Venetian Defendants do not even allege a breach of the arbitration provision. Whether KNA breached any other provision of the Contract is for the arbitrator to decide. This claim should be dismissed.

### C. The Contract Provides for Indemnity Only in Connection with the Venetian Project

For the first time in their Opposition, Venetian Defendants allege that KNA's has done work on the Palazzo project, but that there is no contractual privity between Venetian and KNA and thus Venetian cannot be bound by any arbitration clause. Venetian Defendants have proved too much. The alleged absence of a contract between Venetian and KNA is fatal to any of the Venetian Defendants' indemnity claim. There can be no contractual indemnity without a contract. And, as explained above, any so-called "equitable" claim for indemnity depends and requires the existence of some contractual duty. Without an indemnity claim, there is no dispute to arbitrate.

### D. Venetian Defendants Are Equitably Estopped From Having Their Cake And Eating It Too

Venetian Defendants argue that because two of them (the Sands defendants) are not signatories to the Contract they are not required to arbitrate their claims. In their opposition Venetian Defendants fail to address any of the legal theories that could compel arbitration, even if they did not sign the Contract. "Nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." Letizia v. Prudential Bache Securities,

Inc., 802 F.2d 1185, 1187-88 (9th Cir. 1986). The Court, not the arbitrator, determines whether the arbitration provision is enforceable against non-signatories. Chastain v. Union Sec. Life Ins. Co., 502 F. Supp. 2d 1072, 1076 (C.D. Cal. 2007). This Court should find that the Venetian Defendants, including the two non-signatories, are estopped from avoiding the Contract's Arbitration Provision and must arbitrate the claims in their Amended Third Party Complaint.[1]

The rule of equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Id. (quoting Wash. Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004)). Here the non-signatory Venetian Defendants have initiated litigation to enforce their contractual rights. Simultaneously, they want to be excused from arbitrating their claims because they didn't sign the Contract. They rely on the Contract when convenient, and disavow it when inconvenient.

That non-signatories can be bound to a contract, including an agreement to arbitrate, is not novel or obscure. "Nonsignatories have been held to arbitration clauses where the nonsignatory 'knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'" . Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006). Knowing exploitation of a contract includes attempts enforce a term of the Contract, as in this case, when the Venetian Defendants initiated the third-party claims against KNA to enforce the indemnity and other provisions in the Contract. Comer, 436 F.3d at 1102; Pullen, 2007 U.S. Dist. LEXIS 46573 (plaintiffs estopped from avoiding the arbitration provision where they asserted rights and benefits under the contract containing the provision).

Estoppel is also appropriate where signatories and non-signatories are treated as a "single unit". Dziubla v. Cargill, Inc., 214 Fed. Appx. 658, 659 (9th Cir. 2006). Throughout Venetian Defendants' Amended Third Party Complaint, they refer to themselves collectively as "Venetian, et al.," a term that encompasses both the signatory and non-signatory defendants. The Venetian

[1] In arguing estoppel, KNA does not intend to and does not waive any argument based upon any other potential contract or agency theory binding the non-signatory Venetian Defendants to the Arbitration Agreement. However, proving any of the potential theories would necessitate discovery by KNA. Should this Court find that the non-signatory defendants are *not* estopped, KNA requests the court defer a ruling on this motion to dismiss and order discovery limited to identifying evidence to support any other theory: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego and (5) third-party beneficiary.

Defendants collectively assert each claim in the Amended Third Party Complaint as a "single unit." See Defendants' Amended Third Party Complaint at ¶12 ("On or about February 1, 2006, Venetian et al. contracted with KNA to provide consulting services in connection with the Venetian Casino Resort upgrades and remodel ('Contract')"); ¶ 17 ("…KNA is obligated to indemnify Venetian et al. for all Damages incurred by Venetian et al."); ¶ 26 ("[a]s a proximate result of KNA's wrongful action [pursuant to its duties under the Contract]…Venetian et al. have suffered damages for which they are entitled to be equitably indemnified.") ¶ 31 ("KNA has materially breached its obligations under the Contract by, inter alia,…(2) (sic) failing to list Venetian et al. as additional insureds…; and (c) failing to agree to defend and indemnify Venetian et al. against claims in the Complaint."); ¶ 47 ("Neither KNA or its counsel has acknowledged KNA's obligation to indemnify Venetian et al."). The Venetian Defendants act as a "single unit" in asserting their claims. This Court should treat them no differently. The Court should find Venetian Defendants' are estopped from claiming the benefits of the Contract while simultaneously avoiding their contractual obligation to arbitrate their collective claims.

**III. CONCLUSION**

The only even arguably viable claims in this case arise out of the indemnity provision contained in the Contract at issue, attached to the Mansfield Decl. as Exhibit A. There is no claim for "equitable indemnity." For the reasons set forth above and in KNA's Opening Brief, this Court should grant its Motion to Dismiss in favor of arbitration.

Dated this 23rd day of May, 2008.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By: /s/ Johnathan E. Mansfield
Johnathan E. Mansfield
Attorneys for Third-Party Defendant, KIRK NIX ASSOCIATES INC., D/B/A KNA INTERIOR DESIGNS

CERTIFICATE OF SERVICE

I am a resident of the State of Oregon, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 1211 SW Fifth Avenue, Suite 1900, Portland, Oregon 97204. On the date listed below, I served the following document titled: THIRD PARTY DEFENDANT KNA INTERIOR DESIGNS' REPLY TO REVISED MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION, in the manner indicated:

☑ via electronic means to the E-mails listed.

☑ by placing the document listed above in a sealed envelope to the person(s) at the address set forth below with first class postage thereon fully prepaid and deposited said envelope with the United States Postal Service on the same date set out below.

Mazen Mohammed Basrawi, Esq.
Thomas Hixson, Esq.
Trenton Herbert Norris, Esq.
Erica Brand, Esq.
Bingham McCutchen, LLP
Three Embarcadero Center
San Francisco, CA 94111
(415) 393-2372
mazen.basrawi@bingham.com
erica.brand@bingham.com
trent.norris@bingham.com
thomas.hixson@bingham.com

Attorneys for Plaintiff

**VIA ELECTRONIC MEANS AND U.S. MAIL**

Gregory Lawrence Doll, Esq.
Hunter Randolph Eley, Esq.
Doll & Amir LLP
1888 Century Park East
Suite 1106
Los Angeles, CA 90067-1715
gdoll@dollamir.com
heley@dollamir.com

Attorneys for Plaintiff

**VIA ELECTRONIC MEANS AND U.S. MAIL**

Ray L. Wong, Esq.
Duane Morris LLP
One Market, Spear Tower
Suite 2000
San Francisco, CA 94105-1104
rlwong@duanemorris.com

Attorneys for Defendants, VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, AND LAS VEGAS SANDS CORP.

**VIA ELECTRONIC MEANS AND U.S. MAIL**

Michelle Hon, Esq.
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101
mhon@duanemorris.com

Attorneys for Defendants, VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, AND LAS VEGAS SANDS CORP.

**VIA ELECTRONIC MEANS AND U.S. MAIL**

I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

Executed May 23, 2008, at Portland, Oregon.

/s/ Gabriela Perales
Gabriela Perales