1  Ray L. Wong (SBN 84193)
   **DUANE MORRIS LLP**
2  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
3  Telephone: 415.957.3000
   Facsimile: 415.957-3001
4  E-Mail: rlwong@duanemorris.com

5  Michelle Hon (SBN 234492)
   **DUANE MORRIS LLP**
6  101 West Broadway, Suite 900
   San Diego, CA 92101
7  Telephone: 619.744.2200
   Facsimile: 619.744.2201
8  E-Mail:   mhon@duanemorris.com

9  Attorneys for Defendants VENETIAN CASINO
   RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
10 VEGAS SANDS CORP.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN BROWNING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VENETIAN CASINO RESORT, LLC, et al.,<br><br>Defendant. | Case No.: C 07-3983 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   May 30, 2008<br>Time:   1:30 p.m.<br>Place:  Courtroom 2<br>Judge:  Hon. Jeffrey S. White |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation,<br><br>Third-Party Defendant | |

Case No.: C 07-3983 JSW
JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Order Setting Further Case Management Conference of February 11, 2008, plaintiff Jonathan Browning, Inc. ("Jonathan Browning" or "Plaintiff"), defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and Las Vegas Sands Corp., (collectively "Venetian et al.") and third-party defendant, Kirk Nix Associates, Inc. ("KNA")(collectively, Venetian et al. and KNA are "Defendants"), have conferred with respect to the agenda items listed in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Cases Management Statements*. Accordingly, the parties submit this Joint Case Management Statement.

**1.   Jurisdiction and Service**

Jonathan Browning alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and 17 U.S.C. § 411(a). Defendants respectfully disagree; however, the Court's December 19, 2007 Order ruled that it has personal and subject matter jurisdiction and that venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b).

Venetian *et al.* filed an Amended Third-Party Complaint on April 17, 2008 against KNA seeking contractual indemnification, equitable indemnification, breach of contract damages and declaratory relief. Venetian *et al.* allege that if this Court has subject matter jurisdiction over this action, then it also has subject matter jurisdiction over the Third-Party Complaint pursuant to 28 U.S.C. §§ 1331. KNA has filed a Motion to Dismiss or Stay and Compel Arbitration seeking to have the Third-Party Complaint heard by an arbitrator.

All parties have been served.

**2.   Facts**

**A.   Plaintiff's Statement of the Facts**

Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures. In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Venetian *et al.*'s Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada. Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept

Jonathan Browning's bid.

Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price. The Venetian declined the bid, stating that the price was too high. The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces. The Venetian has installed in its guest rooms and corridors thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing. Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

### B. Venetian *et al.*'s Statement of the Facts

Venetian *et al.*'s investigation is ongoing. Venetian *et al.* reserve all rights to contest the facts set forth in the Complaint and restated herein.

Plaintiff apparently filed two applications for copyright registration for the two lighting fixtures at issue in this case. Plaintiff's copyright applications were both denied by the U.S. Copyright Office. Therefore, there is a presumption that the Plaintiff's light fixtures are not entitled to copyright protection and cannot be infringed. Venetian *et al.*'s position is that, consistent with the decision of the U.S. Copyright Office, lighting fixtures are not entitled to copyright protection.

To the extent that a judgment is entered against Venetian *et al.*, KNA should be required to indemnify Venetian *et al.* for part or all of such judgment. Additionally, KNA is liable for additional damages, including fees and costs relating to Venetian *et al.*'s defense in the instant lawsuit for failing list Venetian *et al.* as additional insured as required in the agreement between Venetian Casino Resort and KNA.

### C. KNA's Statement of Facts

KNA's investigation is ongoing. KNA reserves all rights to contest the facts set forth in the Complaint and Amended Third Party Complaint and restated herein.

KNA believes that, consistent with the decision of the U.S. Copyright office, the Browning fixtures are not entitled to copyright protection, or protected as other forms of intellectual property. KNA denies that it owes Venetian *et al.* any indemnity obligation. Furthermore, KNA denies that it has improperly failed to name Venetian *et al.* as an additional insured or otherwise breached the agreement between Venetian and KNA, or that Venetian has suffered any damages from any such

alleged breach.

