IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | |
| Plaintiff, | No. C 07-03983 JSW |
| v. | |
| VENETIAN CASINO RESORT LLC, ET AL., | **ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY MATTER AND CONTINUING CASE MANAGEMENT CONFERENCE** |
| Defendants. | |

Now before the Court is the motion filed by third party defendant Kirk Nix Associates Inc. d/b/a KNA Interior Designs ("KNA") to dismiss or stay and to compel arbitration. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing date of June 13, 2008 is HEREBY VACATED. The case management conference is CONTINUED to June 20, 2008 at 1:30 p.m.[1]

**BACKGROUND**

Third party defendant KNA is a corporation based in Los Angeles, California that offers interior design consulting services. Venetian Casino Resort, LLC is a Nevada limited liability company that operates the Venetian Resort Hotel Casino. Las Vegas Sands, LLC is a Nevada limited liability company and managing member of Venetian Casino Resort, LLC and is wholly owned by Las Vegas Sands Corporation. Jonathan Browning, Inc., Plaintiff in the underlying action, is a designer and seller of products such as the wall-mounted lighting sconces at issue

---

[1] To the extent Anthony E. McNamer, counsel for Plaintiff, is unable to travel to San Francisco for the new case management date, he may submit such a request and may appear by telephone.

here. The underlying claims arise out of alleged copying or inducement to copy and display Jonathan Browning, Inc.'s light fixture designs in the remodeling of guest rooms in the Venetian Casino Resort.

On February 1, 2006, KNA and the Venetian Casino Resort, LLC executed an agreement ("Agreement") relating to the remodeling of guest rooms in the casino. (*See* Declaration of Johnathan E. Mansfield ("Mansfield Decl."), Ex. A.) In connection with their consulting services, KNA agreed to indemnify the Venetian and its affiliates from and against all damages, loss, expenses, liabilities, or costs, including reasonable attorneys' fees and costs to the extent such damages are a proximate result of any act or omission of KNA under the Agreement or caused by KNA's negligent or intentionally wrongful performance of service under the Agreement. (*See id.*, Ex. A at 11.) Also, as part of the Agreement, the parties agreed that "[a]ny controversy or claim arising out of or relating to this Agreement or breach of this Agreement shall be settled by arbitration." (*See id.*, Ex. A at 15.)

In addition to the Venetian Tower remodel project, KNA also apparently provided services to the Venetian Defendants for a remodel of the Palazzo Tower, a new resort and casino adjacent to the Venetian. (*See* Declaration of Franklin Levy, ¶ 4.) There is no allegation in the original complaint regarding the Palazzo Tower remodeling project and, at this stage in the proceedings, no admissible evidence of a separate contract governing this project.

On August 2, 2007, Plaintiff Jonathan Browning, Inc. filed a complaint against the Venetian Casino, Las Vegas Sands, LLC and Las Vegas Sands Corp. ("the Venetian Defendants") seeking damages for copyright infringement and unfair competition based on the production and public display of light fixtures in the casino. On January 20, 2008, the Venetian Defendants filed a third party complaint seeking contractual and declaratory relief against KNA.

On April 23, 2008, third party defendant, KNA, moves this Court to enforce the arbitration provision in the Agreement.

The Court will address additional specific facts as required in the analysis.

2

**ANALYSIS**

**A.     Legal Standards Applicable to Motions to Compel Arbitration.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Under § 4 of the FAA, a district court must issue an order compelling arbitration is the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002).

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). That the Court must order arbitration is true "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).

Notwithstanding the liberal policy favoring arbitration, by entering into an arbitration agreement, two parties are entering into a contract. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479 (1989) (noting that arbitration "is a matter of consent, not coercion"). Thus, as with any contract, an arbitration agreement is "subject to all defenses to enforcement that apply to contracts generally." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003.) Although the Court can initially determine whether a valid agreement exists, disputes over the meaning of specific terms are matters for the

3

arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Prima Paint*, 388 U.S. at 403-404 (holding that "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate").

**B.      The Venetian Defendants' Contentions.**

In this matter, the parties agree that there is a valid contract to arbitrate "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of this Agreement." (*See* Mansfield Decl., Ex. A at 15.) The Venetian Defendants' defense against the enforcement is fourfold: (1) there is no agreement to arbitrate between KNA and Las Vegas Sands LLC or Las Vegas Sands Corp.; (2) the equitable indemnity claims fall outside of the scope of a legal agreement; (3) there is no arbitration agreement relating to the Palazzo Tower new construction project; and (4) KNA's material breach of the agreement with Venetian precludes KNA from enforcing the arbitration agreement against the Venetian Defendants.

**1.      Parties to the Agreement to Arbitrate.**

Defendants contend that Las Vegas Sands LLC and Las Vegas Sands Corp. cannot be required to arbitrate their claims against KNA because there is no arbitration agreement between those parties. The Agreement was between KNA Interior Design and Venetian Casino Resort LLC. (*See id.* at 1, 3.) In general, a court may only compel arbitration between parties who have entered the written agreement to arbitrate. *Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 376 (1974) ("The law compels a party to submit his grievance to arbitration only if he has contracted to do so.") However, nonsignatories may be required to arbitrate claims "under ordinary contract and agency principles." *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187-88 (9th Cir. 1986).

