Anthony E. McNamer (SBN 178911)
**MCNAMER AND COMPANY**
519 SW Third Ave, Suite 601
Portland, Oregon 97204
Telephone:  503.727.2504
Facsimile:  503.727.2501
E-Mail:  anthony@mcnamerlaw.com

Attorneys for Plaintiff
JONATHAN BROWNING, INC.

Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone:  415.957.3000
Facsimile:  415.957.3001
E-Mail:  rlwong@duanemorris.com

Michelle Hon (SBN 234492)
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail:    mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO
RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
VEGAS SANDS CORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | Case No.: C 07-3983 JSW |
| Plaintiff, | **AMENDED JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:         June 20, 2008 |
| VENETIAN CASINO RESORT, LLC, et al., | Time:         1:30 p.m. |
| | Place:        Courtroom 2 |
| Defendants. | Judge:        Hon. Jeffrey S. White |

Pursuant to the Order Granting Motion to Compel Arbitration and Stay Matter and

Continuing Case Management Conference of June 11, 2008, Plaintiff Jonathan Browning, Inc.

("Jonathan Browning") and Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and

Las Vegas Sands Corp. (collectively "Defendants"), have conferred with respect to the agenda items

listed in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Cases Management Statements*. Accordingly, the parties submit this Amended Joint Case Management Statement.

**1.    Jurisdiction and Service**

Jonathan Browning alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and 17 U.S.C. § 411(a). Defendants respectfully disagree; however, the Court's December 19, 2007 Order ruled that it has personal and subject matter jurisdiction and that venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b). All parties have been served.

**2.    Facts**

**A.    Plaintiff's Statement of the Facts**

Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures. In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada. Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept Jonathan Browning's bid.

Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price. The Venetian declined the bid, stating that the price was too high. The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces. The Venetian has installed in its guest rooms and corridors thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing. Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

**B.    Defendant's Statement of the Facts**

Venetian *et al.'s* investigation is ongoing. Venetian *et al.* reserve all rights to contest the facts set forth in the Complaint and restated herein.

Plaintiff apparently filed two applications for copyright registration for the two lighting

2

fixtures at issue in this case. Plaintiff's copyright applications were both denied by the U.S.

Copyright Office. Therefore, there is a presumption that the Plaintiff's light fixtures are not entitled

to copyright protection and cannot be infringed. Venetian *et al.'s* position is that, consistent with the

decision of the U.S. Copyright Office, lighting fixtures are not entitled to copyright protection.

**3.    Legal Issues**

    **A    Plaintiff's Statement of Issues:**

The primary legal issues in the case are: (a) the copyrightability of the sconce designs at

issue in this case, (b) whether the Venetian unlawfully copied those designs, and (c) whether the

Venetian's alleged conduct in the bid process gives rise to an unfair business practice claim.

Jonathan Browning does not intend this as a complete list of issues in the case, but rather as a

summary of the primary issues for the Court's benefit in scheduling events for the case.

    **B.    Defendants' Statement of Issues:**

Given the early status of this litigation, Defendants cannot identify all of the issues presented

by this case. Based upon the complaint, however, the following legal issues are currently at issue:

A. Whether or not the Plaintiff's light fixtures are entitled to protection under the Copyright

Act.

B. Whether or not Venetian violated Plaintiff's alleged copyright by creating unauthorized

copies of its lighting fixtures.

C. Whether or not Venetian violated Plaintiff's alleged copyright by publicly displaying any

unauthorized copies of Plaintiff's lighting fixtures.

D. Whether or not Venetian violated Plaintiff's alleged copyright by inducing the

infringement of a third party manufacturer in China.

E. Whether or not Venetian violated Plaintiff's alleged copyright by contributing to the

infringement of a third party manufacturer in China.

F. Whether or not Venetian is vicariously liable for copyright infringement for alleged

copying by a manufacturer in China.

