1  Anthony E. McNamer (SBN 178911)
   **MCNAMER AND COMPANY**
2  519 SW Third Ave, Suite 601
   Portland, Oregon 97204
3  Telephone: 503.727.2504
   Facsimile: 503.727.2501
4  E-Mail: anthony@mcnamerlaw.com

5  Attorneys for Plaintiff
   JONATHAN BROWNING, INC.
6
   Ray L. Wong (SBN 84193)
7  **DUANE MORRIS LLP**
   One Market, Spear Tower, Suite 2000
8  San Francisco, CA 94105-1104
   Telephone: 415.957.3000
9  Facsimile: 415.957-3001
   E-Mail: rlwong@duanemorris.com
10
   Michelle Hon (SBN 234492)
11 **DUANE MORRIS LLP**
   101 West Broadway, Suite 900
12 San Diego, CA 92101
   Telephone: 619.744.2200
13 Facsimile: 619.744.2201
   E-Mail:   mhon@duanemorris.com
14
   Attorneys for Defendants VENETIAN CASINO
15 RESORT, LLC; LAS VEGAS SANDS, LLC, and LAS
   VEGAS SANDS CORP

16

17                  IN THE UNITED STATES DISTRICT COURT

18                FOR THE NORTHERN DISTRICT OF CALIFORNIA

19 | JONATHAN BROWNING, INC.,          | Case No.: C 07-3983 JSW
20 |         Plaintiff,                | **REVISED AMENDED JOINT CASE MANAGEMENT STATEMENT**
21 |   v.                              |
                                        Date:   June 20, 2008
22 | VENETIAN CASINO RESORT, LLC, et al., | Time:  1:30 p.m.
                                        Place:  Courtroom 2
23 |         Defendants.               | Judge:  Hon. Jeffrey S. White

24       Pursuant to the Order Granting Motion to Compel Arbitration and Stay Matter and

25 Continuing Case Management Conference of June 11, 2008, Plaintiff Jonathan Browning, Inc.

26 ("Jonathan Browning") and Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, and

27 Las Vegas Sands Corp. (collectively "Defendants"), have conferred with respect to the agenda items

28

Case No.: C 07-3983 JSW
REVISED AMENDED JOINT CASE MANAGEMENT STATEMENT

listed in the Standing Order for All Judges of the Northern District of California - *Contents of Joint Cases Management Statements*. Accordingly, the parties submit this Amended Joint Case Management Statement.

1.  **Jurisdiction and Service**

Jonathan Browning alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and 17 U.S.C. § 411(a). Defendants respectfully disagree; however, the Court's December 19, 2007 Order ruled that it has personal and subject matter jurisdiction and that venue is proper in this District under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b). All parties have been served.

2.  **Facts**

    A.  **Plaintiff's Statement of the Facts**

Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures. In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada. Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept Jonathan Browning's bid.

Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price. The Venetian declined the bid, stating that the price was too high. The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces. The Venetian has installed in its guest rooms and corridors thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing. Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

    B.  **Defendant's Statement of the Facts**

Venetian *et al.'s* investigation is ongoing. Venetian *et al.* reserve all rights to contest the facts set forth in the Complaint and restated herein.

Plaintiff apparently filed two applications for copyright registration for the two lighting

fixtures at issue in this case. Plaintiff's copyright applications were both denied by the U.S. Copyright Office. Therefore, there is a presumption that the Plaintiff's light fixtures are not entitled to copyright protection and cannot be infringed. Venetian *et al.'s* position is that, consistent with the decision of the U.S. Copyright Office, lighting fixtures are not entitled to copyright protection.

3. **Legal Issues**

    A    **Plaintiff's Statement of Issues:**

The primary legal issues in the case are: (a) the copyrightability of the sconce designs at issue in this case, (b) whether the Venetian unlawfully copied those designs, and (c) whether the Venetian's alleged conduct in the bid process gives rise to an unfair business practice claim. Jonathan Browning does not intend this as a complete list of issues in the case, but rather as a summary of the primary issues for the Court's benefit in scheduling events for the case.

