**DuaneMorris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

RAY L. WONG
DIRECT DIAL: 415.957.3149
PERSONAL FAX: 415.520.6907
E-MAIL: RLWong@DuaneMorris.com

www.duanemorris.com

August 12, 2008

VIA HAND DELIVERY

Hon. Jeffery S. White
U.S. District Court, Northern Dist. of California
450 Golden Gate Ave.
Courtroom 2, 17th Floor
San Francisco, CA 94102

Re:   Jonathan Browning, Inc. v Venetian Casino Resort *et al.*
      Case No.: C 07-398 JSW

Dear Judge White:

Pursuant to the Court's standing order, defendants Venetian Casino Resort, LLC, Las Vegas Sands LLC, and Las Vegas Sands, Corp. (collectively "Venetian *et al.*") and plaintiff Jonathan Browning, Inc. ("Browning") respectfully submit this joint letter regarding discovery disputes in the above-captioned case. The parties have met and conferred in person, pursuant to Fed. R. Civ. P. 37(a)(2)(A), local rule 37-1(a) and this Court's standing order. However, Browning continues its objection and refusal to produce documents in response to the following document requests:

Request No. 15: All documents that discuss, reflect or relate to any lease, rental, or mortgage agreements for any building or location where Jonathan Browning operates or does business;

Request No. 16: All documents that discuss, reflect, or related to any overhead expenses incurred by Jonathan Browning since January 1, 2003;

Request No. 18: All documents that discuss, reflect, or related to any income, imputed income paid by Jonathan Browning, Including salaries, hourly wages, bonuses, stock and stock options since January 1, 2003.

Request No. 19: All documents that discuss, reflect, or related to any third-party invoices or expenses paid by Jonathan Browning since January 1, 2003.

DUANE MORRIS LLP
ONE MARKET, SPEAR TOWER, SUITE 2000   SAN FRANCISCO, CA 94105-1104            PHONE: 415.957.3000  FAX: 415.957.3001

DuaneMorris

Hon. Jeffery S. White
August 12, 2008
Page 2

Request No. 24: All documents that discuss, reflect, or relate to Jonathan Browning's financial statements, including any balance sheets, profit and loss statement and any other financial statements since January 1, 2003;

Request No. 25: All documents that discuss, reflect or relate to sales of the light fixtures since January 1, 2003.

"Light Fixtures" are defined "any and all lighting fixtures designed by Jonathan Browning, Jonathan Browning, Inc. and Jonathan Browning Studios."

I.   Venetian *et al.*'s Position

   A.   *Browning's Overhead Expenses*

Although Browning is seeking lost profits, it has refused to produce documents concerning its overhead expenses. Request Nos. 15, 16, 18, 19, and 24 seek documents relating to Browning's profits and overhead expenses. Plaintiff is claiming actual damages in the form of its alleged lost profits. All requested documents requested in Request Nos. 15, 16, 18, 19, and 24 are discoverable as they are necessary in order to calculate Plaintiff's alleged profits. Plaintiff admits that there are overhead expenses and costs associated with the production of its light fixtures; however, it refuses to produce any of its financial statements or third party invoices. Instead, Plaintiff claims that its calculation of profits should be its bid price to the Venetian *et al.* less the cost charged by the manufacturer. However, the damages as stated in the Complaint are not so limited. Moreover, even if Plaintiff's claim limitation was true, overhead expenses must be included in the calculation of lost damages. Plaintiff's calculation does not take into account any overhead expenses, including but not limited to shipping costs, taxes, import and export fees, storage costs, commission owed to its showroom, operating costs and other overhead costs. These are all necessary for a true calculation of Plaintiff's alleged lost profits and must be produced.

   B.   *Sales of Light Fixtures*

Request No. 25 requests all documents that discuss, reflect or relate to the sales of Browning's light fixtures since January 1, 2003. Plaintiff has refused to produce any documents. Plaintiff is claiming actual damages in the form of its alleged lost profits. The documents requested are discoverable in that they are likely to lead to admissible evidence relating to Plaintiff's alleged profits on its light fixtures. Plaintiff seeks to limit its production to the two light fixtures at issue in its Complaint. However, limiting documents to the "order at issue" is insufficient to support a claim for lost profits. First, there never was any such "order." Browning prepared an initial bid, which it intended only as an opening offer subject to further negotiations. The bid does not account for any overhead costs associated with the bid other than

DuaneMorris

Hon. Jeffery S. White
August 12, 2008
Page 3

the estimated cost charged by the manufacturer. Additionally, Venetian *et al.* believe that Plaintiff's bid to the Venetian Casino Resort would have been the largest sale in Browning's short history. The quantity of light fixtures involved in Browning's bid is believed to be so much higher than any other sale that additional overhead and expenses would have to be incurred over and above Plaintiff's normal operating costs in order to accommodate such a bid. The information also could be relevant as to the reasonableness of Browning's bid. Thus, Venetian *et al.* believe that all sales of all light fixtures are relevant to the damages issue and are thus discoverable.

II.   Browning's Position

   A.   *General Overhead Expenses*

Request Nos. 15, 16, 17, 18, 19, and 24 seek documents relating to all expenses and transactions for the entire corporation for the last 5 ½ years. These requests literally call for Browning to produce every single document drafted, sent from, or received by, Browning. Since Browning only sells "Light Fixtures," everything Browning does relates to the sale of "Light Fixtures." These requests are patently overbroad and are based on Venetian *et al.*'s apparent misunderstanding of Browning's damages claim. While Browning seeks lost profits, this is not a general lost profits claim, where a business, as a whole, is damaged. This is a very simple claim related to the lost profits from a few discreet orders made in 2007 for two specific light fixtures. Browning's company-wide finances are irrelevant. The only relevant information is the cost of the two fixtures and the price the fixtures would have sold for but for Venetian *et al.*'s actions. Similarly, nothing that occurred between 2003-2006 is relevant to this case and the specific lost orders from 2007. Moreover, Browning sells approximately 52 different light fixtures. Browning's profit on those other fixtures is also irrelevant. Browning has agreed to produce all documents related to the orders at issue, including all documents related to the price to manufacture and ship the two relevant fixtures and the price quotes to Venetian *et al.* which show the price Browning should have received for the fixtures.

   B.   *Sales of Light Fixtures*

Request No. 25 requests all documents that discuss, reflect or relate to the sales of all of Browning's light fixtures since January 1, 2003. Again, this literally requests every single document in Browning's possession. All Browning does is sell "Light Fixtures" so every document related to its business would necessarily relate to the sale of light fixtures. And again, Browning sells 52 different light fixtures. While it is unclear how a prior order for either of the two fixtures would be relevant to the profit lost for the specific orders at issue in this case, Browning has agreed to produce all documents related to the manufacture and sales of the two relevant light fixtures.

DuaneMorris

Hon. Jeffery S. White
August 12, 2008
Page 4

The parties respectfully request the Court's guidance in resolving this dispute. If the Court is unable to resolve this dispute, Venetian *et al.* requests leave to file a Motion to Compel.

Very truly yours,

Ray L. Wong

RLW/yka

cc: Anthony E. McNamer, Esq. (via e-mail)
John Mansfield, Esq. (via e-mail)
Kenneth E. Chyten, Esq. (via e-mail)