Anthony E. McNamer (SBN 178911)
**MCNAMER AND COMPANY**
519 SW Third Ave, Suite 601
Portland, Oregon 97204
Telephone: 503.727.2504
Facsimile: 503.727.2501
E-Mail: anthony@mcnamerlaw.com

Attorneys for Plaintiff
JONATHAN BROWNING, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>VENETIAN CASINO RESORT, LLC, et al.,<br><br>    Defendants. | Case No.: C 07-3983 JSW<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT of MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:   December 12, 2008<br>Time:   9:00am<br>Place:  Courtroom 2<br>Judge:  Hon. Jeffrey S. White |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on December 12, 2008, at 9 a.m. or as soon thereafter as the matter may be heard in Courtroom 2 before the Honorable Jeffery S. White, plaintiff Jonathan Browning, Inc. ("Jonathan Browning") will move and hereby does move this Court for leave to file its First Amended Complaint in this action. This motion is based on Rule 15(a) of the Federal Rules of Civil Procedure, and is supported by this notice of motion and motion, by the memorandum of points and authorities below and by the declarations of Anthony McNamer, Esq. and Mr. Jonathan Browning filed herewith and the exhibits attached thereto, and by the papers and pleadings on file in

this action, the proposed First Amended Complaint submitted herewith and such other oral and documentary evidence as may come before the Court upon the hearing of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Jonathan Browning requests leave to amend its complaint to add a new claim that relates to its existing claims for copyright infringement. Specifically, Jonathan Browning seeks to add a claim that the infringing lighting fixtures are infringing derivative works of Jonathan Browning's registered copyrights in the original hand drawings upon which the infringing light fixtures (and Jonathan Browning's own light fixtures) are based. This claim involves the same facts already at issue in this litigation. Thus, the subject matter of this new copyright infringement claim is substantively similar and related to the subject matter contained in the original complaint.

Jonathan Browning also requests leave to amend to conform to the evidence related to the actual number of infringing fixtures that have been used (including the infringing fixtures used at the Palazzo Hotel), to correct a typographic error in Jonathan Browning's corporate name, and to remove the claims the Court dismissed.

The Court should grant Jonathan Browning's motion for leave to amend its complaint because doing so will serve the interests of judicial economy and will be economically beneficial to the parties in resolving all issues of dispute in a single proceeding. Moreover, almost no discovery has occurred in his matter. Thus, the addition of this intimately related claim will not delay the litigation nor cause Defendants undue prejudice.

**II.    FACTUAL BACKGROUND**

Plaintiff Jonathan Browning is a California corporation that designs and supplies high-end decorative interior lighting fixtures. Browning Dec. ¶ 3. The design of the lighting fixtures is multi-step artistic process. Initially, original hand drawings are made of the fixture designs. *Id*. Then a wax sculpture is made based on the original hand drawings. *Id*. Finally, a cast is made from the wax sculpture. *Id*. Every single lighting fixture is a derivative of the original hand drawings. *Id*.

In April 2006, the Venetian asked Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the Venetian's guest rooms and corridors as part of Defendants'

Venetian Tower Remodel Project at the Venetian Casino Resort in Las Vegas, Nevada. *Id.* at 4. Ostensibly as part of its evaluation process, the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock-up so the casino could decide whether to accept Jonathan Browning's bid. *Id.*

Jonathan Browning submitted a bid to the Venetian, offering to provide 11,368 sconces at a discounted price. *Id.* at 5. The Venetian declined the bid, stating that the price was too high. *Id.* The Venetian then proceeded to copy, or had others copy, the designs on the sample Jonathan Browning sconces. *Id.* Those counterfeit sconces were both derivatives of the original drawings, and direct copies of the Jonathan Browning sconces. *Id.* The Defendants have installed in its guest rooms and corridors at both the Venetian and the Palazzo Hotel, thousands of copies of Jonathan Browning's sconces, for which it paid Jonathan Browning nothing. *Id.*

Jonathan Browning sues for violation of the Copyright Act and for state-law contract and unfair business practices claims.

## II.   PROCEDURAL BACKGROUND

Since the Court's December 19, 2007 ruling on Defendants' motion to dismiss, very little has happened in this case.  On April 3, 2008 the parties participated in mediation before Hon. Edward Infante, which mediation did not result in the settlement of the matter.  On June 10, 2008 the law firm of McNamer and Company was substituted in as counsel for Plaintiff.  On June 12, 2008 a Stipulated Protective Order was entered.  On June 20, 2008 the Court held a Case Management Conference and set a new schedule for the matter.

Since the Case Management Conference little discovery has occurred.  Plaintiff produced 275 pages of documents in June 2008, and has approximately 400 more pages of documents ready to produce. McNamer Dec. ¶ 3.  After Plaintiff's production, and the June 19, 2008 deposition of Jonathan Browning's person most knowledgeable, Defendants produced 222 pages of documents. Defendants apparently have thousands more pages of electronic documents to produce.  *Id.*  The parties agreed on electronic search terms in June 2008, and Defendants stated they believed the documents would be produced in early August.  *Id* at 4.  Though Plaintiff served deposition notices for the person most knowledgeable depositions of Defendants on June 16, 2008, based on

Defendants failure to provide discovery (and promise that such discovery would be forthcoming in August) the person most knowledgeable depositions of the Defendants were stayed pending the production. *Id.* Defendants have failed to produce <u>any</u> further documents, and have refused to provide any indication about when such documents will be produced. *Id.* Defendants' failure to produce further documents has made it impossible for Plaintiff to move forward with any of its depositions. *Id.*

