MCNAMER AND COMPANY

Formatted: Small caps

ANTHONY E. MCNAMER (178911)

Formatted: All caps

519 SW Third, Ste. 601
Portland, OR 97214
Telephone: 503-727-2504
Facsimile: 503-727-2501
Email: anthony@mcnamerlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING STUDIOS, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>VENETIAN CASINO RESORT, LLC., a Nevada limited liability company; LAS VEGAS SANDS, LLC., a Nevada limited liability company; LAS VEGAS SANDS, CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. C 07-3983 JSW<br><br>**FIRST AMENDED COMPLAINT**<br><br>Formatted: Font: Bold<br><br>**DEMAND FOR JURY TRIAL** |

A/72130128.2/3006638-0000326553

COMPLAINT

1      Plaintiff Jonathan Browning Studios, Inc. ("Jonathan Browning" or "Plaintiff")

2  alleges against Defendants Venetian Casino Resort, LLC; Las Vegas Sands, LLC; and Las Vegas

3  Sands Corp. (collectively, "the Venetian" or "Defendants") as follows:

4                              **INTRODUCTION**

5      1.     Jonathan Browning is a prominent designer and supplier of high-end

6  decorative interior lighting fixtures, including sconces.  In April 2006, the Venetian asked

7  Jonathan Browning to bid on a project to provide more than 11,000 sconces to be used in the

8  Venetian's guest rooms and corridors as part of Defendants' Venetian Tower Remodel Project at

9  the Venetian Casino Resort in Las Vegas, Nevada.  Ostensibly as part of its evaluation process,

10  the Venetian purchased ten sample Jonathan Browning sconces to be used in a mock up so the

11  casino could decide whether to accept Jonathan Browning's bid.

12      2.     Jonathan Browning submitted a bid to the Venetian, offering to provide

13  11,368 sconces at a discounted price.  The Venetian declined the bid, stating that the price was

14  too high.  The Venetian showed no interest in negotiating.

15      3.     In fact, the Venetian then proceeded to copy, or had others copy, the

16  design on the sample Jonathan Browning sconces.  The Venetian has made and installed in its

17  guest rooms and corridors literally thousands of illegal copies of Jonathan Browning's sconces,

18  and it threatens to make and install thousands more in its ongoing renovation.  The Venetian paid

19  Jonathan Browning nothing for the designs it copied.  Rather, the Venetian simply ripped off

20  Jonathan Browning's designs from the samples provided, in violation of the Copyright Act and

21  common law and state statutory obligations.

22      4.     Jonathan Browning discovered this copying in May 2007 and now brings

23  suit for damages and equitable relief.

24                              **THE PARTIES**

25      5.     Plaintiff Jonathan Browning, Inc. is a California corporation with its

26  principal place of business located at 379 Collingwood, San Francisco, CA 94114.  Jonathan

27  Browning sells its products, including its Trianon and Ledoux Sconces, through ten exclusive

28

A/72130128.2/3006638-0000326553

COMPLAINT

1  showrooms throughout the United States, including the David Sutherland Showroom in Los

2  Angeles.

3          6.      Defendant Venetian Casino Resort, LLC, is a Nevada limited-liability

4  company with its principal place of business located at 3355 Las Vegas Boulevard South, Las

5  Vegas, NV 89109.

6          7.      Defendant Las Vegas Sands, LLC, is also a Nevada limited-liability

7  company with its principal place of business located at 3355 Las Vegas Boulevard South, Las

8  Vegas, NV 89109.  It is the Managing Member of Defendant Venetian Casino Resort, LLC, and

9  it is wholly-owned by Defendant Las Vegas Sands Corp.

10          8.      Defendant Las Vegas Sands Corp. is a Nevada corporation with its

11  principal place of business located at 3355 Las Vegas Boulevard South, Las Vegas, NV 89109.

12          9.      At all times mentioned herein, each of the Defendants (including Doe

13  Defendants) was and is the agent, alter-ego, co-conspirator, servant, and employee of each other,

14  and all of the things alleged to have been done by one of the Defendants were done in the

15  capacity of and as the agent, alter-ego, co-conspirator, servant, and employee of all other

16  Defendants, and each of them.

17                          **JURISDICTION AND VENUE**

18          10.      This is a civil action seeking damages and injunctive relief for copyright

19  infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and for state law claims.

20          11.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C.

21  §§ 1331 and 1338(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Plaintiff has

22  satisfied the statutory preconditions to sue under 17 U.S.C. § 411(a).  This Court also has

23  original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship

24  and the amount in controversy exceeds $75,000.

25          12.      This Court has personal jurisdiction over the Defendants.  The Venetian

26  solicited Jonathan Browning's bid by directly contacting Plaintiff at its office in San Francisco.

27  The Venetian also retained a Los Angeles-based interior designer to identify Jonathan

28  Browning's work for use in its renovation project.  Additionally, the Venetian purchased ten of

A/72130128.2/3006638-0000326553                    2

COMPLAINT

1  Jonathan Browning's sconces through a showroom in Los Angeles.  Thus the Venetian has

2  availed itself of the protection of California law and cannot be surprised to learn that the harm

3  that resulted from its conduct occurred in California.

