Ray L. Wong (SBN 84193)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957-3001
E-Mail: rlwong@duanemorris.com

Michelle Hon (SBN 234492)
DUANE MORRIS LLP
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: mhon@duanemorris.com

Attorneys for Defendants VENETIAN CASINO RESORT, LLC; LAS VEGAS SANDS, LLC. and LAS VEGAS SANDS CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., <br><br> Plaintiff, <br><br> v. <br><br> VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive, <br><br> Defendant. <br><br> VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation, <br><br> Third-Party Defendant. | CASE NO.: C 07-3983 (EMC) <br><br> STIPULATION TO CONTINUE HEARING ON DISCOVERY DISPUTE AND REQUEST FOR ADDITIONAL DISPUTES TO BE HEARD |

STIPULATION
1

C 07-3983 JSW

DM1\1391215.1

1  WHEREAS this Court has scheduled a hearing on September 10, 2008 to advise defendants
2  Venetian Casino Resort, LLC, Las Vegas Sands, LLC, And Las Vegas Sands Corp. (collectively
3  "Venetian") and plaintiff Jonathan Browning, Inc. ("Browning") regarding the discovery disputes
4  addressed in the Joint Letter to Judge White dated August 12, 2008;
5  WHEREAS counsel for counsel for Browning has an appellate argument on September 10,
6  2008 in Salem, Oregon;
7  NOW THEREFORE THE PARTIES HEREBY STIPULATE that, upon approval of the
8  Court, the Court enter the Proposed Order Continuing Hearing attached hereto as Exhibit A,
9  continuing the hearing to September 24, 2008 at 10:30 am.
10  Additionally, an additional discovery dispute has arisen relating to Browning's objections
11  and refusal to produce financial documents, which is to be heard by this Court. In the interest of
12  efficiency and judicial economy, the parties request that the Court hear all discovery disputes related
13  to this objection and refusal to produce financial documents at the same time. Venetian *et al.*
14  subpoenaed Orlando, Mitts, Moore & Company ("Orlando") requesting financial documents for
15  Jonathan Browning, Inc., Jonathan Browning Studios, Inc. and Jonathan Browning the individual. A
16  copy of that subpoena is attached to hereto as Exhibit B. Counsel for Plaintiff, Mr. Anthony
17  McNamer, served the objections to the subpoena and refused to produce financial documents. We
18  enclose copies of the objections served by Mr. McNamer as Exhibit C. The parties' positions on
19  whether financial documents must be produced have been set forth in a joint letter dated August 12,
20  2008.
21  As set forth in detail in the August 12, 2008 Joint Letter, Venetian *et al.* asserts that all
22  documents requested in the subpoena are discoverable as they are necessary in order to calculate
23  Browning's alleged lost profits. Browning and Orlando assert, as set forth more fully in the August
24  12, 2008 Joint Letter, that Jonathan Browning Studios, Inc.'s complete financial information is
25  irrelevant to the claims in this matter.
26  Since counsel for all parties, including counsel for Orlando are already scheduled to appear
27  before this Court to discuss whether financial documents must be produced, the parties respectfully
28

STIPULATION
2

C 07-3983 JSW

DM1\1391215.1

1  request that the Court also provide guidance at that time as to whether the subpoenaed financial
2  documents must be produced.
3     No other extensions have been requested on this matter. Thus, the parties respectfully
4  request entry of the Proposed Order Continuing Hearing attached hereto as Exhibit A and further
5  request the Court's guidance in resolving the dispute relating to the Orlando subpoena at that time.
6     If the Court is unable to resolve these disputes, Venetian requests leave to file a Motion to
7  Compel.
8  Dated: September 5, 2008          DUANE MORRIS LLP
9
10                        By:  s/Michelle A. Hon
                               Ray L. Wong
11                             Michelle Hon
                               Attorneys for Third-Party Plaintiffs VENETIAN
12                             CASINO RESORT, LLC, LAS VEGAS SANDS, LLC,
                               and LAS VEGAS SANDS CORP.
13 Dated: September 5, 2008          McNamer and Company
14
15                        By:  _____
                               Anthony McNamer
16                             Attorneys for Plaintiff
                               JONATHAN BROWNING INC.
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | Case No.: C 07-3983 (EMC) |
| Plaintiff, | [PROPOSED] ORDER CONTINUING HEARING DATE |
| v. | |
| VENETIAN CASINO RESORT, LLC, et al | |
| Defendant. | |

This matter is set for a hearing on September 10, 2008 at 10:30 a.m. to advise defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC, And Las Vegas Sands Corp. (collectively "Venetian") and plaintiff Jonathan Browning, Inc. ("Browning") regarding the discovery disputes addressed in the Joint Letter to Judge White dated August 12, 2008. Pursuant to the stipulation of the parties, the Court HEREBY ORDERS that the hearing on this matter be continued to September 24, 2008 at 10:30 a.m. The Court will also hear related discovery disputes relating to the Orlando subpoenas at this time.

