IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN BROWNING, INC.,

    Plaintiff,

v.

VENETIAN CASINO RESORT LLC, ET AL.,

    Defendants.

No. C 07-03983 JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

    Now before the Court is the motion filed by Plaintiff Jonathan Browning, Inc. ("Jonathan Browning") for leave to file a first amended complaint. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing date of December 12, 2008 is HEREBY VACATED.

    The facts and procedural history are well-known to the parties and sufficiently addressed in the parties' briefs. Plaintiff seeks to add a claim that Defendant's allegedly infringing lighting fixtures are infringing derivative works of Jonathan Browning's registered copyrights in the original hand drawings upon which Defendant's light fixtures are based. Jonathan Browning also seeks leave to amend to conform to the evidence related to the actual number of infringing fixtures that have been used, including the allegedly infringing fixtures used in the Palazzo Hotel, to correct a typographical error in Jonathan Browning's corporate name, and to remove the claims the Court has dismissed.

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

The Court finds that Defendant has failed to carry its burden to demonstrate that the proposed amendments are motivated by bad faith or undue delay. Based on the recent stipulation of the parties, the deadline for completion of discovery has been extended. In addition, it is clear from the record that Defendant has been aware of the possible amendment for some time. Therefore, there is no potential for prejudice to Defendant with the addition of the new claims.[1] The Court does not find that the proposed amendments are futile as a matter of law and rather, that the contentions raised regarding futility of the amendments would be more properly addressed, if at all, in the context of a motion for summary judgment. Lastly, the Court does not find that seeking to conform to the evidence to identify the number of light fixtures allegedly at issue was improper.

///
///
///
///
///

---

[1] To the extent Defendant seeks to revisit the Court's order granting third party defendant Kirk Nix Associates Inc. d/b/a KNA Interior Design's motion to compel arbitration, Defendant may move for reconsideration based on good cause. That issue, however, is not properly before the Court at this time.

2

Therefore, upon consideration of the motion, the Court finds that Jonathan Browning's request for leave to amend satisfies the liberal standard of Rule 15(a). Plaintiff shall file its First Amended Complaint within ten (10) days of the date of this Order. Defendants shall file responsive pleadings within twenty (20) days after service.

**IT IS SO ORDERED.**

Dated: November 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE