Anthony E. McNamer (SBN 178911)
**MCNAMER AND COMPANY PC**
920 SW Third, Ste. 200
Portland, OR 97204
Telephone: 503-727-2504
Facsimile: 503-727-2501
E-Mail: anthony@mcnamerlaw.com
Attorneys for Plaintiff JONATHAN BROWNING, INC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., <br><br>**Plaintiff,** <br><br>v. <br><br>VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., and DOES 1 through 100, inclusive, <br><br>**Defendant.** | CASE NO.: C 07-3983 JSW <br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AND/OR EXCLUDE TESTIMONY FROM MR. RALPH OMAN AND FOR A CONTINUANCE OF EXPERT DISCOVERY DEADLINES** |
| VENETIAN CASINO RESORT, LLC, LAS VEGAS SANDS, LLC, LAS VEGAS SANDS CORP., <br><br>**Third-Party Plaintiffs,** <br><br>v. <br><br>**KIRK NIX ASSOCIATES INC. D/B/A KNA INTERIOR DESIGNS, a California corporation,** <br><br>**Third-Party Defendant.** | Judge: Hon. Jeffrey S. White <br>Date: May 8, 2009 <br>Time: 9:00 am <br>Courtroom: 19th Floor, Room 11 <br><br>Complaint filed: August 2, 2007 |

TO ALL PARTIES AND THEIR COUNSEL FO RECORD:

PLEASE TAKE NOTICE that on April 17, at 9 am, or as soon thereafter as the matter may be heard in the United States District Court, Northern District of California, located at 450 Golden Gate Ave., 19th Floor, Room 11, San Francisco, CA 94102 , Plaintiff, Jonathan Browning Studios, Inc. will, and hereby does, move to strike Mr. Ralph Oman's expert report or testimony and/or to preclude Defendants from offering Mr. Oman's expert report or testimony in opposition to Plaintiff's motion for summary judgment or trial.  Further, Plaintiff requests a continuance on the expert discovery deadlines as necessary for this matter to be heard and for such additional time as may be necessary based upon the court's ruling hereon.

This motion will be based upon this Notice of Motion and motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, and such additional material as may be considered at the hearing.

Counsel for the parties met and conferred prior to filing of this motion.

Dated: March 11, 2009                    **McNamer and Company PC**


By:   s/Anthony McNamer
      Anthony E. McNamer (SBN 178911)
      Attorneys for Plaintiff Jonathan Browning Studios, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Jonathan Browning Studios, Inc. ("Browning") respectfully submits this Memorandum in support of its motion to strike and/or preclude Defendants' from offering testimony from Mr. Ralph Oman, its purported copyright expert.

## INTRODUCTION AND STATEMENT OF ISSUE

Pursuant to Rule 26, Defendants disclosed their purported copyright expert.  Mr. Oman is a professor at George Washington University and, between sixteen and twenty-three years ago, he was the Registrar of Copyrights.   Mr. Oman summarizes his opinion as follows:

> I conclude that the Ledoux sconce and the Trianon sconce do not contain any original authorship that is either physically or conceptually separable from the utilitarian aspects of the functional lighting designs, and that therefore neither sconce qualifies for copyright protection.  In my opinion, the U.S. Copyright Office acted properly in refusing to register the copyright.

Defendants Expert Disclosure at 6.

Thus, Mr. Oman "concludes" that the two sconces at issue, as opposed to the copyrighted drawings at issue, are not copyrightable. Mr. Oman offers his opinion on a purely legal question, as "expert testimony."   As such, his testimony is completely inadmissible and should be stricken, and Defendants should be precluded from offering such testimony for any purpose.[1]

## ARGUMENT

The Supreme Court has emphasized the "gatekeeping" role of the trial courts, under the Federal Rules of Evidence 702. *See e.g. Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (citing *Daubert v. Merrell Dow Pharm*., Inc. 509 U.S. 579, 597 (1993)).   An expert's proposed testimony must be "sufficiently tied to the facts of the case [so] that it will aid the jury in resolving a

