IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN BROWNING, INC.,

    Plaintiff,

    v.

VENETIAN CASINO RESORT LLC, ET AL.,

    Defendants.

No. C 07-03983 JSW

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EXPERT REPORT**

Now before the Court is the motion filed by Plaintiff Jonathan Browning, Inc. to strike and/or exclude testimony from Defendants' expert, Ralph Oman. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing date of **June 19, 2009** is HEREBY VACATED.

The facts and procedural history are well-known to the parties and sufficiently addressed in the parties' briefs. Plaintiff requests that the Court strike Ralph Oman's expert report and/or to preclude Defendants from offering the testimony of Mr. Oman in opposition to Plaintiff's motion for summary judgment or at trial. In a footnote in the motion, Plaintiff requests a continuance of the expert discovery deadlines.

The basis of Plaintiff's motion is that Defendant's proffered expert ultimately opines about a pure issue of law – that is, whether a particular item is copyrightable – and that issue must be decided by the Court. Determinations of copyrightability are indeed questions of law reserved for the judge, and not the jury. *See, e.g., Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 225 (N.D.Ill. 1996) (holding that there is no need for expert

testimony on the subject of what constitutes copyrightable subject matter as the issue is determined by the judge, not the jury). Therefore, Plaintiff argues, there is no reason to admit the proffered expert testimony because it is not the province of the jury to make a determination about the copyrightability of the subject lighting sconces.

Defendants oppose the motion by vociferously defending their chosen expert's qualifications and arguing that the motion to strike is not proper under Federal Rule of Evidence 702 and the holding in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) ("*Daubert*"). Mr. Oman's qualifications, however, are not the subject of the challenge to his testimony and the motion is not premised on his suitability as an expert.[1] However, Defendants also contend that the gravamen of Mr. Oman's report and prospective testimony is permitted. The subjects of Mr. Oman's testimony, as represented in his report, are: (1) the practices and procedures of the Copyright Office; (2) the history of design protection in the United States; and (3) the decisions of the Copyright Office as to the light fixtures at issue here. To the extent Mr. Oman wishes to testify generally about the practices and procedures of the U.S. Copyright Office regarding the registration of useful articles, or the procedures for special handling requests, or the history of design protection in the United States, Mr. Oman is entitled to so testify. However, to the extent Mr. Oman is proffered to testify about the copyrightability of the specific light fixtures in this matter or the particular decision on those fixtures, that testimony does indeed pertain to an ultimate issue of law to be decided by the Court, and not by the jury.

Accordingly, the motion to strike the expert report and testimony of Mr. Oman is GRANTED IN PART AND DENIED IN PART. Mr. Oman may only testify as to the policies and practices of the Copyright Office and the history of design protection in the United States.

---

[1] Plaintiff drops a cursory footnote in its motion relating to the contention that Mr. Oman may not have knowledge of *current* practices and procedures in the Copyright Office. (Motion at 3 n.1.) However, this footnote cannot be interpreted to constitute a full-blown challenge to Mr. Oman's qualifications under *Daubert*. Also, in its reply papers, Plaintiff concedes that it is not in fact contesting Mr. Oman's qualifications. (Reply at 3.)

2

Mr. Oman may not, however, offer testimony regarding the decision of the Copyright Office in this particular case or the ultimate copyrightability of the specific light fixtures at issue here.[2]

In a footnote to its motion, Plaintiff seeks to continue deadlines. The footnote in this motion in insufficient and unspecific. However, subsequently, Plaintiff moved separately to continue deadlines. (*See* Docket No. 146.) This request is GRANTED IN PART AND DENIED IN PART. The rebuttal expert designation deadline for an expert to rebut Mr. Oman (not an expert to rebut Defendant's damages expert, Sydney Firestone) shall be continued to June 26, 2009. All expert discovery related to the permissible area of Mr. Oman's testimony (as well as the discovery related to the testimony of any rebuttal expert selected by Plaintiff) shall be continued to July 24, 2009. The dispositive motions hearing and further case management conference shall be set for August 7, 2009 at 9:00 a.m. (continued from July 10, 2009). All pretrial dates remain unchanged.

**IT IS SO ORDERED.**

Dated: June 18, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not rule on any other possible objections of the proffered testimony on grounds not raised by the present motion to strike.

3