IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWNING, INC., | |
| Plaintiff, | No. C 07-03983 JSW |
| v. | |
| VENETIAN CASINO RESORT LLC, ET AL., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 7, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively DENIES** Plaintiff's motion for summary judgment and **tentatively GRANTS** Defendants' motion for summary judgment. The Court **tentatively DENIES** Plaintiff's motion to amend the complaint.

The parties shall each have 20 minutes to address the following questions:

1. The record demonstrates that Plaintiff was granted a copyright in the Calais sconce. What is the Defendants' position on the difference between that sconce design and the two at issue in this litigation regarding their conceptual separability?

2. Should the Court determine that the two sconces at issue here are not entitled to copyright protection, can Plaintiff proceed on the counts for unfair competition? If so, on what basis?

3. Does Plaintiff have any authority to support the contention that a U.S. defendant is liable for infringement if it causes infringing copies to be made abroad for importation and sale within the United States?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 6, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE