United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN BROWNING, INC.,

    Plaintiff,

v.

VENETIAN CASINO RESORT LLC, ET AL.,

    Defendants.

                                        /

No. C 07-03983 JSW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND FINDING AS MOOT PLAINTIFF'S MOTION TO AMEND**

Now before the Court is the motion for summary judgment filed by Defendants Venetian Casino Resort, LLC, Las Vegas Sands, LLC and Las Vegas Sands Corporation (collectively "Defendants" or "the Venetian") and the motions for summary judgment and for leave to file an second amended complaint filed by Plaintiff Jonathan Browning, Inc. ("Plaintiff"). Having considered the parties' pleadings, the relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS Defendants' motion for summary judgment, DENIES Plaintiff's motion for summary judgment, and FINDS AS MOOT Plaintiff's motion to amend the complaint.

**BACKGROUND**

As alleged in the amended complaint, Jonathan Browning, Inc. is a designer and seller of decorative light fixtures, such as the wall-mounted lighting sconces at issue here. Two of Plaintiff's designs, the Trianon and Ledoux sconces, are at issue in this litigation. Plaintiff

alleges that the Defendants purchased 10 sconces from Plaintiff, requested that it bid for 11,368 sconces to be used in the Venetian casino guest room remodel, and, instead of contracting with the design company to produce the lighting fixtures, contacted Plaintiff's manufacturer in China to make copies of the fixtures without Plaintiff's knowledge or permission.

Upon discovering the alleged copying, Plaintiff filed suit seeking damages for copyright infringement and unfair competition based on the production and public display of light fixtures in the casino. Plaintiff alleges that its lighting fixtures are entitled to copyright protection and that the Venetian is liable for direct infringement of its alleged copyrights for making unauthorized derivative works of its hand drawings (Claim One), direct infringement of its alleged copyrights for making unauthorized copies of its light fixtures (Claim Two) and for the unauthorized public display of the same light fixtures (Claim Three). Plaintiff also alleges that the Venetian is liable for inducement of copyright infringement and contributory copyright infringement for allegedly inducing or contributing to the reproduction of unauthorized copies of Plaintiff's light fixtures by the third-party manufacturer in China, Diamond Life (Claims Four and Five). Plaintiff further alleges that Venetian is vicariously liable for direct infringement by Diamond Life, based on the allegation that Defendants allegedly had both the ability and the right to supervise Diamond Life's infringing conduct and to prevent such conduct (Claim Six). Lastly, Plaintiff alleges that Defendants are liable for statutory unfair competition under California Business and Professions Code Section 17200 and common law unfair competition (Claims Seven, Eight and Nine).

Just before filing this lawsuit, Plaintiff filed two applications for copyright registrations for the Trianon and Ledoux lighting sconces, seeking protection for its "design applied to decorative light fixture." (Declaration of Michelle A. Hon, Ex. C.) Plaintiff also requested that the Copyright Office process his application with special handling due to the pending litigation. (*Id.* at Ex. D.) In his special handling request, Plaintiff acknowledged that the fixtures were useful articles as defined by the Copyright Act, but that they could still be copyrighted "to the extent that their design incorporates pictorial, graphic, or sculptural features that can be identified separately from their utilitarian aspects." (*Id.*) In letters dated July 18, 2007 and

2

August 1, 2007, the U.S. Copyright Office refused copyright registration for the two disputed lighting fixtures, stating that "Registration for the above works must be refused because they are 'useful articles' which do not contain any <u>separable</u> features that are <u>copyrightable</u>." (*Id*. at Exs. E and F; emphasis in original.) The Copyright Office found that the separable elements of the works submitted by Plaintiff were not copyrightable "because they represent an insufficient amount of original authorship." (*Id.*) Although Plaintiff had the right to appeal the decisions of the Copyright Office, there is no evidence that any such appeal was made.