3. **Legal Issues**

   A    **Plaintiff's Statement of Issues:**

   The primary legal issues in the case are: (a) the copyrightability of the sconce designs at issue in this case, (b) whether the Venetian unlawfully copied those designs, and (c) whether the Venetian's alleged conduct in the bid process gives rise to an unfair business practice claim. Jonathan Browning does not intend this as a complete list of issues in the case, but rather as a summary of the primary issues for the Court's benefit in scheduling events for the case.

   B.    **Defendants' Statement of Issues:**

   Given the early states of this litigation, Defendants cannot identify all of the issues presented by this case. Based upon the complaint, however, the following legal issues are currently at issue:

   A. Whether or not the Plaintiff's light fixtures are entitled to protection under the Copyright Act.

   B. Whether or not Venetian violated Plaintiff's alleged copyright by creating unauthorized copies of its lighting fixtures.

   C. Whether or not Venetian violated Plaintiff's alleged copyright by publicly displaying any unauthorized copies of Plaintiff's lighting fixtures.

   D. Whether or not Venetian violated Plaintiff's alleged copyright by inducing the infringement of a third party manufacturer in China.

   E. Whether or not Venetian violated Plaintiff's alleged copyright by contributing to the infringement of a third party manufacturer in China.

   F. Whether or not Venetian is vicariously liable for copyright infringement for alleged copying by a manufacturer in China.

   G. Whether or not Venetian's alleged infringement was intentional and willful.

   H. Whether or not Venetian violated common law unfair competition.

   I. Whether or not Venetian violated California Business & Professions Code §§ 17200, *et seq.*

   J. Whether and to what extent Plaintiff is entitled to actual damages pursuant to 17 U.S.C. §

504.

K. Whether and to what extent Plaintiff is entitled to restitution and disgorgement damages.

L. Whether and to what extent Plaintiff is entitled to compensatory damages.

M. Whether and to what extent Plaintiff is entitled to punitive damages.

N. Whether and to what extent Plaintiff is entitled to pre- and post-judgment interest.

O. Whether and to what extent Plaintiff is entitled to injunctive relief.

P. Whether and to what extent Plaintiff is entitled to impounding and destruction of alleged copies pursuant to 17 U.S.C. § 503.

Q. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands Corp.[1]

R. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands LLC.

S. Whether or not this Court has personal jurisdiction over defendant Venetian Casino Resort LLC.

T. Whether the Northern California District Court is the proper venue.

U. Whether Plaintiff has stated a claim against Las Vegas Sands Corp. or Las Vegas Sands LLC.

V. Whether Plaintiff's state law claims for unfair competition are preempted by the Copyright Act.

W. Whether and to what extent Third-Party Defendant Kirk Nix Associates, Inc. is contractually required to indemnify Venetian *et al.* in the event that Plaintiff succeeds on any of its claims.

X. W. Whether and to what extent Third-Party Defendant Kirk Nix Associates, Inc. is required to equitably indemnify Venetian *et al.* in the event that Plaintiff succeeds on any of its claims.

Y. Whether Third-Party Defendant Kirk Nix Associates, Inc. is liable for breach of contract

---

[1] Defendants recognize that the Court has made a ruling regarding this issue in connection with a Motion to Dismiss. However, as this action continues, Defendants believe that issues regarding jurisdiction and venue remain either before this Court or a court of appeals.

damages.

**4. Motions**

KNA's Motion to Dismiss or Stay and Compel Arbitration is currently pending before the Court and scheduled to be heard on June 13, 2008. Both Plaintiff and Defendants presently anticipate filing a motion for summary judgment. The parties also expect that there will be motions in *limine* with regard to the exclusion of evidence at trial.

**5. Amendment of Pleadings**

Both Plaintiff and Venetian *et al.* do not expect that claims or defenses will be added or dismissed. KNA has not yet answered Venetian *et al.*'s Amended Third Party Complaint and reserves its rights to assert additional claims or defenses.

**6. Evidence Preservation**

**A.    Plaintiff's Statement**

Jonathan Browning has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed. Jonathan Browning served Venetian with a letter regarding hard copy and electronic document retention on August 2, 2007.

**B.    Venetian *et al.*'s Statement**

Venetian *et al.* have taken reasonable steps to ensure that evidence reasonably relevant to this action is preserved.