The rule of equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Washington Mutual Fin. Group, LLC v. Bailey,* 364 F.3d 260, 267 (5th Cir. 2004)). Here, because the nonsignatory Venetian Defendants, Las Vegas Sands LLC and Las Vegas Sands Corp. ("Nonsignatory Venetian Defendants") have initiated litigation to enforce their contractual (and extra-contractual) rights,

4

they are bound by the limitations of that same contract. "[N]onsignatories have been held to arbitration clauses where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement." *Comer*, 436 F.3d at 1101 (citations omitted). Here, by moving to enforce their contractual rights, the Nonsignatory Venetian Defendants cannot avoid the explicit agreement to arbitrate. Knowing exploitation of the Agreement and assertion of their rights and benefits granted by virtue of a contractual relationship compel enforcement of all provisions of the Agreement, including the agreement to arbitrate, against all Venetian defendants. *See id.* at 1102; *see also Pullen v. Victorywoodwork, Inc.*, 2007 1847633, *3 (E.D. Cal. June 27, 2007) (holding that "by asserting rights and benefits under the Subcontract, plaintiffs are estopped from avoiding the arbitration provision.")

### 2. Equitable Indemnity Claims.

The Venetian Defendants contend that the scope of the arbitration provision is limited to "[a]ny controversy or claim arising out of or relating to this Agreement or breach of this Agreement." (Mansfield Decl., Ex. at 15.) The Venetian Defendants therefore argue that, "[b]y legal definition, Defendants' equitable indemnity claims cannot arise out of or relate to the Agreement between KNA and the Venetian." (Opp. Br. at 6.) However, Defendants' equitable indemnity claim presupposes that there is some legal duty between KNA and the Venetian Defendants that is distinct from the duties imposed by the contract. It is clear from the terms of the Agreement imposing arbitration over all claims arising out of or relating to the agreement, and the factual allegations in the amended third party complaint, that the alleged actions by KNA were performed under the duty imposed by the contract at issue here. *See Comedy Club, Inc. v. Improv West Associates*, 502 F.3d 1100, 1108 (9th Cir. 2007) (holding that the arbitration agreement, even where it granted exclusive jurisdiction over equitable remedies to the courts, may be logically interpreted to grant arbitration coverage of "all disputes" arising from the agreement, and finding that the arbitrator did not exceed his authority by arbitrating equitable claims.) Accordingly, the Court finds that the third party claims styled as equitable indemnity claims fall within the scope of the arbitration provision.

### 3. Palazzo Tower New Construction Project.

Similarly, the Court finds that, to the extent KNA is responsible for conduct in the construction of the Palazzo Tower construction project, and to the extent Plaintiff Jonathan Browning, Inc. seeks recovery from the Venetian Defendants for such conduct, the dispute arises only by virtue of a contractual relationship between KNA and the Venetian Defendants. Again, without a duty to perform derived from contract, there is no equitable claim for relief in indemnity. To the extent such a claim lies at all,[2] it is within the province of the arbitrable forum to resolve it.

### 4. KNA's Alleged Material Breach Precludes Recovery.

The Venetian Defendants argue that because KNA initially breached the contract, it cannot enforce any of its provisions, including the requirement to arbitrate. Defendants cite *Brown v. Dillard's, Inc.* for the proposition that a company's breach prevented it from enforcing the arbitration agreement. (*See* Opp. Br. at 6, citing 430 F.3d 1004, 1010 (9th Cir. 2005).) However, in that case, the company refused to participate in arbitration proceedings initiated by one of its employees pursuant to their employment agreement and the court therefore denied the company's motion to compel arbitration in the employee's action seeking to enforce her rights under that same agreement. *Dillard's*, 430 F.3d at 1010. Here, however, there is no allegation that KNA has violated the arbitration provision it seeks to enforce. Rather, just as the Venetian Defendants have alleged a breach of the contract, so too has KNA. KNA merely seeks to enforce the provision that any and all such disputes between the parties be resolved in the manner agreed upon. There is no authority for the position that simply by alleging that KNA materially breached some provision of the agreement, the Court is compelled to find that it

---

[2] The governing complaint in this matter does not seek damages in connection with the Palazzo Tower remodeling project and, at this stage in the proceedings, the Court may not go beyond the substance of the pleadings and the Agreement attached to the Mansfield Declaration. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss and such consideration does not convert the motion to dismiss into a motion for summary judgment); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003) (same).

6

cannot seek to enforce the terms of the agreement to arbitrate. Whether KNA breached another provision of the contract is for the arbitrator to decide.

**C.      Third Party Matter Should be Stayed.**

Under the prevailing law, the arbitration agreement is enforceable and Plaintiff is compelled to arbitrate his claims. The Federal Arbitration Act provides for a stay of the proceedings in federal district court when an issue in the proceeding is referable to arbitration, and for an order compelling arbitration when one party has failed or refused to comply with an arbitration agreement. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3 and 4). The Court is satisfied that the third party claims are referable to arbitration and therefore GRANTS the motion to stay the third party portion of the action pending arbitration. *See* 9 U.S.C. § 3. However, the Court does not issue a stay as to the original claims by Jonathan Browning, Inc. against the Venetian Defendants.

Further, the case management conference originally scheduled to follow the hearing on June 13, 2008 at 9:00 is HEREBY CONTINUED to Friday, June 20, 2008 at 1:30 p.m. The original parties shall prepare to discuss the conduct of proceedings in light of this Court's order and shall submit a supplemental joint case management statement by no later than June 13, 2008 informing the Court of any change in their position regarding the proposed schedule and a proposed date by which to complete mediation.

### CONCLUSION

For the foregoing reasons, the Court GRANTS KNA's motion to stay the third party action and to compel arbitration. The parties shall appear for a case management conference on June 20, 2008 at 1:30 p.m. to address the scheduling of further matters in the original action.

**IT IS SO ORDERED.**

Dated: June 11, 2008

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

7