G. Whether or not Venetian's alleged infringement was intentional and willful.

H. Whether or not Venetian violated common law unfair competition.

I. Whether or not Venetian violated California Business & Professions Code §§ 17200, *et seq.*

J. Whether and to what extent Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504.

K. Whether and to what extent Plaintiff is entitled to restitution and disgorgement damages.

L. Whether and to what extent Plaintiff is entitled to compensatory damages.

M. Whether and to what extent Plaintiff is entitled to punitive damages.

N. Whether and to what extent Plaintiff is entitled to pre- and post-judgment interest.

O. Whether and to what extent Plaintiff is entitled to injunctive relief.

P. Whether and to what extent Plaintiff is entitled to impounding and destruction of alleged copies pursuant to 17 U.S.C. § 503.

Q. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands Corp.[1]

R. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands LLC.

S. Whether or not this Court has personal jurisdiction over defendant Venetian Casino Resort LLC.

T. Whether the Northern California District Court is the proper venue.

U. Whether Plaintiff has stated a claim against Las Vegas Sands Corp. or Las Vegas Sands LLC.

V. Whether Plaintiff's state law claims for unfair competition are preempted by the Copyright Act.

**4.     Motions**

Both Plaintiff and Defendants presently anticipate filing a motion for summary judgment. The parties also expect that there will be motions in *limine* with regard to the exclusion of evidence at trial.

---

[1] Defendants recognize that the Court has made a ruling regarding this issue in connection with a Motion to Dismiss. However, as this action continues, Defendants believe that issues regarding jurisdiction and venue remain either before this Court or a court of appeals.

5.    **Amendment of Pleadings**

Plaintiff and Defendants do not expect that claims or defenses will be added or dismissed.

6.    **Evidence Preservation**

A.    **Plaintiff's Statement**

Jonathan Browning has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed. Jonathan Browning served Venetian with a letter regarding hard copy and electronic document retention on August 2, 2007.

B.    **Defendants' Statement**

Defendants have taken reasonable steps to ensure that evidence reasonably relevant to this action is preserved.

7.    **Disclosures**

The parties have all made their initial disclosures.

8.    **Discovery**

The parties agree that the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. Proc. 30(a)(2)(A)) shall apply, unless good cause later comes to exist for the Court to modify those limits. The parties agree that electronic documents will be exchanged in a reasonably useable format. The parties propose that the electronic documents be exchanged primarily in PDF or TIFF format. The parties agree to meet and confer to determine what search terms will be used for electronic discovery.

Jonathan Browning has served requests for the production of documents on Venetian *et al.* on January 31, 2007. Venetian *et al.* served requests for production of documents on Plaintiff on February 6, 2007. However, no documents have been produced by either party. Both parties intend to produce documents once the Stipulated Protective Order has been entered. The Stipulated Protective Order was filed on June 12, 2008 and entered by the Court on June 13, 2008. While no documents have produced in response to the discovery requests, the parties have exchanged a limited set of documents under the mediation privilege. Plaintiff submits that the documents it produced constitute 275 out of approximately 300 pages of documents that it will be produced in response to Defendants' requests.

1   No depositions have taken place.  Defendants are scheduled to take the deposition of the

2   person most knowledgeable at Jonathan Browning on June 19, 2008.  No other depositions have

3   been scheduled.

4   **9.      Class Action**

5       This case is not a class action.

6   **10.     Related Cases**

7       The parties know of no related proceedings.

8   **11.     Relief**

9       Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the

10  impounding and destruction or other reasonable disposition of all copies made in violation of

11  Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of

12  which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual

13  damages pursuant to 17 U.S.C. § 504, including lost profits, plus Defendants' profits from

14  infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive

15  damages; pre- and post-judgment interest according to law; and such other and further relief as the

16  Court deems just and proper.

17  **12.     Settlement and ADR**

18      The parties met on April 3, 2008 before a JAMS mediator.  The parties were unable to

19  resolve this case or any disputes then pending.

20  **13.     Consent to Magistrate Judge for All Purposes**

21      The parties have declined to proceed before a Magistrate Judge for all purposes.

22  **14.     Other References**

23      The parties do not presently believe that the case is suitable for binding arbitration or special

24  master.