    B.    **Defendants' Statement of Issues:**

Given the early status of this litigation, Defendants cannot identify all of the issues presented by this case. Based upon the complaint, however, the following legal issues are currently at issue:

A. Whether or not the Plaintiff's light fixtures are entitled to protection under the Copyright Act.

B. Whether or not Venetian violated Plaintiff's alleged copyright by creating unauthorized copies of its lighting fixtures.

C. Whether or not Venetian violated Plaintiff's alleged copyright by publicly displaying any unauthorized copies of Plaintiff's lighting fixtures.

D. Whether or not Venetian violated Plaintiff's alleged copyright by inducing the infringement of a third party manufacturer in China.

E. Whether or not Venetian violated Plaintiff's alleged copyright by contributing to the infringement of a third party manufacturer in China.

F. Whether or not Venetian is vicariously liable for copyright infringement for alleged copying by a manufacturer in China.

G. Whether or not Venetian's alleged infringement was intentional and willful.

H. Whether or not Venetian violated common law unfair competition.

I. Whether or not Venetian violated California Business & Professions Code §§ 17200, et seq.

J. Whether and to what extent Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504.

K. Whether and to what extent Plaintiff is entitled to restitution and disgorgement damages.

L. Whether and to what extent Plaintiff is entitled to compensatory damages.

M. Whether and to what extent Plaintiff is entitled to punitive damages.

N. Whether and to what extent Plaintiff is entitled to pre- and post-judgment interest.

O. Whether and to what extent Plaintiff is entitled to injunctive relief.

P. Whether and to what extent Plaintiff is entitled to impounding and destruction of alleged copies pursuant to 17 U.S.C. § 503.

Q. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands Corp.[1]

R. Whether or not this Court has personal jurisdiction over defendant Las Vegas Sands LLC.

S. Whether or not this Court has personal jurisdiction over defendant Venetian Casino Resort LLC.

T. Whether the Northern California District Court is the proper venue.

U. Whether Plaintiff has stated a claim against Las Vegas Sands Corp. or Las Vegas Sands LLC.

V. Whether Plaintiff's state law claims for unfair competition are preempted by the Copyright Act.

**4.    Motions**

Both Plaintiff and Defendants presently anticipate filing a motion for summary judgment. The parties also expect that there will be motions in *limine* with regard to the exclusion of evidence at trial.

---

[1] Defendants recognize that the Court has made a ruling regarding this issue in connection with a Motion to Dismiss. However, as this action continues, Defendants believe that issues regarding jurisdiction and venue remain either before this Court or a court of appeals.

**5.   Amendment of Pleadings**

Plaintiff and Defendants do not expect that claims or defenses will be added or dismissed.

**6.   Evidence Preservation**

    **A.   Plaintiff's Statement**

Jonathan Browning has ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed. Jonathan Browning served Venetian with a letter regarding hard copy and electronic document retention on August 2, 2007.

    **B.   Defendants' Statement**

Defendants have taken reasonable steps to ensure that evidence reasonably relevant to this action is preserved.

**7.   Disclosures**

The parties have all made their initial disclosures.

**8.   Discovery**

The parties agree that the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure (*e.g.*, Fed. R. Civ. Proc. 30(a)(2)(A)) shall apply, unless good cause later comes to exist for the Court to modify those limits. The parties agree that electronic documents will be exchanged in a reasonably useable format. The parties propose that the electronic documents be exchanged primarily in PDF or TIFF format. The parties agree to meet and confer to determine what search terms will be used for electronic discovery.