Only one deposition has taken place. Defendants took the deposition of the person most knowledgeable at Jonathan Browning on June 19, 2008. *Id.*

Based upon Plaintiff's counsel's review of the documents produced by both parties, and the testimony presented at the June 19, 2008 deposition, on July 1, 2008 Plaintiff informed Defendant of its intent to amend the Complaint to conform to the evidence. *Id.* at 6. Significantly, the documents and testimony revealed the original hand drawings of the two sconces at issue, which hand drawings were themselves copyrighted and which drawings were infringed when Defendants copied, or had others copy, the designs of the Jonathan Browning sconces. *Id.* Plaintiff thus filed for, and received, U.S. Copyright Registrations in the "Original Hand Drawing of Trianon" and the "Original Hand Drawing of Ledoux" (collectively the "Original Drawings"). *Id.* Plaintiff also sought to conform the complaint to the evidence regarding the total number of sconces copied, and the use of those sconces at the Palazzo Hotel, which evidence was found in documents produced by Defendants. Finally, Plaintiff sought to correct a typographical error in its corporate name.

A copy of the proposed Amended Complaint was sent to Defendants on August 4, 2008. *Id.* at 7. Defendants initially only requested that the prior dismissed claims be removed and typo be corrected, so a revised Amended Complaint was sent on August 13, 2008. *Id.* On August 19, 2008 Defendants' counsel sent a letter informing Plaintiff that Defendants objected to the proposed amendments as "contrary to the law and the Court's prior rulings" and refused to stipulate to the amendments. *Id.*

## III.  ARGUMENT

### A.  Leave to Amend Is To Be Liberally Granted

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be

freely given when justice so requires." Fed. R. Civ. P. 15(a). The underlying purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F. 2d 977, 979 (9th Cir. 1981). As the Supreme Court and the Ninth Circuit repeatedly have held, the policy favoring amendment "should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 186 (9th Cir. 1987) (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (mandate of Rule 15(a) "is to be heeded").

Leave to amend has been granted to state additional claims. *Moyo v. Gomez*, 40 F. 3d 982, 986 (9th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *see also Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F. 2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

### 1. Jonathan Browning's Proposed Amendment Serves The Interests Of Justice And Judicial Economy.

Jonathan Browning seeks to add a claim that the intentionally copied lighting fixtures infringe on Jonathan Browning's registered copyrights in the Original Drawings upon with the lighting fixtures are based. The infringing fixtures are derivative works of the registered copyrighted drawings. This action already contains claims for direct copyright infringement of the Jonathan Browning's copyrighted lighting fixtures and the damages based on the infringement are exactly the same as the damages based on Defendant's infringement of Jonathan Browning's exclusive copyright to create derivative works of the Original Drawings. The existing claims and this new claim involve the exact same facts. Consequently, litigating the existing claims with the new claim in the same action will serve the interests of justice and judicial economy.

### 2. Defendant Cannot Carry Its Burden Of Showing Futility, Unduly Prejudice Or Delay.

Denial of a request to amend "is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F. 2d 1398, 1402 (9th Cir. 1990). The party opposing amendment bears the burden of showing prejudice or that the amendment is frivolous or made in bad faith. *See e.g., DCD Programs,* 833 F. 2d. at 187. "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not

frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Cal.*, 648 F. 2d 1252, 1254 (9th Cir. 1981).

While this case was filed some time ago, little has occurred. There has been one deposition (which was not even concluded). There have been about 500 pages of documents produced, with the bulk of either party's documents still awaiting production. Since almost no discovery has taken place, the addition of this intimately related claim will not deprive Defendants of the opportunity to present facts or evidence or otherwise prepare and present its case for trial. *See Nixon-Egli Equipment Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1438 (N.D. Cal. 1996) (where trial was still some time away, discovery deadline was vacated, and it did not appear that claims were proposed in bad faith or after any undue delay, "the Court GRANTS the Plaintiff's Motion to File a Second Amended Complaint.")

### 3. Jonathan Browning Acted In Good Faith.

Jonathan Browning has no improper motive and has acted in good faith. As more specifically described in the First Amended Complaint, Jonathan has pled specific facts and sufficiently supported the proposed claim that it now seeks to add. Defendants may dispute the merits or the facts, but they cannot claim that the allegation is made in bad faith. *See Miller v. Rykoff-Sexton, Inc.*, 845 F. 2d 209, 214 (9th Cir. 1988) (holding that the lower court abused its discretion by denying leave to amend where questions of fact had to be resolved.). Jonathan Browning's motion advances only the good faith effort to resolve related issues on the merits, in one proceeding, in the most efficient way possible. Indeed, if the present motion is denied, Jonathan Browning will have no choice but to file another case for infringement of the registered copyrights in the Original Drawings. There is no improper motive that would warrant denial of Jonathan Browning's motion for leave to amend.

## IV. CONCLUSION

For the reasons set forth above, Jonathan Browning's motion for leave to file its First Amended Complaint should be granted.

Dated: August 26, 2008　　　　　　　　**MCNAMER AND COMPANY**

　　　　　　　　　　　　　　　　By: s/Anthony E. McNamer
　　　　　　　　　　　　　　　　　　　Anthony E. McNamer
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Jonathan Browning, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the following:

1. **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT of MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;**

2. **DECLARATION OF JONATHAN BROWNING;**

3. **DECLARATION OF ANTHONY MCNAMER; AND**

4. **AMENDED COMPLAINT**

have been served on counsel of record for Defendants via the Court's electronic filing system on August 26, 2008.

                          **MCNAMER AND COMPANY**

                    By: /s/Deborah Gumm
                        Deborah Gumm