4          13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and

5  1400(a).  A substantial part of the events giving rise to this claim occurred in this District, and a

6  substantial part of the property that is the subject of the action is situated here.  Jonathan

7  Browning and all of its employees are located in San Francisco.  The Venetian solicited Jonathan

8  Browning's bid for the remodel project by faxing a request for a bid to Jonathan Browning's

9  office in San Francisco.  The bid was "FOB San Francisco," meaning that the point of departure

10  of the sconces under the bid was to be San Francisco, with the Venetian assuming legal and

11  insurance risk once the sconces were placed on board there.  The copyrighted designs for the

12  sconces were created in San Francisco.  Jonathan Browning, a San Francisco business, owns the

13  infringed copyrights.  The damage caused by the Venetian's conduct occurs and is felt in this

14  District.

15          14.     In addition, the Venetian retained the Los Angeles-based firm Kirk Nix &

16  Associates ("KNA Interior Design") to design its Venetian Tower Renovation Project.  KNA

17  Interior Design first contacted Jonathan Browning through Plaintiff's Los Angeles showroom,

18  David Sutherland Inc.  Many of the relevant communications and transactions regarding the

19  Venetian's purchase of Jonathan Browning's works and regarding Plaintiff's bid were channeled

20  through the David Sutherland Showroom.  The Venetian purchased the sample sconces whose

21  design it copied at the David Sutherland Showroom in Los Angeles.

22                              **GENERAL ALLEGATIONS**

23          15.     Jonathan Browning, Inc. is a prominent designer and supplier of high-end

24  decorative interior lighting fixtures.  Plaintiff's creative artist is also its namesake:  Jonathan

25  Browning ("Mr. Browning").  Mr. Browning's work has been profiled in numerous design,

26  fashion, and style magazines and newspapers including *California Style*, *Interior Design*,

27  *Western Interiors*, *House and Garden*, *Forbes FYI*, *Architectural Record*, *Shelter Magazine*,

28  *Premier Essentials*, *Robb Report*, *Elle Décor*, and the *San Francisco Chronicle*.  As one

A/72130128.2/3006638-0000326553                3

COMPLAINT

1　magazine reports, "San Francisco lighting designer Jonathan Browning is obsessed with sconces

2　and chandeliers – and super-hot interior designers . . . are thrilled with his compulsions.

3　Browning's cast-bronze lighting is among the most exquisitely detailed on the market."

4　*Jonathan Browning*, Paper City, August 2006, at 10.　Browning has been called the "brightest

5　light" for interior designers, and his work has been commissioned by Tiffany & Co. and other

6　famous institutions.　*Id.*

7　　　　　16.　　Mr. Browning describes his motivations and creative process this way:

8　"'On one hand, you have the cold, high-tech cabled lighting created by the Italians in the 1980s

9　and 1990s [and] on the other are reproductions of 18th- and 19th-century standards, like an urn

10　lamp.　Then there is antique lighting.　And that's pretty much all, unless you are going to design

11　it yourself.'"　William Kessel, *Meet the Designer: Jonathan Browning*, American Way, Oct. 15

12　2005, at 24.　"Which is exactly what Browning, the former senior vice president of design for

13　Starwood Hotels and Resorts, recently did when he launched his own signature lighting

14　collection."　*Id.*　"I love fine craftsmanship and wanted to design luxurious, handcrafted lighting

15　that has presence, that feels like jewelry in a room," Mr. Browning said.　Paper City at 10.

16　Following his departure from Starwood, "Browning sat down and spent six months designing an

17　alternative [to the antique reproductions or ultramodern designs from Japan or Italy]."　Laura

18　Thomas, *Artisan Goes Modern with Classical Touch*, S.F. Chron.　"In a process akin to jewelry-

19　making, each [Jonathan Browning] piece is cast in bronze, triple-plated in nickel or silver and

20　hand-polished."　*Light-Minded*, Forbes FYI, Oct. 2005, at 22.　"When glass is used . . . it is hand

21　blown, using an 18th-century method that makes each piece unique.　Equal care extends to the

22　shades, such as those on the Versailles-worthy Trianon and torch-like Garonne sconces:　They

23　are hand-turned from bronze stock on a lathe.　Even the links of chain holding up the chandeliers

24　are hand-cut and polished using methods similar to those employed in making jewelry."　Andrew

25　Myers, *Historical Highlight*, Robb Report - Luxury Home, Winter 2005, at 24.

26　　　　　17.　　In May 2007, the Venetian, "one of the world's premier destination resort

27　casinos, announced that it is renovating more than 3,000 of its all-suite rooms."　Venetian Press

28　Release, April 26, 2007.　"The $100-million renovation began in early 2007 and is expected to

COMPLAINT

1   be completed by fall 2007." *Id.*  "The Venetian's Resort-Hotel-Casino and its Venezia Tower

2   include more than 4,000 suites which are nearly twice the size of the average Las Vegas hotel

3   room with . . . grand amenities travelers have come to expect of The Venetian brand." *Id.*

4   "Designed by KNA Interior Design of Los Angeles, the renovation will update the 3,014 suites

5   in The Venetian, and will welcome guests to a distinctly modern European design with

6   contemporary touches throughout." *Id.*  "'This renovation places us ahead of the curve in the

7   highly competitive tourist destination,' said Rob Goldstein, president and chief operating officer

8   of the Venetian." *Id.*  "'These suites set the standard for luxury hotel accommodations not only

9   on the Las Vegas Strip but in the world.'" *Id.*

10          18.     On or about April 20, 2006, the Venetian's Los Angeles-based interior

11  designer, KNA Interior Design, contacted Jonathan Browning through Plaintiff's Los Angeles

12  showroom, David Sutherland, Inc.  The Venetian's Buyer, Aileen Pauco, purchased ten Jonathan

13  Browning sconces through the showroom and requested a bid from Jonathan Browning to

14  produce more than 11,000 sconces for the Defendant's Venetian Tower Remodel Project.