**SO ORDERED.**

Dated: _____, 2008        By: _____
                                      Hon. Edward M. Chen
                                      Magistrate Judge, Northern District

Case No.: C 07-3983 JSW

[PROPOSED] ORDER

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern _____ California _____

Jonathan Browning, Inc.

V.

Venetian Casino Resort, LLC,; Las Vegas Sands, LLC; Las Vegas Sands Corp., and Does 1 through 100, inclusive

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] C 07-3983 JSW

TO: Orlando, Mitts, Moore & Company
675 N. 1st Street, Suite 1200
San Jose, California, 95112

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached

| PLACE | DATE AND TIME |
|---|---|
| Duane Morris LLP<br>One Market, Spear Tower, Suite 2000<br>San Francisco, California 94105-1104 | August 22, 2008<br>12:00pm |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ *signature* Attorneys for Def. Venetian Casino Resot, LLC, et al. | August 8, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michelle Hon, Esq (SBN 234492), Duane Morris LLP
101 West Broadway, San Diego, CA 92101; Tel 619-744-2200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## SUBPOENA OF ORLANDO MITTS MOORE & COMPANY

A.  The words "you," "your," "yours," and "yourselves," means the person or company upon whom this subpoena is served and any of that person's or company's past or present agents, representatives or other persons acting, or purporting to act, on his/her behalf, including without limitation his/her attorneys.

B.  The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

C.  ""Jonathan Browning, Inc." means Jonathan Browning, Inc., its agents, employees, attorneys, consultants, affiliates, partners, joint venturers, accountants, investigators, representatives, any predecessor or successors in interest and anyone else acting on its behalf.

D.  "Jonathan Browning Studios, Inc." means Jonathan Browning Studios, Inc., its agents, employees, attorneys, consultants, affiliates, partners, joint venturers, accountants, investigators, representatives, any predecessor or successors in interest and anyone else acting on its behalf.

E.  The term "document" means each document or group of documents that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any letter, telegram, notice, message, phone log, electronic mail, or other written communication, writing, recording, computer-stored information, photograph, or other graphic matter, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to, correspondence, memoranda, notes, messages,

diaries, minutes, transcripts, books, reports, charts, maps, ledgers, invoices, computer printouts, computer discs, microfilms, video tapes or tape recordings, and all drafts, notes, or preparatory material concerned with said document and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. "Document" also shall be deemed to include any summary of a document or documents described herein.

### DOCUMENTS TO BE PRODUCED

1. Any and all documents that refer to, relate to, evidence, or reflect in any way to any financial documents prepared for or on behalf of Jonathan Browning, including but not limited to every accountant's compilation report, financial statement, profit and loss statement, and accounting of any type prepared by you for or on behalf of Jonathan Browning, the individual, from the January 1, 2003 to the present date.

2. Any and all documents that refer to, relate to, evidence, or reflect in any way to any financial documents prepared for or on behalf of Jonathan Browning, including but not limited to every accountant's compilation report, financial statement, profit and loss statement, and accounting of any type prepared by you for or on behalf of Jonathan Browning, Inc. from the January 1, 2003 to the present date.

3. Any and all documents that refer to, relate to, evidence, or reflect in any way to any financial documents prepared for or on behalf of Jonathan Browning, including but not limited to every accountant's compilation report, financial statement, profit and loss statement, and accounting of any type prepared by you for or on behalf of Jonathan Browning Studios, Inc. from the January 1, 2003 to the present date.

DM1\1373742.1

| NAME ADDRESS AND TELEPHONE NUMBER OF ATTORNEY | |
|---|---|
| MICHELLE HON, ESQ.<br>DUANE MORRIS, LLP<br>ONE MARKET, SPEAR TOWER, SUITE 2000<br>SAN FRANCISCO, CA 94105-1104<br>Telephone: (415) 957-3308<br><br>Attorney for: Defendant | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| JONATHAN BROWNING, INC.<br><br>Plaintiff,<br><br>VENETIAN CASINO RESORT, LLC, ET AL.<br><br>Defendant. | CASE NUMBER<br><br>C 07-3983 JSW<br><br>**DECLARATION OF SERVICE** |
|---|---|

At the time of service I was a citizen of the United States, over the age of eighteen, and not a party to this action; I served copies of the:
SUBPOENA IN A CIVIL CASE

in the within action by personally delivering true copies thereof to the person served as follows:

    Served          : ORLANDO, MITTS, MOORE & COMPANY

    By Serving     :Kathleen Christan, Accountant / Authorized To Accept Service Of Process