---

[1] Mr. Oman's testimony is additionally inadmissible in as much as he purports to claim that the internal procedures in place 16-23 years ago when he worked at the Copyright Office mirror the procedures currently in place.  Even if these internal procedures were relevant to anything at issue in this matter—and they are not—Mr. Oman offers no connection between practices that occurred nearly a quarter century ago and the single review that occurred in this matter in 2007.  Such testimony is totally unreliable, and thus also inadmissible for that reason.

factual dispute." *Daubert*, 509 U.S. at 591 (citation omitted). Thus, an expert's testimony is only allowed if it "will assist the trier of fact to understand the evidence or to determine a <u>fact</u> in issue." Federal Rules of Evidence Rule 702 (emphasis supplied).

Here, Defendants attempt to offer Mr. Oman's purportedly expert testimony on the copyrightability of the light fixtures at issue in this case. However, "determinations of copyrightability in all instances," are always reserved to the judge and are therefore appropriate for summary judgment. 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.10[A]. As Judge Easterbrook put it:

> Whether [particular items], are copyrightable is a question of law, which the court will decide . . . . A jury has nothing to do with this subject. *Cf. Markman v. Westview Instruments, Inc.,* 134 L. Ed. 2d 577, 116 S. Ct. 1384 (1996). If the court determines that [they] are copyrightable subject matter, the jury will be so instructed. Similarly, the court will provide the jury with any necessary general information about the operation of the copyright system. There is no need for expert testimony on this subject; in a trial there is only one legal expert--the judge.

*Pivot Point, Intl. v. Charlene Products,* Inc., 932 F. Supp. 220, 225 (N.D. Illinois 1996)(*rev'd on other grounds* 372 F.3d 913 (7th Cir. 2004); *see also Collezione Europa U.S.A., Inc. v. Hillsdale House Ltd.*, 243 F. Supp. 2d 444, 452 (M.D.N.C. 2003)(determinations of copyrightability are always reserved to the judge); *Compac Computer Corp. v. Ergonome, Inc.,* 137 F. Supp. 2d 768, 776 n.3 (S.D. Texas 2001) ("copyrightability issues are exclusively for the court, not juries"); *Lotus Dev. Corp. v. Borland, Intern., Inc.*, 788 F. Supp. 78, 96 (D. Mass 1992)(same); *cf. Sega v. Maphia*, 948 F. Supp. 923, 930 n.4 (N.D. Cal. 1996) ("legal opinions are, of course, an improper subject of expert testimony, and are stricken").

Judge Easterbook may as well have been addressing Mr. Oman's report. There is no need for expert testimony on either copyrightability or the general information about the operation of the copyright system. *Pivot Point*, 932 F. Supp. at 255. There is one legal expert—this Court. The determination of whether the sconces are copyrightable subject matter will be made by this Court,

and the jury will be instructed regarding that determination.[2]  To the extent the jury requires any information regarding the operation of the copyright system, although it is entirely unclear why that would be relevant, this Court will provide that information.[3]

## CONCLUSION

For the reasons set forth above the court should strike Mr. Ralph Oman's expert report and testimony, and preclude Defendants from offering Mr. Oman's expert report or testimony in opposition to Plaintiff's motion for summary judgment or at trial.

Dated: March 11, 2009                    **MCNAMER AND COMPANY PC**

By:  s/Anthony McNamer/
Anthony E. McNamer
Attorneys for Plaintiff Jonathan Browning Studios, Inc.

---

[2] Again, this does not concern the copyrighted original drawings, upon which the sconces are based. There is a separate claim for infringement of these copyrighted original drawings.

[3] Plaintiff requests a continuance on the expert discovery deadlines as may be necessary based upon the court's ruling hereon.

### *PROOF OF SERVICE*

I am a resident of the state of Oregon, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 920 SW Third, Ste. 200, Portland, OR 97204. On the date listed below, I served the following document(s) via the Court's electronic filing system on all parties registered to receive notice via that system on March 11, 2009.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Under penalty of perjury under the laws of the State of California, I declare that the above is true and correct.

Executed March 11, 2009, at Portland, Oregon

<u>s/Deborah Gumm/</u>