Subsequently, Plaintiff filed applications, with special handling, for copyright of the hand shop drawings of the Trianon and Ledoux light fixtures. (*Id.* at Ex. G.) The Copyright Office issued copyright registrations just for the drawings. (*Id.* at Ex. H.)

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.    Cross-Motions for Summary Judgment.**

**1.    Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* Inferences drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

Actions arising under the Copyright Act must adhere to the same summary judgment standard as any other civil action. *Shaw v. Lindheim*, 919 F.2d 1353, 1358-59 (9th Cir. 1990).

1   Accordingly, copyright claims can be resolved on summary judgment where there is no dispute
2   of material fact. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1929).
3   In particular, "[c]opyrightability is often resolved on summary judgment ... because very often
4   no issues of material fact are in dispute and the only task for the court is to analyze the allegedly
5   copyrightable item in light of applicable copyright law." *Sem-Torq, Inc. v. K Mart Corp.*, 936
6   F.2d 851, 853 (6th Cir. 1991) (citations omitted).

### 2. Extent of Copyright Protection for Utilitarian or Useful Articles and Deference to Copyright Office Determination.

8   Pictorial, graphic and sculptural works can receive copyright protection. 17 U.S.C. §
9   102(a)(5). However, such copyright does not fully extend to works that are considered "useful
10  articles." 17 U.S.C. § 101. Only sculptural elements that can be identified separately from, and
11  are capable of existing independently of, the utilitarian aspects of the article receive copyright
12  protection. *Id.* Copyright does not extend to an element of an article if it has any intrinsic
13  utilitarian function. *Fabrica, Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983).
14  "Only the separable ornamental aspects of a work receive copyright protection, and the
15  protection extends only to that aspect (e.g., a carving on the back of a chair may receive a
16  copyright, but the chair does not)." *Smith & Hawken, Ltd. v. Gardendance, Inc.*, 2005 WL
17  1806369, *2 (N.D. Cal. July 28, 2005) (citing *Fabrica*, 697 F.2d at 893). A table lamp with a
18  statuette base may receive copyright protection for the statuette, but not for the entire lamp.
19  *Mazer v. Stein*, 347 U.S. 201 (1954).

20  If the sole intrinsic function of an article is its utility, the fact that the article is unique
21  and attractively shaped will not qualify it as a work of art. However, if the shape of a utilitarian
22  article incorporates features such as artistic sculpture, carving, or pictorial representation, which
23  can be identified separately and are capable of existing independently as a work of art, such
24  features will be eligible for registration. *Esquire v. Ringer*, 591 F.2d 796, 800 (D.C. Cir. 1978).
25  In *Esquire*, the Register of Copyrights determined that the particular lighting fixtures at issue in
26  that case were not eligible for copyright as a work of art. The Register interpreted its own
27  regulations "to bar copyright registration of the overall shape or configuration of a utilitarian
28  article, no matter how aesthetically pleasing that shape or configuration may be." *Id.* The

4

Register's interpretation of the regulations derives from the principle that "industrial designs are not eligible for copyright" and "registration of the overall shape or configuration of utilitarian articles would lead to widespread copyright protection for industrial designs." *Id.* at 800, 801.

The court in *Esquire* acknowledged that there were bound to be inconsistencies in the results of the Register's interpretation:

> [t]he Register's test requires the application of subjective judgment, and given the large volume of copyright applications that must be processed there may be some results that are difficult to square with the denial of registration here. But this does not mean that the Register has employed different standards in reaching those decision. The available evidence points to a uniform and long-standing interpretation of [the regulations], and accordingly this interpretation is entitled to great weight.

*Id.* at 802. The Ninth Circuit has also agreed that "courts should generally defer to the Register's interpretation of the copyright statute" and has expressly held that "the Register has the authority to interpret the copyright laws and that its interpretations are entitled to judicial deference if reasonable." *Marascalco v. Fantasy, Inc.*, 953 F.2d 469, 473 (9th Cir. 1991).