**C.    KNA's Statement**

KNA has taken reasonable steps to ensure that discoverable evidence is preserved.

**7. Disclosures**

The parties have all made their initial disclosures.

**8. Discovery**

The parties agree that the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. Proc. 30(a)(2)(A)) shall apply, unless good cause later comes to exist for the Court to modify those limits. The parties agree that electronic documents will be exchanged in a reasonably useable format. The parties propose that the electronic documents be exchanged primarily in PDF or TIFF format. The parties agree to meet and confer to determine

whether search terms will be used for electronic discovery.

Jonathan Browning has served requests for the production of documents on Venetian *et al.* and has served a subpoena for the production of documents on Venetian *et al.*'s former employee, Aileen Pauco. Venetian *et al.* served requests for production of documents on Plaintiff and have requested dates to depose the person most knowledgeable at Jonathan Browning.

**9.    Class Action**

This case is not a class action.

**10.   Related Cases**

The parties know of no related proceedings.

**11.   Relief**

Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the impounding and destruction or other reasonable disposition of all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual damages pursuant to 17 U.S.C. § 504, including lost profits, plus Venetian *et al.*'s profits from infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive damages; pre- and post-judgment interest according to law; and such other and further relief as the Court deems just and proper.

Venetian *et al.* seeks contract damages, including but not limited to, costs and fees incurred in defending the instant litigation. Additionally, to the extent that any judgment is entered against Venetian *et al.*, contractual and equitable indemnification, and declaratory judgment regarding KNA's duty to indemnify.

KNA has not yet answered Venetian et al.'s Amended Third Party Complaint and reserves its rights to seek relief as appropriate.

**12.   Settlement and ADR**

The parties met on April 3, 2008 before a JAMS mediator. The parties were unable to resolve this case or any disputes then pending.

### 13. Consent to Magistrate Judge for All Purposes

The parties have declined to proceed before a Magistrate Judge for all purposes.

### 14. Other References

The parties do not presently believe that the case is suitable for binding arbitration or special master.

### 15. Narrowing of Issues

The parties are unable to narrow any issues by agreement at this time. KNA has filed a Motion to Dismiss or Stay and Compel Arbitration. The Motion is currently pending. The parties anticipate that the issues may be further narrowed through Motions for Summary Judgment.

### 16. Expedited Schedule

The parties agree that this case does not require an expedited schedule.

### 17. Scheduling

The Court has entered the following schedule:

| | |
|---|---|
| Trial: | February 23, 2009 |
| Pre-Trial Conference: | February 2, 2009 |
| Last day for hearing dispositive motions: | November 21, 2008 |
| Completion of Expert Discovery: | October 3, 2008 |
| Rebuttal Expert Disclosure: | September 12, 2008 |
| Discovery Cutoff (non-expert): | August 29, 2008 |
| Expert Witness Disclosure: | August 29, 2008 |
| Mediation Deadline: | May 8, 2008 |

### 18. Trial

Jonathan Browning has demanded a jury trial. The parties currently anticipate the trial may last 5-7 days, although Defendants reserve the right to modify this estimate based upon the claims and plaintiff damage theories that are allowed to proceed, if any.

### 19. Disclosure of Non-party Interested Entities or Persons

The parties have filed disclosures according to Civil L.R. 3-16 (Docket Nos. 7 and 15).

Dated: May 23, 2008

**DUANE MORRIS LLP**

By: s/Michelle A. Hon
Ray L. Wong
Michelle Hon
Specially Appearing for defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.

Dated: May 23, 2008

**BINGHAM MCCUTCHEN LLP**

By: s/Thomas S. Hixson
Thomas S. Hixson
Attorneys for Plaintiff Jonathan Browning, Inc.

Dated: May 23, 2008

**DOLL AMIR & ELEY LLP**

By: s/Hunter R. Eley
Gregory L. Doll
Hunter R. Eley
Attorneys for Plaintiff Jonathan Browning, Inc.

Dated: May 23, 2008

**SCHWABE, WILLIAMSON & WYATT**

By: s/Johnathan Mansfield
Johnathan Mansfield
Attorneys for Third-Party Defendant KIRK NIX ASSOCIATES, INC.

DM1\1338773.2