25  **15.     Narrowing of Issues**

26      The parties are unable to narrow any issues by agreement at this time.  The parties anticipate

27  that the issues may be narrowed through Motions for Summary Judgment.

28

**16.    Expedited Schedule**

The parties agree that this case does not require an expedited schedule.

**17.    Scheduling**

The Court has entered the following schedule:

| | |
|---|---|
| Trial: | February 23, 2009 |
| Pre-Trial Conference: | February 2, 2009 |
| Last day for hearing dispositive motions: | November 21, 2008 |
| Completion of Expert Discovery: | October 3, 2008 |
| Rebuttal Expert Disclosure: | September 12, 2008 |
| Discovery Cutoff (non-expert): | August 29, 2008 |
| Expert Witness Disclosure: | August 29, 2008 |
| Mediation Deadline: | May 8, 2008 |

**A.    Plaintiff's Proposal.**

The schedule agreed to by the parties, and entered by the Court, provides all parties with sufficient time to complete discovery and prepare for trial.   The amount of discovery in this case is very limited.   Plaintiff has a total of approximately 300 pages of documents to produce, 275 of which were already provided to Defendants as part of the pre-mediation document exchange.  It is unclear the total number of documents Defendants will produce, but given the very specific nature of the claims, Plaintiff does not believe there should be over 1000 pages produced by Defendant. Additionally, Plaintiff does not currently anticipate taking more than four depositions in this matter, and estimates that total number of deposition will not exceed ten.

Defendants have noticed one deposition, which notice was timely objected to based on the fact that Defendants failed to meet and confer regarding the time of the deposition.   A timely objection is not an intentional delay.   On May 29, 2008 Defendants then re-noticed the deposition for June 12, 2008, again without conferring on timing.   Though Plaintiff's new counsel had not formally substituted in, he immediately contacted Defendants' counsel and explained that June 12, 2008 would not work.  Both the deponent and Plaintiff's counsel were not available that day.  Plaintiff's counsel offered several dates the following week, and the parties agreed on June 19, 2008.  Thus,

Case No.: C 07-3983 JSW

1   though Defendants' failed to confer about timing prior to noticing their deposition, the date finally

2   agreed upon is only one week later than the proposed date.

3       Though Plaintiff anticipates that very few electronic documents will be produced in

4   discovery, the parties met and conferred on June 13, 2008 regarding electronic discovery.

5   Defendants agreed to provide a list of proposed terms, and Plaintiff anticipates that, once Defendants

6   provide such a list, agreement upon such terms will come very quickly.

7       Plaintiff has already provided Defendant with nearly all of the documents that will be

8   provided in response to the request for production of documents. The deposition that Defendant

9   unilaterally scheduled was only moved back one week. Finally, the parties currently are working on

10  the proposed search terms for electronic discovery. Unless and until the parties experience

11  discovery disputes that actually impede discovery, no changes should be made to the current

12  schedule.

13  **B.    Defendants' Proposal**

14      The parties agreed to a six month period for discovery. However, the parties were hopeful

15  that this case could be resolved through mediation without the need to incur the expense of formal

16  discovery. As such, the parties stipulated to a stay of discovery pending the outcome of the

17  mediation, in the hopes that costs could be avoided if the mediation was successful. Unfortunately,

18  the parties were unable to resolve the dispute at the mediation, which took place on April 3, 2008.

19      Thereafter, each party served Responses to the Request for Production of Documents

20  exchanged prior to the mediation. However, no documents have produced by either party.

21      For almost two months now, Defendants have been trying to schedule a time to take the

22  threshold deposition of the person most knowledgeable at Jonathan Browning as to certain key

23  subjects. A copy of Defendants' original deposition notice is appended hereto as Exhibit A.

24  Defendants had intended that this deposition would inform Defendants what additional deponents

25  and discovery were needed.