Jonathan Browning has served requests for the production of documents on Venetian *et al.* on January 31, 2007. Venetian *et al.* served requests for production of documents on Plaintiff on February 6, 2007. However, no documents have been produced by either party. Both parties intend to produce documents once the Stipulated Protective Order has been entered. The Stipulated Protective Order was filed on June 12, 2008 and entered by the Court on June 13, 2008. While no documents have produced in response to the discovery requests, the parties have exchanged a limited set of documents under the mediation privilege. Plaintiff submits that the documents it produced constitute 275 out of approximately 300 pages of documents that it will be produced in response to Defendants' requests.

1  No depositions have taken place. Defendants are scheduled to take the deposition of the
2  person most knowledgeable at Jonathan Browning on June 19, 2008. No other depositions have
3  been scheduled.

**9.   Class Action**

This case is not a class action.

**10.  Related Cases**

The parties know of no related proceedings.

**11.  Relief**

Jonathan Browning seeks declaratory judgment; injunctive relief; an order directing the impounding and destruction or other reasonable disposition of all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced; recovery of full costs pursuant to 17 U.S.C. § 505; actual damages pursuant to 17 U.S.C. § 504, including lost profits, plus Defendants' profits from infringement, as will be proven at trial; restitution and disgorgement; compensatory and punitive damages; pre- and post-judgment interest according to law; and such other and further relief as the Court deems just and proper.

**12.  Settlement and ADR**

The parties met on April 3, 2008 before a JAMS mediator. The parties were unable to resolve this case or any disputes then pending.

**13.  Consent to Magistrate Judge for All Purposes**

The parties have declined to proceed before a Magistrate Judge for all purposes.

**14.  Other References**

The parties do not presently believe that the case is suitable for binding arbitration or special master.

**15.  Narrowing of Issues**

The parties are unable to narrow any issues by agreement at this time. The parties anticipate that the issues may be narrowed through Motions for Summary Judgment.

16. **Expedited Schedule**

The parties agree that this case does not require an expedited schedule.

17. **Scheduling**

The Court has entered the following schedule:

| | |
|---|---|
| Trial: | February 23, 2009 |
| Pre-Trial Conference: | February 2, 2009 |
| Last day for hearing dispositive motions: | November 21, 2008 |
| Completion of Expert Discovery: | October 3, 2008 |
| Rebuttal Expert Disclosure: | September 12, 2008 |
| Discovery Cutoff (non-expert): | August 29, 2008 |
| Expert Witness Disclosure: | August 29, 2008 |
| Mediation Deadline: | May 8, 2008 |

A. **Proposed Schedule.**

The parties have met and conferred regarding the case schedule and request the Court enter the following schedule for future proceedings:

| | |
|---|---|
| Trial: | April 20, 2009 |
| Pre-Trial Conference: | April 3, 2009 |
| Last day for filing dispositive motions: | February 13, 2009 |
| Completion of Expert Discovery: | January 9, 2009 |
| Rebuttal Expert Disclosure: | December 12, 2008 |
| Discovery Cutoff (non-expert): | November 28, 2008 |
| Expert Witness Disclosure: | November 28, 2008 |

18. **Trial**

Jonathan Browning has demanded a jury trial. The parties currently anticipate the trial may last 5-7 days, although Defendants reserve the right to modify this estimate based upon the claims and plaintiff damage theories that are allowed to proceed, if any.

1  19.  **Disclosure of Non-party Interested Entities or Persons**

2  The parties have filed disclosures according to Civil L.R. 3-16 (Docket Nos. 7 and 15).

Dated: June 20, 2008                        **DUANE MORRIS LLP**

                                                                 By:  s/Michelle A. Hon
                                                                     Ray L. Wong
                                                                     Michelle Hon
                                                                     Attorneys for Defendants VENETIAN CASINO RESORT LLC; LAS VEGAS SANDS LLC, and LAS VEGAS SANDS CORP.

Dated: June 20, 2008                        **MCNAMER AND COMPANY**

                                                                  By:  s/Anthony E. McNamer
                                                                     Anthony E. McNamer
                                                                     Attorneys for Plaintiff Jonathan Browning, Inc.