15          19.     Jonathan Browning's showroom sold the Venetian two Trianon Sconces

16  and eight Ledoux Sconces for between $2,790 and $3,490 each (the Trianon and Ledoux

17  Sconces are collectively referred to as the "Sconces"). Both Sconces are based upon Jonathan

18  Browning's original hand drawings.   Jonathan Browning has received Federal Copyright

19  Registrations for "Original Hand Drawing of Ledoux" and "Original Hand Drawing of Trianon"

20  (respectively "Ledoux Drawing" and "Trianon Drawing" and collectively the "Drawings").   *See*

21  Ex. A (Copyright Registration for Ledoux Drawing) and Ex. B (Copyright Registration for

22  Trianon Drawing).

23          20.     The total purchase order, with handling charges, came to $30,200.  At the

24  same time, the Venetian contacted Jonathan Browning directly by fax to request a bid to provide

25  11,368 sconces to the Venetian for use in the Venetian Tower Renovation Project. The timing

26  was fortuitous.  Jonathan Browning Sconces are intricately designed, high-quality pieces of

27  sculpture that are expensive to produce.  Prior to the Venetian's request for a bid, Jonathan

28  Browning's Sconces were produced by one of the two best factories in the United States, located

A/72130128.2/3006638-0000326553                     5

COMPLAINT

**Formatted:** ParagraphNumber, Font: 12 pt

**Deleted:**

**Deleted:** s

**Deleted:** s

1   in San Francisco, California.  However, following several months of research, Jonathan

2   Browning had identified Diamond Life Lighting Manufacturing (H.K.) Ltd. ("Diamond Life")

3   which operates a factory in Guangdong, China that could meet Plaintiff's demanding quality

4   standards while also meeting Plaintiff's price goals.  Jonathan Browning was finally able to

5   produce larger volumes of the sconces at a high quality and lower price, enabling Plaintiff to fill

6   large orders for potential customers such as the Venetian.

7           21.     On or about September 7, 2006, Jonathan Browning submitted a bid to the

8   Venetian, offering to provide the 11,368 sconces sought at a competitive price.  This by far

9   would have represented the largest sale in Jonathan Browning's history.

10          22.     On or about September 8, 2006 the Venetian declined Jonathan

11  Browning's bid.  The Venetian's Vice President of Purchasing told Jonathan Browning that its

12  bid was simply "out of the ballpark."  The Venetian showed absolutely no interest in negotiating.

13  This surprised Jonathan Browning.  Based on Mr. Browning's experience as Senior Vice

14  President for Design of Starwood Hotels and Resorts, he knew it was standard industry practice

15  to negotiate when price is truly the basis for rejecting an initial bid.  He also knew his bid was

16  reasonable and fair.

17          23.     On or about September 8, 2006 Jonathan Browning asked both the

18  Venetian and KNA Interior Design for the courtesy of seeing what the Venetian had chosen over

19  Plaintiff's work.  Those requests were denied, and ultimately the Venetian and KNA Interior

20  Design stopped returning Jonathan Browning's phone calls.

21          24.     On or about May 21, 2007 Mr. Browning received a phone call from a

22  designer at a San Francisco-based interior design firm, who at that time was a guest at the

23  Venetian Casino Resort in Las Vegas.  He was familiar with Jonathan Browning's work and had

24  called to congratulate Mr. Browning on having his products installed at the Venetian property.

25  Mr. Browning was surprised and confused, and the caller explained that Jonathan Browning's

26  Sconces were being used in the renovation of the Venetian.                    Deleted: s

27          25.     On or about May 30, 2007, Mr. Browning traveled to Las Vegas and

28  booked a room at the Venetian.

1    26.    Jonathan Browning was astonished to find nearly identical, unauthorized

2    copies of its copyrighted wor on the walls of the Venetian's renovated rooms and corridors.

3    27.    Jonathan Browning's Ledoux Sconce and Trianon Sconce are highly

4    original and creative sculptural works of art protected by the Copyright Act.  Ex. C (Ledoux

5    Sconce); Ex. D (Trianon Sconce).  Moreover, both Sconces are based upon Jonathan

6    Browning's copyrighted Drawings.

7    28.    Photographs show that the Venetian's unauthorized copies of the Jonathan

8    Browning sconces are nearly identical to the Drawings and the Sconces. Ex. E (copy of Ledoux

9    sconce); Ex. F (copy of Trianon sconce).

10    29.    Although the Ledoux and Trianon sconces are also useful articles,

11    copyright protection nevertheless extends to their pictorial, graphic, and sculptural features

12    which are both physically and conceptually separable from their utilitarian aspects.

13    30.    In addition to the Ledoux Sconce and Trianon Sconce, Jonathan Browning

14    has created at least 34 other highly original and creative sconces, each having unique sculptural

15    features.  Jonathan Browning has been granted copyrights in its light fixtures, including another

16    sconce – the Calais.  Ex. G (Copyright Registration for Calais Sconce).  This body of work

17    demonstrates that the form of Jonathan Browning sconces is in no way dictated by their function.

18    A sconce is "a decorative wall bracket for holding candles or lights."  Am. Heritage Dictionary

19    of the English Language (4th ed. 2000).  The decorative aspects of the Sconces are original,

20    creative, and protected under the Copyright Act.  Both the Ledoux and Trianon Sconces, for

21    example, contain a distinctive pendulum-like sculptural flourish, the Ledoux carved with rings,

22    and the Trianon striated with vertical scoring.  Each has been carved, molded, polished, etched,

23    and finished with great care and intricate attention to detail.  Other Jonathan Browning sconces

24    that are not the subject of this lawsuit achieve their decorative character in entirely different

25    ways, in one case by thrusting the light-bulb upward as if it were balanced on a wave, and in

26    another by suspending the bulb inside an orb of hand-blown glass to give the appearance of a

27    torch.  Ex. H (Maritime sconce); Ex. I (Allee sconce).  Still another reminds the observer of a

28

A/72130128.2/3006638-0000326553

7

COMPLAINT

| Deleted: k |
| Deleted: A |
| Deleted: s |
| Deleted: B |
| Deleted: s |
| Deleted: |
| Deleted: C |
| Deleted: D |
| Deleted: s |
| Deleted: E |
| Deleted: F |

1  delicate spiraled Turitella sea shell from the warm waters of the Pacific Ocean.  Ex. I (Calais

2  sconce).