    Address        : ( Business ) ORLANDO, MITTS, MOORE & COMPANY

                    675 N. 1st Street, Suite 1200
                    San Jose, Ca 95112

    Date of Service : August 8, 2008

    Time of Service : 3:20PM

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Date: August 8, 2008

County Legal & Notary Service
255 N. Market Street, Suite 246
San Jose, California 95110
Telephone: (408) 295-2700
Registered SANTA CLARA
Number 1170

Signature: _____
             ANDREW PALACIO

# EXHIBIT C

| | |
|---|---|
| 1 | MCNAMER AND COMPANY PC |
|   | ANTHONY E. MCNAMER (178911) |
| 2 | 519 S.W. Third, Ste. 601 |
|   | Portland, OR 97204 |
| 3 | Telephone: (503) 727-2504 |
|   | Facsimile: (503) 727-2501 |
| 4 | Email: anthony@mcnamerlaw.com |
| 5 | Attorneys for Orlando, Mitts, Moore & Company |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN BROWNING, INC., | No. 07-3983 JSW |
| Plaintiff, | **ORLANDO, MITTS, MOORE & COMPANY'S OBJECTION TO SUBPOENA** |
| v. | |
| VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC., a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive, | Date: August 22, 2008 |
|   | Time: 12:00 p.m. |
|   | Location: Duane Morris LLP |
|   | One Market |
|   | Spear Tower, Suite 2000 |
|   | San Francisco, CA 94105 |
| Defendants. | |

CASE NO.: 07-3983 JSW

ORLANDO, MITTS, MOORE & COMPANY'S OBJECTION TO SUBPOENA

1  Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, nonparty witness
2  Orlando, Mitts, Moore & Company ("OMMC") hereby responds and objects to Defendants
3  Venetian Casino Resort, LLC, Las Vegas Sands, LLC, Las Vegas Sands Corp.'s ("Defendants")
4  Subpoena In A Civil Case and attached Exhibit ("Subpoena") as follows:

## SPECIFIC RESPONSES

6  **SUBPOENA TOPIC NO. 1:**
7  Any and all documents that refer to, relate to, evidence, or reflect in any way to
8  any financial documents prepared for or on behalf of Jonathan Browning, including but not
9  limited to every accountant's compilation report, financial statement, profit and loss statement,
10 and accounting of any type prepare by you for or on behalf of Jonathan Browning, the individual,
11 from January 1, 2003 to the present.

12 **RESPONSE TO SUBPOENA TOPIC NO. 1:**
13 OMMC incorporates by reference its General Objections. In addition, OMMC
14 objects to this request on the grounds that it seeks information that is neither relevant nor
15 reasonably calculated to lead to the discovery of admissible evidence. OMMC also objects to this
16 request on the grounds that it is overbroad and unduly burdensome. OMMC objects to this
17 request to the extent that it seeks documents that are protected by the attorney-client privilege
18 and/or the attorney work-product doctrine. OMMC further objects to this request on the grounds
19 that it is invasive of privacy and is harassing. OMMC will not produce documents in response to
20 this Request.

21 **SUBPOENA TOPIC NO. 2:**
22 Any and all documents that refer to, relate to, evidence, or reflect in any way to
23 any financial documents prepared for or on behalf of Jonathan Browning, including but not
24 limited to every accountant's compilation report, financial statement, profit and loss statement,
25 and accounting of any type prepare by you for or on behalf of Jonathan Browning, Inc. from
26 January 1, 2003 to the present.

27 **RESPONSE TO SUBPOENA TOPIC NO. 2:**
28 OMMC incorporates by reference its General Objections. In addition, OMMC

A/72522074.3/3006638-0000326553                     2                     CASE NO.: 07-3983 JSW

ORLANDO, MITTS, MOORE & COMPANY'S OBJECTION TO SUBPOENA

1. objects to this request on the grounds that it seeks information that is neither relevant nor
2. reasonably calculated to lead to the discovery of admissible evidence. OMMC also objects to this
3. request on the grounds that it is overbroad and unduly burdensome. OMMC objects to this
4. request to the extent that it seeks documents that are protected by the attorney-client privilege
5. and/or the attorney work-product doctrine. OMMC further objects to this request on the grounds
6. that it is invasive of privacy and is harassing. OMMC will not produce documents in response to
7. this Request.

**SUBPOENA TOPIC NO. 3:**

Any and all documents that refer to, relate to, evidence, or reflect in any way to any financial documents prepared for or on behalf of Jonathan Browning, including but not limited to every accountant's compilation report, financial statement, profit and loss statement, and accounting of any type prepare by you for or on behalf of Jonathan Browning Studios, Inc., from January 1, 2003 to the present.

**RESPONSE TO SUBPOENA TOPIC NO. 3:**

OMMC incorporates by reference its General Objections. In addition, OMMC objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OMMC also objects to this request on the grounds that it is overbroad and unduly burdensome. OMMC objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege and/or the attorney work-product doctrine. OMMC further objects to this request on the grounds that it is invasive of privacy and is harassing. OMMC will not produce documents in response to this Request.