In this matter, the United States Copyright Office refused the registration for the two light fixtures designed by Plaintiff as useful articles not having any separable features that are copyrightable. Where registration has been rejected, the plaintiff has the burden of establishing that the work is properly the subject of a copyright, and is not entitled to the *prima facie* presumptions arising from registration. In this particular case, the two sconces at issue were reviewed pursuant to a special handling request as a predicate to litigation. According to Ralph Oman, Defendants' proffered expert, due to Plaintiff's request that his registration applications receive special handling, "at a minimum, the copyright specialist's refusal would have been reviewed and approved by the head of the Visual Arts Division, if not also the Associate Register of Registration and Recordation – all of whom are attorneys with specialized knowledge and expertise in U.S. Copyright Law and the registration of useful articles."

(Declaration of Ralph Oman in support of Defendants' opposition to Plaintiff's motion for summary judgment, ¶ 12.)[1]

To establish copyright infringement, a plaintiff must be able to prove: (1) ownership of a valid copyright or the right to enforce one; and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Oc.*, 499 U.S. 340, 361 (1991). The Court must give deference to the determination by the Copyright Office that the sconces at issue here are not subject to registration for copyright due to the lack of separable features that are copyrightable. *See Marascalco*, 953 F.2d at 473. The fact that the two sconces were given special attention by the Copyright Office counsels further in favor of this Court granting deference to its decision. The Copyright Office, and not the Court, has the expertise and experience to make a determination based on its interpretation of its own guiding regulations as well as its own wealth of experience. This Court owes such a determination deference and also finds that the subject sconces do not contain any separable features that are copyrightable. *See Smith & Hawken*, 2005 WL 1806369 at *2.[2]

Because Plaintiff cannot establish a valid copyright or the right to enforce one for the subject sconces, Plaintiff has failed to meet his burden to establish the basic elements for copyright infringement and, as a matter of law, Defendants cannot be liable for direct, contributory or vicarious copyright infringement. In addition, because causation for the claim for statutory and common law unfair competition is premised upon the infringement of Plaintiff's alleged copyright, and the claim is preempted by federal copyright laws, the Court finds Plaintiff's claims for unfair competition are without merit. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998) (holding that a state claim for unfair

---

[1] Although the Court has rejected Defendants' proffered expert testimony on the ultimate issue of the decision of the Copyright Office in this matter, the Court explicitly permitted the testimony regarding the general process for the registration of useful articles and "the procedures for special handling requests." *Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, 2009 WL 1764652, *1 (N.D. Cal. June 18, 2009).

[2] To the extent the determination that another sconce in the series, the Calais, which is not at issue in this litigation, was granted registration, the Court can only remark, just as the court did in *Esquire*, that "given the large volume of copyright applications that must be processed, there may be some results that are difficult to square with the denial of registration here." 591 F.2d at 802.

competition is preempted by copyright where the rights that a plaintiff asserts under state law are equivalent to the those protected by the Copyright Act and the work involved falls within the subject matter of the Copyright Act).[3]

**B.  Plaintiff's Motion to Amend is Moot.**

The Court finds as moot Plaintiff's motion to amend. Because the Defendants' motion for summary judgment is granted, there is no need for the Court to reach the merits of Plaintiff's motion to amend.

## CONCLUSION

Based on the foregoing reasons, the Court hereby GRANTS Defendants' motion for summary judgment, DENIES Plaintiff's motion for summary judgment, and FINDS AS MOOT Plaintiff's motion to amend the complaint.

A separate judgment shall issue and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated:   October 6, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Also, at oral argument, Plaintiff conceded its claim for unfair competition and Plaintiff has not opposed the motion as to its fraudulent competition claim. The Court notes that based on the current record, Plaintiff possibly could have asserted other, state law claims when originally filing its lawsuit. However, based on the claims as pled, although the Court does not condone Defendants' behavior, it finds that Plaintiff is without a federal remedy.

7