26      Counsel for Defendants served their original notice for this deposition (Exhibit A) on April

27  25th. Defendants were not informed that Jonathan Browning was unavailable on the noticed date

28  until May 8, 2008 when Plaintiff served its objections. On May 12, 2008 Defendants requested an

1   alternative date for the deposition. Plaintiff did not respond. On May 20th, counsel for Defendants

2   requested that Plaintiff respond to the May 12, 2008 letter and provide an alternative date for this

3   deposition. Again, Plaintiff did not respond. During a telephonic meet and confer between counsel

4   for all parties on May 22, 2008, counsel for Defendants again asked for an alternative date for the

5   deposition. Counsel was stonewalled by Plaintiff's counsel who stated that he could not provide an

6   alternative date, and could not state when he would be available to do so. After another week went

7   by with no response to the request for a deposition date, Defendants served an amended notice of

8   deposition on May 29th, seeking to depose the person most knowledgeable at Jonathan Browning on

9   June 12, 2008. The following week, new counsel substituted in for Plaintiff and informed counsel

10  for Defendants that Plaintiff would not appear on June 12, 2008. Thus, the deposition was delayed

11  even further until June 19, 2008. No other depositions have been scheduled.

12          Thus, the original six month period of discovery has now been reduced to a two month

13  period. Two months were lost while the parties tried to reach a settlement and two months were lost

14  when Plaintiff intentionally delayed discovery for two months, while it retained and substituted in

15  new counsel. During that time, Defendants have refused to meet and confer regarding electronic

16  discovery, scheduling Plaintiff's deposition, and Stipulated Protective Order. As a result of the

17  foregoing, not a single deposition has occurred, nor has a single document been produced. The first

18  deposition is not scheduled to occur until June 19, 2008.

19          In addition to the loss of four months of discovery time, due in part to Plaintiff's intentional

20  delay, it appears that the parties have significant disputes regarding Plaintiff's refusal to produce

21  documents that are particularly relevant to Plaintiff's claims. The refusals include, but are not

22  limited to refusals to provide any financial documents and documentation relating to Plaintiffs

23  overhead costs, which are directly relevant to the calculation of Plaintiff's alleged lost profits.

24  During the June 13, 2008 meet and confer, Plaintiff's counsel made it clear that Plaintiff will not

25  produce any of the requested documents. As such, Defendants anticipate filing a motion seeking to

26  compel the production of these and other relevant documents.

27          Finally, Defendants have a significant amount of electronic data to capture, filter and review.

28  Since the parties have not yet reached agreement on the search terms, Defendant's cannot estimate

how much data will have to be reviewed once the filtering and search terms have been applied. However, based on counsel's prior experience with electronic discovery, it frequently takes one to two months or more, depending on the data set to review the data once it has been extracted and culled.

Defendants have requested that Plaintiff stipulate to extend the trial dates, but Plaintiff has refused Defendants' request. Thus, Defendants request the Court enter an Order amending the trial dates so that Defendants will not be prejudiced by Plaintiff's intentional delays. Defendants propose the following schedule for future proceedings:

| | |
|---|---|
| Trial: | May 25, 2009 |
| Pre-Trial Conference: | May 8, 2009 |
| Last day for filing dispositive motions: | March 13, 2009 |
| Completion of Expert Discovery: | February 27, 2009 |
| Rebuttal Expert Disclosure: | January 30, 2009 |
| Discovery Cutoff (non-expert): | December 19, 2008 |
| Expert Witness Disclosure: | December 19, 2008 |

**18.    Trial**

Jonathan Browning has demanded a jury trial. The parties currently anticipate the trial may last 5-7 days, although Defendants reserve the right to modify this estimate based upon the claims and plaintiff damage theories that are allowed to proceed, if any.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed disclosures according to Civil L.R. 3-16 (Docket Nos. 7 and 15).

Dated:  June 13, 2008                    **DUANE MORRIS** LLP

                            By:    s/Michelle A. Hon
                                   Ray L. Wong
                                   Michelle Hon
                                   Attorneys for Defendants VENETIAN CASINO
                                   RESORT LLC; LAS VEGAS SANDS LLC, and LAS
                                   VEGAS SANDS CORP.

1

2

Dated: June 13, 2008                          **MCNAMER AND COMPANY**

3                                              By:  s/Anthony McNamer
                                                    Anthony E. McNamer
4                                                   Attorneys for Plaintiff Jonathan Browning, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28