3       31.    Jonathan Browning's high degree of creativity, originality, and attention to

4  detail has drawn the attention of the design world – and the Venetian.  This is why the market

5  places such a high value on Jonathan Browning's sculptural designs.  And it explains why the

6  Venetian went to great lengths to make nearly identical unauthorized copies of Jonathan

7  Browning's copyrighted works (both the Drawing and the Sconces).

8       32.    Although the Venetian has provided no explanation for its conduct,

9  Jonathan Browning is informed and believes, and on that basis alleges, that the Venetian used

10  deceptive and unfair means to learn the identity of Jonathan Browning's factory in China,

11  Diamond Life, and approached the factory directly to make more than 13,000 nearly identical

12  copies of the sconces without Jonathan Browning's knowledge or permission.  On information

13  and belief, Defendants have had manufactured and installed at least 924 copies of the Trianon

14  Sconce and at least 14,440 copies of the Ledoux Sconce as part of the Venetian remodel.

15       33.    In addition to the remodel of the Venetian, the Defendants also have had

16  manufactured and installed at least 12,100 copies of the Ledoux Sconce in Defendants' remodel

17  of the Palazzo Casino Resort.

18       34.    In making its infringing copies, the Venetian made a few minor

19  alterations, presumably to save on costs, including the selection of cheaper materials for certain

20  parts of the sconces.  These serve merely to cheapen the quality of the infringing copies and do

21  not change their nature as obvious knock-offs of Jonathan Browning's copyrighted designs.

22       35.    The Venetian willfully, knowingly, maliciously, and unlawfully infringed

23  Jonathan Browning's exclusive rights under the Copyright Act.

24       36.    As a direct and proximate result of the Venetian's conduct, Jonathan

25  Browning has suffered damages including lost profits, harm to its reputation, harm to its

26  prospective economic advantage, and other harm to be proved at trial, but not less than

27  $2,574,000.

28

Deleted: G

Deleted: s

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Default Paragraph Font

Formatted: ParagraphNumber, Font: 12 pt

Formatted: Bullets and Numbering

1    37.    The Venetian's unauthorized infringement of Jonathan Browning's

2    copyrighted works is ongoing to the extent that the Venetian is continuing to install Jonathan

3    Browning's works on its walls as part of its renovation project.  It is also ongoing to the extent

4    that the Venetian's unauthorized, infringing copies – if permitted to remain – will be on public

5    display for the indefinite future.

6    38.    Jonathan Browning is informed and believes, and on that basis alleges,

7    that the Defendants are owners of the following hospitality properties around the world, in

8    addition to the Venetian Casino Resort in Las Vegas:  the Sands Macao (Macao, China), the

9    Venetian Macao (Macao, China), the Sands Expo and Convention Center (Las Vegas, Nevada),

10   and the Palazzo Casino Resort (Las Vegas, Nevada).  Several of these are under construction or

**Deleted:** the Palazzo Hotel (Las Vegas, Nevada),

11   renovation, including the Venetian Macao and the Palazzo properties.  Jonathan Browning is

12   further informed and believes, and on that basis alleges, that the Defendants may be planning to

13   reproduce and display additional infringing copies of Jonathan Browning's works in those

14   properties. If the Defendants are permitted to infringe Jonathan Browning's copyrighted works in

**Deleted:**  The Palazzo Hotel alone will have 50 floors containing at least 3,025 suites.

15   connection with these properties, the harm to Jonathan Browning will be immense.

16                        **FIRST CLAIM FOR RELIEF**

17              **Direct Copyright Infringement – Derivative Works**

18   39.    Jonathan Browning incorporates by reference each of the allegations in the

**Formatted:** Bullets and Numbering

19   preceding paragraphs of the Complaint as though fully set forth here.

20   40.    The Venetian, without Jonathan Browning's consent or permission, and

21   without authority, made, has caused to be made, and has purported to authorize the making of

22   unauthorized derivative works of Jonathan Browning's copyrighted works, including the

23   Drawings, and continues to do so.  The Venetian's conduct constitutes direct infringement of

24   Jonathan Browning's exclusive right under 17 U.S.C. § 106(2) to prepare derivative works from

25   its copyrighted works, including the Drawings.

26   41.    The Venetian's acts of infringement have been intentional, purposeful,

27   willful, and in disregard of Jonathan Browning's rights.

28

A/72130128.2/3006638-0000326553                    9

42.    As a direct and proximate result of the Venetian's infringement of Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the Venetian's profits from infringement, in an amount to be proven at trial.

43.    The Venetian's conduct is causing and, unless enjoined by this Court, will continue to cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction requiring the Venetian to employ reasonable methods to prevent or limit infringement of Jonathan Browning's copyrights.

44.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an order impounding and destroying all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced.

## SECOND CLAIM FOR RELIEF

### Direct Copyright Infringement - Reproduction

45.    Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

46.    The Venetian, without Jonathan Browning's consent or permission, and without authority, made, has caused to be made, and has purported to authorize the making of unauthorized copies of Jonathan Browning's copyrighted works, and continues to do so.  The Venetian's conduct constitutes direct infringement of Jonathan Browning's exclusive right under 17 U.S.C. § 106(1) to reproduce its copyrighted works.

47.    The Venetian's acts of infringement have been intentional, purposeful, willful, and in disregard of Jonathan Browning's rights.

48.    As a direct and proximate result of the Venetian's infringement of Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan

A/72130128.2/3006638-0000326553

10

1   Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits,

2   plus the Venetian's profits from infringement, in an amount to be proven at trial.