1  DATED: August 22, 2008

2
                        MCNAMER AND COMPANY P.C.

3

4

5                   By: s/Anthony E. McNamer/
                          Anthony E. McNamer

6                Attorneys for Orlando, Mitts, Moore &
                           Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72522074.3/3006638-0000326553           4           CASE NO.: 07-3983 JSW

ORLANDO, MITTS, MOORE & COMPANY'S OBJECTION TO SUBPOENA

**PROOF OF SERVICE**

1. I am over eighteen years of age, not a party in this action, and employed in Portland, Oregon at 519 SW Third, Ste. 601, Portland, Oregon 97204. I am familiar with the practice of this office for collection and processing of correspondence for mail and electronic mail delivery, and they are deposited that same day in the ordinary course of business.

On August 22, 2008, I served the attached:

☒ **(BY MAIL)** by causing a true and correct copy of the above to be placed in the United States Mail at Portland, Oregon in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☒ **(VIA EMAIL)** by transmitting via email the document(s) listed above on this date before 12:00 p.m. PST to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Michelle Hon<br>Duane Morris LLP<br>101 West Broadway, Suite 900<br>San Diego, CA 92101<br>Email: mhon@duanemorris.com | Jonathan E. Mansfield<br>Schwabe, Williamson & Wyatt<br>Pacwest Center, Suite 1900<br>1211 SW 5th Avenue<br>Portland, OR 97204<br>Email: jmansfield@schwabe.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on August 22, 2008, at Portland, Oregon.

s/Deborah Gumm/

Deborah Gumm

```
 1  Ray L. Wong (SBN 84193)
    DUANE MORRIS LLP
 2  One Market, Spear Tower, Suite 2000
    San Francisco, CA 94105-1104
 3  Telephone: 415.957.3000
    Facsimile: 415.957-3001
 4  E-Mail: rlwong@duanemorris.com

 5  Michelle Hon (SBN 234492)
    DUANE MORRIS LLP
 6  101 West Broadway, Suite 900
    San Diego, CA 92101
 7  Telephone: 619.744.2200
    Facsimile: 619.744.2201
 8  E-Mail:   mhon@duanemorris.com

 9  Specially Appearing for Defendants VENETIAN
    CASINO RESORT, LLC; LAS VEGAS SANDS, LLC,
10  and LAS VEGAS SANDS CORP.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; LAS VEGAS SANDS, LLC, a Nevada limited liability company; LAS VEGAS SANDS CORP., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>   Defendant. | Case No.: C 07-3983 JSW<br><br>**DECLARATION OF SERVICE** |

   I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 101 West Broadway, Suite 900, San Diego, California 92101. On the date listed below, I served the following document(s) in the manner indicated:

///

///

DM1\1288067.1                                          Case No.: C 07-3983 JSW

1. **STIPULATION TO CONTINUE HEARING ON DISCOVERY DISPUTE AND REQUEST FOR ADDITIONAL DISPUTES TO BE HEARD**

☒ via electronic means by the Court's electronic filing system.

☐ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below with first class postage thereon fully prepaid and deposited said envelope with the United States Postal Service on the same date set out below.

| | |
|---|---|
| Anthony E. McNamer, Esq.<br>McNamer and Company<br>519 SW Third Ave., Suite 601<br>Portland, OR 97204<br>(503) 727-2504<br>anthony@mcnamerlaw.com | Attorneys for Plaintiff |
| John Mansfield, Esq.<br>Schwabe, Williamson & Wyatt, P.C.<br>1211 SW 5th Suite 1900<br>Portland, OR 97204<br>(503) 222-9981<br>jmansfield@schwabe.com | Attorneys for Third Party Defendant, KIRK NIX ASSOCIATES, INC., D/B/A KNA INTERIOR DESIGNS |
| Stephanie P. Bernsten, Esq.<br>Schwabe, Williamson & Wyatt<br>1420 5th Avenue, Suite 3010<br>Seattle, WA 98101<br>(206) 622-1711<br>sberntsen@schwabe.com | Attorneys for Third Party Defendant, KIRK NIX ASSOCIATES, INC., D/B/A KNA INTERIOR DESIGNS |
| Kenneth E. Chyten, Esq.<br>Law Office of Kenneth E. Chyten<br>300 E. Esplanade Drive, Suite 900<br>Oxnard, CA 93036<br>(805) 981-3910; fax: (805) 981-3913<br>kchyten@mindspring.com | Attorneys for Third Party Defendant, KIRK NIX ASSOCIATES, INC., D/B/A KNA INTERIOR DESIGNS |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed September 5, 2008, at San Diego, California.

*/s/ Barbara Stoddard*
BARBARA STODDARD