3        49.    The Venetian's conduct is causing and, unless enjoined by this Court, will

4   continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

5   compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

6   law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

7   requiring the Venetian to employ reasonable methods to prevent or limit infringement of

8   Jonathan Browning's copyrights.

9        50.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

10  order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

11  rights, and of all plates, molds, masters, or other articles by means of which such copies may be

12  reproduced.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT



**THIRD CLAIM FOR RELIEF**

**Direct Copyright Infringement - Public Display**

51.    Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

52.    The Venetian, without Jonathan Browning's consent or permission, and without authority, has publicly displayed Jonathan Browning's copyrighted works, and continues to do so.  The Venetian's conduct constitutes direct infringement of Jonathan Browning's exclusive rights under the Copyright Act to display its copyrighted sculptural works publicly.

53.    The Venetian's acts of infringement have been intentional, purposeful, willful, and in disregard of Jonathan Browning's rights.

54.    As a direct and proximate result of the Venetian's infringement of Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the Venetian's profits from infringement, in an amount to be proven at trial.

55.    The Venetian's conduct is causing and, unless enjoined by this Court, will continue to cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction requiring the Venetian to employ reasonable methods to prevent or limit infringement of Jonathan Browning's copyrights.

56.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an order impounding and destroying all copies made in violation of Jonathan Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of which such copies may be reproduced.

**FOURTH CLAIM FOR RELIEF**

**Inducement of Copyright Infringement**

57.    Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

| Deleted: SECOND |
| Formatted: Bullets and Numbering |
| Deleted: THIRD |
| Formatted: Bullets and Numbering |

COMPLAINT

1    58.    The Venetian's factory, Diamond Life, has infringed and is infringing

2  Jonathan Browning's right in its copyrighted works by making unauthorized derivatives and

3  copies of Jonathan Browning's copyrighted works and delivering them to the Venetian in

4  furtherance of the Venetian's infringing purposes.  Diamond Life has thus directly infringed

5  Jonathan Browning's exclusive rights of reproduction under 17 U.S.C. § 106(1).

6    59.    The Venetian is liable under the Copyright Act for inducing the

7  infringement by the factory.  The Venetian purposefully sought out Diamond Life to unlawfully

8  foster copyright infringement by Diamond Life.

9    60.    The Venetian knew or should have known that Jonathan Browning's

10  works were protected by copyright, and the Venetian was fully aware that they were available for

11  purchase directly from Jonathan Browning or through its showroom.

12    61.    The Venetian's acts of infringement have been intentional, purposeful,

13  willful, and in disregard of Jonathan Browning's rights.

14    62.    As a direct and proximate result of Defendants' infringement of Jonathan

15  Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is

16  entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the

17  Venetian's profits from infringement, in an amount to be proven at trial.

18    63.    The Venetian's conduct is causing and, unless enjoined by this Court, will

19  continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

20  compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

21  law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

22  requiring the Venetian to employ reasonable methods to prevent or limit infringement of

23  Jonathan Browning's copyrights.

24    64.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

25  order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

26  rights, and of all plates, molds, masters, or other articles by means of which such copies may be

27  reproduced.

28

A/72130128.2/3006638-0000326553

13

COMPLAINT

**FIFTH CLAIM FOR RELIEF**

**Contributory Copyright Infringement**

65.    Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

66.    The Venetian's factory, Diamond Life, has infringed and is infringing Jonathan Browning's right in its copyrighted works by making unauthorized copies of Jonathan Browning's copyrighted works and delivering them to the Venetian in furtherance of the Venetian's infringing purposes.  Diamond Life has thus directly infringed Jonathan Browning's exclusive rights of reproduction and preparation of derivative works under 17 U.S.C. §§ 106(1) and (2).

67.    The Venetian is liable for contributory copyright infringement for the infringing acts of Diamond Life.  The Venetian facilitated, enabled, induced, and materially contributed to each act of infringement by Diamond Life, and may be continuing to do so.

68.    The Venetian had and has actual and constructive knowledge that Diamond Life was making unauthorized copies of Jonathan Browning's copyrighted works and unauthorized derivative works of Jonathan Browning's copyrighted works (including the Drawings).  Acting with this actual and constructive knowledge, the Venetian facilitated, enabled, induced, and materially contributed to Diamond Life's infringement of Jonathan Browning's copyrights, which would not have occurred without the Venetian's enablement.

69.    The Venetian's acts of infringement have been intentional, purposeful, willful, and in disregard of Jonathan Browning's rights.

70.    As a direct and proximate result of Defendants' infringement of Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits, plus the Venetian's profits from infringement in an amount to be proven at trial.

71.    The Venetian's conduct is causing and, unless enjoined by this Court, will continue to cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

A/72130128.2/3006638-0000326553

14

COMPLAINT

---

Deleted: OUR

Formatted: Bullets and Numbering

Deleted: .

1   law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

2   requiring the Venetian to employ reasonable methods to prevent or limit infringement of

3   Jonathan Browning's copyrights.

4          72.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

5   order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

6   rights, and of all plates, molds, masters, or other articles by means of which such copies may be

7   reproduced.

8                        **SIXTH CLAIM FOR RELIEF**                              `Deleted: FIF`

9                      **Vicarious Copyright Infringement**

10         73.    Jonathan Browning incorporates by reference each of the allegations in the    `Formatted: Bullets and Numbering`

11  preceding paragraphs of this Complaint as though fully set forth here.

12         74.    The Venetian's factory, Diamond Life, has infringed and is infringing

13  Jonathan Browning's right in its copyrighted works by making unauthorized copies of Jonathan

14  Browning's copyrighted works and unauthorized derivative works of Jonathan Browning's

15  copyrighted works (including the Drawings), and delivering them to the Venetian in furtherance

16  of the Venetian's infringing purposes.  Diamond Life has thus directly infringed Jonathan

17  Browning's exclusive rights of reproduction and preparation of derivative works under 17 U.S.C.

18  §§ 106(1) and (2).

19         75.    The Venetian is vicariously liable for the infringing acts of Diamond Life.

20  The Venetian had both the ability and the right to supervise Diamond Life's infringing conduct,

21  and to prevent such conduct.

22         76.    The Venetian directly and significantly benefited – and continues to

23  benefit – from Diamond Life's infringement.

24         77.    The Venetian's acts of infringement have been intentional, purposeful,

25  willful, and in disregard of Jonathan Browning's rights.

26         78.    As a direct and proximate result of the Venetian's infringement of

27  Jonathan Browning's copyrights and exclusive rights under the Copyright Act, Jonathan

28

A/72130128.2/3006638-0000326553                    15

COMPLAINT

1  Browning is entitled, pursuant to 17 U.S.C. § 504, to its actual damages including lost profits,

2  plus the Venetian's profits from infringement, in an amount to be proven at trial.

3       79.    The Venetian's conduct is causing and, unless enjoined by this Court, will

4  continue to cause Jonathan Browning significant and irreparable injury that cannot be fully

5  compensated or measured in monetary terms.  Jonathan Browning has no adequate remedy at

6  law.  Pursuant to 17 U.S.C. § 502, Jonathan Browning is entitled to a permanent injunction

7  requiring Defendants to employ reasonable methods to prevent or limit infringement of Jonathan

8  Browning's copyrights.

9       80.    Pursuant to 17 U.S.C. § 503, Jonathan Browning is also entitled to an

10  order impounding and destroying all copies made in violation of Jonathan Browning's exclusive

11  rights, and of all plates, molds, masters, or other articles by means of which such copies may be

12  reproduced.

13                     **SEVENTH CLAIM FOR RELIEF**          `Deleted: IX`

14                     **Statutory Unfair Competition**

15                     **Cal. Bus. & Prof. Code §§ 17200 *et seq.***

16       81.    Jonathan Browning incorporates by reference each of the allegations in the    `Formatted: Bullets and Numbering`

17  preceding paragraphs of this Complaint as though fully set forth here.

18       82.    California Business and Professions Code § 17200 prohibits, among other

19  things, unfair business acts or practices.  As described above, the Venetian has engaged in unfair

20  business acts and practices.

21       83.    As a direct and proximate result of the Venetian's unfair business acts and

22  practices, Jonathan Browning has suffered injury in fact and has lost money and property.

23  Moreover, the Venetian's conduct is causing and, unless enjoined by this Court, will continue to

24  cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or

25  measured in monetary terms.

26       84.    Accordingly, Jonathan Browning is entitled to recover restitution and

27  disgorgement, and is entitled to injunctive relief.

28                     **EIGHTH CLAIM FOR RELIEF**          `Deleted: SEVEN`

**Statutory Fraudulent Competition**

**Cal. Bus. & Prof. Code §§ 17200** *et seq.*

85.   Jonathan Browning incorporates by reference each of the allegations in the  **Formatted:** Bullets and Numbering

preceding paragraphs of this Complaint as though fully set forth here.

86.   California Business and Professions Code § 17200 prohibits, among other

things, fraudulent business acts or practices.  As described above, the Venetian has engaged in

fraudulent business acts and practices.

87.   As a direct and proximate result of the Venetian's fraudulent business acts

and practices, Jonathan Browning has suffered injury in fact and has lost money and property.

Moreover, the Venetian's conduct is causing and, unless enjoined by this Court, will continue to

cause Jonathan Browning significant and irreparable injury that cannot be fully compensated or

measured in monetary terms.

88.   Accordingly, Jonathan Browning is entitled to recover restitution and

disgorgement, and is entitled to injunctive relief.

**NINTH CLAIM FOR RELIEF**    **Deleted:** EIGH

**Common Law Unfair Competition**

89.   Jonathan Browning incorporates by reference each of the allegations in the    **Formatted:** Bullets and Numbering

preceding paragraphs of this Complaint as though fully set forth here.

90.   The common law imposes a duty on the Venetian not to engage in unfair

competition.  The Venetian breached this duty by engaging in the unfair, fraudulent and illegal

acts and practices described above.

91.   As a direct and proximate result of the Venetian's unfair business acts and

practices, Jonathan Browning has suffered significant financial loss in the form of the revenue

and profit it is entitled to from the Venetian's use of Jonathan Browning's designs for its

sconces.  The Venetian's conduct has also flooded the relevant market with cheap knock offs of

Jonathan Browning's Trianon and Ledoux sconces, which dilute the value of Jonathan

Browning's designs.  The Venetian's acts have been intentional, purposeful, willful, and in

disregard of Jonathan Browning's rights.  The Venetian's conduct is causing and, unless

COMPLAINT

1  enjoined by this Court, will continue to cause Jonathan Browning significant and irreparable

2  injury that cannot be fully compensated or measured in monetary terms.

3      92.    Accordingly, Jonathan Browning is entitled to recover compensatory and

4  punitive damages, restitution and disgorgement, and is entitled to injunctive relief.

5                                                    **PRAYER**

6      WHEREFORE, Jonathan Browning prays for judgment against Defendants, and

7  each of them, as follows:

8      A.    For a declaration that the Venetian has willfully infringed Jonathan

9  Browning's copyrights both directly and indirectly;

10     B.    For a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502,

11 requiring that Defendants, their officers, agents, attorneys, servants, employees, partners, and

12 assigns, and those acting in active concert or participation with any of them, cease directly or

13 indirectly infringing, or causing, enabling, facilitating, promoting, encouraging and inducing, or

14 participating in the infringement of, any of Jonathan Browning's rights protected under the

15 Copyright Act, whether now in existence or hereafter created;

16     C.    For a Court order directing the impounding and destruction or other

17 reasonable disposition, pursuant to 17 U.S.C. § 503, of all copies made in violation of Jonathan

18 Browning's exclusive rights, and of all plates, molds, masters, or other articles by means of

19 which such copies may be reproduced.

20     D.    For actual damages, pursuant to 17 U.S.C. § 504, including lost profits,

21 plus Defendants' profits from infringement, as will be proven at trial;

22     E.    For recovery of full costs pursuant to 17 U.S.C. § 505;

23     F.    For restitution and disgorgement;

24     G.    For compensatory and punitive damages;

25     H.    For pre- and post-judgment interest according to law; and

26     I.    For such other and further relief as the Court deems just and proper.

27                                    **DEMAND FOR JURY TRIAL**

28     Jonathan Browning hereby demands a trial by jury of all issues so triable.

A/72130128.2/3006638-0000326553                      18

COMPLAINT

---

**Deleted:** NINTH CLAIM FOR RELIEF¶
Unjust Enrichment/Quasi-Contract¶
<#>Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.¶
<#>The Venetian solicited a bid from Jonathan Browning for more than 11,000 copies of said sconces, as described above. The Venetian also purchased 10 samples of the sconces from Jonathan Browning and staged a mock up with the sample sconces. Throughout this process, there was a common understanding and agreement that if the Venetian decided to use the designs for the Trianon and Ledoux sconces, it would accept a bid from Jonathan Browning and pay Plaintiff for the copies. Alternatively, if the Venetian declined the bid, it would not use Jonathan Browning's designs. This common understanding and agreement is based on the standard practice in the industry regarding these types of bids, the inherent nature of a bid for copies of a particular design from a particular seller, and the conduct and oral statements of both parties here. ¶
<#>The Venetian's conduct of declining the bid, paying Jonathan Browning nothing, then going behind Jonathan Browning's back to have copies of the Trianon and Ledoux sconces made by Diamond Life violates the above common understanding and agreement. The Venetian has been unjustly enriched by this conduct. Under the doctrine of unjust enrichment and other principles of quasi-contract, the Venetian owes Jonathan Browning the reasonable value of the sconces it copied or had copied.¶
<#>Accordingly, Jonathan Browning is entitled to recover damages, restitution and disgorgement.¶
TENTH CLAIM FOR RELIEF¶
Implied-in-Fact Contract¶
<#>Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.¶
<#>The Venetian's conduct, described above, resulted in an implied-in-fact contract to pay Jonathan Browning for the value of the copies of the sconces in the event that the Venetian used the designs proposed in the bid. The Venetian breached this implied-in-fact contract by using the designs but not paying Jonathan Browning. ¶
<#>Accordingly, Jonathan Browning is entitled to recover damages, restitution and disgorgement.¶
ELEVENTH CLAIM FOR RELIEF¶
Implied-in-Law Contract¶
<#>Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.¶
<#>The Venetian's conduct, described above, resulted in an implied-in-la ... [1]

1

2   DATED:  August 26, 2008

3

4                   McNamer and Company PC

5

6                       By: s/Anthony McNamer/

7                           Anthony McNamer
                        Attorneys for Plaintiff
8                       JONATHAN BROWNING, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Deleted: _

Deleted: 7

Deleted: Bingham McCutchen LLP

Deleted: ¶

Inserted: _6

Deleted: Trenton H. Norris

Deleted: Doll Amir & Eley LLP¶
By:¶
Gregory L. Doll¶
Hunter R. Eley¶
Attorneys for Plaintiff
JONATHAN BROWNING, INC.¶

Formatted: Centered, Indent: Left: 0.25", Right:  0.19"

| Page 18: [1] Deleted | Author | 8/12/2008 1:37 PM |
|---|---|---|

### NINTH CLAIM FOR RELIEF
#### Unjust Enrichment/Quasi-Contract

86. Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

87. The Venetian solicited a bid from Jonathan Browning for more than 11,000 copies of said sconces, as described above. The Venetian also purchased 10 samples of the sconces from Jonathan Browning and staged a mock up with the sample sconces. Throughout this process, there was a common understanding and agreement that if the Venetian decided to use the designs for the Trianon and Ledoux sconces, it would accept a bid from Jonathan Browning and pay Plaintiff for the copies. Alternatively, if the Venetian declined the bid, it would not use Jonathan Browning's designs. This common understanding and agreement is based on the standard practice in the industry regarding these types of bids, the inherent nature of a bid for copies of a particular design from a particular seller, and the conduct and oral statements of both parties here.

88. The Venetian's conduct of declining the bid, paying Jonathan Browning nothing, then going behind Jonathan Browning's back to have copies of the Trianon and Ledoux sconces made by Diamond Life violates the above common understanding and agreement. The Venetian has been unjustly enriched by this conduct. Under the doctrine of unjust enrichment and other principles of quasi-contract, the Venetian owes Jonathan Browning the reasonable value of the sconces it copied or had copied.

89. Accordingly, Jonathan Browning is entitled to recover damages, restitution and disgorgement.

### TENTH CLAIM FOR RELIEF
#### Implied-in-Fact Contract

90. Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

91. The Venetian's conduct, described above, resulted in an implied-in-fact contract to pay Jonathan Browning for the value of the copies of the sconces in the event that the Venetian used the designs proposed in the bid. The Venetian breached this implied-in-fact contract by using the designs but not paying Jonathan Browning.

92. Accordingly, Jonathan Browning is entitled to recover damages, restitution and disgorgement.

### ELEVENTH CLAIM FOR RELIEF
#### Implied-in-Law Contract

93. Jonathan Browning incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

94. The Venetian's conduct, described above, resulted in an implied-in-law contract to pay Jonathan Browning for the value of the copies of the sconces in the event that the Venetian used the designs proposed in the bid. The Venetian breached this implied-in-law contract by using the designs but not paying Jonathan Browning.

95. Accordingly, Jonathan Browning is entitled to recover damages, restitution and disgorgement.

Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-636-633

**Effective date of
registration:**

July 21, 2008

## Title

**Title of Work:** Original Hand Drawing of Ledoux

## Completion/ Publication

**Year of Completion:** 2003

**Date of 1st Publication:** June 1, 2003     **Nation of 1st Publication:** United States

## Author

■  **Author:** John Richard Browning

**Author Created:** 2-dimensional artwork

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Jonathan Browning, Inc.

379 Collingwood Street, San Francisco, CA, 94114

**Transfer Statement:** Written agreement

## Rights and Permissions

**Organization Name:** Jonathan Browning, Inc.

**Name:** To Whom It May  Concern

**Email:**  info@jonathanbrowninginc.com     **Telephone:**  415-401-9999

**Address:** 379 Collingwood Street

San Francisco, CA 94114

## Certification

**Name:** Anthony McNamer

Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-636-636

**Effective date of registration:**

July 21, 2008

## Title

**Title of Work:** Original Hand Drawing of Trianon

## Completion/ Publication

**Year of Completion:** 2003

**Date of 1st Publication:** November 1, 2003          **Nation of 1st Publication:** United States

## Author

**Author:** John Richard Browning

**Author Created:** 2-dimensional artwork

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Jonathan Browning. Inc.

379 Collingwood Street, San Francisco, CA, 94114

**Transfer Statement:** Written agreement

## Rights and Permissions

**Organization Name:** Jonathan Browning, Inc.

**Name:** To Whom It May Concern

**Email:** info@jonathanbrowninginc.com          **Telephone:** 415-401-9999

**Address:** 379 Collingwood Street

San Francisco, CA 94114

## Certification

**Name:** Anthony McNamer

Exhibit C



JONATHAN BROWNING | LEDOUX SCONCE

# J | B



© 2006 Jonathan Browning. These designs are the exclusive property of Jonathan Browning, Inc. and may not be copied or subjected to for this or any other use without express written permission. Custom lighting available.

## LEDOUX SCONCE

**DIMENSIONS**   4 W x 17 H x 5.5 D

**FINISHES**   Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

**ELECTRICAL**   1 x 60w krypton-xenon bulb – max 60 watts
All lighting is made with UL listed parts

**MODEL #**   0 3 0 1

Jonathan Browning, Inc.    T +1 415.401.9999
379 Collingwood Street    F +1 415.341.8886
San Francisco, CA 94114    www.jonathanbrowninginc.com

Exhibit D



JONATHAN BROWNING | TRIANON SCONCE

# J | B



## TRIANON SCONCE

**DIMENSIONS**   10 W x 15 H x 6 D

**FINISHES**   Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

**ELECTRICAL**   2 x 60w krypton-xenon bulbs – max 120 watts
All lighting is made with UL listed parts

**MODEL #**   0306

Jonathan Browning, Inc.        T +1 415.401.9999
379 Collingwood Street        F +1 415.341.8886
San Francisco, CA 94114        www.jonathanbrowninginc.com

Exhibit E





Exhibit F



Exhibit G

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-634-197

**Effective date of
registration:**

June 10, 2008

## Title

**Title of Work:** Calais sconce

**Nature of Work:** design applied to decorative lighting fixture

## Completion/Publication

**Year of Completion:** 2006

**Date of 1st Publication:** January 9, 2007    **Nation of 1st Publication:** United States

## Author

**Author:** Jonathan Browning, Inc.

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** Yes

**Citizen of:** United States

**Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Jonathan Browning, Inc.

379 Collingwood Street, San Francisco, CA 94114

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Thoms S. Hixson

**Date:** June 6, 2008

Page 1 of 1

Exhibit H



JONATHAN BROWNING | MARTIME SCONCE

# J | B



## MARTIME SCONCE

DIMENSIONS    4.25 W x 11 H x 6.5 D

FINISHES    Available in Polished Nickel / Polished Bronze / Oil-rubbed Bronze

ELECTRICAL    1 x 60w Krypton-Xenon – max 100 watts
All lighting is made with UL listed parts

MODEL #    0404

Jonathan Browning, Inc.    T +1 415.401.9999
379 Collingwood Street    F +1 415.341.8886
San Francisco, CA 94114    www.jonathanbrowninginc.com

Exhibit I



JONATHAN BROWNING | ALLÉE OUTDOOR SCONCE

# J | B



## ALLÉE OUTDOOR SCONCE

**DIMENSIONS**   4.5 W x 20 H x 6.5 D

**FINISHES**   Available in Polished Nickel / Polished Bronze / Oil-Rubbed Bronze

**ELECTRICAL**   60w krypton-xenon bulb - max 60 watts
All lighting is made with UL listed parts

**MODEL #**   0601

Jonathan Browning, Inc.    t +1 415.401.9999
379 Collingwood Street    f +1 415.341.8886
San Francisco, CA 94114    www.jonathanbrowninginc.com

Exhibit J



JONATHAN BROWNING | CALAIS SCONCE

# J | B



©2006 Jonathan Browning. These designs are the exclusive property of Jonathan Browning, Inc. and may not be copied or indicated (or this or any other use without express written permission. Custom lighting available.

## CALAIS SCONCE

**DIMENSIONS**  4.5 W x 26 H x 7 D

**FINISHES**  Available in Polished Nickel / Satin Nickel / Polished Bronze / Oil-rubbed Bronze

**ELECTRICAL**  1 x 60w krypton-xenon bulb   max 60 watts
All lighting is made with UL listed parts

**MODEL #**  0 6 0 8

Jonathan Browning, Inc.      T +1 415.401.9999
379 Collingwood Street      F +1 415.341.8886
San Francisco, CA 94114      www.jonathanbrowninginc.com